Jacob A. Walker (CA Bar No. 271217)
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
Tel.: (617) 398-5600
Fax: (617) 507-6020
jake@blockleviton.com

Attorney for Movant Jeffrey M. Fiore

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TRICIDA, INC., GERRIT KLAERNER, AND GEOFFREY M. PARKER, <br><br> Defendants. | No. 5:21-cv-00076-LHK <br><br> **CLASS ACTION** <br><br> **NOTICE OF MOTION AND MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF** <br><br> Date: July 15, 2021 <br> Time: 1:30 p.m. <br> Ctrm.: 8, 4th Floor <br><br> The Hon. Lucy H. Koh |

**NOTICE OF MOTION AND MOTION**

TO:   ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on July 15, 2021 at 1:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Lucy H. Koh, in Courtroom 8 on the 4th Floor of the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, putative class member Jeffrey M. Fiore will and hereby does move this Court pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order: (1) appointing Mr. Fiore as Lead Plaintiff; and (2) approving of Mr. Fiore's selection of Block & Leviton LLP as Lead Counsel. This Motion is made on the grounds that Mr. Fiore is the most adequate proposed lead plaintiff.

Mr. Fiore seeks appointment as Lead Plaintiff and approval of his choice of Block & Leviton LLP as Lead Counsel pursuant to the Securities Exchange Act of 1934, the Federal Rules of Civil Procedure, and the PSLRA. This Motion is based on this Notice and memorandum of law, the Declaration of Jacob A. Walker and the exhibits thereto, the Court's complete files and records in this action, and such further argument as the Court may allow at a hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On January 6, 2021, the above-captioned action, the first of the three above-captioned class actions on behalf of purchasers of Tricida, Inc. ("Tricida") common stock between September 4, 2019 and October 28, 2020, inclusive (the "Class Period"). The lawsuit alleges claims under §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"),

as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") (15 U.S.C. §§ 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

The PSLRA requires the Court to "consider any motion made by a purported class member," and "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Under the PSLRA, the Court should "adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

The Court should appoint Mr. Fiore as Lead Plaintiff because he has timely moved for such appointment, has a substantial financial interest in the outcome of this litigation, and is a typical and adequate class representative. The Court should also approve of Mr. Fiore's selection of Block & Leviton LLP as Lead Counsel because the firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should appoint Mr. Fiore as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3); and

2.    Whether the Court should approve of Mr. Fiore's selection of Block & Leviton LLP as Lead Counsel for the class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

### III.    STATEMENT OF FACTS[1]

Tricida, founded in 2013 and headquartered in South San Francisco, California, is a pharmaceutical company focused on the development and commercialization of its drug candidate, veverimer (TRC101), a non-absorbed, orally-administered polymer designed as a potential treatment for metabolic acidosis in patients with chronic kidney disease ("CKD"). ¶ 2. Tricida has completed a Phase 3, double-blind, placebo-controlled trial of veverimer in patients with CKD and metabolic acidosis. *Id.*

The Class Period begins on September 4, 2019, when Tricida announced that it had submitted a New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA") under the Accelerated Approval Program, for approval of veverimer for the treatment of metabolic acidosis in patients with CKD. ¶ 3. The lawsuit alleges that during the Class Period, Defendants[2] issued false and/or misleading statements and failed to disclose that: (1) Tricida's NDA for veverimer was materially deficient; and (2), it was therefore foreseeably likely that the FDA would not accept the NDA for veverimer. ¶ 4.

On July 15, 2020, Tricida issued a press release announcing that on July 14, 2020, the FDA had informed Tricida that as part of the FDA's ongoing review of the NDA for veverimer, "the FDA has identified deficiencies that preclude discussion of labeling and postmarketing requirements/commitments at this time." ¶ 5. Tricida stated that "[t]he notification does not specific the deficiencies identified by the FDA." *Id.* On this news, Tricida's stock price fell $10.56 per share, or approximately 40.3%, to close at $15.64 per share on July 16, 2020. ¶ 6.

---

[1] Unless otherwise noted, all references to "¶_" are to paragraphs of the Complaint for Violations of the Federal Securities Laws. *See* ECF No. 1.

[2] Defendants in this action are Tricida, Gerrit Klaerner (Tricida's CEO and President), and Geoffrey M. Parker (Tricida's CFO and Senior Vice President). ¶¶ 15-17.

Then on October 29, 2020, Tricida announced an update on its End-of-Review Type A meeting with the FDA regarding the veverimer NDA. ¶ 7. Tricida stated that it "now believes the FDA will also require evidence of veverimer's effect on CKD progression from a near-term interim analysis of the VALOR-CKD trial for approval under the Accelerated Approval Program and that the FDA is unlikely to rely solely on serum bicarbonate data for determination of efficacy." *Id.* At the same time, Tricida also disclosed that it "is significant reducing its headcount from 152 to 59 people and will discuss its commitments with vendors and contract service providers to potentially provide additional financial flexibility." *Id.* On this news, Tricida's stock fell another $3.90 per share, or approximately 47.2%, to close at just $4.37 per share on October 29, 2020. ¶ 8.

The lawsuit alleges that investors who purchased Tricida common stock during the Class Period suffered damages due to Defendants' misstatements, and asserts claims under §§ 10(b) and 20(a) of the Exchange Act. *Id.*, ¶¶ 1, 9.

## IV.   ARGUMENT

### A.  The Court Should Appoint Mr. Fiore as Lead Plaintiff

The PSLRA established a procedure governing the appointment of the lead plaintiff in "each private action arising under [the federal securities laws] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) & (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within 60 days after publication of the notice (*i.e.*, today, March 8, 2021), any person who is a member of the proposed class may apply to the

Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the members of the class the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that (aa) has either filed the complaint or made a motion in response to a notice . . . (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir 2002).

Mr. Fiore satisfies each of these requirements, and the Court should therefore appoint him as Lead Plaintiff.

### a.   The Motion Is Timely.

The statutorily-required notice of this action was published on January 6, 2021, advising class members of: (1) the pendency of the action; (2) the claims asserted therein; and (3) the right to move the Court to be appointed as lead plaintiff by March 8, 2021. *See* Ex. A to the Declaration of Jacob A. Walker (the "Walker Decl.").

Pursuant to the provisions of the PSLRA and within the required time frame after publication of the notice, Mr. Fiore timely moves this Court to be appointed as Lead Plaintiff on behalf of all members of the class. Mr. Fiore has signed a certification pursuant to the PSLRA, and has submitted a Declaration in support of his motion. *See* Walker Decl., Exs. B, D. Mr. Fiore

has selected and retained qualified counsel to represent him and the proposed class. *See* Walker Decl., Ex. E. Accordingly, Mr. Fiore is entitled to have his application for appointment as Lead Plaintiff and selection of Lead Counsel considered and approved by the Court.

### b.   Mr. Fiore Has a Substantial Financial Interest in the Relief Sought by the Class.

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as lead plaintiff the class member or members who represent the largest financial interest in the relief sought by the action. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (district courts must first compare the financial stakes of the various movants to determine which has the most to gain from the lawsuit).

During the Class Period, as evidenced by, among other things, Mr. Fiore's accompanying signed certification and loss chart, Mr. Fiore incurred substantial losses of approximately $2,218.92 on his transactions in Tricida common stock during the class period. *See* Walker Decl. Exs. B, C. At the time of this filing, Mr. Fiore believes that he possesses the largest financial interest of any movant seeking lead plaintiff status. Accordingly, Mr. Fiore is entitled to the presumption that he is the most adequate lead plaintiff.

### c.   Mr. Fiore Otherwise Satisfies Rule 23.

In addition to possessing a significant financial interest, a presumptive lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage). At the lead plaintiff stage of the litigation, "only a preliminary showing

is necessary" for the typicality and adequate of representation requirements. *Hodges v. Akeena Solar, Inc.*, 263 F.R.D. 528, 532 (N.D. Cal. 2009), citing *Cavanaugh*, 306 F.3d at 729-31.

The test of typicality is "whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citations omitted). The adequacy requirement "inquires whether 'the representative parties will fairly and adequately protect the interests of the class.'" *Cavanaugh*, 306 F.3d at 730 (quoting Fed. R. Civ. P. 23(a)(4)).

Mr. Fiore has submitted a sworn certification confirming his desire, willingness, and ability to serve as lead plaintiff. *See* Walker Decl., Ex. B. Mr. Fiore has also submitted a declaration describing his employment and investment experience, and detailing his understanding of the role of Lead Plaintiff and his readiness to fulfill such obligations. *Id.*, Ex. D. Like all class members, Mr. Fiore purchased Tricida stock during the Class Period at allegedly inflated prices and suffered damages when Defendants' alleged misconduct came to light. *Id.*, Exs. B, C. Mr. Fiore's substantial financial interest indicates that he has the requisite incentive to vigorously represent the putative class' claims. Moreover, Mr. Fiore is not subject to unique defenses or aware of any conflicts between his claims and those asserted by the class. Finally, as discussed below, he has selected qualified counsel, highly experienced in securities litigation.

Mr. Fiore's common interests shared with the class, substantial financial interest in this Action, and selection of qualified counsel demonstrate that he *prima facie* satisfies the Rule 23 inquiries at this stage of the litigation.

**B. The Court Should Approve of Mr. Fiore's Selection of Block & Leviton LLP as Lead Counsel.**

Under the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class she seeks to represent. 15 U.S.C. § 78u-4(a)(3)(B)(v). The lead plaintiff's choice of counsel should be approved, and the Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *In re Cohen*, 586 F.3d 703, 711 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. Mr. Fiore has selected Block & Leviton LLP, a firm with substantial experience in the prosecution of shareholder and securities class actions to serve as lead counsel. Walker Decl., Ex. E. As recently noted by one district court:

> While I recognize that each counsel is well qualified, I am particularly persuaded by [Block & Leviton's] experience in large securities class actions, such as its representation of plaintiffs in *In re BP Securities Litigation*, (S.D. Tex.), *In re Google Inc. Class C Shareholder Litig.* (Del. Ch. Ct.), and *In re Volkswagen "Clean Diesel" Marketing, Sales and Products Liability Litigation (N.D. Cal.).* I find the experience garnered from such representations will benefit the shareholder in this suit.

*Thieffry v. Synchronoss Tech., Inc.*, No. 3:17-cv-07173-FLW-LHG (D.N.J. 2018) (ECF No. 21).

Accordingly, the Court should approve of Mr. Fiore's selection of Block & Leviton LLP as Lead Counsel.

**V.  CONCLUSION**

Mr. Fiore has satisfied each of the PSLRA's requirements for appointment as Lead Plaintiff. Accordingly, Mr. Fiore respectfully requests that the Court: (1) appoint Mr. Fiore as Lead Plaintiff; and (3) approve of Mr. Fiore's selection of Block & Leviton LLP as Lead Counsel.

Dated: March 8, 2021

Respectfully submitted,


By:  */s/ Jacob A. Walker*

Jacob A. Walker (CA Bar No. 271217)
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
Tel.: (617) 398-5600
Fax: (617) 507-6020
jake@blockleviton.com

Whitney E. Street (CA Bar No. 223870)
**BLOCK & LEVITON LLP**
100 Pine Street Suite 1250
San Francisco, CA 94111
Tel.: (415) 968-1852
Fax: (617) 507-6020
whitney@blockleviton.com

*Attorneys for Mr. Fiore and [Proposed] Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


*/s/ Jacob A. Walker*