**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Movant Nancy Catherine Wang*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Other Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TRICIDA, INC., GERRIT KLAERNER, and GEOFFREY M. PARKER, <br><br> Defendants. | Case No.: 5:21-cv-00076-LHK <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF NANCY CATHERINE WANG'S MOTION FOR: (1) APPOINTMENT AS LEAD PLAINTIFF; AND (2) APPROVAL OF SELECTION OF COUNSEL** <br><br> Date:        July 15, 2021 <br> Time:        1:30 p.m. <br> Courtroom:  8-4th Floor <br> Judge:       Hon. Lucy H. Koh |

## NOTICE OF MOTION AND MOTION

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, that on July 15, 2021 at 1:30 p.m., or as soon as counsel may be heard, the undersigned will move before the Honorable Lucy H. Koh at the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 8 on the 4th Floor, 280 South 1st Street, San Jose, California 95113, pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, for an Order:

1.      Appointing Nancy Catherine Wang ("Movant") as Lead Plaintiff;

2.      Approving Movant's choice of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel; and

3.      Granting such other and further relief as the Court may deem just and proper.

Movant respectfully submits the following memorandum in support of her motion for: (a) appointment of Movant as Lead Plaintiff; and (b) approval of Levi & Korsinsky as Lead Counsel.

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**TABLE OF CONTENTS**

I.      SUMMARY OF ARGUMENT....................................................................................... 1

II.     STATEMENT OF ISSUES TO BE DECIDED .............................................................. 1

III.    STATEMENT OF FACTS.............................................................................................. 2

IV.     ARGUMENT ................................................................................................................. 3

    A.  Movant's Appointment as Lead Plaintiff Is Appropriate. .................................... 3

        1.  The Procedure Required by the PSLRA......................................................... 3

            a.  Movant Is Willing to Serve as Class Representative............................ 4

            b.  Movant Has the Largest Financial Interest in the Relief Sought by the Class. ...... 4

        2.  Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil
            Procedure. ..................................................................................................... 5

            a.  Movant's Claims Is Typical of the Claims of All Class Members........................ 6

            b.  Movant Will Adequately Represent the Class...................................................... 7

    B.  Approval of Movant's Choice of Counsel Is Appropriate. ................................... 8

V.      CONCLUSION .............................................................................................................. 9

iii

# TABLE OF AUTHORITIES

**Cases**

*Booth v. Strategic Realty Trust, Inc.*,

    No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014)................... 5

*In re Cavanaugh*,

    306 F.3d 726 (9th Cir. 2002) ............................................................................... 1, 5, 6

*Crawford v. Honig,*

    37 F.3d 485 (9th Cir. 1994) ............................................................................................ 7

*Daniels Family 2001 v. Las Vegas Sands Corp.,*

    2021 U.S. Dist. LEXIS 974 (D. Nev. Jan. 5, 2021) ................................................... 8

*Deinnocentis v. Dropbox, Inc.,*

    2020 U.S.  Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) .......................................... 8

*In re Drexel Burnham Lambert Grp.*,

    960 F.2d 285 (2d Cir. 1992) .......................................................................................... 7

*Ferrari v. Gisch*,

    225 F.R.D. 599 (C.D. Cal. 2004)................................................................................... 6

*Gen. Tel. Co. of the Southwest v. Falcon*,

    457 U.S. 147 (1982) ...................................................................................................... 6

*Gold v. Lumber Liquidators, Inc.,*

    323 F.R.D. 280 (N.D. Cal. 2017) ................................................................................. 6

*Hanlon v. Chrysler Corp.*,

    150 F.3d 1011 (9th Cir. 1998) ...................................................................................... 6

*Haung v. Acterna Corp.,*

    220 F.R.D. 255 (D. Md. 2004) ..................................................................................... 6

*Hessefort v. Super Micro Computer, Inc,*

    317 F.Supp.3d 1056 (N.D. Cal. 2018).......................................................................... 5

*Johnson v. OCZ Tech. Grp.*,

    2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013).......................................................... 1, 4

*In re LendingClub Sec. Litig.*,

    282 F.Supp.3d 1171 (N.D. Cal. 2017)................................................................................... 6, 7

*In re Milestone Sci. Sec. Litig.*,

    183 F.R.D. 404 (D.N.J. 1998) ................................................................................................ 6

*Nickerson v. American Electric Power Company, Inc., et al.*,

    No. 2:20-cv-04243-SDM-EPD (S.D. Ohio Nov. 24, 2020)...................................................... 8

*In re Oxford Health Plans, Inc. Sec. Litig.*,

    182 F.R.D. 42 (S.D.N.Y. 1998)............................................................................................. 6

*Robidoux v. Celani*,

    987 F.2d 931 (2d Cir. 1993) ................................................................................................. 6

*Veal v. LendingClub Corporation,*

    2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) .......................................................................... 5

*White Pine Invs. v. CVR Ref.,*

    2021 U.S. Dist. LEXIS 1199 (S.D.N.Y. Jan. 5, 2021) ............................................................ 8

**Statutes**

15 U.S.C. § 78u-4................................................................................................................. passim

**Rules**

Fed. R. Civ. P. 23(a) ...................................................................................................... 1, 5, 6, 7

## I.  SUMMARY OF ARGUMENT

Presently pending before the Court is the above-captioned securities class action (the "Action") brought on behalf of all persons who purchased or otherwise acquired securities of Tricida, Inc. ("Tricida" or the "Company") between September 4, 2019 and October 28, 2020, inclusive (the "Class Period").  Plaintiff in the Action alleges violations of the Securities Exchange Act of 1934 (the "Exchange Act") against the Company and certain of its officers and/or directors.

The Private Securities Litigation Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Movant lost approximately $21,164.67 in losses recoverable under *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 338 (2005) using a last-in-first-out ("LIFO") analysis.  *Johnson v. OCZ Tech. Grp.*, No. 12-cv-05265-RS, 2013 U.S. Dist. LEXIS 1610, at *7 (N.D. Cal. Jan. 4, 2013).[1]  Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that her claims are typical of the claims of the Class, and she will fairly and adequately represent the interests of the Class.[2]  As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that: (1) she be appointed Lead Plaintiff; and (2) her selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") be approved as Lead Counsel.

## II.  STATEMENT OF ISSUES TO BE DECIDED

1.  Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

2.  Whether the Court should appoint Movant's selection of Levi & Korsinsky as

---

[1] Movant's certification identifying her transactions in Tricida, as required by the PSLRA, as well as a chart identifying her losses, are attached to the accompanying Declaration of Adam M. Apton ("Apton Decl"), as Exhibits A and B, respectively.

[2] The "Class" is comprised of all persons who purchased or otherwise acquired securities during the Class Period.

Lead Counsel for the proposed Class.

**III.        STATEMENT OF FACTS[3]**

Tricida was founded in 2013 and is headquartered in South San Francisco, California. ¶ 2. They are a pharmaceutical company that focuses on the development and commercialization of its drug candidate, veverimer (TRC101), which is a non-absorbed, orally administered polymer designed as a potential treatment for metabolic acidosis in patients with chronic kidney disease ("CKD"). *Id.* Tricida has completed a Phase 3, double-blind, placebo-controlled trial of veverimer in patients with CKD and metabolic acidosis. *Id.*

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies. ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Tricida's NDA for veverimer was materially deficient; (ii) accordingly, it was foreseeably likely that the FDA would not accept the NDA for veverimer; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times. *Id.*

Tricida announced on September 4, 2019 that it had submitted a New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA") under the Accelerated Approval Program for approval of veverimer for the treatment of metabolic acidosis in patients with CKD. ¶ 3.

On July 15, 2020, Tricida issued a press release announcing that, the Company received a notification from the FDA on July 14, 2020, stating that as part of the FDA's ongoing review of the Company's NDA for veverimer, "the FDA has identified deficiencies that preclude discussion of labeling and postmarketing requirements/commitments at this time." ¶ 5. Tricida stated that "[t]he notification does not specify the deficiencies identified by the FDA." *Id.*

On this news, Tricida's stock price plummeted $10.56 per share, or 40.31%, to close on

---

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") filed in the first-filed Action captioned *Pardi v. Tricida, Inc., et al.*, 3:20-cv-00076-LHK (N.D. Cal. Jan. 6, 2021) (the "*Pardi* Action"). The facts set forth in the Complaint are incorporated herein by reference.

2

July 16, 2020 at $15.64 per share. ¶ 6.

Then, on October 29, 2020, Tricida announced an update on its End-of-Review Type A meeting with the FDA regarding the veverimer NDA, advising investors that the Company "now believes the FDA will also require evidence of veverimer's effect on CKD progression from a near-term interim analysis of the VALOR-CKD trial for approval under the Accelerated Approval Program and that the FDA is unlikely to rely solely on serum bicarbonate data for determination of efficacy." ¶ 7. Concurrently, Tricida disclosed that it "is significantly reducing its headcount from 152 to 59 people and will discuss its commitments with vendors and contract service providers to potentially provide additional financial flexibility." *Id.*

In response to this news, Tricida's stock price dropped 47.16%, or $3.90 per share to close at $4.37 per share on October 29, 2020. ¶ 8.

## IV.   ARGUMENT

### A.  Movant's Appointment as Lead Plaintiff Is Appropriate.

#### 1.  The Procedure Required by the PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A). The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

3

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *4 (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that Defendants could raise against her.  Therefore, Movant is entitled to the presumption that she is the most adequate plaintiff to represent the Class and, as a result, should be appointed Lead Plaintiff in the Action.

### a.  Movant Is Willing to Serve as Class Representative.

On January 6, 2021, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Tricida and the Individual Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Actions.[8]

Movant has reviewed the complaint filed in the pending Action and has timely filed her motion pursuant to the Notice.  *Johnson*, 2013 U.S. Dist. LEXIS 1610, at *6.

### b.  Movant Has the Largest Financial Interest in the Relief Sought by the Class.

---

[8] The Notice was published over *PRNewswire*, a widely circulated national business-oriented wire service.  A copy of the Notice is attached as Exhibit C to the Apton Decl.

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action.  As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class.  *See* Apton Decl, Ex. B.  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.  *Booth v. Strategic Realty Trust, Inc.*, No. 13-cv-4921, 2014 U.S. Dist. LEXIS 10501, at *3-4 (N.D. Cal. Jan. 27, 2014) (citing *In re Cavanaugh*, 306 F.3d at 726-30).

Within the Class Period, Movant purchased Tricida shares in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby.  Movant suffered a substantial loss of approximately $21,164.67 under a LIFO and *Dura* LIFO analysis.  *See* Apton Decl, Ex. B.  Movant thus has a significant financial interest in the outcome of this case.  To the best of her knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 2. Movant Satisfies the Requirements of Rule 23(a) of the Federal Rules of Civil Procedure.

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class

FED. R. CIV. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two – typicality and adequacy – are recognized as appropriate for consideration at this stage. *See Hessefort v.*

5

*Super Micro Computer, Inc,* 317 F.Supp.3d 1056, 1060-61 (N.D. Cal. 2018); *Veal v. LendingClub Corporation,* 2018 WL 5879645, *4 (N.D. Cal. Nov. 7, 2018); *See also Cavanaugh,* 306 F.3d at 730, n.5, 732. Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See USBH Holdings, Inc.* 682 F. Supp.2d at, 1053. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a) and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Cavanaugh,* 306 F.3d at 732; *see also Haung v. Acterna Corp.,* 220 F.R.D. 255, 259 (D. Md. 2004); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998).

As detailed below, Movant satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying her appointment as Lead Plaintiff.

### a. Movant's Claims Is Typical of the Claims of All Class Members.

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because her claims result from: (i) the same injuries as the absent class members; (ii) the same course of conduct by Defendants; and (iii) are based on the same legal issues. *See In re Twitter, Inc. Sec. Litig.,* 326 F.R.D. 619, 629 (N.D. Cal. 2018); *see also Ferrari v. Gisch*, 225 F.R.D. 599, 607 (C.D. Cal. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 50 (S.D.N.Y. 1998) (typicality inquiry analyzes whether plaintiff's claims "arise from the same conduct from which the other class members' claims and injuries arise"). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See In re LendingClub Sec. Litig.,* 282 F. Supp. 3d 1171, 1179 (N.D. Cal. 2017) (citing *Hanlon,* 150 F.3d at 1020). A finding of commonality frequently supports a finding of typicality. *See Gold v. Lumber Liquidators, Inc.,* 323 F.R.D. 280, 288 (N.D. Cal. 2017) (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 158 n.13 (1982) (noting that the typicality and commonality

6

requirements tend to merge)).

In this case, the typicality requirement is met because Movant's claim is identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Tricida securities during the Class Period and was damaged thereby. Thus, Movant's claim is typical, if not identical, to those of the other members of the Class because the losses Movant seeks to recover is similar to those of other Class members and her losses results from the defendants' common course of conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3). *See In re LendingClub*, 282 F. Supp. 3d at 1179; *see also In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992).

### b.   Movant Will Adequately Represent the Class.

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interest of the movant and other members of the Class.  15 U.S.C. § 78u-4(a)(3)(B); *see Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interest is clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interest and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial loss she suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit her choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, Movant is an adequate representative for the Class. Movant considers herself to be a sophisticated investor, having been investing in the stock market for 5 years. She resides in Newburyport, Massachusetts, and possess a Bachelor's Degree in Business. Movant is

currently retired, but prior to that, she was employed as a Sales Manager at Contour Design where she oversaw 3 employees. Movant has also hired and oversaw an attorney on a personal matter before. Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has the largest financial interest in the outcome of the Action as a result of the defendants' alleged wrongdoing, she is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(3)(B)(iii)(I) and should be appointed as such to lead the Action.

**B.  Approval of Movant's Choice of Counsel Is Appropriate.**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Levi & Korsinsky as the proposed Lead Counsel for the Class.  The members of Levi & Korsinsky have extensive experience in successfully prosecuting complex securities class actions such as these and are well-qualified to represent the Class. Levi & Korsinsky has often been appointed as lead counsel in similar actions in this Circuit and across the country arising under the federal securities laws on behalf of investors. *See also e.g., Daniels Family 2001 v. Las Vegas Sands Corp.,* 2021 U.S. Dist. LEXIS 974, at *8 (D. Nev. Jan. 5, 2021) (appointing Levi & Korsinsky as lead counsel noting the firm's "extensive experience in complex securities class actions"); *White Pine Invs. v. CVR Ref.,* 2021 U.S. Dist. LEXIS 1199, at *10 (S.D.N.Y. Jan. 5, 2021) appointing Levi & Korsinsky noting "the firm has 'extensive experience' in this area of law and is sufficiently qualified to conduct this litigation"; *Deinnocentis v. Dropbox, Inc.,* 2020 U.S.  Dist. LEXIS 8680, at *13 (N.D. Cal. Jan. 16, 2020); *Nickerson v. American Electric Power Company, Inc., et al.,* No. 2:20-cv-04243-SDM-EPD, Dkt. No. 16 (S.D. Ohio Nov. 24, 2020). Thus, the Court may rest assured that by

8

granting Movant's motion, the Class will receive the highest caliber of legal representation possible. *See also* Apton Decl, Ex. D (the firm résumé of Levi & Korsinsky).

## V.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the action; (2) approve Levi & Korsinsky as Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: March 8, 2021                              Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton (SBN 316506)
Adam C. McCall (SBN 302130)
388 Market Street, Suite 1300
San Francisco, CA 94111
Tel: (415) 373-1671
Email: aapton@zlk.com
Email: amccall@zlk.com

*Attorneys for Nancy Catherine Wang and*
*Proposed Lead Counsel for the Class*