JOHN T. JASNOCH (CA 281605)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619/233-4565
619/233-0508 (fax)
jjasnoch@scott-scott.com

*Attorneys for Lead Plaintiff Movant*
*Geneva Acholonu and Proposed*
*Lead Counsel for the Class*

[Additional counsel on signature page.]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>*v.*<br><br>TRICIDA, INC., GERRIT KLAERNER, and GEOFFREY M. PARKER,<br><br>Defendants. | Case No.  5:21-cv-00076-LHK<br><br>**NOTICE OF MOTION & MOTION OF GENEVA ACHOLONU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT**<br><br>Courtroom:    8 (4th Floor)<br>Judge:          Honorable Lucy H. Koh |

## **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ...................................................................................1

STATEMENT OF THE ISSUES TO BE DECIDED...............................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...........................................................2

     I.     INTRODUCTION ........................................................................................2

     II.    FACTUAL BACKGROUND...........................................................................2

     III.   ARGUMENT ................................................................................................4

          A.    Movant Should Be Appointed Lead Plaintiff ...............................4

              1.    Movant's Motion Is Timely............................................4

              2.    Movant Has the Largest Financial Stake in the Relief Sought by the Class ..................................................................4

              3.    Movant Is Otherwise Qualified Under Rule 23 .............................5

          B.    The Court Should Approve Movant's Choice of Counsel.........................7

     IV.   CONCLUSION.............................................................................................9

i

# TABLE OF AUTHORITIES

**CASES**                                                                                                    **PAGE(S)**

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ........................................................................................2, 5, 7

*Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) ..................................................................................................7

*Cornwell v. Credit Suisse Grp.*,
   No. 08-cv-03758 (VM), 2011 WL 13263367 (S.D.N.Y. July 20, 2011)...................................8

*Feyko v. Yuhe Int'l Inc.*,
   No. CV 11-05511 DDP, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) .......................................5

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
   136 F. Supp. 3d 1159 (C.D. Cal. 2015) ...................................................................................5

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
   No. 13-CV-05368-LHK, 2014 WL 2604991 (N.D. Cal. June 10, 2014) ..................................4

*Richardson v. TVIA, Inc.*,
   No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)....................................5

*Russo v. Finisair Corp.*,
   No. 5:CV 11-01252-EJD, 2011 WL 5117560 (N.D. Cal. Oct. 27, 2011) ................................6

*Westley v. Oclaro, Inc.*,
   No. C-11-2448 EMC, 2011 WL 4079178 (N.D. Cal. Sept. 12, 2011) .....................................6

**STATUTES, RULES & REGULATIONS**

15 U.S.C.
   §78u-4(a)(3)(A)(i)....................................................................................................................4
   §78u-4(a)(3)(A)(i)(II) ..............................................................................................................4
   §78u-4(a)(3)(A)-(B) .................................................................................................................4
   §78u-4(a)(3)(B).................................................................................................................1, 2, 5
   §78u-4(a)(3)(B)(i).....................................................................................................................5
   §78u-4(a)(3)(B)(iii)(I)(bb) .......................................................................................................5
   §78u-4(a)(3)(B)(iii)(I)(cc)........................................................................................................5
   §78u-4(a)(3)(B)(iii)(II)(aa) .......................................................................................................7
   §78u-4(a)(3)(B)(v) ................................................................................................................2, 7

FEDERAL RULES OF CIVIL PROCEDURE
   Rule 23(a)..................................................................................................................................5
   Rule 23(a)(3) .............................................................................................................................6

**OTHER AUTHORITIES**

NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008) ........................................................................6

ii

## NOTICE OF MOTION AND MOTION

TO:    ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that Lead Plaintiff movant and putative Class (defined below) member Geneva Acholonu, by and through her undersigned counsel, hereby moves this Court in Courtroom 8 of the U.S. District Court for the Northern District of California, Oakland Courthouse, 1301 Clay Street, Oakland, California 94612, as soon as the matter may be heard, for the entry of an order: (1) appointing Geneva Acholonu as Lead Plaintiff for the putative Class pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§78u-4, *et seq.*; and (2) approving her selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class.

This motion is made on the grounds that Geneva Acholonu ("Acholonu" or Movant"), timely filed this motion and is the "most adequate plaintiff." Based on the information presently available, Movant has the largest financial interest in the relief sought by the Class amongst movants for lead plaintiff, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), as her claims are typical of the claims of the Class, and she will fairly and adequately represent the interests of the Class. In addition, Movant has selected and retained Scott+Scott, a law firm with substantial experience in prosecuting securities class actions, to serve as Lead Counsel.

This motion is based on the notice of motion and memorandum of points and authorities herein, the Declaration of John T. Jasnoch ("Jasnoch Decl.") filed concurrently herewith and in support hereof, including Exhibits A-E attached thereto, the pleadings and other files and records previously entered in these actions, and such other written or oral argument as may be presented to the Court.

## STATEMENT OF THE ISSUES TO BE DECIDED

1.    Whether the Court should appoint Acholonu as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

1

2.    Whether the Court should approve Acholonu's selection of Scott+Scott as Lead Counsel for the Class pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.    INTRODUCTION**

Acholonu, by and through her undersigned counsel, respectfully submits this memorandum of points and authorities in support of her motion for: (1) appointment as Lead Plaintiff pursuant to §21D of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the PSLRA; and (2) approval of her selection of Scott+Scott to serve as Lead Counsel for the putative Class.

The PSLRA provides that the Court is to appoint as lead plaintiff the member of the purported plaintiff class with the largest financial interest in the action that otherwise satisfies the requirements of Rule 23. 15 U.S.C. §78u-4(a)(3)(B)(iii). As demonstrated below, Movant should be appointed to serve as Lead Plaintiff for this litigation because: (1) her motion for appointment is timely filed; (2) based on information presently available, she has the largest financial interest in this litigation; and (3) she is an adequate and typical Class member. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii) (describing the PSLRA standard for lead plaintiff appointment); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002) (same). In addition, Movant's selection of Scott+Scott to serve as Lead Counsel for the putative Class should be approved. *See* 15 U.S.C. §78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). Scott+Scott has a long history of successfully litigating securities class actions and possesses the necessary resources to aggressively prosecute this action on behalf of the putative Class.

**II.    FACTUAL BACKGROUND**

This Action was filed on January 6, 2021, and brings claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials, on behalf of a Class of all those

2

who purchased or otherwise acquired Tricida securities between September 4, 2019 and October 28, 2020, both dates inclusive (the "Class Period"). ¶1.[1]

Tricida is a pharmaceutical company that focuses on the development and commercialization of its drug candidate, veverimer (TRC101), a potential treatment for metabolic acidosis in patients with chronic kidney disease ("CKD"). ¶21. The Complaint alleges that, during the Class Period, Tricida and the other defendants made materially false and misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. ¶¶22-40. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Tricida's New Drug Application ("NDA") for veverimer was materially deficient; (ii) accordingly, it was foreseeably likely that the Federal Drug Administration ("FDA") would not accept the NDA for veverimer; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times. ¶40.

The truth about the Compnay's misstatements began to emerge on July 15, 2020, when Tricida issued a press release announcing that, on July 14, 2020, the Company received a notification from the FDA, stating that as part of the FDA's ongoing review of the Company's NDA for veverimer, "the FDA has identified deficiencies that preclude discussion of labeling and postmarketing requirements/commitments at this time." ¶41. On this news, Tricida's stock price fell $10.56 per share, or 40.31%, to close at $15.64 per share on July 16, 2020, damaging investors. ¶42.

Then, on October 29, 2020, Tricida announced an update on its End-of-Review Type A meeting with the FDA regarding the veverimer NDA, advising investors that the Company "now believes the FDA will also require evidence of veverimer's effect on CKD progression from a near-term interim analysis of the VALOR-CKD trial for approval under the Accelerated Approval Program and that the FDA is unlikely to rely solely on serum bicarbonate data for determination of efficacy." ¶43. At the same time, Tricida disclosed that it was "significantly reducing its

---

[1] All "¶" and "¶¶" citations are to the Class Action Complaint filed in this Action on January 5, 2021 (ECF No. 1) (the "Complaint").

3

headcount [ ] and will discuss its commitments with vendors and contract service providers to potentially provide additional financial flexibility." *Id.* On this news, Tricida's stock price fell $3.90 per share, or 47.16%, to close at $4.37 per share on October 29, 2020, further damaging investors.

## III.   ARGUMENT

### A.   Acholonu Should Be Appointed Lead Plaintiff

#### 1.   Movant's Motion Is Timely

Within 20 days of filing a securities class action, the plaintiff must publish a notice informing putative class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). Following the commencement of this Action, on January 6, 2021, the law firm that filed the Action published notice of pendency of the action via *PRNewswire. See* Jasnoch Decl., Ex. A. Because the Early Notice was published within 20 days of the Action, notice was timely. *See Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014) (finding notice "timely because it was published within 20 days after the filing of the complaint").[2]

All putative Class members seeking to be appointed lead plaintiff in this matter are required to move for appointment within 60 days of publication of the Early Notice, or March 8, 2021. 15 U.S.C. §78u-4(a)(3)(A)-(B). Since the instant motion was filed within 60 days from the publication of the Early Notice, it is timely. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Moreover, Movant has submitted certification stating her willingness to serve as representative party on behalf of the Class. *See* Jasnoch Decl., Ex. B.

#### 2.   Movant Has the Largest Financial Stake in the Relief Sought by the Class

The PSLRA provides that courts: "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most

---

[2]   Unless otherwise noted, emphasis is added and citations are omitted.

4

adequate plaintiff') in accordance with this subparagraph." 15 U.S.C. §78u-4(a)(3)(B)(i). Furthermore, there is a "rebuttable presumption that the most adequate plaintiff in any private action arising under this [title]" is the movant that "has the largest financial interest in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *see also Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *2 (N.D. Cal. Apr. 16, 2007) (discussing the PSLRA lead plaintiff appointment process); *Feyko v. Yuhe Int'l Inc*., No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *2 (C.D. Cal. Mar. 2, 2012) (same) (citing *Cavanaugh*, 306 F.3d at 730). "District courts have typically considered the Olsten–Lax factors to determine who has the largest financial interest: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered'" *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (internal quotation marks omitted) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998), and *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997)). "Of the Olsten-Lax factors, courts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss." *Richardson*, 2007 WL 1129344, at *4.

Based on the information presently available, Lead Plaintiff Movant is the movant with the largest financial interest in the relief sought in this litigation. Movant suffered losses of approximately $23,345. *See* Jasnoch Decl., Ex. C. Given that Movant has the largest financial interest in this litigation and, as discussed below, satisfies all of the PSLRA prerequisites for appointment as lead plaintiff, she should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### 3.     Movant Is Otherwise Qualified Under Rule 23

Pursuant to §21D(a)(3)(B) of the Exchange Act, a proposed lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: "(1) the class is so numerous that joinder of all members is

5

impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Of the four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the court need only make findings as to the typicality and adequacy of the proposed lead plaintiff and, at this stage, those findings need only be "preliminary." *See*, *e.g.*, *Westley v. Oclaro, Inc.*, No. C-11-2448 EMC, 2011 WL 4079178, at *2 (N.D. Cal. Sept. 12, 2011) (noting that only a "preliminary showing" of typicality and adequacy satisfies Rule 23 at the lead plaintiff stage).

The typicality requirement of Rule 23(a)(3) is satisfied when the representative party "'has suffered the same injuries as other class members as a result of the same conduct by defendants and has claims based on the same legal issues.'" *Id.* Here, Movant's claims are typical of the claims of the other members of the putative Class because, like all other Class members, she: (1) purchased Intelsat securities during the Class Period; (2) was adversely affected by Defendants' alleged misconduct (insider trading); and (3) suffered damages as a result thereof. *See Russo v. Finisair Corp.*, No. 5:CV 11-01252-EJD, 2011 WL 5117560, at *4 (N.D. Cal. Oct. 27, 2011) (discussing ways in which a lead plaintiff movant can meet the typicality requirement). Since the claims asserted by Movant are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," typicality is satisfied. NEWBERG ON CLASS ACTIONS §3:13 (4th ed. 2008).

With respect to adequacy, a movant is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members and the movant attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Westley*, 2011 WL 4079178, at *2 (explaining that, with regard to the adequacy requirement, a court must evaluate "'whether: (1) the lead plaintiff's claims conflict with those of the class; and (2) class counsel is qualified, experienced, and generally able to conduct the litigation'"). The Lead Plaintiff Movant satisfies the "adequacy" requirement in the instant litigation because her interests are clearly

6

aligned with the interests of the putative Class.  Moreover, Movant, like all other members of the Class, suffered losses as a result of purchasing Quantumscape common stock contemporaneously (within the meaning of §20A of the Exchange Act, 15 U.S.C. §78t-1) with the Defendants' sales of Quantumscape common stock.  Movant will, therefore, benefit from the same relief as other Class members.  In short, there is absolutely no evidence of antagonism between Movant and the putative Class.

Movent has also demonstrated that she is an adequate representative in this matter, by retaining competent and experienced counsel.  As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner.  Accordingly, Movant has made a *prima facie* showing that she satisfies all of the requirements of Rule 23 for the purposes of this motion.

### B.   The Court Should Approve Movant's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734-35.  As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]"  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d at 733 n.12.

The Lead Plaintiff Movant has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation.  *See* Jasnoch Decl., Ex. D. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[3]

---

[3]   Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re*

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

No. 08-cv-03758 (VM), 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011).

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including: *Hill v. MacroGenics, Inc.*, No. 8:19-cv-02713 (D. Md.); *Visser v. Energy Recovery, Inc.*, No. 1:20-cv-05647 (S.D.N.Y.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio); *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 1:19-cv-03354 (S.D.N.Y.); *In re Weight Watchers Int'l, Inc. Sec. Litig.*, No. 1:19-cv-02005 (S.D.N.Y.); *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

In light of the foregoing, the Court should approve Movant's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Movant's choice of counsel, the putative Class will receive the highest caliber of representation.

---

*Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

8

## IV.     CONCLUSION

For all of the foregoing reasons, Movant respectfully requests that the Court consolidate the above-captioned cases, appoint her as Lead Plaintiff, and approve her selection of Scott+Scott to serve as Lead Counsel.

DATED:  March 8, 2021                              Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 */s/ John T. Jasnoch*
JOHN T. JASNOCH (CA 281605)
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone:  619/233-4565
619/233-0508 (fax)
jjasnoch@scott-scott.com

THOMAS L. LAUGHLIN, IV
(*pro hac vice* forthcoming)
RHIANA L. SWARTZ
(*pro hac vice* forthcoming)
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone:  212/233-6444
212/233-6334 (fax)
tlaughlin@scott-scott.com
rswartz@scott-scott.com

*Attorneys for Lead Plaintiff Movant Geneva Acholonu and Proposed Lead Counsel for the Class*

BRIAN J. SCHALL
**THE SCHALL LAW FIRM**
1880 Century Park East, Suite 404
Los Angeles, CA 90067-1604
Telephone: (310) 301-3335
Facsimile:  (310) 388-0192
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Movant Geneva Acholonu*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on March 8, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List, and I hereby certify that I caused the foregoing document or paper to be mailed via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List.

Executed on March 8, 2021, at San Diego, California.

*/s/ John T. Jasnoch*
JOHN T. JASNOCH (CA 281605)

10