POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*and Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TRICIDA, INC., GERRIT KLAERNER, and GEOFFREY M. PARKER, <br><br> Defendants. | Case No.: 5:21-cv-00076-LHK <br><br> NOTICE OF MOTION AND MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT <br><br> CLASS ACTION <br><br> Date: July 15, 2021 <br> Time: 1:30 p.m. <br> Judge: Hon. Lucy H. Koh <br> Courtroom: 8 – 4th Floor |

NOTICE OF MOTION AND MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL
OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:21-cv-00076-LHK

# **TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ....................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................3

I.       PRELIMINARY STATEMENT ....................................................................................3

II.      STATEMENT OF FACTS ..............................................................................................3

III.     ARGUMENT....................................................................................................................5

          A.       SITU SHOULD BE APPOINTED LEAD PLAINTIFF ..........................5

             1.       Situ Is Willing to Serve as Class Representative ...........................6

             2.       Situ Is the Most Adequate Plaintiff within the Meaning of the PSLRA .................................................................................................6

                  a.       Situ Has the Largest Financial Interest in the Action ........6

                  b.       Situ Otherwise Satisfies the Requirements of Rule 23 ......7

          B.       LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .............................................................................................9

IV.      CONCLUSION................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF,
    2014 U.S. Dist. LEXIS 111869 (N.D. Cal. Aug. 11, 2014).......................................................7

*City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK,
    2012 U.S. Dist. LEXIS 2776 (N.D. Cal. Jan. 9, 2012) ..........................................................2, 7

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ...................................................................................................8

*Hessefort v. Super Micro Comput., Inc.*,
    317 F. Supp. 3d 1056 (N.D. Cal. 2018) ...................................................................................7

*In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK,
    2017 U.S. Dist. LEXIS 11553 (N.D. Cal. Jan. 25, 2017) .........................................................7

*Knox v. Yingli Green Energy Holding Co.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) .................................................................................2, 7

*Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)................................................. 1, 2, 6, 7

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
    2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013).........................................................7

*Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*,
    2013 U.S. Dist. LEXIS 29876 (N.D. Cal. Mar. 4, 2013)................................................. 1, 2, 7

*Osher v. Guess?, Inc.*,
    2001 U.S. Dist. LEXIS 6057 (C.D. Cal. Apr. 26, 2001) ..........................................................9

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ...................................................................................................8

**Statutes**

15 U.S.C. § 77z-1............................................................................................................. 1, 5, 6, 7

15 U.S.C. § 78u-4 ....................................................................................................................3, 9

Private Securities Litigation Reform Act of 1995 ................................................................*passim*

**Rules**

Federal Rule of Civil Procedure 23 ......................................................................................*passim*

**NOTICE OF MOTION**

TO:   ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that on Thursday, July 15, 2021, at 1:30 p.m., before the Honorable Lucy H. Koh, at the San Jose Courthouse, 280 South 1st Street, Courtroom 8, Fourth Floor, San Jose, California 95113, Donna Situ ("Situ" or "Movant") will and hereby does respectfully move this Court pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Situ as Lead Plaintiff in the above-captioned action (the "Action") on behalf of all persons and entities who purchased or otherwise acquired Tricida, Inc. ("Tricida" or the "Company") securities between September 4, 2019 and October 28, 2020, both dates inclusive (the "Class Period" and the "Class"); and (2) approving Situ's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel.

**SUMMARY OF ARGUMENT**

To the extent that this motion seeks appointment of Situ as Lead Plaintiff, this motion is made on the grounds that Situ is the "most adequate plaintiff" to lead the Class within the meaning of the PSLRA and that the PSLRA therefore mandates Situ's appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).   Situ is entitled to a rebuttable presumption favoring her appointment, since she has the "largest financial interest" in the relief sought by the Class in the Action by virtue of, *inter alia*, her losses of approximately $121,596, which were suffered as a result of the above-captioned defendants' ("Defendants") wrongful conduct as alleged in the Action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17-*18 (N.D. Ill. Aug. 6, 1997) (determining financial interest by (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013) ("District courts

NOTICE OF MOTION AND MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:21-cv-00076-LHK

commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 11-CV-04003-LHK, 2012 U.S. Dist. LEXIS 2776, at \*10-\*11 (N.D. Cal. Jan. 9, 2012) (same); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (same).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS, at \*18-\*19; *Knox*, 135 F. Supp. 3d. at 1163.  Thus, as the movant with the largest known financial interest in the Action, Situ believes that she is presumptively the most adequate lead plaintiff within the meaning of the PSLRA.

Situ also satisfies the requirements of Fed. R. Civ. P. 23 ("Rule 23") because her claims are typical of the claims of other putative Class members and because she will fairly and adequately represent their interests.

In addition, the PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  Situ's choice of counsel, Pomerantz, have the skill, knowledge, expertise, resources, and experience that will enable the firm to prosecute the Action effectively and expeditiously under Situ's direction.

This motion is supported by the memorandum of points and authorities submitted herewith, the Declaration of Jennifer Pafiti ("Pafiti Decl."), and all exhibits thereto.

NOTICE OF MOTION AND MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:21-cv-00076-LHK

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  PRELIMINARY STATEMENT

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that is shown to be the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The PSLRA creates a rebuttable presumption that the "most adequate plaintiff" is the one that possesses the "largest financial interest" in the outcome of the litigation and that satisfies the requirements of Fed. R. Civ. P. 23.  *Id.*  Situ believes that she should benefit from a rebuttable presumption arising from her having the largest financial interest in this litigation.  Situ purchased 10,000 shares of Tricida stock during the Class Period, expended $285,729 on her purchases, retained 10,000 of her Tricida shares, and, as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred losses of approximately $121,596 in connection with her purchases of Tricida securities.  *See* Pafiti Decl., Ex. A. Situ further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as she is an adequate representative with claims typical of the other Class members.  Accordingly, Situ respectfully submits that she should be appointed Lead Plaintiff.

### II.  STATEMENT OF FACTS

As alleged in the complaint in the Action (the "Complaint"), Tricida was founded in 2013 and is headquartered in South San Francisco, California.  Tricida is a pharmaceutical company that focuses on the development and commercialization of its drug candidate, veverimer (TRC101), a non-absorbed, orallyadministered polymer designed as a potential treatment for metabolic acidosis in patients with chronic kidney disease ("CKD").  Tricida has completed a Phase 3, double-blind, placebocontrolled trial of veverimer in patients with CKD and metabolic acidosis.

On September 4, 2019, Tricida announced that it had submitted a New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA") under the Accelerated Approval Program for approval of veverimer for the treatment of metabolic acidosis in patients with CKD.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies.   Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Tricida's NDA for veverimer was materially deficient; (ii) accordingly, it was foreseeably likely that the FDA would not accept the NDA for veverimer; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

On July 15, 2020, Tricida issued a press release announcing that, on July 14, 2020, the Company received a notification from the FDA, stating that as part of the FDA's ongoing review of the Company's NDA for veverimer, "the FDA has identified deficiencies that preclude discussion of labeling and postmarketing requirements/commitments at this time."  Tricida stated that "[t]he notification does not specify the deficiencies identified by the FDA."

On this news, Tricida's stock price fell $10.56 per share, or 40.31%, to close at $15.64 per share on July 16, 2020.

Then, on October 29, 2020, Tricida announced an update on its End-of-Review Type A meeting with the FDA regarding the veverimer NDA, advising investors that the Company "now believes the FDA will also require evidence of veverimer's effect on CKD progression from a near-term interim analysis of the VALOR-CKD trial for approval under the Accelerated Approval Program and that the FDA is unlikely to rely solely on serum bicarbonate data for determination of efficacy."  Concurrently, Tricida disclosed that it "is significantly reducing its headcount from 152 to 59 people and will discuss its commitments with vendors and contract service providers to potentially provide additional financial flexibility."

On this news, Tricida's stock price fell $3.90 per share, or 47.16%, to close at $4.37 per share on October 29, 2020.

As a result of Defendants' wrongful acts and omissions and the precipitous decline in the market value of the Company's common stock, Plaintiff and other Class members have suffered significant losses and damages.

NOTICE OF MOTION AND MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:21-cv-00076-LHK

### III.    ARGUMENT

#### A.    SITU SHOULD BE APPOINTED LEAD PLAINTIFF

Motions by proposed lead plaintiffs must be filed within 60 days of the publication of notice of the action, which in this case was published on January 6, 2021 (*see* Pafiti Decl., Ex. B). *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  The PSLRA directs courts to consider any such motion by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).  Situ's instant motion is thus timely and must be considered.

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  Situ is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

To guide this determination, the PSLRA creates a rebuttable presumption that the "most adequate plaintiff" "is the person or group of persons that" (i) either filed the complaint or made a lead plaintiff motion; (ii) "in the determination of the court, has the largest financial interest in the relief sought by the class"; and (iii) otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).  As set forth below, Situ satisfies all three of these criteria and thus believes that she is entitled to the rebuttable presumption that she is the most adequate plaintiff within the meaning of the PSLRA.  Specifically, Situ is willing to serve as Lead Plaintiff, has the largest financial interest in the Action to her knowledge and otherwise strongly satisfies the requirements of Rule 23.

For all these reasons, as set forth in greater detail below, Situ respectfully urges the Court to appoint her to serve as Lead Plaintiff overseeing the Action.

### 1.    Situ Is Willing to Serve as Class Representative

On January 6, 2021, Pomerantz, counsel for the plaintiff in the Action, caused a notice (the "Notice") to be published over *PRNewswire* pursuant to § 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Defendants and which advised investors in Tricida securities that they had until March 8, 2021 to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B.  Situ has filed the instant motion pursuant to that Notice, and has attached a signed Certification attesting to her willingness to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Pafiti Decl., Ex. C.  Under the PSLRA, Situ's actions were timely and legally sufficient. Accordingly, Situ readily satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2.    Situ Is the Most Adequate Plaintiff within the Meaning of the PSLRA

When faced with competing lead plaintiff motions, under 15 U.S.C. § 78u-4(a)(3)(B), the Court "shall appoint as lead plaintiff the member or members of the purported class that the court determines to be the most capable of adequately representing the interests of class members (hereinafter … the 'most adequate plaintiff')." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i).  Situ is the "most adequate plaintiff" within the meaning of the PSLRA and should therefore be appointed as Lead Plaintiff.

### a.    Situ Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of her knowledge, Situ has the largest financial interest of any Tricida investor seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased; (2) the number of net shares purchased (also referred to as "retained shares"); (3) the total net funds expended; and (4) the approximate losses suffered.  1997 U.S. Dist. LEXIS, at \*17-\*18.  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit,

NOTICE OF MOTION AND MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:21-cv-00076-LHK

including in this District.  *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS, at \*18 ("District courts commonly refer to the four-factor [*Lax*] test, which considers (1) total shares purchased, (2) net shares purchased, (3) net funds expended, and (4) approximate losses suffered."); *City of Royal Oak Ret. Sys.*, 2012 U.S. Dist. LEXIS, at \*10-\*11 (same); *Knox*, 136 F. Supp. 3d at 1163 (same). Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *Nicolow*, 2013 U.S. Dist. LEXIS, at \*18-\*19; *Knox*, 135 F. Supp. 3d. at 1163.

During the Class Period, Situ (1) purchased 10,000 shares of Tricida stock; (2) expended $285,729 on her purchases of Tricida stock; (3) retained 10,000 of her Tricida shares; and (4) as a result of the disclosures revealing the misrepresentations and/or omissions during the Class Period, incurred losses of approximately $121,596 in connection with her purchases of Tricida securities.  *See* Pafiti Decl., Ex. A.  Thus, under the *Lax* factors, Situ believes that she has the largest financial interest among any potential lead plaintiff movants in the Action, thereby entitling Situ to a rebuttable presumption that she is the "most adequate plaintiff" within the PSLRA's meaning (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)), given that she also satisfies the requirements of Fed. R. Civ. P. 23.

### b.    Situ Otherwise Satisfies the Requirements of Rule 23

For a lead plaintiff movant to secure the PSLRA's rebuttable presumption that the movant is the "most adequate plaintiff," the movant must also demonstrate that the movant "otherwise satisfies the requirements of Rule 23."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  A *prima facie* showing suffices for this determination.  *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at \*9 (N.D. Cal. Aug. 11, 2014).  "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy."  *In re SolarCity Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 U.S. Dist. LEXIS 11553, at \*13 (N.D. Cal. Jan. 25, 2017).  Situ readily passes muster.

NOTICE OF MOTION AND MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:21-cv-00076-LHK

Situ satisfies the threshold for Rule 23(a)(3) typicality. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson*, 2007 U.S. Dist. LEXIS, at *16 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). Situ's claims are typical of those of the Class members. Like all Class members, Situ alleges that: (1) Defendants violated the Exchange Act by making false or misleading statements of material facts and/or omitting to disclose material facts concerning Tricida; (2) Situ and the Class members purchased Tricida securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions and were damaged upon the disclosure of those misrepresentations and/or omissions; and (3) Situ and the Class members were damaged upon the revelation of Defendants' alleged misrepresentations or omissions through corrective disclosures that drove Tricida's share price downward. These shared claims, which are based on the same legal theories and arise from the same underlying facts and course of conduct, demonstrate Situ's typicality under Rule 23(a)(3).

Situ also satisfies the Rule 23(a)(4) adequacy requirement. In determining whether that requirement is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted). Here, Situ has submitted a signed Certification declaring her commitment to protecting the interests of the Class. *See* Pafiti Decl., Ex. C. In addition, Situ has submitted a Declaration attesting, *inter alia*, to her desire to prosecute this case for the benefit of the class, to her understanding of a lead plaintiff's responsibilities pursuant to the PSLRA, and to her communications with her counsel prior to the filing of this motion. *See* Pafiti Decl., Ex. D. Situ has no conflicts of interest or antagonism with the Class of Tricida investors that she seeks to represent. Situ's significant losses from her

NOTICE OF MOTION AND MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:21-cv-00076-LHK

purchases of Tricida securities during the Class Period demonstrate that she has a sufficient interest in the outcome of this litigation that aligns with the interests of Class members.

Indeed, Situ has already demonstrated her ability to pursue securities claims through her choice of counsel, Pomerantz. Pomerantz is one of the nation's leading plaintiff-side securities litigation firms, as discussed in greater detail in § III.B., *infra*. Situ's and Pomerantz's willingness and ability to zealously litigate the claims in this action on behalf of the Class cannot reasonably be questioned.

### B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in a lead plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV 01-00871 LGB (RNBx), 2001 U.S. Dist. LEXIS 6057, at *15 (C.D. Cal. Apr. 26, 2001). The Court should not interfere with Lead Plaintiff's selection unless it is necessary to do so in order "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Situ has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. *See* Pafiti Decl., Ex. E. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See id.*

Situ's chosen counsel have the skill and knowledge which will enable them to prosecute the Action effectively and expeditiously. Thus, the Court may be assured that by approving Situ's selection of Lead Counsel, the members of the class will receive the best legal representation available.

NOTICE OF MOTION AND MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:21-cv-00076-LHK

## IV.    CONCLUSION

For the foregoing reasons, Situ respectfully requests that the Court issue an Order: (1) appointing Situ as Lead Plaintiff for the Class and (2) approving Situ's selection of Pomerantz as Lead Counsel for the Class.

Dated:  March 8, 2021                    Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

POMERANTZ LLP
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
(*pro hac vice* application forthcoming)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
pdahlstrom@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*and Proposed Lead Counsel for the Class*

NOTICE OF MOTION AND MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:21-cv-00076-LHK

## **PROOF OF SERVICE**

I hereby certify that on March 8, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

NOTICE OF MOTION AND MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5:21-cv-00076-LHK