Melissa A. Fortunato (#319767)
Marion C. Passmore (#228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Email: fortunato@bespc.com
          passmore@bespc.com

*Counsel for Movant and*
*Proposed Co-Lead Counsel for the Class*

[Additional Counsel listed on signature block]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TRICIDA, INC., GERRIT KLAERNER, and GEOFFREY M. PARKER,<br><br>Defendants. | Case No. 5:21-cv-00076-LHK<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION OF THE TRICIDA INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:          July 15, 2021<br>Time:         1:30 p.m.<br>Courtroom:  8, 4th Floor<br>Judge:        Honorable Lucy H. Koh |

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ............................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................... 2

I.    SUMMARY OF ARGUMENT ............................................................................................ 2

II.   STATEMENT OF ISSUES TO BE DECIDED ................................................................. 3

III.  FACTUAL BACKGROUND ............................................................................................... 3

IV.   ARGUMENT .......................................................................................................................... 5

      A.   The Court Should Appoint Movant as Lead Plaintiff ....................................... 5

           1.   The Procedure Required by the PSLRA .................................................. 5

           2.   Movant Satisfies the Lead Plaintiff Provisions of the PSLRA ........................... 6

                a.   Movant Filed a Timely Motion .................................................. 6

                b.   Movant Has the Largest Financial Interest in the Relief Sought ............ 6

           3.   Movant Meets Rule 23's Typicality and Adequacy Requirements ................... 7

                a.   Movant's Claims Are Typical of the Claims the Class ........................... 8

                b.   Movant Will Adequately Represent the Class ....................................... 8

      B.   Movant's Choice of Counsel Should Be Approved .......................................... 9

V.    CONCLUSION ...................................................................................................................... 10

NOTICE OF MOTION AND MOTION OF THE TRICIDA INVESTOR GROUP FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD
COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

## **TABLE OF AUTHORITIES**

**Cases**

*Abrams v. Intuitive Surgical, Inc.*,
    No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873
    (N.D. Cal. Nov. 18, 2013)..................................................................................................2

*Booth v. Strategic Realty Tr., Inc.*,
    No. 13-cv-4921-JST, 2014 U.S. Dist. LEXIS 10501 (N.D. Cal. Jan. 27, 2014) .............................6

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ....................................................................................2, 5, 6, 7

*City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*,
    No. 12-CV-06039-LHK, 2013 U.S. Dist. LEXIS 76416 (N.D. Cal. May 29, 2013) .......................7

*Crawford v. Honig*,
    37 F.3d 485 (9th Cir. 1994) ........................................................................................8

*Deinnocentis v. Dropbox, Inc.*,
    19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680 (N.D. Cal. Jan. 16, 2020) ...................................7

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ....................................................................................8

*Johnson v. OCZ Tech. Grp.*,
    No. CV 12-05265-RS, 2013 U.S. Dist. LEXIS 1610 (N.D. Cal. Jan. 4, 2013) .........................5, 6

*Karinski v. Stamps.com, Inc.*,
    No. CV 19-1828-R, 2019 U.S. Dist. LEXIS 227879 (C.D. Cal. June 5, 2019)..............................8

*Krieger v. Atheros Commc'ns*,
    No. 11-CV-00640-LHK, 2011 U.S. Dist. LEXIS 147521 (N.D. Cal. Dec. 12, 2011) ....................7

*Vataj v. Johnson*,
    19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039 (N.D. Cal. Feb. 3, 2020)..................................8

**Statutes**

15 U.S.C. § 78u-4(a)(3)(A)............................................................................................5

15 U.S.C. § 78u-4(a)(3)(B) ....................................................................................passim

**Rules**

Fed. R. Civ. P. 23(a) ....................................................................................passim

NOTICE OF MOTION AND MOTION OF THE TRICIDA INVESTOR GROUP FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD
COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

**NOTICE OF MOTION AND MOTION**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 15, 2021 at 1:30 p.m., or as soon as counsel may be heard, before the Honorable Lucy H. Koh, at the United States District Court for the Northern District of California, San Jose Courthouse, Courtroom 8 – 4th Floor, 280 South 1st Street, San Jose, California 95113, Michael Clynes, William R. Henry, Walter T. Morgan (individually and as trustee for the Morgan Family Trust Dated September 10, 2014), Peter Knapp, and Emanuel Molina (collectively, the "Tricida Investor Group" or "Movant") will and hereby do respectfully move this Court for an Order: (1) appointing Movant as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), on behalf of a class consisting of all persons and entities, other than Defendants, that purchased or otherwise acquired Tricida, Inc. securities between September 4, 2019 and October 28, 2020, both dates inclusive; (2) approving Movant's selection of the law firms Bragar Eagel & Squire, P.C. ("BES") and Bernstein Liebhard LLP ("Bernstein Liebhard") as Co-Lead Counsel for the putative class; and (3) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Movant believes it is the "most adequate plaintiff" under the PSLRA, and therefore should be appointed Lead Plaintiff. Specifically, Movant believes that it has the "largest financial interest" in relief sought by the Class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure because its claims are typical of other members of the Class and because it will fairly and adequately represent the Class.

This Motion is made and based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Melissa A. Fortunato, the [Proposed] Order Appointing Movant as Lead Plaintiff and Approving Movant's Selection of BES and Bernstein Liebhard as Co-Lead Counsel, and such other materials, evidence, and argument as may be presented at or prior to a hearing on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Movants Michael Clynes[1], William R. Henry, Walter T. Morgan (individually and as trustee for the Morgan Family Trust Dated September 10, 2014), Peter Knapp, and Emanuel Molina (collectively, the "Tricida Investor Group" or "Movant"), on behalf of themselves and all similarly situated persons and entities, hereby respectfully submits this Memorandum of Points and Authorities in support of their Motion for Appointment as Lead Plaintiff and Approval of Selection of Bragar Eagel & Squire, P.C. ("BES") and Bernstein Liebhard LLP ("Bernstein Liebhard") as Co-Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

## I.      SUMMARY OF ARGUMENT

Presently pending before the Court is the above-captioned securities class action lawsuit (the "Action") brought on behalf of all persons and entities, other than Defendants, that purchased or otherwise acquired Tricida, Inc. ("Tricida" or the "Company") securities between September 4, 2019 and October 28, 2020, both dates inclusive (the "Class Period").  The Action alleges violations of the Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), as well as U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against Tricida, the Company's Chief Executive Officer Gerrit Klaerner, and Chief Financial Officer Geoffrey M. Parker (together, "Defendants").

The PSLRA provides for the Court to appoint as lead plaintiff the movant that has the largest financial interest in the litigation that has also made a *prima facie* showing that he, she, or it is an adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).  Movant lost approximately $302,861.18

---

[1] The Rosen Law Firm, P.A. also moved for appointment as lead plaintiff with Mr. Clynes.  An attorney at BES spoke with Mr. Clynes on the evening of March 8, 2021, and confirmed that the motion filed with the Rosen Law Firm was done in error and that Mr. Clynes only intended to file with the law firms herein. A declaration attesting to such will be filed as soon as possible.

2                                    Case No. 5:21-cv-00076-LHK

using a last-in-first-out ("LIFO") analysis.[2] *See Abrams v. Intuitive Surgical, Inc.*, No. 5:13-CV-01920-EJD, 2013 U.S. Dist. LEXIS 165873, at *6-7 (N.D. Cal. Nov. 18, 2013) (comparing losses when determining largest financial interest and appointing movant with "substantially larger" loss). As Movant has the largest loss and thus the largest financial interest recoverable by the Class,[3] it is the presumptive lead plaintiff in the Action. Moreover, Movant satisfies the requirements of Rule 23 in that its claims are typical of the claims of the Class, and that it will fairly and adequately represent the interests of the Class. As such, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

Accordingly, Movant respectfully requests that it be appointed Lead Plaintiff and its selection of BES and Bernstein Liebhard be approved as Co-Lead Counsel.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should appoint Movant as lead plaintiff under the PSLRA; and

2.    Whether the Court should approve Movant's selection of BES and Bernstein Liebhard as Co-Lead Counsel for the proposed Class.

## III.    FACTUAL BACKGROUND[4]

Headquartered in South San Francisco, California, Tricida is a pharmaceutical company that focuses on the development and commercialization of its drug candidate, veverimer (TRC101), a non-absorbed, orally-administered polymer designed as a potential treatment for metabolic acidosis in patients with chronic kidney disease ("CKD"). ¶¶ 2, 15, 21. Tricida has completed a phase 3, double-blind, placebo-controlled trial of veverimer in patients with CKD and metabolic acidosis. ¶¶ 2, 21.

---

[2] Signed certifications identifying Michael Clynes, William R. Henry, Walter T. Morgan (individually and as trustee for the Morgan Family Trust Dated September 10, 2014), Peter Knapp, and Emanuel Molina's transactions during the Class Period, as required by the PSLRA, as well as a chart calculating their losses, and a joint declaration executed by them evidencing their intention to pursue the Action in a cohesive and collaborative manner, are attached to the accompanying Declaration of Melissa A. Fortunato ("Fortunato Decl." or "Fortunato Declaration"), as Exhibits 1, 2, and 3, respectively.

[3] The "Class" consists of all persons and entities, other than Defendants, who purchased or otherwise acquired Tricida securities during the Class Period.

[4] Citations to "¶ __" are to paragraphs of the Class Action Complaint for the Violations of the Federal Securities Laws filed on January 6, 2021 (the "Complaint"). ECF No. 1. The facts set forth in the Complaint are incorporated herein by reference.

3                                                    Case No. 5:21-cv-00076-LHK

NOTICE OF MOTION AND MOTION OF THE TRICIDA INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

On September 4, 2019, Tricida announced that it had submitted a New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA") under the Accelerated Approval Program for approval of veverimer for the treatment of metabolic acidosis in patients with CKD.  ¶¶ 3, 22.

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that:  (i) Tricida's NDA for veverimer was materially deficient; (ii) accordingly, it was foreseeably likely that the FDA would not accept the NDA for veverimer; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.  ¶¶ 4, 40.

On July 15, 2020, Tricida issued a press release announcing that, on July 14, 2020, the Company received a notification from the FDA, stating that as part of the FDA's ongoing review of the Company's NDA for veverimer, "the FDA has identified deficiencies that preclude discussion of labeling and postmarketing requirements/commitments at this time." ¶¶ 5, 41.  Tricida stated that "[t]he notification does not specify the deficiencies identified by the FDA." *Id*.

On this news, Tricida's stock price fell $10.56 per share, or 40.31%, to close at $15.64 per share on July 16, 2020.  ¶¶ 6, 42.

Then, on October 29, 2020, Tricida announced an update on its End-of-Review Type A meeting with the FDA regarding the veverimer NDA, advising investors that the Company "now believes the FDA will also require evidence of veverimer's effect on CKD progression from a near-term interim analysis of the VALOR-CKD trial for approval under the Accelerated Approval Program and that the FDA is unlikely to rely solely on serum bicarbonate data for determination of efficacy."  ¶¶ 7, 43. Concurrently, Tricida disclosed that it "is significantly reducing its headcount from 152 to 59 people and will discuss its commitments with vendors and contract service providers to potentially provide additional financial flexibility." *Id*.

On this news, Tricida's stock price fell $3.90 per share, or 47.16%, to close at $4.37 per share on October 29, 2020.  ¶¶ 8, 44.

NOTICE OF MOTION AND MOTION OF THE TRICIDA INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

## IV.    ARGUMENT

### A.    The Court Should Appoint Movant as Lead Plaintiff

#### 1.    The Procedure Required by the PSLRA

The PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii).  The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a) and (a)(3)(B).

The plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(A).  The PSLRA requires the Court to consider within 90 days all motions filed within 60 days after publication of that notice by any person or group of persons who are members of the proposed class to be appointed lead plaintiff.  15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

(aa)    has either filed the complaint or made a motion in response to a notice;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cavanaugh*, 306 F.3d at 729-30.  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Johnson v. OCZ Tech. Grp.*, No. CV 12-05265 RS, 2013 U.S. Dist. LEXIS 1610, at *4 (N.D. Cal. Jan. 4, 2013) (describing the Ninth Circuit's three-part test to determine the most adequate plaintiff under the PSLRA).

As set forth below, Movant has complied with the procedural prerequisites of the PSLRA and

has, what is to the best of its knowledge, the largest financial interest in the litigation of any other Class member(s) seeking appointment as lead plaintiff.  Movant is also unaware of any unique defenses against it that Defendants could raise.  Therefore, Movant is entitled to the presumption that it is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### 2.    Movant Satisfies the Lead Plaintiff Provisions of the PSLRA

As described in further detail below, Movant should be appointed lead plaintiff because it satisfies all of the requirements of the PSLRA.  Movant filed a timely motion to be appointed lead plaintiff, holds the largest financial interest in the relief sought by the Class, and satisfies the typicality and adequacy requirements of Rule 23.

### a.    Movant Filed a Timely Motion

On January 6, 2021, plaintiff in the Action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A) of the Exchange Act, which announced that a securities class action had been filed against Defendants, and which advised putative Class members that they had 60 days to file a motion to seek appointment as a lead plaintiff in the Action.[5]

Movant reviewed the complaint filed in the Action and has timely filed its motion within the statutory guidelines.  *Johnson*, 2013 U.S. Dist. LEXIS 1610, at \*6; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (to be considered as lead plaintiff, person can "either file[] the complaint or [make] a motion in response to a notice").

### b.    Movant Has the Largest Financial Interest in the Relief Sought

The Court shall appoint as lead plaintiff the movant or movants with the largest financial loss in the relief sought by the Action.  As demonstrated herein, Movant has the largest known financial interest in the relief sought by the Class.  *See* Fortunato Decl., Ex. 2.  The movant who has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23 is presumptively the lead plaintiff.  *Booth v. Strategic Realty Tr., Inc.*, No. 13-cv-04921-JST, 2014 U.S. Dist. LEXIS 10501, at \*3-4 (N.D. Cal. Jan. 27, 2014) (citing *Cavanaugh*, 306 F.3d at 726-30).

---

[5]  The Notice was published over *PRNewswire*, a widely-circulated national business-oriented wire service.  A copy of the Notice is attached as Exhibit 4 to the Fortunato Declaration.

NOTICE OF MOTION AND MOTION OF THE TRICIDA INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

During the Class Period, Movant purchased Tricida securities in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. Movant suffered a substantial loss of approximately $302,861.18. *See* Fortunato Decl., Ex. 2. Movant thus has a significant financial interest in the outcome of this case. To the best of Movant's knowledge, there are no other applicants who have sought, or are seeking, appointment as lead plaintiff that have a larger financial interest and also satisfy Rule 23.

### 3.    Movant Meets Rule 23's Typicality and Adequacy Requirements

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification outlined in Rule 23, only two—typicality and adequacy—are recognized as appropriate for consideration at this stage. *See Cavanaugh*, 306 F.3d at 730, n.5, 732; *Deinnocentis v. Dropbox, Inc.*, 19-cv-06348-BLF, 2020 U.S. Dist. LEXIS 8680, at *10-11 (N.D. Cal. Jan. 16, 2020). Furthermore, only a "preliminary showing" of typicality and adequacy is required at this stage. *See Krieger v. Atheros Commc'ns, Inc.*, No. 11-CV-00640-LHK, 2011 U.S. Dist. LEXIS 147521, at *8 (N.D. Cal. Dec. 12, 2011). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Cavanaugh*, 306 F.3d at 732; *Dropbox*, 2020 U.S. Dist. LEXIS 8680, at *10-11.

As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

### a.    Movant's Claims Are Typical of the Claims the Class

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." Movant plainly meets the typicality requirement of Rule 23 because: (i) it suffered the same injuries as the absent Class members; (ii) it suffered as a result of the same course of conduct by Defendants; and (iii) its claims are based on the same legal issues. *See City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, No. 12-CV-06039-LHK, 2013 U.S. Dist. LEXIS 76416, at *11 (N.D. Cal. May 29, 2013); *see also Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Vataj v. Johnson*, 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039, at *6 (N.D. Cal. Feb. 3, 2020). Rule 23 does not require that the named plaintiff be identically situated with all class members. It is enough if their situations share a common issue of law or fact. *See id.*

In this case, the typicality requirement is met because Movant's claims are typical, if not identical to, and neither compete nor conflict with the claims of the other Class members. Movant, like the other members of the Class, acquired Tricida securities during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements, and was damaged thereby. Thus, Movant's claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and its losses result from Defendants' common course of wrongful conduct. Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).

### b.    Movant Will Adequately Represent the Class

Movant is also an adequate representative for the Class. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see Karinski v. Stamps.com, Inc.*, No. CV 19-1828-R, 2019 U.S. Dist. LEXIS 227879, at *4 (C.D. Cal. June 5, 2019); *Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994) (citation omitted).

Movant's interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between Movant's interests and those of the Class, but Movant has a significant and compelling interest in prosecuting the Action based on the large financial losses it

NOTICE OF MOTION AND MOTION OF THE TRICIDA INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

suffered as a result of the wrongful conduct alleged in the Action. This motivation, combined with Movant's identical interest with the members of the Class, demonstrates that Movant will vigorously pursue the interests of the Class. *See Johnson*, 2013 U.S. Dist. LEXIS 1610, at *8 (adequacy satisfied where interests are aligned with the class and where movant has compelling interest in resolving action due to heavy losses).

In addition, Movant has retained counsel highly experienced in prosecuting securities class actions and will submit its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Further, as detailed in Movant's Joint Declaration, the Tricida Investor Group is comprised of sophisticated investors with substantial experience investing in capital markets that are committed to managing the Action. Fortunato Decl., Ex. 3 at ¶¶ 3-7. The Tricida Investor Group members have committed to providing fair and adequate representation, overseeing counsel, and obtaining the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy. *Id.* at ¶¶ 8, 12-14, 17, 20. To ensure this litigation is managed effectively, they have agreed to make themselves available for any appearances, depositions, and other necessary meetings to facilitate the prosecution of the Action. *Id.* at ¶¶ 19, 20.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In addition, because Movant has sustained the largest amount of losses from Defendants' alleged wrongdoing, it is, therefore, the presumptive lead plaintiff in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) and should be appointed as such to lead the Action.

### B.  Movant's Choice of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained BES and Bernstein Liebhard as proposed Co-Lead Counsel for the Class. The members of BES and Bernstein Liebhard have extensive experience in successfully

NOTICE OF MOTION AND MOTION OF THE TRICIDA INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES

prosecuting complex securities class actions such as these, and are well-qualified to represent the Class. *See* Fortunato Decl., Ex. 5 and 6 (the firm résumés of BES and Bernstein Liebhard).

## V. CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint Movant as Lead Plaintiff for the Class in the Action; (2) approve BES and Bernstein Liebhard as Co-Lead Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

DATED: March 8, 2021                              Respectfully submitted,

**BRAGAR EAGEL & SQUIRE, P.C.**

/s/ *Melissa A. Fortunato*
Melissa A. Fortunato (SBN 319767)
Marion C. Passmore (SBN 228474)
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Email: fortunato@bespc.com
                    passmore@bespc.com

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson (*pro hac vice* to be filed)
10 East 40th Street
New York, NY 10016
Tel: (212) 779-1414
Fax: (212) 779-3218
Email: lhasson@bernlieb.com

*Counsel for the Tricida Investor Group and Proposed Co-Lead Counsel for the Class*

NOTICE OF MOTION AND MOTION OF THE TRICIDA INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF CO-LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES