Jacob A. Walker (CA Bar No. 271217)
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
Tel.: (617) 398-5600
Fax: (617) 507-6020
jake@blockleviton.com

Attorney for Movant Jeffrey M. Fiore

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TRICIDA, INC., GERRIT KLAERNER, AND GEOFFREY M. PARKER,<br><br>Defendants. | No. 5:21-cv-00076-LHK<br><br>**CLASS ACTION**<br><br>**RESPONSE IN FURTHER SUPPORT OF THE MOTION OF JEFFREY M. FIORE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Date: July 15, 2021<br>Time: 1:30 p.m.<br>Ctrm.: 8, 4th Floor<br><br>The Hon. Lucy H. Koh |

On March 8, 2021, Jeffrey Fiore filed a timely motion for appointment as Lead Plaintiff pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), and approval of his selection of Block & Leviton LLP as Lead Counsel. *See* ECF No. 11. In addition to Mr. Fiore's motion, motions for appointment as Lead Plaintiff were filed by five other movants. *See* ECF Nos. 16, 23, 27, 31, and 32.[1]

The PSLRA provides that in selecting the Lead Plaintiff, courts shall adopt a presumption that the movant who has the largest financial interest and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is the "most adequate plaintiff" to represent the class. *See* 15 U.S.C. § 78u-4-(a)(3)(B)(iii). As set forth in his motion and supporting documents, Mr. Fiore suffered losses of approximately $2,218.92 in connection with his transactions in Tricida securities during the Class Period. *See* ECF No. 12-3. Specifically, Mr. Fiore purchased 56 shares of Tricida common stock on April 9, 2020,[2] and held each of these shares through –

---

[1] One movant, Michael Clynes, filed two motions for appointment as lead plaintiff. One was in his individual capacity (ECF No. 23). Mr. Clynes also moved as part of the self-styled "Tricida Investor Group." ECF No. 32. Mr. Clynes has withdrawn the motion he filed in his individual capacity. *See* ECF No. 41.

Mr. Clynes' decision to file competing motions dooms not only the other motion filed in his individual capacity, but also the motion of the entire "Tricida Investor Group." *See, e.g.*, *McDermid v. Inovio Pharms., Inc.*, 467 F. Supp. 3d 270, 279-80 (E.D. Pa. 2020) (one movant's "multiple motions betray a lack of cohesion" and imputing the deficiency to the entire group); *Syntax-Brillian Corp.*, 2008 WL 942273, at *4-5 (groups' "lack of cohesion is ***clearly evidenced*** by the fact . . . that its initial motion included [a class member] as a member, even though [that same class member] had retained separate counsel and was soon filing competing motions of his own"); *Singer v. Nicor, Inc.*, 2002 WL 31356419, at *2 (N.D. Ill. Oct. 17, 2002) (viewing movant's proclaimed "mis-communication" as a "more serious problem" because the movant's "unknowing retention of two different law firms and filing of two motions for appointment as lead plaintiff reveals conflicts . . . that make it unsuitable to make decisions on behalf of the class").

In addition, movant Geneva Acholonu has also indicated that she does not oppose the competing motions. *See* ECF No. 43.

[2] Mr. Fiore also purchased an additional 117 shares on July 16, 2020. ECF No. 12-2.

FIORE RESPONSE RE: LEAD PLAINTIFF MOTIONS
No. 5:21-cv-00076-LHK
- 1 -

and suffered substantial losses in connection with – all of the corrective disclosures pled in this action. *See* ECF No. 1, at ¶¶ 5-8 (complaint alleging two corrective disclosures occurring on July 15, 2020 and October 29, 2020; *see also Eichenholtz v. Verifone Holdings, Inc.*, No. 07-cv-6140, 2008 WL 3925289, at *4 (N.D. Cal. Aug. 22, 2008) (explaining that "it is difficult, if not . . . impossible, to demonstrate loss causation for shares bought *and* sold before the disclosure of the misstatements or omissions") (emphasis in original).[3] As such, Mr. Fiore asserts a substantial financial interest in connection with this litigation.

Mr. Fiore also readily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class. Indeed, as set forth in his Declaration, Mr. Fiore fully understands the responsibilities and obligations to the class of the Lead Plaintiff under the PSLRA, which include acting as a fiduciary for all class members, staying informed about the litigation, attending court proceedings, depositions, settlement mediations, and hearings as needed, and communicating regularly with counsel, including reviewing and authorizing the filing of important litigation documents, and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation. *See* ECF No. 12-4. To this end, Mr. Fiore has demonstrated his adequacy through his selection of experienced and competent counsel to represent the class as Lead Counsel. *See* ECF No. 12-5.

Should the Court determine that no movant claiming a larger financial interest than Mr. Fiore is capable or adequate to represent the class in this litigation, Mr. Fiore should be appointed to serve as Lead Plaintiff and his selection of counsel should be approved. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001) ("If (for any reason) the court determines

---

[3] Movants Situ and Acholonu only bought and held shares through one of the alleged corrective disclosures. *See* ECF No. 27-3 (Acholonu PSLRA Certification showing all purchases July 17, 2020 or later); ECF No. 31-5 (Situ PSLRA Certification showing purchases only on May 19, 2020 and that all shares were sold between July 16 and July 17, 2020).

that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should . . . disqualify that movant from serving as lead plaintiff.").

Dated: March 22, 2021

Respectfully submitted,

By:  */s/ Jacob A. Walker*
Jacob A. Walker (CA Bar No. 271217)
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
Tel.: (617) 398-5600
Fax: (617) 507-6020
jake@blockleviton.com

Whitney E. Street (CA Bar No. 223870)
**BLOCK & LEVITON LLP**
100 Pine Street Suite 1250
San Francisco, CA 94111
Tel.: (415) 968-1852
Fax: (617) 507-6020
whitney@blockleviton.com

*Attorneys for Mr. Fiore and [Proposed] Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Jacob A. Walker*