POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*and Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TRICIDA, INC., GERRIT KLAERNER, and GEOFFREY M. PARKER,<br><br>Defendants. | Case No.: 5:21-cv-00076-LHK<br><br>MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS<br><br><u>CLASS ACTION</u><br><br>Date:  July 15, 2021<br>Time:  1:30 p.m.<br>Judge:  Hon. Lucy H. Koh<br>Courtroom:  8 – 4th Floor |

MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK

Movant Situ[1] respectfully submits this Memorandum of Law in further support of her motion for appointment as Lead Plaintiff and approval of her selection of Pomerantz as Lead Counsel (Dkt. No. 31); and in opposition to the competing motions of (i) Michael Clynes ("Clynes"), William R. Henry, Walter Morgan, Peter Knapp, and Emanuel Molina (collectively, the "Investor Group") (Dkt. No. 32); (ii) Geneva Acholonu ("Acholonu") (Dkt. No. 27); (iii) Nancy Catherine Wang ("Wang") (Dkt. No. 16); and (iv) Jeffrey Fiore ("Fiore") (Dkt. No. 11).

## I.      PRELIMINARY STATEMENT

The Action is a putative class action securities fraud lawsuit on behalf of investors in Tricida securities.  As with all federal class action securities fraud lawsuits, a lead plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; *and* who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Situ, having suffered approximately *$121,596* in losses in connection with her Class Period purchases of Tricida securities as a result of the Defendants' alleged fraud. *See* Dkt. No. 31-3.  The table below sets forth the respective losses of the competing movants:

| Movant | Loss |
|---|---|
| Donna Situ | $121,596 |
| Geneva Acholonu | $23,345 |
| Nancy Catherine Wang | $21,165 |
| Jeffrey Fiore | $2,219 |
| ~~Investor Group~~ | ~~$302,861~~ |
| *Clynes* | *$96,321* |
| *Henry* | *$18,393* |
| *Morgan* | *$118,466* |
| *Knapp* | *$25,198* |
| *Molina* | *$44,483* |

[1] All capitalized terms herein are defined in Situ's moving brief, unless otherwise indicated. *See* Dkt. No. 31.

1

MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK

Having incurred losses of $121,596 in connection with her Class Period investments in Tricida securities, Situ's financial interest in this litigation is greater than those of all eligible competing movants *combined*.  Likewise, Situ incurred larger losses than any single member of the Investor Group considered individually.  As such, Situ clearly possesses the "largest financial interest" in this litigation within the meaning of the PSLRA.

Although one competing movant, the Investor Group, has alleged a larger loss than Situ, the Investor Group is plainly inadequate within the meaning of Rule 23, as discussed in greater detail below, and as such is ineligible for appointment.

In addition to her significant financial interest, Situ also satisfies the adequacy and typicality requirements of Rule 23.  Situ is aware of no conflict between her interests and those of the Class, her losses incurred as a result of the alleged fraud give her a sufficient stake in the outcome of this action to ensure vigorous advocacy, and in Pomerantz, Situ has retained qualified and experienced counsel.  *See Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).  Situ, like all members of the Class, purchased Tricida securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon disclosure of those misrepresentations or omissions.  *See*, *e.g.*, *Richardson v. TVIA, Inc.*, Nos. C-06-06304-RMW *et al.*, 2007 U.S. Dist. LEXIS 28406, at *16 (N.D. Cal. Apr. 16, 2007).

By contrast, the Investor Group is inadequate within the meaning of Rule 23 for at least two reasons, either one of which would suffice to disqualify the group from appointment.  First, courts generally decline to appoint multi-member investor groups as lead plaintiffs in PSLRA actions, especially where—as here—the group plainly lacks any pre-litigation relationship and appears to be nothing more than an attorney-created construct assembled purely to aggregate the respective financial interests of its members.  *See*, *e.g.*, *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1023, 1025 (N.D. Cal. 1999); *Isaacs v. Musk*, Nos. 18-cv-04865-EMC *et al.*, 2018 WL 6182753, at *2 (N.D. Cal. Nov. 27, 2018); *In re Netflix, Inc., Sec. Litig.*, Nos. 12-0225 SC, 2012 WL 1496171, at *4 (N.D. Cal. Apr. 27, 2012).  Second, the conduct of one group member,

MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK

Clynes, raises additional disqualifying questions about the Investor Group's ability to manage this litigation effectively.  On the statutory deadline to seek appointment as Lead Plaintiff, in addition to the motion filed by the law firms Bragar Eagel & Squire, P.C. ("BES") and Bernstein Liebhard LLP ("Bernstein Liebhard") on Clynes's behalf as a member of the Investor Group (Dkt. No. 32), a third firm, the Rosen Law Firm, P.A. ("Rosen"), filed a motion, also on Clynes's behalf, seeking his appointment as lead plaintiff individually (Dkt. No. 23).  Two days later, the Rosen firm withdrew Clynes's individual motion (Dkt. No. 41), and BES and Bernstein Liebhard filed a Declaration on Clynes's behalf explaining that Clynes had "mistakenly executed a certification" with Rosen under the erroneous impression that he "was communicating with [his] own counsel"—*i.e.*, BES.  *See* Dkt. No. 42 at 1.  Courts routinely disqualify lead plaintiff movants for such errors, and with good reason: if the Investor Group is appointed as Lead Plaintiff in this Action, Clynes will be responsible for managing this litigation.  Respectfully, the fact that Clynes has so far demonstrated significant confusion in dealing with counsel with respect to relatively straightforward litigation tasks does not bode well for his ability to supervise Lead Counsel and manage this litigation—which will only grow more complex as it proceeds—on behalf of the Class, as he will be required to do if appointed as a Lead Plaintiff.

For the reasons set forth herein, Situ respectfully requests that the Court grant her motion in its entirety and deny the competing motions.

## II.    ARGUMENT

### A.    Situ Should Be Appointed Lead Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  A *prima facie* showing suffices for this determination.  *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at *9 (N.D. Cal. Aug. 11, 2014).  Once this presumption is triggered, it may be rebutted

upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  Here, the most adequate plaintiff is Situ.

### 1. Situ Has The Largest Financial Interest In The Relief Sought By The Class Of Any Eligible Movant

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts recognize that the amount of financial loss is the most significant factor to be considered.  *See*, *e.g.*, *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015).

Under the foregoing analysis, no movant eligible for appointment as Lead Plaintiff in the Action has a larger financial interest in the litigation than Situ.  The following chart summarizes the financial interests of the competing movants:

| Movant | Loss |
|---|---|
| Donna Situ | $121,596 |
| Geneva Acholonu | $23,345 |
| Nancy Catherine Wang | $21,165 |
| Jeffrey Fiore | $2,219 |
| ~~Investor Group~~ | ~~$302,861~~ |
| *~~Clynes~~* | *~~$96,321~~* |
| *~~Henry~~* | *~~$18,393~~* |
| *~~Morgan~~* | *~~$118,466~~* |
| *~~Knapp~~* | *~~$25,198~~* |
| *~~Molina~~* | *~~$44,483~~* |

Having incurred a loss of approximately $121,596—larger than the losses of all other eligible movants ***combined***—Situ is clearly incentivized to pursue recovery of her and the Class's losses by vigorously prosecuting the securities fraud claims against the Defendants in this litigation.  Likewise, Situ incurred larger losses than any single member of the Investor Group

MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK

considered individually.  Although the Investor Group has alleged a larger loss of $302,861 the Investor Group is inadequate within the meaning of Rule 23 and thus disqualified from consideration, as discussed *infra* at Section II.B.

### 2.      Satisfies The Adequacy And Typicality Requirements Of Rule 23

Situ has also made the requisite *prima facie* showing that she satisfies the typicality and adequacy requirements of Rule 23.  *See Hessefort*, 317 F. Supp. 3d at 1060-01; *Bao*, 2014 U.S. Dist. LEXIS 111869, at *9.  First, Situ's claims satisfy the typicality requirement of Rule 23(a)(3) because her claims against Tricida and the other Defendants are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *See*, *e.g.*, *TVIA*, 2007 U.S. Dist. LEXIS, at *16.  Second, Situ satisfies the adequacy requirement of Rule 23(a)(4) because she has no "conflicts of interest with other class members" and, given her significant losses, has every incentive to "prosecute the action vigorously on behalf of the class[.]"  *Boeing*, 327 F.3d at 957.

\* \* \* \* \*

Because Situ has the largest financial interest of any eligible Lead Plaintiff candidate in the relief sought by the Class and otherwise satisfies the requirements of Rule 23, she is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA.

To overcome the strong presumption entitling Situ to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

### B.      The Investor Group Is Inadequate Within The Meaning Of Rule 23

Although the Investor Group has alleged a loss of $302,861 incurred as a result of the fraud alleged in this Action, the Investor Group cannot trigger the "most adequate plaintiff" presumption because it fails to satisfy the adequacy requirement of Rule 23.

MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK

First, the Investor Group appears to be nothing more than a group of five individuals with no evident relationship, cobbled together in hopes of assembling the largest aggregate loss in this litigation. Courts in the Ninth Circuit routinely deny motions by such groups, finding them inadequate within the meaning of Rule 23. *See*, *e.g.*, *Network Assocs.*, 76 F. Supp. 2d at 1025 ("'allow[ing] lawyers to designate unrelated plaintiffs as a "group" and aggregate their financial stakes would allow and encourage lawyers to direct the litigation'", contravening Congress's intention to appoint "a single, strong lead plaintiff to control counsel and the litigation."); *Musk*, 2018 WL 6182753, at *2 ("courts have also been skeptical of 'artificial' groups"); *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *4 (N.D. Cal. Apr. 28, 2016) ("Northern District of California courts have generally found that 'appointing a group of unrelated investors undercuts the primary purpose of the PSLRA: to eliminate lawyer-driven litigation.'"); *Netflix*, 2012 WL 1496171, at *4 ("the courts of this circuit uniformly refuse to aggregate the losses of individual investors with no apparent connection to each other aside from their counsel"); *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 WL 3925289, at *7 (N.D. Cal. Aug. 22, 2008) ("'courts have uniformly refused to appoint as lead plaintiff groups of unrelated individuals, brought together for the sole purpose of aggregating their claims in an effort to become the presumptive lead plaintiff'").

Here, the boilerplate Joint Declaration submitted in support of the Investor Group's motion makes clear that its five members had no pre-litigation relationship with one another or even knew of one another's existence prior to this litigation. Rather, each group member vaguely attests that they "learn[ed] of" the other group members' "motivation to recover on behalf of investors" and subsequently decided to seek appointment as co-lead plaintiffs. *See* Dkt. No. 35-3 at 2-3. From the various omissions and vague formulations in the Joint Declaration, it is obvious that the five group members "learned of" each other because their counsel—***two different firms***—placed them in contact with one another purely for the purpose of aggregating their losses, in an effort to secure a leadership role in this litigation. In short, the Investor Group is precisely the

MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK

type of artificial, lawyer-driven co-lead plaintiff group that courts in this Judicial District and across the country decline to appoint as lead plaintiffs in PSLRA actions.

*Second*, the Investor Group is further inadequate because the conduct of one of its members, Clynes, raises questions about his readiness to supervise counsel in order to effectively prosecute this Action on behalf of the Class.  On the March 8, 2021 Lead Plaintiff motion deadline, a total of three firms filed two different motions seeking Clynes's appointment as Lead Plaintiff: (1) BES and Bernstein Liebhard, seeking Clynes's appointment as a Co-Lead Plaintiff along with the other four members of the Investor Group (Dkt. No. 32); and (2) Rosen, seeking Clynes's appointment as sole Lead Plaintiff (Dkt. No. 23).  On March 10, 2021, Rosen filed a notice of withdrawal of Clynes's solo motion (Dkt. No. 41), and the Investor Group filed a Declaration on behalf of Clynes, in which Clynes explained his duplicative motions thusly:

> On March 8, 2021, the day of the Tricida lead plaintiff deadline, I mistakenly executed a retainer for the Rosen Law Firm, P.A. ("Rosen"), enabling Rosen to file a motion for lead plaintiff on my behalf.  Due to numerous emails with my counsel in the days leading up to the lead plaintiff deadline, I mistakenly executed a certification with Rosen thinking that I was communicating with my own counsel, BES.  In fact, I initially responded to Rosen's request by stating that I had already provided the requested documentation and signatures to an employee of BES. Signing the certification with Rosen was done in error and as a result, I have requested that Rosen withdraw me as its client and withdraw the lead plaintiff motion that Rosen filed on my behalf in this action.

Dkt. No. 42, Ex. 1 ¶ 8.

Simply put, Clynes has attested that he was not sufficiently attentive to this litigation to recognize that he was communicating with the Rosen firm rather than BES, ultimately going so far to execute a retainer and certification with the wrong firm.  This degree of inattentiveness is obviously highly problematic, and courts routinely find these kinds of mistakes sufficient to disqualify movants from appointment as Lead Plaintiff.  *See*, *e.g.*, *Karp v. Diebold Nixdorf, Inc.*, Nos. 19 Civ. 6180(LAP) *et al.*, 2019 U.S. Dist. LEXIS 188670, at \*17-18 (S.D.N.Y. Oct. 30, 2019) (errors in lead plaintiff movant's submissions "indicate to the Court a 'certain carelessness about detail that undermines the adequacy' of the [movant] as a lead plaintiff in a complex

securities class action.") (quoting *Bhojwani v. Pistiolis*, No. 06 Civ. 13761(CM)(KNF), 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007)); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414-15 (E.D. Pa. 2019) (declining to appoint movant with largest financial losses as lead plaintiff because movant's sworn certifications contained multiple errors, leading the court to doubt whether the movant "possessed the necessary adequacy and sophistication to be lead plaintiff"); *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, Nos. 14 Civ. 8495 (RMB) *et al.*, 2015 U.S. Dist. LEXIS 38635, at *10-12 (S.D.N.Y. May 7, 2020) (finding that discrepancies in movant's financial data precluded the court from verifying movant's claimed losses, which undermined movant's adequacy as lead plaintiff).  If appointed as a Lead Plaintiff, Clynes will be required to closely supervise counsel in order to ensure that this litigation is prosecuted efficiently and effectively on behalf of the Class.  Situ respectfully submits that Clynes's conduct thus far does not demonstrate a readiness to do so, and that the Court should not entrust leadership of this Action to Clynes and the Investor Group.

Nor should the Court consider removing Clynes from the Investor Group and appointing the remaining four members as Co-Lead Plaintiffs, because the Investor Group's members "moved for lead plaintiff as a group and will be evaluated as such." *Tsirekidze v. Syntax-Brillian Corp.*, CV-07-2204-PHX-FJM *et al.*, 2008 U.S. Dist. LEXIS 118562, at *15 (D. Ariz. Apr. 4, 2008).  *See also In re Petrobras Secs. Litig.*, 104 F. Supp. 3d 618, 624 n.4 (S.D.N.Y. 2015).  To hold otherwise would reward gamesmanship by counsel, setting a precedent that would do nothing to discourage plaintiff's counsel from assembling unrelated investor groups for the sole purpose of aggregating the largest financial interest, secure in the knowledge that even if certain group members proved to be inadequate, a court would still consider appointing the other group members as lead plaintiffs.

## III.   CONCLUSION

For the foregoing reasons, Situ respectfully requests that the Court issue an Order granting her motion in all respects and denying the competing motions.

MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK

Dated:  March 22, 2021                Respectfully submitted,


                                      POMERANTZ LLP

                                      */s/ Jennifer Pafiti*
                                      Jennifer Pafiti (SBN 282790)
                                      1100 Glendon Avenue, 15th Floor
                                      Los Angeles, California 90024
                                      Telephone: (310) 405-7190
                                      jpafiti@pomlaw.com

                                      POMERANTZ LLP
                                      Jeremy A. Lieberman
                                      J. Alexander Hood II
                                      600 Third Avenue, 20th Floor
                                      New York, NY 10016
                                      Telephone: (212) 661-1100
                                      Facsimile: (212) 661-8665
                                      jalieberman@pomlaw.com
                                      ahood@pomlaw.com

                                      POMERANTZ LLP
                                      Patrick V. Dahlstrom
                                      (*pro hac vice* application forthcoming)
                                      Ten South LaSalle Street, Suite 3505
                                      Chicago, Illinois 60603
                                      Telephone: (312) 377-1181
                                      Facsimile: (312) 377-1184
                                      pdahlstrom@pomlaw.com

                                      *Counsel for Lead Plaintiff Movant*
                                      *and Proposed Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK

## PROOF OF SERVICE

I hereby certify that on March 22, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK