Melissa A. Fortunato (#319767)
Marion C. Passmore (#228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Email: fortunato@bespc.com
          passmore@bespc.com

*Counsel for Movant and*
*Proposed Co-Lead Counsel for the Class*

[Additional Counsel listed on signature block]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TRICIDA, INC., GERRIT KLAERNER, and GEOFFREY M. PARKER,<br><br>Defendants. | Case No. 5:21-cv-00076-LHK<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO ALL COMPETING MOTIONS**<br><br>Date:         July 15, 2021<br>Time:        1:30 p.m.<br>Courtroom:  8, 4th Floor<br>Judge:       Honorable Lucy H. Koh |

Case No. 5:21-cv-00076-LHK

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................................1

ARGUMENT .............................................................................................................................4

I.     THE TRICIDA INVESTOR GROUP IS THE PRESUMPTIVE LEAD PLAINTIFF.......................4

       A.     The Tricida Investor Group has the Largest Financial Interest in the Relief Sought by the Class ....................................................................................................4

       B.     The Tricida Investor Group Made the Requisite Prima Facie Showing of Its Typicality and Adequacy Under Rule 23..................................................................5

II.    NO MOVANT CAN REBUT THE STRONG PRESUMPTION IN FAVOR OF APPOINTING THE TRICIDA INVESTOR GROUP AS LEAD PLAINTIFF................................................................9

III.   ALL COMPETING LEAD PLAINTIFF MOTIONS SHOULD BE DENIED ...............................9

CONCLUSION..........................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Allegheny Cty Emps' Ret. Sys. v. Energy Transfer LP*,
    C.A. No. 20-200, 2020 WL 815136 (E.D. Pa. Feb. 19, 2020)...........................................................3

*In re Aqua Metals Sec. Litig.*,
    No. 17-cv-07142-HSG, 2018 WL 4860188 (N.D. Cal. May 23, 2018) ...........................................6

*In re Baan Co. Sec. Litig.*,
    186 F.R.D. 214 (D.D.C. 1999)........................................................................................................3

*In re Cavanaugh*,
    306 F.3d 726 (9th Cir. 2002) ..........................................................................................................5

*In re Cheetah Mobile, Inc. Sec. Litig.*,
    No. CV 20-5696-MWF (AFMx), 2021 WL 99635 (C.D. Cal. Jan. 12, 2021) ................................5

*Bruce v. Suntech Power Holdings Co., Ltd.*,
    No. CV 12-04061 RS, 2012 WL 5927985 (N.D. Cal. Nov. 13, 2012)............................................7

*Cook v. Atossa Genetics, Inc.*,
    No. C13-1836-RSM, 2014 WL 585870 (W.D. Wash. Feb. 14, 2014) ............................................6

*Daniels Family 2001 Revocable Tr. v. Las Vegas Sands Corp.*,
    No. 2:20-cv-01958-GMN-EJY, 2021 WL 41301 (D. Nev. Jan. 5, 2021) .......................................7

*Deinnocentis v. Dropbox, Inc.*,
    No. 19-cv-06348-BLF, 2020 WL 264408 (N.D. Cal. Jan. 16, 2020) ..............................................5

*Deora v. NantHealth, Inc.*,
    No. CV 17-01825 BRO (MRWx), 2017 WL 3084161 (C.D. Cal. May 31, 2017).........................6

*Doshi v. Gen. Cable*,
    C.A. No. 2:17-025 (WOB-CJS), 2017 WL 5178673 (E.D. Ky. Nov. 7, 2017)...............................9

*Ferreira v. Funko, Inc.*,
    No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328 (C.D. Cal. June 11, 2020)....................3, 4, 7

*Garcia v. Banc of Cal., Inc.*,
    No. SACV 17-00118 AG (DFMx), 2017 WL 5641123 (C.D. Cal. May 1, 2017) .........................6

*Hansen v. Ferrellgas Partners, L.P.*,
    No. 16-cv-7840 (RJS), 2017 WL 281742 (S.D.N.Y. Jan. 19, 2017) ..............................................3

*Johnson v. OCZ Tech. Grp., Inc.*,
    No. CV 12-05265, 2013 WL 75774 (N.D. Cal. Jan. 4, 2013) ........................................................3

*Kim v. Advanced Micro Devices, Inc.*,
    No. 5:18-cv-00321-EJD, 2018 WL 2866666 (N.D. Cal. June 11, 2018) ........................................6

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO ALL COMPETING MOTIONS

*Markette v. XOMA Corp.*,
    No. 15-cv-03425-HSG, 2016 WL 2902286 (N.D. Cal. May 13, 2016) ..........................................3

*May v. KushCo Holdings, Inc.*,
    No. 8:19-cv-00798-JLS-KES, 2019 WL 9633651 (C.D. Cal. Sept. 5, 2019)...................................2

*McCracken v. Edwards Lifesciences Corp.*,
    No. 8:13-CV-1463-JLS (RNBx), 2014 WL 12694135 (C.D. Cal. Jan. 8, 2014)..............................6

*Mild v. PPG Indus., Inc.*,
    No. CV 18-04231-RGK (JEMx), 2018 WL 6930268 (C.D. Cal. Aug. 27, 2018)...........................6

*Mulquin v. Nektar Therapeutics*,
    No. 18-cv-06607-HSG, 2019 WL 1170774 (N.D. Cal. Mar. 13, 2019) .....................................2, 9

*Pino v. Cardone Capital, LLC*,
    No. 2:20-cv-08499-JFW (KSx), 2020 WL 7585839 (C.D. Cal. Dec. 18, 2020) .............................9

*Query v. Maxim Integrated Prods., Inc.*,
    558 F. Supp. 2d 969 (N.D. Cal. 2008) ..........................................................................................8

*In re Snap Inc. Sec. Litig.*,
    No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223800 (C.D. Cal. Apr. 1, 2019)...............................9

*Tchatchou v. India Globalization Capital, Inc.*,
    No. 8:18-cv-03396-PWG, 2019 WL 1004591 (D. Md. Feb. 28, 2019)...........................................8

*Vataj v. Johnson*,
    No. 19-cv-06996-HSG, 2020 WL 532981 (N.D. Cal. Feb. 3, 2020)...............................................6

*Veal v. LendingClub Corp.*,
    No. 18-cv-02599-BLF, 2018 WL 5879645 (N.D. Cal. Nov. 7, 2018) .............................................6

*In re Wrap Techs., Inc. Sec. Exch. Act Litig.*,
    No. CV 20-8760-DMG (RAOx), 2021 WL 71433 (C.D. Cal. Jan. 7, 2021)....................................1

*Ziolkowski v. Netflix, Inc.*,
    No. 17-cv-01070-HSG, 2017 WL 2572583 (N.D. Cal. June 14, 2017) ..........................................3

**Statutes**

15 U.S.C. § 78u-4 ....................................................................................................................... 1, 3, 4, 9

**Rules**

Fed. R. Civ. P. 23................................................................................................................................*passim*

Case No. 5:21-cv-00076-LHK

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO ALL COMPETING MOTIONS

Lead Plaintiff movants Michael Clynes, William R. Henry, Walter T. Morgan (individually and as trustee for the Morgan Family Trust Dated September 10, 2014), Peter Knapp, and Emanuel Molina (collectively, the "Tricida Investor Group" or "Movant") respectfully submit this memorandum of law in further support of their motion for: (i) appointment as Lead Plaintiff in the above captioned action (the "Action"); and (ii) approval of Movant's selection of Bernstein Liebhard LLP ("Bernstein Liebhard") and Bragar Eagel & Squire, P.C. ("BES") as Co-Lead Counsel for the proposed Class (the "Motion") and in opposition to all other competing lead plaintiff motions.[1]

## PRELIMINARY STATEMENT

On March 8, 2021, six movants or movant groups timely filed motions for appointment as Lead Plaintiff in the Action.[2]  A review of these motions makes it abundantly clear that the Tricida Investor Group has the largest financial interest of any competing movant by a wide margin of over $180,000. The Tricida Investor Group also handily satisfies the adequacy and typicality requirements of Rule 23, and therefore is the "most adequate" plaintiff as defined by the PSLRA.  Accordingly, and because there is no proof to rebut the strong presumption in its favor, the Tricida Investor Group should be appointed Lead Plaintiff and all other competing motions should be denied.

In securities class actions, the PSLRA directs courts to appoint as lead plaintiff the movant or group of movants with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Accordingly, in assessing the competing movants here, the Court must first look to each movant's financial interest.  The predominant method for calculating financial interest in this Circuit is to calculate each movant's approximate losses under the "last-in-first-out" ("LIFO") accounting method.  *In re Wrap Techs., Inc. Sec. Exch. Act Litig.*, No. CV 20-8760-DMG (RAOx),

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meanings as set forth in Movant's opening memorandum.  *See* ECF No. 32.  Unless otherwise indicated, all citations have internal quotations and citations omitted.

[2] Lead Plaintiff motions were timely filed by: (i) the Tricida Investor Group; (ii) Donna Situ ("Situ"); (iii) Geneva Acholonu; (iv) Nancy Catherine Wang; and (v) Jeffrey M. Fiore.  A sixth motion was also timely filed on behalf of Michael Clynes, but was the result of an inadvertent error and has since been withdrawn.  ECF No. 41.  Movant Geneva Acholonu submitted a notice of non-opposition conceding that Acholonu does not have the largest financial interest.  *See* ECF No. 43.

1                                    Case No. 5:21-cv-00076-LHK

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO ALL COMPETING MOTIONS

2021 WL 71433, at \*2 (C.D. Cal. Jan. 7, 2021) ("[c]ourts in the Ninth Circuit have tended to give the final factor the most emphasis and tend to use a last in, first out ('LIFO') methodology").  Under this method, as well as under other Court-approved methods, it is beyond dispute that the Tricida Investor Group has the largest financial interest of any movant in the Action by a wide margin.

The Tricida Investor Group sustained over $300,000 in LIFO losses, which is more than double the losses of the next largest movant, Donna Situ.  *See* Fig. 1 *infra*.  The gap between the Tricida Investor Group and the third largest movant is approximately $280,000.  Accordingly, the Tricida Investor Group undeniably has the largest financial interest in the Action.

Once the movant with the largest financial interest has been established – here, the Tricida Investor Group – the Court must next look to whether that movant, and that movant alone, satisfies *prima facie* adequacy and typicality under Rule 23.  *Mulquin v. Nektar Therapeutics*, No. 18-cv-06607-HSG, 2019 WL 1170774, at \*2 (N.D. Cal. Mar. 13, 2019) (after comparing the financial stakes of the various plaintiffs the district court "must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'").  The Tricida Investor Group demonstrated its *prima facie* typicality and adequacy under Rule 23.  The Tricida Investor Group's claims are typical of those of other class members because, *inter alia*, they are based on the same legal theory and arise from the same event and course of conduct as those of the proposed Class. *See* ECF No. 32 at 8.

The Tricida Investor Group is likewise adequate to represent the proposed Class.  The Tricida Investor Group's financial interest ensures its vigorous prosecution of the proposed Class's claims; it has no conflicts of interest with other Class members; and it has selected experienced counsel, Bernstein Liebhard and BES, as proposed Co-Lead Counsel for the Class.  *Mulquin*, 2019 WL 1170774, at \*3.

In addition, the Tricida Investor Group is a small, cohesive group of like-minded, sophisticated investors whose interests are perfectly aligned with the interests of the proposed Class, *i.e.*, to maximize a recovery for the alleged fraud.  The PSLRA and courts in this and other Circuits expressly allow small, cohesive groups of this kind to serve as lead plaintiffs where, as here, they demonstrate their adequacy.  *May v. KushCo Holdings, Inc.*, No. 8:19-cv-00798-JLS-KES, 2019 WL 9633651, at \*3

(C.D. Cal. Sept. 5, 2019) ("[i]ndeed, the Securities and Exchange Commission ("SEC") has stated that a group of three to five members 'will facilitate joint decision-making and also help to assure that each group member has a sufficiently large stake in the litigation'") (citing *In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C. 1999)); *see also Markette v. XOMA Corp.*, No. 15-cv-03425-HSG, 2016 WL 2902286, at *8 (N.D. Cal. May 13, 2016) ("[m]any courts have found unrelated groups of investors appropriate where the group is small and cohesive and/or where the individual members have demonstrated an ability to effectively work together on behalf of the class").[3]  The Tricida Investor Group submitted a sworn declaration accompanying its Motion which demonstrates the level of sophistication of each of its members, and each member's understanding and commitment to work together to undertake the responsibilities of Lead Plaintiff, which includes managing and overseeing counsel to ensure the efficient and effective prosecution of this Action.  ECF No. 35-3, at ¶¶ 3-7 (providing background information on each member of the group and their investing experience); ¶ 8 ("If appointed lead plaintiff, our primary goal will be to ensure that the Class achieves the largest possible recovery"); ¶ 15 ("in the unlikely event that a disagreement arises, we agree to abide by a majority vote"); ¶ 18 ("We have implemented communication procedures to ensure that we can quickly communicate and make decisions on short notice); *see also Ferreira*, 2020 WL 3246328, at *5 (appointing a group of investors to serve as lead plaintiff where their joint declaration described each investors sophistication and experience, affirmed that each investor understood the role and responsibilities of a lead plaintiff, and provided a process for decision-making and addressing disagreements within the group).

For these reasons, the Tricida Investor Group is entitled to the PSLRA's "strong presumption" of being the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Ziolkowski v.*

---

[3] *See also Johnson v. OCZ Tech. Grp., Inc.*, No. CV 12-05265, 2013 WL 75774, at *3 (N.D. Cal. Jan. 4, 2013) (holding that a four person group was a "small cohesive group" which is routinely appointed as Lead Plaintiff in securities actions when they have shown their ability to manage the litigation effectively in the interests of the class without undue influence of counsel); *Allegheny Cty Emps' Ret. Sys. v. Energy Transfer LP*, C.A. No. 20-200, 2020 WL 815136, at *8 (E.D. Pa. Feb. 19, 2020) (appointing group of five investors as lead plaintiff); *Hansen v. Ferrellgas Partners, L.P.*, No. 16-cv-7840 (RJS), 2017 WL 281742, at *6 (S.D.N.Y. Jan. 19, 2017) (appointing four member group to serve as lead plaintiff).

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO ALL COMPETING MOTIONS

*Netflix, Inc.*, No. 17-cv-01070-HSG, 2017 WL 2572583, at *3 (N.D. Cal. June 14, 2017).  This strong presumption can only be rebutted with "proof" that the Tricida Investor Group is somehow inadequate or atypical.  No such proof exists here.  Accordingly, the Court should grant the Tricida Investor Group's Motion in its entirety and deny all other competing lead plaintiff motions.

## ARGUMENT

**I.      The Tricida Investor Group is the Presumptive Lead Plaintiff**

**A.      The Tricida Investor Group has the Largest
Financial Interest in the Relief Sought by the Class**

The Tricida Investor Group has the largest financial interest of any competing movant in this Action by a very wide margin.  The Tricida Investor Group's financial interest exceeds the next highest movant by *over $180,000* and exceeds the third largest movant by *nearly $280,000*.  In determining the movant or group of movants with the largest financial interest, the most important factor is approximate losses, which courts in this Circuit prefer to calculate using the LIFO methodology.  *See* 15 U.S.C. § 78u-4; *Ferreira v. Funko, Inc.*, No. 2:20-cv-02319-VAP-PJWx, 2020 WL 3246328, at *5 (C.D. Cal. June 11, 2020).  Under this methodology, there is no contest – the Tricida Investor Group's losses are much larger than the losses asserted by any other remaining movant:

### Figure 1

| Movant | Loss |
|---|---|
| Tricida Investor Group[4] | $302,861.19 |
| Donna Situ | $121,596.00 |
| Geneva Acholonu | $23,345.64 |
| Nancy Catherine Wang | $21,164.67 |
| Jeffrey M. Fiore | $2,218.92 |

---

[4] Additionally, one of the members of the Tricida Investor Group, Walter T. Morgan, has an individual

4

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO ALL COMPETING MOTIONS

The Tricida Investor Group submits that the foregoing conclusively resolves the financial interest inquiry.[5]

### B. The Tricida Investor Group Made the Requisite *Prima Facie* Showing of Its Typicality and Adequacy Under Rule 23

Once the movant with the largest financial interest has been established – here, the Tricida Investor Group – the Court must next assess whether that movant, and that movant alone, has satisfied *prima facie* Rule 23 typicality and adequacy. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job"). Here, the Tricida Investor Group handily satisfies the typicality and adequacy requirements of Rule 23. Moreover, it is well established that the Court's consideration of adequacy and typicality is not a "beauty contest" among the movants. *See Deinnocentis v. Dropbox, Inc.*, No. 19-cv-06348-BLF, 2020 WL 264408, at *3 (N.D. Cal. Jan. 16, 2020) (after identifying the movant with the largest financial stake, the "Court must then determine whether *that* individual . . . satisfies the requirements of Rule 23 . . .").

The Tricida Investor Group easily satisfies the typicality requirement of Rule 23. Its claims are typical of those of other Class members because, like other Class members, the Tricida Investor Group purchased Tricida securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions. The Tricida Investor Group suffered substantial losses as a result of the alleged fraud in the Action. Moreover, the Tricida Investor Group's claims are based on the same legal theory and arise from the same events and course of conduct as the claims of the proposed

---

loss of $118,466.24 which is a comparable loss to Situ, the movant with the next largest loss, and is approximately five times greater than the third largest movant.

[5] The Tricida Investor Group has the largest financial interest when calculated under any court-approved methodology, including the *Olsten-Lax* factor method. *See In re Cheetah Mobile, Inc. Sec. Litig.*, No. CV 20-5696-MWF (AFMx), 2021 WL 99635, at *3 (C.D. Cal. Jan. 12, 2021). The Tricida Investor Group purchased the most total securities (32,525) and net securities (12,750) of Tricida during the Class Period, had the greatest net expenditures on Tricida securities ($358,747.54), and had the greatest financial loss of any competing movant ($302,861.19). *See* Declaration of Melissa A. Fortunato in Further Support of the Tricida Investor Group's Motion for Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel and in Opposition to All Competing Motions ("Fortunato Decl.") Ex. A.

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO ALL COMPETING MOTIONS

Class as a whole.  *See Veal v. LendingClub Corp.*, No. 18-cv-02599-BLF, 2018 WL 5879645, at *4 (N.D. Cal. Nov. 7, 2018) ("[i]n determining whether typicality is satisfied, a Court inquires 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct'").

The Tricida Investor Group has likewise demonstrated its adequacy to serve as Lead Plaintiff in this Action.  First, the Tricida Investor Group has the largest financial interest of any movant in this Action.  This will ensure its vigorous and adequate prosecution of the Class's claims.  *See Mild v. PPG Indus., Inc.*, No. CV 18-04231-RGK (JEMx), 2018 WL 6930268, at *2 (C.D. Cal. Aug. 27, 2018).  Second, the Tricida Investor Group has no conflicts of interest with other Class members.  Indeed, its interests are perfectly aligned with the interests of the Class to maximize a recovery for the alleged fraud in this Action.  *See Garcia v. Banc of Cal., Inc.*, No. SACV 17-00118 AG (DFMx), 2017 WL 5641123, at *2 (C.D. Cal. May 1, 2017).

Third, the Tricida Investor Group is a permissible small and cohesive group of like-minded and sophisticated shareholders that has demonstrated that it will adequately represent the Class.  *See* ECF No. 35-3, at ¶ 8 ("We believe that our combined efforts, knowledge, and diverse background will better serve the Class.  If appointed lead plaintiff, our primary goal will be to ensure that the Class achieves the largest possible recovery.").  Courts in this District have held that "a group of previously-unrelated investors may show that it is an adequate class representative if it demonstrates that the group is small and cohesive, and that the individual members have demonstrated an ability to work together effectively on behalf of the class."  *Vataj v. Johnson*, No. 19-cv-06996-HSG, 2020 WL 532981, at *2 n1 (N.D. Cal. Feb. 3, 2020)[6]; *see also McCracken v. Edwards Lifesciences Corp.*, No. 8:13-CV-1463-JLS

---

[6] Moreover, many groups have been appointed by Courts in this Circuit.  *See, e.g.*, *Deora v. NantHealth, Inc.*, No. CV 17-01825 BRO (MRWx), 2017 WL 3084161, at *4 (C.D. Cal. May 31, 2017); *Veal*, 2018 WL 5879645, at *4; *In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 WL 4860188, at *5 (N.D. Cal. May 23, 2018); *Cook v. Atossa Genetics, Inc.*, No. C13-1836-RSM, 2014 WL 585870, at *7 (W.D. Wash. Feb. 14, 2014); *Kim v. Advanced Micro Devices, Inc.*, No. 5:18-cv-00321-EJD, 2018 WL 2866666, at *2 (N.D. Cal. June 11, 2018) (appointing unrelated investors to serve as lead plaintiffs).

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO ALL COMPETING MOTIONS

(RNBx), 2014 WL 12694135, at *4 (C.D. Cal. Jan. 8, 2014) (holding that an investor group with only five members, is small enough to allow efficient joint decision-making).

The Tricida Investor Group has demonstrated its adequacy here, *inter alia*, by submitting a Joint Declaration (ECF No. 35-3) attesting that each of its members is a sophisticated investor, knowledgeable about the litigation, and committed to working together as Lead Plaintiffs to protect the interests of the Class. *See Bruce v. Suntech Power Holdings Co., Ltd.*, No. CV 12-04061 RS, 2012 WL 5927985, at *3 (N.D. Cal. Nov. 13, 2012); *Ferreira*, 2020 WL 3246328, at *7. As set forth in the Joint Declaration, the Tricida Investor Group acknowledges that each member understands the obligations of a lead plaintiff under the PSLRA and, if appointed, plans to prosecute this Action efficiently and effectively. *See* ECF No. 35-3, at ¶ 10 ("After discussing the allegations against Tricida, the procedural background of the Action, the process of appointing a lead plaintiff in cases such as this, and attorneys' fees, we learned of each other's existence and similar willingness to litigate the claims of the Class. Although we were ready, willing, and able to move for appointment as Lead Plaintiff independently, we were also interested in collaborating with other Tricida investors who suffered large losses in pursuing the claims alleged in the Action."). *See also Daniels Family 2001 Revocable Tr. v. Las Vegas Sands Corp.*, No. 2:20-cv-01958-GMN-EJY, 2021 WL 41301, at *3 (D. Nev. Jan. 5, 2021) (holding that an investor group's joint declaration "attesting to, inter alia, their education history, occupation, and investment experience, as well as to their understanding of their strength of this case, the responsibilities and duties of serving as lead plaintiffs, their shared desire to obtain the best result for the Class, and the steps that they will take to supervise this litigation" satisfied Rule 23's adequacy requirement). The Joint Declaration makes clear that the Tricida Investor Group consists of sophisticated investors with collective investing experience of ***more than one hundred and forty (140) years***. ECF No. 35-3, at ¶¶ 3-7 (providing background information on each member of the group and their investing experience). The Joint Declaration also informs the Court that each investor decided to move for Lead Plaintiff in this Action jointly because, after learning of one another, each investor believed combining resources and knowledge with the other investors in the group would best serve the Class here. *Id.* at ¶ 2.

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO ALL COMPETING MOTIONS

The members of the Tricida Investor Group also communicated with one another prior to the filing of their Motion regarding the: (i) facts and the merits of the claims alleged in this Action; (ii) the strategy for the prosecution of this Action; (iii) mechanisms to efficiently and effectively oversee counsel and manage this Action; (iv) their different backgrounds; (v) their commitment to and interest in serving as Lead Plaintiffs; and (vi) strategies to stay in communication with one another throughout the litigation. *Id.* at ¶ 11. The Tricida Investor Group also established methods to communicate with one another to effectively prosecute the Action, and a robust decision-making procedure whereby the results of a simple majority vote will govern in case of any disputes within the group. *Id.* at ¶ 15 ("in the unlikely event that a disagreement arises, we agree to abide by a majority vote"), *Id.* at ¶ 18 ("We have implemented communication procedures to ensure that we can quickly communicate and make decisions on short notice. We understand that we may call for a meeting or conference call at any time, including on an emergency basis if necessary. We understand that meetings, conference calls, and communications may be conducted without counsel. We agree to contact one another when necessary to facilitate the best interests of the Class and to prosecute the Action. We do not foresee any problems communicating with one another or staying abreast of the progress of the litigation."). Considering that the Tricida Investor Group consists of an odd number of investors, the simple majority vote will resolve disputes decisively if any should arise. *See Tchatchou v. India Globalization Capital, Inc.*, No. 8:18-cv-03396-PWG, 2019 WL 1004591, at *8 (D. Md. Feb. 28, 2019) (appointing a seven-person group consisting of two married couples and three other individuals, that provided a joint declaration and used a majority vote to resolve any disputes).

Finally, the Tricida Investor Group has demonstrated its adequacy by selecting experienced and qualified counsel with substantial experience litigating securities class actions. *See* ECF Nos. 35-5 and 35-6; *Query v. Maxim Integrated Prods., Inc.*, 558 F. Supp. 2d 969, 975 (N.D. Cal. 2008).

For these reasons, the Tricida Investor Group satisfies the typicality and adequacy requirements of Rule 23 and is entitled to the PSLRA's "strong presumption" in favor of being appointed Lead Plaintiff.

## II.     No Movant Can Rebut the Strong Presumption in Favor of Appointing the Tricida Investor Group as Lead Plaintiff

Courts in this Circuit and all over the nation have repeatedly held that once the presumption of being the most adequate plaintiff is triggered, the Court must focus on the presumptive plaintiff alone. *Mulquin*, 2019 WL 1170774, at *2.

The "strong presumption" in favor of appointing the Tricida Investor Group as Lead Plaintiff can only be rebutted with "proof" that the Tricida Investor Group is somehow atypical or inadequate. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Pino v. Cardone Capital, LLC*, No. 2:20-cv-08499-JFW (KSx), 2020 WL 7585839, at *2 (C.D. Cal. Dec. 18, 2020) (the "presumption may be rebutted only by proof from a class member that the 'most adequate plaintiff': (i) will not fairly and adequately protect the interests of the class, or (ii) is subject to unique defenses that render such plaintiff incapable of adequately representing the class"). No such proof exists here. Accordingly, the Tricida Investor Group's Motion should be granted.

## III.     All Competing Lead Plaintiff Motions Should be Denied

The Tricida Investor Group has the largest financial interest in this Action by a wide margin and has made a *prima facie* showing of typicality and adequacy. There is no proof to rebut the strong presumption in favor of appointing the Tricida Investor Group as Lead Plaintiff. This alone is sufficient for the Court to grant the Tricida Investor Group's Motion and to deny all other competing motions for appointment as Lead Plaintiff. Nevertheless, there are other compelling and independent reasons to deny the motions of the other competing movants.[7] The Tricida Investor Group reserves the right to

---

[7] The next largest movant after the Tricida Investor Group is Donna Situ. While Situ's loss chart and memorandum of law in support of her motion claim that she retained 10,000 shares, whether Situ retained any shares through the final disclosure is unclear from the motion filed on her behalf. If Situ's transactions in Tricida securities are fully represented in her certification and loss chart, then she did not have any pre-class period holdings, and thus sold all of her Tricida stock prior to the final corrective disclosure alleged in this Action. *See* ECF No. 31-5. This trading pattern enables Defendants to argue that Situ cannot prove loss causation for the final disclosure. *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR, 2019 WL 2223800, at *3 (C.D. Cal. Apr. 1, 2019) (refusing to appoint institutional investor as lead plaintiff because it sold all of its stock prior to the final corrective disclosure); *see also Doshi v. Gen. Cable*, C.A. No. 2:17-025 (WOB-CJS), 2017 WL 5178673, at *4 (E.D. Ky. Nov. 7, 2017) (same). Because Situ is subject to this unique defense, which may prejudice the proposed Class, her motion should be denied.

further address the typicality or adequacy of other competing movants should they oppose the Tricida Investor Group's Motion.

## CONCLUSION

For the foregoing reasons, the Tricida Investor Group respectfully requests that the Court grant its Motion and enter an Order: (1) appointing the Tricida Investor Group as Lead Plaintiff, (2) approving the Tricida Investor Group's selection of Bernstein Liebhard and BES as Co-Lead Counsel for the Class, (3) denying all other competing motions for appointment as Lead Plaintiff, and (4) granting such other and further relief as the Court deems just and proper.

DATED: March 22, 2021                          Respectfully submitted,


                                               **BRAGAR EAGEL & SQUIRE, P.C.**

                                               /s/ *Melissa A. Fortunato*
                                               Melissa A. Fortunato (SBN 319767)
                                               Marion C. Passmore (SBN 228474)
                                               580 California Street, Suite 1200
                                               San Francisco, California 94104
                                               Telephone: (415) 568-2124
                                               Email: fortunato@bespc.com
                                                       passmore@bespc.com

                                               **BERNSTEIN LIEBHARD LLP**
                                               Laurence J. Hasson (*pro hac vice* to be filed)
                                               10 East 40th Street
                                               New York, NY 10016
                                               Tel: (212) 779-1414
                                               Fax: (212) 779-3218
                                               Email: lhasson@bernlieb.com


                                               *Counsel for the Tricida Investor Group and*
                                               *Proposed Co-Lead Counsel for the Class*

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO ALL COMPETING MOTIONS

## **CERTIFICATE OF SERVICE**

I, Melissa A. Fortunato, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 22nd day of March, 2021.

*/s/ Melissa A. Fortunato*
Melissa A. Fortunato

Case No. 5:21-cv-00076-LHK

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO ALL COMPETING MOTIONS