Jacob A. Walker (CA Bar No. 271217)
**BLOCK & LEVITON LLP**
260 Franklin St., Suite 1860
Boston, MA 02110
Tel.: (617) 398-5600
Fax: (617) 507-6020
jake@blockleviton.com

Attorney for Movant Jeffrey M. Fiore

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TRICIDA, INC., GERRIT KLAERNER, AND GEOFFREY M. PARKER,<br><br>Defendants. | No. 5:21-cv-00076-LHK<br><br>**CLASS ACTION**<br><br>**REPLY IN FURTHER SUPPORT OF THE MOTION OF JEFFREY M. FIORE FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Date: July 15, 2021<br>Time: 1:30 p.m.<br>Ctrm.: 8, 4th Floor<br><br>The Hon. Lucy H. Koh |

FIORE REPLY RE: LEAD PLAINTIFF MOTIONS
No. 5:21-cv-00076-LHK

- 1 -

Jeffrey Fiore respectfully submits this reply in further support of his motion for appointment as Lead Plaintiff pursuant and approval of his selection of Block & Leviton LLP as Lead Counsel. ECF No. 11.

Under the PSLRA, the "most adequate plaintiff" is the movant asserting the largest financial interest that *also* makes a threshold showing of typicality and adequacy under Fed. R. Civ. P. 23 *and* is not subject to unique defenses. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). The PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies the typicality and adequacy requirements." *In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001).

Here, Mr. Fiore is the *only* movant entitled to appointment under the PSLRA. As set forth in his motion and response, *see* ECF Nos. 11 and 44, Mr. Fiore asserts a substantial financial interest in connection with his purchase of Tricida securities during the Class Period and readily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class.

Critically, unlike each of the remaining movants, who are subject to unique defenses and are otherwise atypical and/or inadequate, no competing movant can credibly claim that Mr. Fiore is not adequate or typical, or is otherwise subject to unique defenses that preclude his appointment as Lead Plaintiff. Indeed, neither of the two remaining, competing movants (the Tricida Investor Group and Ms. Situ) have raised any such argument.[1]

---

[1] The original movants were: (1) the self-styled "Tricida Investor Group"; (2) Donna Situ; (3) Michael Clynes (who also purports to be a member of the Tricida Investor Group; (4) Geneva Acholonu; (5) Nancy Catherine Wang; and (6) Mr. Fiore. Mr. Clynes withdrew the motion he filed in his individual capacity. ECF No. 41. Ms. Acholonu no longer opposes the competing motions. ECF No. 43. Ms. Wang has also indicated that she does not oppose the competing motions, as she did not file any opposition or response on March 22, 2021, the deadline for such briefs.

As Mr. Fiore noted in his Opposition (ECF No. 44), both the Tricida Investor Group and Ms. Situ suffer from defects that leave them subject to unique defenses and/or render them atypical or inadequate.

*First,* the Tricida Investor Group is tainted by a member (Mr. Clynes) who also filed a conflicting, competing motion in his individual capacity. Although the PSLRA expressly permits small groups of unrelated investors to seek appointment as Lead Plaintiff, they must demonstrate their ability to do so in a cohesive manner. But Mr. Clynes filed a competing motion against himself. This confounding reality confirms that Mr. Clynes either: (1) knowingly allowed two different sets of lawyers to file competing motions; or (2) is completely unaware of who his counsel is, who his co-movants are, and essentially lent his name to a lawsuit. It also confirms that Mr. Clynes' fellow group members were not aware (or were unable to agree) on how Mr. Clynes' motions would ultimately be lodged with the Court. Most importantly here, these facts expose the lack of cohesion of the Group and undermines the Group's *bona fides*. Indeed, per his own declaration, Mr. Clynes was in correspondence with two sets of lawyers on the very day that lead plaintiff motions were due. ECF No. 42, Ex. 1 at ¶ 8. If counsel and members of the Group cannot even keep proper track of their roster – which is not a particularly heavy lift at this early juncture of the case – how can they be relied upon to function as the fiduciary, active agent for the class? They cannot, which does "not bode well" for the Group's ability to "lead this litigation." *Tsirekidze v. Syntax-Brillian Corp.*, No. 07-cv-2204, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008).

This Court should therefore deny the Tricida Investor Group's motion, just as other courts have done under these exact circumstances. *See, e.g.*, Fiore Opp. (ECF No. 44) at 1, n.1; *McDermid v. Inovio Pharms., Inc.*, 467 F. Supp. 3d 270, 279-80 (E.D. Pa. 2020) (one movant's "multiple motions betray a lack of cohesion" and imputing the deficiency to the entire group); *Syntax-Brillian Corp.*, 2008 WL 942273, at *4-5 (groups' "lack of cohesion is *clearly evidenced* by the fact . . . that its initial motion included [a class member] as a member, even though [that same class member] had retained separate counsel and was soon filing competing motions of his

own"); *Singer v. Nicor, Inc.*, No. 02-cv-5168, 2002 WL 31356419, at *2 (N.D. Ill. Oct. 17, 2002) (viewing movant's proclaimed "mis-communication" as a "more serious problem" because the movant's "unknowing retention of two different law firms and filing of two motions for appointment as lead plaintiff reveals conflicts . . . that make it unsuitable to make decisions on behalf of the class").

**Second,** Ms. Situ sold all her Tricida shares between July 16 and July 17, 2020. *See* ECF No. 31-5 (Situ PSLRA Certification); Fiore Opp. (ECF No. 44 at 2, n.3). This raises the serious possibility that Ms. Situ will lack standing to recover for the class in connection with the second pled corrective disclosure, which occurred on October 29, 2020.[2] Since Ms. Situ did not suffer any losses in connection with the second pled corrective disclosure, she may be subject to the unique defense of being unable to prove loss causation for that second disclosure. *See, e.g.*, Tricida Investor Group Opp. (ECF No. 46 at 9, n.7); *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679, 2019 WL 2223800, at *3 (C.D. Cal. Apr. 1, 2019) (refusing to appoint institutional investor as lead plaintiff because it sold all of its stock prior to the final corrective disclosure); *Doshi v. Gen. Cable*, No. 17-cv-00025, 2017 WL 5178673, at *4 (E.D. Ky. Nov. 7, 2017) (same). *See also In re McKesson HBOC, Inc. Secs. Litig.*, 126 F. Supp. 2d 1248, 1262 (N.D. Cal. 2000) (finding that defendants had an absolute negative causation defense with regards to shareholders who disposed of their stock prior to the date of the corrective disclosure); *Eichenholtz v. Verifone Holdings, Inc.*, No. 07-cv-6140, 2008 WL 3925289, at *4 (N.D. Cal. Aug. 22, 2008) (explaining that "it is difficult, if not . . . impossible, to demonstrate loss causation for shares bought *and* sold before the disclosure of the misstatements or omissions") (emphasis in original). Indeed, the Ninth Circuit has made clear that a district court cannot be faulted for refusing to appoint a lead plaintiff movant for whom, as here, unique defenses may make up a "major focus of litigation." *In re Bridgestone Inv. Corp. Ltd.*, 789 Fed. Appx. 13, 15-

---

[2] *See* ECF No. 1 at ¶¶ 7-8.

16 (9th Cir. 2019). In that case, the Ninth Circuit endorsed a court's selection of a movant who was initially in fourth place when measuring losses, finding that the three movants ahead did not satisfy the adequacy and typicality requirements of the PSLRA. *Id.* at 14.

Unlike the remaining movants, no one has put forward any evidence that Mr. Fiore suffers from adequacy and typicality issues. In contrast to Ms. Situ, Mr. Fiore purchased shares of Tricida common stock on April 9, 2020 (and again on July 16, 2020), and held each of these shares through – and suffered substantial losses in connection with – *all* of the corrective disclosures pled in this action. *See* ECF No. 1, at ¶¶ 5-8. The Court should therefore deny Ms. Situ's motion because she is subject to this unique defense.[3]

Mr. Fiore is therefore the movant with the largest financial interest who also satisfies the PSLRA's requirements of adequacy and typicality.

| Movant | Unique Defenses |
|---|---|
| Tricida Investor Group | Group member filed multiple, competing motions; Group is therefore an improper amalgamation of unrelated investors who have failed to establish even a modicum of cohesiveness on the face of their lead plaintiff application. |
| Ms. Situ | Sold all shares prior to second corrective disclosure; likely to be unable to establish loss causation therefor. |
| Mr. Fiore | **No Unique Defenses** |

Accordingly, Mr. Fiore is entitled to appointment as Lead Plaintiff and the Court should deny the competing motions. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (explaining that if the movant "with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time consider the plaintiff with the next-largest

---

[3] "There is no requirement at this early [lead plaintiff selection] stage to prove a defense, only to show a degree of likelihood that a unique defense might play a significant role at trial." *In re Netflix, Inc. Secs. Litig.*, No. 12-cv-00225, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 27, 2012).

financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23"); *Cendant*, 264 F.3d at 267.

March 29, 2021                          Respectfully submitted,

                                        */s/ Jacob A. Walker*
                                        Jacob A. Walker (CA Bar No. 271217)
                                        **BLOCK & LEVITON LLP**
                                        260 Franklin St., Suite 1860
                                        Boston, MA 02110
                                        Tel.: (617) 398-5600
                                        Fax: (617) 507-6020
                                        jake@blockleviton.com

                                        Whitney E. Street (CA Bar No. 223870)
                                        **BLOCK & LEVITON LLP**
                                        100 Pine Street Suite 1250
                                        San Francisco, CA 94111
                                        Tel.: (415) 968-1852
                                        Fax: (617) 507-6020
                                        whitney@blockleviton.com

                                        *Attorneys for Mr. Fiore and [Proposed] Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


*/s/ Jacob A. Walker*