POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Lead Plaintiff Movant*
*and Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TRICIDA, INC., GERRIT KLAERNER, and GEOFFREY M. PARKER,<br><br>Defendants. | Case No.: 5:21-cv-00076-LHK<br><br>REPLY MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS<br><br>CLASS ACTION<br><br>Date:  July 15, 2021<br>Time:  1:30 p.m.<br>Judge:  Hon. Lucy H. Koh<br>Courtroom:  8 – 4th Floor |

REPLY MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK

Movant Situ[1] respectfully submits this Reply Memorandum of Law in further support of her motion for appointment as Lead Plaintiff (Dkt. No. 31) and in opposition to the competing motions of the Investor Group (Dkt. No. 32) and Fiore (Dkt. No. 11).[2]

## I.    PRELIMINARY STATEMENT

The PSLRA instructs the Court to appoint as Lead Plaintiff the movant with the largest financial interest in the outcome of the litigation; ***and*** who satisfies the adequacy and typicality requirements of Rule 23.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The movant who satisfies both of the foregoing statutory criteria is entitled to a strong presumption that he or she is the "most adequate plaintiff" of the Class—*i.e.*, the Lead Plaintiff—a presumption that can be rebutted only upon "proof" that the presumptive lead plaintiff is inadequate, atypical and/or subject to a unique defense.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Of the competing movants before the Court, only Situ satisfies both of these statutory criteria.  ***First***, having incurred a loss of approximately ***$121,596*** in losses in connection with her Class Period purchases of Tricida securities as a result of the Defendants' alleged fraud, Situ has the largest financial interest in this action of any eligible competing movant.  *See*, *e.g.*, *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 U.S. Dist. LEXIS 29876, at *18 (N.D. Cal. Mar. 4, 2013); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015).  Although one competing movant, the Investor Group, has alleged a larger loss than Situ, the Investor Group is plainly inadequate within the meaning of Rule 23, for the reasons discussed below, and thus ineligible for appointment as Lead Plaintiff.

---

[1] All capitalized terms herein are defined in Situ's moving or opposition briefs, unless otherwise indicated.  *See* Dkt. Nos. 31, 45.

[2] Initially, two other putative class members also filed competing motions seeking appointment as Lead Plaintiff: (i) Acholonu (Dkt. No. 27); and (ii) Wang (Dkt. No. 16).  On the March 22, 2021, Acholonu filed a notice acknowledging that she did not appear to satisfy the PSLRA's criteria for appointment as Lead Plaintiff in this Action and stating her non-opposition to the competing motions before the Court.  Dkt. No. 43.  Wang has not made any filings in further support of her motion since the initial deadline and appears to have abandoned her motion.

1

REPLY MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK

***Second***, in addition to her significant financial interest, Situ has made the requisite *prima facie* showings of adequacy and typicality within the meaning of the PSLRA. *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018); *Bao v. SolarCity Corp.*, No. 14-cv-01435-BLF, 2014 U.S. Dist. LEXIS 111869, at *9 (N.D. Cal. Aug. 11, 2014). By contrast, the Investor Group is doubly inadequate to serve as Lead Plaintiff. It is an artificial assemblage of unrelated individuals, constructed by two law firms solely to aggregate the financial interests of its members—precisely the type of group that courts in this Judicial District decline to appoint as Lead Plaintiffs. *See*, *e.g.*, *In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1023, 1025 (N.D. Cal. 1999); *Isaacs v. Musk*, Nos. 18-cv-04865-EMC *et al.*, 2018 WL 6182753, at *2 (N.D. Cal. Nov. 27, 2018); *In re Netflix, Inc., Sec. Litig.*, Nos. 12-0225 SC, 2012 WL 1496171, at *4 (N.D. Cal. Apr. 27, 2012). Moreover, one of those members, Clynes, has further illustrated his—and thus the Investor Group's—inadequacy by erroneously authorizing the filing of two conflicting motions on his own behalf by competing law firms, which bespeaks a troubling degree of inattentiveness to this litigation. Considering that Lead Plaintiffs appointed pursuant to the PSLRA are required to represent the interests of absent class members by diligently and actively supervising counsel, courts routinely hold that such errors disqualify movants from appointment as lead plaintiffs. *See*, *e.g.*, *Karp v. Diebold Nixdorf, Inc*., Nos. 19 Civ. 6180(LAP) *et al.*, 2019 U.S. Dist. LEXIS 188670, at *17-18 (S.D.N.Y. Oct. 30, 2019); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414-15 (E.D. Pa. 2019); *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, Nos. 14 Civ. 8495 (RMB) *et al.*, 2015 U.S. Dist. LEXIS 38635, at *10-12 (S.D.N.Y. May 7, 2020).

For the reasons set forth herein, Situ respectfully requests that the Court grant her motion in its entirety and deny the competing motions.

REPLY MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK

## II.   ARGUMENT

### A.   The Statutory Presumption in Favor of Situ's Appointment Has Not Been Rebutted

The PSLRA creates a strong presumption that the "most adequate plaintiff"—*i.e.*, the Lead Plaintiff—is the movant or group of movants that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a *prima facie* showing at this stage that he or she satisfies the adequacy and typicality requirements of Rule 23. *Hessefort*, 317 F. Supp. 3d at 1060-01; *Bao*, 2014 U.S. Dist. LEXIS 111869, at *9. Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Here, the most adequate class representative is Situ. As discussed in detail in Situ's opposition brief, Situ has satisfied the requisite financial interest and Rule 23 criteria to secure the presumption that she is the "most adequate plaintiff" of the Class, and thus the presumptive Lead Plaintiff in this litigation. *See* Dkt. No. 45.

The presumption in favor of Situ's appointment can be rebutted only upon "proof" that the presumptive lead plaintiff is inadequate, atypical and/or subject to a unique defense. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, no movant has even attempted to rebut the presumption.[3]

### B.   The Investor Group Is Inadequate Within the Meaning Of Rule 23

As discussed at length in Situ's opposition brief (Dkt. No. 45 at 5-8), although the Investor Group has alleged a larger financial interest in this litigation than Situ, it fails to satisfy the

---

[3]   In a puzzling footnote in its opposition brief, the Investor Group posits a speculative hypothetical about a wholly counterfactual scenario under which Situ might not have retained any Tricida shares at the time of the final corrective disclosure that ended the Class Period—yet *as the Investor Group concedes*, both Situ's motion brief *and* loss chart clearly state that Situ *did*, in fact, retain 10,000 shares at the time of the final disclosure. *See* Dkt. No. 46 at 9 n.7. Conceding this point renders the Investor Group's counterfactual speculation a complete nullity—and if the Investor Group truly thought otherwise, presumably they would not have buried these musings in a footnote.

REPLY MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK

adequacy requirement of Rule 23 for at least two reasons, either one of which would mandate denial of the Investor Group's motion:

First, the Investor Group is plainly a group of five unrelated investors, introduced to one another by two different law firms solely for the purpose of aggregating their financial interests in the hopes of securing a leadership role in this litigation.  As such, it is exactly the type of group that courts in this Judicial District decline to appoint as lead plaintiffs in PSLRA actions.  *See*, *e.g.*, *Network Assocs.*, 76 F. Supp. 2d at 1025 ("'allow[ing] lawyers to designate unrelated plaintiffs as a "group" and aggregate their financial stakes would allow and encourage lawyers to direct the litigation'", contravening Congress's intention to appoint "a single, strong lead plaintiff to control counsel and the litigation."); *Musk*, 2018 WL 6182753, at *2 ("courts have also been skeptical of 'artificial' groups"); *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *4 (N.D. Cal. Apr. 28, 2016) ("Northern District of California courts have generally found that 'appointing a group of unrelated investors undercuts the primary purpose of the PSLRA: to eliminate lawyer-driven litigation.'"); *Netflix*, 2012 WL 1496171, at *4 ("the courts of this circuit uniformly refuse to aggregate the losses of individual investors with no apparent connection to each other aside from their counsel"); *Eichenholtz v. Verifone Holdings, Inc.*, No. C 07-06140 MHP, 2008 WL 3925289, at *7 (N.D. Cal. Aug. 22, 2008) ("'courts have uniformly refused to appoint as lead plaintiff groups of unrelated individuals, brought together for the sole purpose of aggregating their claims in an effort to become the presumptive lead plaintiff'").  The *pro forma* Joint Declaration that the Investor Group offers in ostensible support of its motion only underscores its inadequacy, as this submission makes it clear that these individuals had no pre-litigation relationship whatsoever and only learned of one another's existence because their lawyers—from two different firms— introduced them solely for the purposes of assembling them into a lead plaintiff movant group. *See generally* Dkt. No. 35-3.

Second, and equally fatal to the Investor Group's motion, one of the group's members, Clynes, has already demonstrated a lack of readiness to supervise counsel—***a primary***

REPLY MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK

***responsibility of a Lead Plaintiff appointed pursuant to the PSLRA.*** As discussed in greater detail in Situ's opposition brief (Dkt. No. 45 at7-8), Clynes has attested that his lack of attentiveness to this litigation led him to unintentionally execute a retainer and certification with the wrong firm, resulting in two duplicative lead plaintiff motions being filed on Clynes's behalf by a total of three law firms. Considering that Clynes and the other members of the Investor Group will be required to closely supervise class counsel and review their work product if the Investor Group is appointed as Lead Plaintiff, the fact that Clynes has already demonstrated significant difficulty managing relatively straightforward aspects of this litigation does not bode well for the Investor Group's ability to do so. Courts thus routinely find these kinds of errors to be disqualifying at the lead plaintiff appointment stage. *See*, *e.g.*, *Karp*, 2019 U.S. Dist. LEXIS 188670, at *17-18 (errors in lead plaintiff movant's submissions "indicate to the Court a 'certain carelessness about detail that undermines the adequacy' of the [movant] as a lead plaintiff in a complex securities class action.") (quoting *Bhojwani v. Pistiolis*, No. 06 Civ. 13761(CM)(KNF), 2007 WL 9228588, at *3 (S.D.N.Y. July 31, 2007)); *Tomaszewski*, 383 F. Supp. 3d at 414-15 (declining to appoint movant with largest financial losses as lead plaintiff because movant's sworn certifications contained multiple errors, leading the court to doubt whether the movant "possessed the necessary adequacy and sophistication to be lead plaintiff"); *Tesco*, 2015 U.S. Dist. LEXIS 38635, at *10-12 (finding that discrepancies in movant's financial data precluded the court from verifying movant's claimed losses, which undermined movant's adequacy as lead plaintiff).

Nor would removing Clynes from the Investor Group and appointing the remaining group members as Co-Lead Plaintiffs without him cure the group's inadequacy. Having "moved for lead plaintiff as a group", all of the Investor Group's members "will be evaluated as such." *Tsirekidze v. Syntax-Brillian Corp.*, CV-07-2204-PHX-FJM *et al.*, 2008 U.S. Dist. LEXIS 118562, at *15 (D. Ariz. Apr. 4, 2008). *See also In re Petrobras Secs. Litig.*, 104 F. Supp. 3d

REPLY MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK

618, 624 n.4 (S.D.N.Y. 2015). Clynes's inadequacy thus renders the entire Investor Group inadequate, thereby dooming its motion.

## III.    CONCLUSION

For the foregoing reasons, Situ respectfully requests that the Court issue an Order granting her motion in all respects and denying the competing motions.

Dated:  March 29, 2021                      Respectfully submitted,


                                            POMERANTZ LLP

                                            */s/ Jennifer Pafiti*
                                            Jennifer Pafiti (SBN 282790)
                                            1100 Glendon Avenue, 15th Floor
                                            Los Angeles, California 90024
                                            Telephone: (310) 405-7190
                                            jpafiti@pomlaw.com

                                            POMERANTZ LLP
                                            Jeremy A. Lieberman
                                            J. Alexander Hood II
                                            600 Third Avenue, 20th Floor
                                            New York, NY 10016
                                            Telephone: (212) 661-1100
                                            Facsimile: (212) 661-8665
                                            jalieberman@pomlaw.com
                                            ahood@pomlaw.com

                                            POMERANTZ LLP
                                            Patrick V. Dahlstrom
                                            (*pro hac vice* application forthcoming)
                                            Ten South LaSalle Street, Suite 3505
                                            Chicago, Illinois 60603
                                            Telephone: (312) 377-1181
                                            Facsimile: (312) 377-1184
                                            pdahlstrom@pomlaw.com

                                            *Counsel for Lead Plaintiff Movant
                                            and Proposed Lead Counsel for the Class*

REPLY MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK

## **PROOF OF SERVICE**

I hereby certify that on March 29, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

7
REPLY MEMORANDUM OF POINTS AND AUTHORITES: (1) IN FURTHER SUPPORT OF MOTION OF DONNA SITU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 5:21-cv-00076-LHK