Melissa A. Fortunato (#319767)
Marion C. Passmore (#228474)
**BRAGAR EAGEL & SQUIRE, P.C.**
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 568-2124
Email: fortunato@bespc.com
     passmore@bespc.com

*Counsel for Movant and*
*Proposed Co-Lead Counsel for the Class*

[Additional Counsel listed on signature block]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TRICIDA, INC., GERRIT KLAERNER, and GEOFFREY M. PARKER,<br><br>Defendants. | Case No. 5:21-cv-00076-LHK<br><br>**CLASS ACTION**<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:      July 15, 2021<br>Time:     1:30 p.m.<br>Courtroom: 8, 4th Floor<br>Judge:    Honorable Lucy H. Koh |

Case No. 5:21-cv-00076-LHK

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ...............................................................................................1

II.   ARGUMENT........................................................................................................................2

A.    THERE IS NO DISPUTE THAT THE TRICIDA  INVESTOR GROUP HAS THE LARGEST FINANCIAL INTEREST ..............................................................................................................................2

B.    THE TRICIDA INVESTOR GROUP IS A PROPER GROUP UNDER THE PSLRA ..................................3

C.    THE TRICIDA INVESTOR GROUP SATISFIES THE ADEQUACY REQUIREMENT OF RULE 23 .............4

D.    SITU IS INADEQUATE UNDER RULE 23 ...........................................................................................7

E.    THE TRICIDA INVESTOR GROUP'S CHOICE OF COUNSEL SHOULD BE APPROVED ........................7

III.  CONCLUSION.......................................................................................................................7

Case No. 5:21-cv-00076-LHK

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

# TABLE OF AUTHORITIES

**Cases**

*In re Aqua Metals Sec. Litig.*,
No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889 (N.D. Cal. May 23, 2018) .....................1, 3

*Brady v. Top Ships Inc.*,
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ...............................................................................................4

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .........................................................................................................2, 7

*Doshi v. Gen. Cable*,
C.A. No. 2:17-025 (WOB-CJS), 2017 WL 5178673 (E.D. Ky. Nov. 7, 2017) ...............................7

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC*,
No. 14 Civ. 8495 (RMB), 2015 U.S. Dist. LEXIS 38635 (S.D.N.Y. Mar. 19, 2015) ......................5

*Karp v. Diebold Nixdorf, Inc.*,
No. 19 Civ. 6180(LAP), 2019 U.S. Dist. LEXIS 188670 (S.D.N.Y. Oct. 30, 2019) ......................5

*McDermid v. Inovio Pharm., Inc.*,
467 F. Supp. 3d 270 (E.D. Pa. 2020) ................................................................................................5

*Miami Police Relief & Pension Fund v. Fusion-io, Inc.*,
No. 13-CV-05368-LHK, 2014 U.S. Dist. LEXIS 80141 (N.D. Cal. June 10, 2014) ......................3

*Singer v. Nicor, Inc.*,
No. 02 C 5168, 2002 U.S. Dist. LEXIS 19884 (N.D. Ill. Oct. 17, 2002) .........................................5

*In re Snap Inc. Sec. Litig.*,
No. 2:17-cv-03679-SVW-AGR, 2019 U.S. Dist. LEXIS 88379
(C.D. Cal. Apr. 1, 2019).....................................................................................................................7

*Tomaszewski v. Trevena, Inc.*,
383 F. Supp. 3d 409 (E.D. Pa. 2019) ................................................................................................5

*Tsirekidze v. Syntax-Brillian Corp.*,
No. CV-07-2204-PHX-FJM, 2008 U.S. Dist. LEXIS 118562
(D. Ariz. Apr. 7, 2008).......................................................................................................................5

*Vataj v. Johnson*,
No. 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039 (N.D. Cal. Feb. 3, 2020)...........................4

*In re Versata, Inc.*,
No. C 01-1439 SI, 2001 U.S. Dist. LEXIS 24270 (N.D. Cal. Aug. 20, 2001) ................................3

*Xiangdong Chen v. X Fin.*,
No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292
(E.D.N.Y. May 13, 2020) ..................................................................................................................4

**Statutes**

15 U.S.C. § 78u-(a)(3)(B)(iii)(I) ...............................................................................................1, 2

Case No. 5:21-cv-00076-LHK

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

15 U.S.C. § 78u-4(a)(30(B)(iii)(II) ..............................................................................................3

**Rules**

Fed. R. Civ. P. 23...................................................................................................................passim

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

## I.    **PRELIMINARY STATEMENT**

Lead Plaintiff movants Michael Clynes ("Clynes"), William R. Henry, Walter T. Morgan (individually and as trustee for the Morgan Family Trust Dated September 10, 2014), Peter Knapp, and Emanuel Molina (collectively, the "Tricida Investor Group" or "Movant") respectfully submit this Reply Memorandum of Law in Further Support of Movant's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel.[1]

Three competing motions for appointment as lead plaintiff remain before the Court, the motions of movant Donna Situ ("Situ") (ECF No. 31), movant Nancy Catherine Wang ("Wang") (ECF No. 16), and movant Jeffrey M. Fiore ("Fiore") (ECF No. 11).  Movant Wang did not submit an opposition to the Tricida Investor Group's motion.[2]  Neither Situ nor Fiore dispute that the Tricida Investor Group has the largest financial loss, and in fact Movant's losses are over two times larger than those of Situ and well over one hundred times larger than Fiore's.  The Private Securities Litigation Reform Action of 1995 (the "PSLRA") provides for appointment of the lead plaintiff with the "largest financial interest in the relief sought by the class, [and that] otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure" (15 U.S.C. § 78u-(a)(3)(B)(iii)(I)), and here that is the Tricida Investor Group.  In addition to demonstrating the largest financial interest under any court-approved method used to calculate losses (*see* ECF No. 46-2), Movant has demonstrated its typicality and adequacy by submitting a joint declaration which details its members' sophistication and its procedures for managing counsel to ensure the effective and efficient prosecution of this Action.  *See* ECF No. 35-3, at ¶¶ 3-7, 15, and 18.  Situ and Fiore's argument that this group is inadequate because it is a group of unrelated

---

[1]  Unless otherwise defined herein, capitalized terms shall have the same meanings as set forth in Movant's opening memorandum.  *See* ECF No. 32.  Unless otherwise indicated, all citations have internal quotations and citations omitted.

[2]  *In re Aqua Metals Sec. Litig.*, No. 17-cv-07142-HSG, 2018 U.S. Dist. LEXIS 86889, at *3 n.2 (N.D. Cal. May 23, 2018) (considering a movant who elected not to file an opposition to have abandoned their motion and therefore removed from consideration as a potential lead plaintiff).

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

investors fails.  First, as Situ's counsel well knows, courts in this Circuit and elsewhere have repeatedly recognized the propriety of lead plaintiff groups such as Movant.[3]

The argument that the Tricida Investor Group should be disqualified because The Rosen Law Firm, P.A. ("Rosen") filed a motion on Clynes' behalf also fails.  As explained in the Declaration submitted by Clynes, and in the footnote to the Tricida Investor Group's initial motion, Clynes confirmed that Rosen's filing was an inadvertent error on the night that the Lead Plaintiff motions were due, and Clynes solely intended to file a lead plaintiff motion with BES and Bernstein Liebhard.  *See* ECF No. 32 n.1; ECF No. 42.

As there is no proof of inadequacy, the Tricida Investor Group is entitled to appointment as Lead Plaintiff.

## II.   ARGUMENT

### A.   There is No Dispute That the Tricida Investor Group Has the Largest Financial Interest

As both Situ and Fiore concede in their oppositions, the PSLRA provides that the presumptive lead plaintiff is the plaintiff or group of plaintiffs that has the largest financial interest in the relief sought by the Class.  ECF No. 44 at 1 and No. 45 at 1.  *See also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb); *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002) (courts are to appoint as lead plaintiff the person or group of persons with "the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23").  "The statutory process is sequential:  The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical."  *Id.* at

---

[3]   Indeed, Situ's counsel routinely makes lead plaintiff motions on behalf of groups of unrelated investors in this Circuit.  *See In re Precigen Sec. Litig.*, No. 5:20-cv-06936-BLF ECF No. 21 (N.D. Cal. Dec. 4, 2020) (filing a lead plaintiff motion on behalf of a group consisting of two related investors and two other unrelated investors); *Tran v. Beyond Meat, Inc.*, No. 2:20-cv-00963-MWF-AFM ECF No. 25 (C.D. Cal. Mar. 3, 2020) (filing a lead plaintiff motion on behalf of a group consisting of two related investors and two unrelated investors); *Smith v. Alteryx Inc.*, No. 8:20-cv-01540-DOC-JDE ECF No. 18 (C.D. Cal. Oct. 19, 2020) (filing a lead plaintiff motion on behalf of a group consisting of three unrelated investors).  Fiore's counsel has similar experience moving with groups of unrelated investors in this Circuit.  *See In re Genius Brands Int'l, Inc., Sec. Litig.*, No. 2:20-cv-07457-DSF ECF No. 26 (C.D. Cal. Oct. 19, 2020) (filing a lead plaintiff motion on behalf of a group consisting of three unrelated investors).

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

732.  The Tricida Investor Group has the "greatest financial interest" with LIFO losses of $302,861.19 (*see* ECF No. 35-2), losses exceeding Situ[4] by $181,265.19 and exceeding Fiore by $300,642.27, and thus is the presumptive lead plaintiff.  *See* ECF No. 46-2.

With the largest financial loss, the presumption in favor of the Tricida Investor Group can only be rebutted with ***proof*** of inadequacy or atypicality.  *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 U.S. Dist. LEXIS 80141, at *22 (N.D. Cal. June 10, 2014); 15 U.S.C. § 78u-4(a)(30(B)(iii)(II).  The only purported "proof" provided by the competing movants is that the Tricida Investor Group is a group and that group member Clynes made an inadvertent error which he immediately corrected.  *See* Fiore Opposition, ECF No 44 n.1; Situ Opposition, ECF No. 45 at 6-8.  Additionally, Clynes' inadvertent error was not made on his certification filed in any of the documents that the Tricida Investor Group filed on his behalf, and did not in any way affect his claimed losses of more than $96,000.

## B.    The Tricida Investor Group Is a Proper Group Under the PSLRA

The argument that the Tricida Investor Group should be disqualified simply because of its status as a group is an ineffective argument only advanced by Situ.  "Small, cohesive groups . . . are routinely appointed as lead plaintiff in securities actions[.]"  *Fusion-io*, 2014 U.S. Dist. LEXIS 80141, at *20-21 (appointing a group where "submitted declarations . . . professing the readiness and willingness to serve as a representative party on behalf of the class" claiming they would work together, the type of declarations courts have found "demonstrative of a movant group's adequacy as lead plaintiff").  *See also* Movant's memorandum of law in opposition to the competing lead plaintiff motions (ECF No. 46 at 2-3) (discussing appointment of groups in the Ninth Circuit); *In re Versata, Inc.*, No. C 01-1439 SI, 2001 U.S. Dist. LEXIS 24270, at *19, *22, *26 (N.D. Cal. Aug. 20, 2001) (appointing small group, holding "small groups, whether or not they have any pre-litigation relationship, can aggregate their financial losses," as "[r]equiring a pre-litigation relationship, though appealing in its simplicity, is too rigid" and the group "is what the PSLRA contemplated as effective class plaintiffs"); *Aqua Metals*, 2018 U.S. Dist. LEXIS 86889, at *10-12 (stating that the "PSLRA itself permits groups of persons to

---

[4]  Situ concedes that the Tricida Investor Group has the greatest loss.  *See* ECF No. 45 at 3.

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

serve as lead plaintiff" and that "[t]his Court has held that a group of previously-unrelated investors may show that it is an adequate class representative" and appointing group that submitted joint declaration attesting to, among other things, commitment to maximize recovery and vigorously prosecute the action, communicate with each other, and make themselves available for depositions and other necessary meetings or hearings).[5]  Moreover, Situ and Fiore's counsel filed a Petition for a Writ of Mandamus asking the Ninth Circuit to vacate a district court order that refused to appoint their group of unrelated investors as lead plaintiff.  *See George Mersho v. United States District Court for the District of Arizona*, 20-73819, Dkt No. 1-2 (9th Cir. 2020).  In that petition, Situ and Fiore's counsel make the complete opposite argument to the one they present here, *i.e.*, that a group of unrelated investors with the largest financial loss should be appointed lead plaintiff.

Here, like other actions in this District appointing groups as lead plaintiff, the Tricida Investor Group submitted a joint declaration detailing their substantial experience investing in capital markets (ECF No. 35-3 at ¶¶ 3-7); their commitment to providing fair and adequate representation, overseeing counsel, and obtaining the largest possible recovery against all culpable parties consistent with good faith and vigorous advocacy (*id.* at ¶¶ 12-17); their commitment to ensuring the litigation is managed effectively and communicating with each other (*id.* at ¶¶ 13, 17); and agreeing to make themselves available for any appearances, depositions, and other necessary meetings to facilitate the prosecution of the action (*id.* at ¶ 19).  For these reasons, the Tricida Investor Group is an appropriate lead plaintiff group.

**C.    The Tricida Investor Group Satisfies the Adequacy Requirement of Rule 23**

Competing movants' argument that the Tricida Investor Group is inadequate because member Clynes made an inadvertent error in responding to a request for information fails.  Fiore and Situ claim, incorrectly, that the motion filed by Rosen under Clynes' name disqualifies the Tricida Investor Group

---

[5]  In fact, Situ's counsel, Pomerantz LLP ("Pomerantz") have moved with small groups of individuals numerous times within this District and in other Circuits and been appointed as lead plaintiff.  *See, e.g.*, *supra* footnote 3 (citing Ninth Circuit cases); *Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335 (E.D.N.Y. 2018); *Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292 (E.D.N.Y. May 13, 2020).  Indeed, in *Vataj v. Johnson*, Pomerantz's movant was appointed as co-lead plaintiff with a second movant without submission of any joint declaration.  No. 19-cv-06996-HSG, 2020 U.S. Dist. LEXIS 21039 (N.D. Cal. Feb. 3, 2020).

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

from appointment as lead plaintiff.  Fiore Opposition (ECF No. 44 n.1); Situ Opposition (ECF No. 45 at 6-8).  But the cases Fiore and Situ rely on are not only all out of Circuit, but inapposite with only two actually addressing a lead plaintiff movant filing more than one motion.

Fiore cites to *McDermid v. Inovio Pharmaceuticals, Inc.*, in which his own counsel, Block & Leviton, LLP ("Block & Leviton"), moved as counsel for a lead plaintiff group with a member who also moved individually with a separate firm.  467 F. Supp. 3d 270, 279 (E.D. Pa. 2020).  Unlike here, where Clynes honestly believed he was communicating with his own counsel, Block & Leviton's movant, Stefko, intentionally filed both motions which the group attempted to correct by removing Stefko as a member and continuing to seek lead plaintiff appointment without him.  *Id.* at 279-280. The intentional filing of both motions and willingness to discard a group member were the Court's main deciding factors in not appointing the group as lead plaintiff.  *Id.*

In *Tsirekidze v. Syntax-Brillian Corporation*, the Court, much like in *Inovio*, declined to consider one member of a three-member group individually because the "willingness to abandon the group only suggests how loosely it was put together."  No. CV-07-2204-PHX-FJM, 2008 U.S. Dist. LEXIS 118562, at *15-16 (D. Ariz. Apr. 7, 2008).

The remaining four cases relied upon by competing movants do not speak to the type of inadvertent error made by Clynes, rather they all address significant misrepresentations of a movant's losses.  *See Singer v. Nicor, Inc.*, No. 02 C 5168, 2002 U.S. Dist. LEXIS 19884, at *6 (N.D. Ill. Oct. 17, 2002) ("Based on this history, where two different law firms arrived at significantly different figures in the initial filings, each supposedly based on the same class period, the court has little confidence in the accuracy of Woodley Farra's claimed $643,326 loss.  Accordingly, the court will use the lower figure, $96,934, which removes Woodley Farra from contention for the candidate with the greatest financial loss."); *Karp v. Diebold Nixdorf, Inc.*, No. 19 Civ. 6180(LAP), 2019 U.S. Dist. LEXIS 188670, at *17-18 (S.D.N.Y. Oct. 30, 2019) (finding a movant whose initial loss submissions were exaggerated by 34% and then took nearly two weeks to correct its filings inadequate under Rule 23); *Tomaszewski v. Trevena, Inc.*, 383 F. Supp. 3d 409, 414-15 (E.D. Pa. 2019) (declining to appoint a movant who conceded that he had combined trades, averaged trade prices, and misstated trade dates in his certification and initial moving papers thereby overstating his losses); *Irving Firemen's Relief &*

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

*Ret. Fund v. Tesco PLC*, No. 14 Civ. 8495 (RMB), 2015 U.S. Dist. LEXIS 38635, at *10-12 (S.D.N.Y. Mar. 19, 2015) (declining to appoint a movant who refused to provide additional explanation to the court after submitting trade data that included prices outside of the daily price range and "constituted more shares traded on a given day than the total trading volume on the over-the-counter ("OTC") market for the stock on such days").

The situation at hand is distinctly different. Here, in the days leading up to the lead plaintiff deadline, Clynes had been in significant continuous contact with several members of the BES team. ECF No. 42 at 8. When an attorney reached out asking Clynes to sign documentation for the Tricida litigation on the day of the lead plaintiff deadline amidst numerous emails with his own counsel, Clynes understandably believed he was communicating with a member of the BES team. *Id.* In fact, he responded by stating that he had already provided that information to a member of the BES team. *Id.* As soon as Rosen filed the motion for appointment as lead plaintiff on behalf of Clynes, Clynes and an attorney at BES spoke on the phone to discern how the error had occurred and immediately made a plan for correction, which was begun the following day and completed the day after. ECF No. 32 n.1; ECF No. 41. While Situ and Fiore mischaracterize this error as indicating inattention and a lack of cohesion, the error only occurred because Clynes has been engaged and proactive in the litigation so far and thus demonstrates his determination to vigorously represent the Class. After this occurrence, Clynes quickly reached out to BES to confirm the names and email addresses of team members and has created a short list of attorneys and paralegals with whom he will communicate regarding the case so that no future errors can occur, again demonstrating his resolve to adequately represent the Class. *See* Declaration of Melissa A. Fortunato in support of Reply Memorandum of Law in Further Support of the Tricida Investor Group's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel at ¶ 2 (attached hereto as Exhibit 1).

Accordingly, as it is undisputed that the Tricida Investor Group has the largest financial loss, filed a timely motion to be appointed lead plaintiff with its PSLRA certifications, and immediately addressed an inadvertent error made by an engaged and proactive member, there is no proof to rebut the Tricida Investor Group's presumption of adequacy and it should therefore be appointed as lead plaintiff.

### D. Situ is Inadequate Under Rule 23

Situ is subject to unique defenses which render her inadequate to be appointed as lead plaintiff under Rule 23. Situ's initial moving papers are unclear; although she states that she retained 10,000 shares at the end of the Class Period, her certification and loss chart do not indicate that is true. If Situ's transactions in Tricida securities are fully represented in her certification and loss chart, then she did not have any pre-Class Period holdings, and thus sold all of her Tricida stock prior to the final corrective disclosure alleged in this Action. *See* ECF No. 31-5. The fact that she did not hold Tricida stock through the final disclosure makes her vulnerable to the argument that she will not be able to prove loss causation for the final disclosure. *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR, 2019 U.S. Dist. LEXIS 88379, at *10-11 (C.D. Cal. Apr. 1, 2019) (refusing to appoint institutional investor as lead plaintiff because it sold all of its stock prior to the final corrective disclosure); *see also Doshi v. Gen. Cable*, C.A. No. 2:17-025 (WOB-CJS), 2017 WL 5178673, at *7-8 (E.D. Ky. Nov. 7, 2017) (same). Given that Situ is subject to unique defenses, she is inadequate to serve as lead plaintiff on behalf of the Class and should be removed from consideration.

### E. The Tricida Investor Group's Choice of Counsel Should Be Approved

The Court should also approve the Tricida Investor Group's choice of counsel. Competing movants do not dispute that BES and Bernstein Liebhard are qualified to represent the Class – nor could they. As demonstrated in the Motion for Appointment as Lead Plaintiff and Approval of Selection of Co-Lead Counsel, BES and Bernstein Liebhard are highly experienced in securities and class action litigation and will prosecute the Action effectively and expeditiously. *See* ECF No. 35-5, 6 (firm résumés).

### III. <u>CONCLUSION</u>

Based on the foregoing, the Tricida Investor Group respectfully requests that the Court grant its Motion and enter an Order: (1) appointing the Tricida Investor Group as Lead Plaintiff, (2) approving the Tricida Investor Group's selection of Bernstein Liebhard and BES as Co-Lead Counsel for the Class, (3) denying all other competing motions for appointment as Lead Plaintiff, and (4) granting such other and further relief as the Court deems just and proper.

DATED: March 29, 2021                    Respectfully submitted,


                                         BRAGAR EAGEL & SQUIRE, P.C.

                                         /s/ *Melissa A. Fortunato*
                                         Melissa A. Fortunato (SBN 319767)
                                         Marion C. Passmore (SBN 228474)
                                         580 California Street, Suite 1200
                                         San Francisco, California 94104
                                         Telephone: (415) 568-2124
                                         Email: fortunato@bespc.com
                                                 passmore@bespc.com

                                         BERNSTEIN LIEBHARD LLP
                                         Laurence J. Hasson (*pro hac vice* to be filed)
                                         10 East 40th Street
                                         New York, NY 10016
                                         Tel: (212) 779-1414
                                         Fax: (212) 779-3218
                                         Email: lhasson@bernlieb.com


                                         *Counsel for the Tricida Investor Group and*
                                         *Proposed Co-Lead Counsel for the Class*

Case No. 5:21-cv-00076-LHK
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL

## <u>CERTIFICATE OF SERVICE</u>

I, Melissa A. Fortunato, hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on this 29th day of March, 2021.

*/s/ Melissa A. Fortunato*
Melissa A. Fortunato

Case No. 5:21-cv-00076-LHK

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE TRICIDA INVESTOR GROUP'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL