Sara B. Brody (SBN 130222)
sbrody@sidley.com
Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  415 772 1279

Matthew J. Dolan (SBN 291150)
mdolan@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
Telephone: 650 565 7106

Robin E. Wechkin (admitted *pro hac vice*)
rwechkin@sidley.com
SIDLEY AUSTIN LLP
8426 316th Place Southeast
Issaquah, WA 98027
Telephone: 415 439 1799

*Attorneys for Defendants*
*Tricida, Inc. and Gerrit Klaerner*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>TRICIDA, INC., and GERRIT KLAERNER,<br><br>    Defendants. | Case No.  5:21-cv-00076-LHK<br><br>CLASS ACTION<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Assigned to: Hon. Lucy H. Koh<br><br>Date:  December 9, 2021<br>Time: 1:30 p.m.<br>Courtroom 8, 4th Floor |

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS:  CASE NO. 5:21-CV-00076-LHK

## I.   INTRODUCTION

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants Tricida, Inc., and Gerrit Klaerner file this request for judicial notice of documents cited in their Motion to Dismiss the Amended Complaint and the accompanying Memorandum of Points and Authorities.  These documents are attached as exhibits to the concurrently-filed Declaration of Sarah Hemmendinger.  Each document is properly subject to judicial notice and/or may be considered under the doctrine of incorporation by reference.

In cases arising under Section 10(b) of the Securities Exchange Act of 1934, defendants' public statements "constitute the subject matter of the claim."  *Wochos v. Tesla, Inc*., 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) (*Wochos I*).  In evaluating motions to dismiss Section 10(b) claims, courts accordingly consider "what representations [defendants] made to the market."  *Id*.; *see also Norfolk Cty. Ret. Sys. v. Solazyme, Inc*., 2016 WL 7475555, at *1 n.1 (N.D. Cal. Dec. 29, 2016) (taking judicial notice of SEC filings, press releases and other investor communications showing that the "market was aware of information") (citation omitted).  All of the documents attached to the Hemmendinger Declaration are "matters of public record" which are "not subject to reasonable dispute," and are therefore properly before the Court as a matter of judicial notice.  *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 999 (9th Cir. 2018) (citations and internal quotation marks omitted); Fed. R. Evid. 201(b).

Many of the documents attached to the Hemmendinger Declaration are also referred to or drawn upon in the Amended Complaint (AC), and are thus also properly before the Court under the doctrine of incorporation by reference.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  In the list below, we provide parenthetical designations referring to the relevant paragraphs in the AC.

By way of further description, Exhibits 1 to 24 are true and correct copies of the following:

1.      Excerpts of Tricida's Rule 424(b)(4) Prospectus filed with the SEC June 29, 2018 (¶¶ 7, 8, 28, 58-60).  Defendants offer the exhibit for the purpose of demonstrating what Tricida said to the market about its business, including the risks associated with its business, in connection with its initial public offering.

1

2.      Excerpts of Tricida's Form 10-K filed with the SEC on March 29, 2019 for the fiscal year ended December 31, 2018 (¶¶ 66, 68-71).  Defendants offer the exhibit for the purpose of demonstrating what Tricida said to the market about, among other things, the FDA's Accelerated Approval Program and the VALOR-CKD clinical trial.

3.      Tricida's Form 8-K filed with the SEC on November 14, 2019.  Defendants offer the exhibit for the purpose of demonstrating what Tricida said to the market about, among other things, its communications with the FDA regarding veverimer.

4.      Tricida's Form 8-K filed with the SEC on February 27, 2020.  Defendants offer the exhibit for the purpose of demonstrating what Tricida said to the market about, among other things, the Company's commercialization efforts.

5.      Excerpts of Tricida's Form 10-K filed with the SEC on March 2, 2020 for the fiscal year ended December 31, 2019 (¶¶ 95-100).  Defendants offer this exhibit for the purpose of demonstrating, among other things, the risk disclosures Tricida made to the market.

6.      [Reserved]

7.      Excerpts of Tricida's Q2 2020 Form 10-Q, filed with the SEC August 6, 2020 for the quarterly period ended June 30, 2020 (¶¶ 16, 37, 102).  Defendants offer the exhibit for the purpose of demonstrating what Tricida said to the market about, among other things, its communications with the FDA regarding veverimer and its commercialization efforts.

8.      Excerpts of Tricida's Q3 2020 Form 10-Q, filed with the SEC November 9, 2020 for the quarterly period ended September 30, 2020.  Defendants offer the exhibit for the purpose of demonstrating what Tricida said to the market about, among other things, layoffs and restructuring costs.

9.      Excerpts of Tricida's Q1 2021 Form 10-Q, filed with the SEC May 7, 2021 for the quarterly period ended March 31, 2021.  Defendants offer this exhibit for the purpose of demonstrating what Tricida said to the market about the Company's ongoing investment in veverimer.

10.    Excerpts of Tricida's Schedule 14A Proxy Statement filed with the SEC April 18, 2019.  Defendants offer this exhibit for the purpose of providing context relevant to stock transactions Plaintiff cites in connection with his scienter allegations.

11.    Excerpts of Tricida's Schedule 14A Proxy Statement filed with the SEC April 29, 2020.  Defendants offer this exhibit for the purpose of providing context relevant to stock transactions Plaintiff cites in connection with his scienter allegations.

12.    Excerpts of Tricida's Schedule 14A Proxy Statement filed with the SEC April 23, 2021.  Defendants offer this exhibit for the purpose of providing context relevant to stock transactions Plaintiff cites in connection with his scienter allegations.

13.    Gerrit Klaerner's SEC Forms 4 filed with the SEC during the purported class period (June 28, 2018 through February 25, 2021).  Defendants offer this exhibit for the purpose of providing context relevant to stock transactions Plaintiff cites in connection with his scienter allegations.

14.    The transcript from Tricida's June 12, 2019 presentation at the Goldman Sachs Global Healthcare Conference (¶¶ 34, 78).  Defendants offer the exhibit for the purpose of demonstrating what Tricida said to the market about, among other things, the FDA's Accelerated Approval Program.

15.    The transcript from Tricida's May 7, 2020 earnings call (¶¶ 17, 101, 102). Defendants offer the exhibit for the purpose of demonstrating what Tricida said to the market about, among other things, communications with the FDA regarding veverimer.

16.    Tricida's January 17, 2019 press release titled "Tricida Announces Hiring of Susannah Cantrell, PhD as Chief Commercial Officer."  Defendants offer the exhibit for the purpose of demonstrating what Tricida said to the market about, among other things, the Company's commercialization efforts.

17.    Tricida's February 25, 2021 press release titled "Tricida Provides Update on FDA Interactions" (¶¶ 9, 17, 23, 44, 72, 102, 120, 132).  Defendants offer the exhibit for the purpose of demonstrating what Tricida said to the market about, among other things, the protocol for the VALOR-CKD clinical trial.

3

18.    David Wesson et al. article and appendix, *Veverimer versus placebo in patients with metabolic acidosis associated with chronic kidney disease: a multicentre, randomised, double blind, controlled, phase 3 trial*, The Lancet, Volume 393, Issue 10179, pp. 1417-27 (March 8, 2019) (¶¶ 68, 78).  Defendants offer the exhibit for the purpose of demonstrating the publicly available information about the location of sites in the TRCA-301 trial.

19.    David Wesson et al. article and appendix, *Long-term safety and efficacy of veverimer in patients with metabolic acidosis in chronic kidney disease: a multicentre, randomised, blinded, placebo-controlled, 40-week extension*, The Lancet, Volume 394, Issue 10196, p. 396-406 (June 24, 2019).  Defendants offer the exhibit for the purpose of demonstrating the publicly available information about the location of sites in the TRCA-301E trial.

20.    FDA Advisory Committee Calendar showing meetings from March 25, 2019 to August 3, 2021.  Defendants offer the exhibit for the purpose of demonstrating the public record regarding Advisory Committee meetings during the first several months of the COVID-19 pandemic.

21.    The December 18, 2017 Study Record on clinicaltrials.gov for Tricida's study, NCT03317444, TRCA-301.  Defendants offer the exhibit for the purpose of demonstrating the publicly available information about the location of sites in the TRCA-301 trial.

22.    The May 15, 2018 Study Record on clinicaltrials.gov for Tricida's study, NCT03317444, TRCA-301.  Defendants offer the exhibit for the purpose of demonstrating the publicly available information about the location of sites in the TRCA-301 trial.

23.    The March 29, 2018 Study Record on clinicaltrials.gov for Tricida's study, NCT03390842, TRCA-301E.  Defendants offer the exhibit for the purpose of demonstrating the publicly available information about the location of sites in the TRCA-301E trial.

24.    The May 4, 2018 Study Record on clinicaltrials.gov for Tricida's study, NCT03390842, TRCA-301E.  Defendants offer the exhibit for the purpose of demonstrating the publicly available information about the location of sites in the TRCA-301E trial.

## II.    ARGUMENT

### A.    Legal Standards

A court may consider documents on a motion to dismiss, even if not relied upon in the complaint, by taking judicial notice of them.  Courts may "judicially notice a fact that is not subject to reasonable dispute" because it "can be accurately and readily be determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Accordingly, "a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment."  *Khoja*, 899 F.3d at 999 (internal citations and quotation marks omitted).

Under the doctrine of incorporation by reference, a court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" on a motion to dismiss.  *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original, internal quotation marks and citations omitted), *superseded by statute on other grounds as stated in In re Quality Sys., Inc. Litig.*, 865 F.3d 1130, 1146 (9th Cir. 2017).  "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  *Khoja*, 899 F.3d at 1002.  A document may be deemed incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *Id*. (citations and internal quotation marks omitted).

### B.    Tricida's SEC Filings Are Subject to Judicial Notice And Many Are Also Incorporated by Reference into the AC (Exhibits 1-5; 7-13)

Exhibits 1-5 and 7-13 to the Hemmendinger Declaration are Tricida SEC filings—specifically, excerpts of Tricida's IPO Prospectus, excerpts of Forms 10-Ks and 10-Qs, Forms 8-K , excerpts of Schedule 14A Proxy Statements, and Forms 4.  Courts routinely take judicial notice of materials filed with the SEC, particularly in securities litigation.  *E.g.*, *Metzler Inv. GMBH v. Corinthian Colls, Inc.*, 540 F.3d 1049, 1064 n.7 (SEC filings are proper subjects of judicial notice); *Kipling v. Flex Ltd.*, 2020 WL 7261314, at *7 (N.D. Cal. Dec. 10, 2020) (taking judicial notice of SEC filings); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are

5

subject to judicial notice); *In re Intel Corp. Sec. Litig*., 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("SEC filings are routinely subject to judicial notice."); *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) (*Wochos II*) (documents filed with the SEC are "appropriate subjects of judicial notice"); *In re SolarCity Corp. Sec. Litig.,* 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (taking judicial notice of proxy statements in evaluating scienter).

Several of these SEC filings (Exhibits 1, 2, 5 and 7) are also appropriately before the Court because they are incorporated by reference into the AC.  The majority of Plaintiff's claims are based on purported omissions from Tricida's Prospectus and Forms 10-K and 10-Q, and Plaintiff quotes these documents at length throughout the AC.  *E.g.*, ¶¶ 58-59, 66, 68-71, 95-100, 102.  Plaintiff's allegations about Tricida's SEC filings can be fairly adjudicated only in light of the actual text of Tricida's statements.  *Khoja*, 899 F.3d at 1002, 1007; *In re Leapfrog Enter., Inc. Sec. Litig*., 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016) (where "[p]laintiffs expressly referred to these exhibits in the FAC, and relied on them as sources of the allegedly fraudulent statements" it was appropriate to consider them incorporated by reference).

Exhibit 13 is a compilation of Klaerner's Forms 4 filed with the SEC during the purported class period.  Forms 4 may likewise be considered on a motion to dismiss because they are judicially noticeable public documents; courts regularly take judicial notice of SEC Forms 4 in securities actions.  *E.g.*, *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("courts may take judicial notice of SEC Forms 4, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan."); *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012) (taking judicial notice of Forms 4).

These Forms 4 are also incorporated by reference because they form the basis of Plaintiff's scienter allegations related to stock sales by Klaerner.  ¶ 122.  Plaintiff cites to Klaerner's sales of Tricida stock on particular dates.  *Id.*  This information is available to Plaintiff only through Klaerner's publicly-filed Forms 4; Plaintiff thus necessarily drew upon these documents in citing to Klaerner's sales.  Under such circumstances, Forms 4 are considered incorporated by reference.  *Silicon Graphics*, 183 F.3d at 986 (district court did not err in considering Form 4s to be

6

incorporated by reference; "having raised questions about officers' stock sales [and] based her allegations on officers' SEC filings, . . . [plaintiff] can hardly complain when the officers refer to the same information in their defense") (internal brackets and quotation marks omitted).

**C.    Tricida's Press Releases and Earnings Call and Presentation Transcripts Are Subject to Judicial Notice And/Or Incorporated by Reference Into The AC (Exhibits 14-17)**

Exhibits 14 to 17 to the Hemmendinger Declaration are press releases and transcripts from earnings calls and other presentations to investors.  The accuracy of such documents "is not reasonably subject to dispute."  *Wochos I*, 2018 WL 4076437, at *2.  Tricida's investor call transcripts and press releases are judicially noticeable for the purpose of determining what information was available to the market; courts consistently take notice of such materials in securities actions.  *Id.*; *see also Kipling*, 2020 WL 7261314 at *7 (taking judicial notice of earnings calls transcripts); *Wochos II*, 2019 WL 1332395, at *2 ("earnings conference call transcripts" are appropriate subjects of judicial notice); *Norfolk Cty. Ret. Sys*, 2016 WL 7475555, at *1 n.1 (taking judicial notice of press releases); *Colyer v. AcelRx Pharms., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) (taking judicial notice of press releases).

The Court may also consider Exhibits 14, 15 and 17 (Tricida's investor call transcripts and Tricida's February 25, 2021 press release) under the doctrine of incorporation by reference, as Plaintiffs explicitly rely on the documents as the bases of their claims.  *E.g.* ¶¶ 17, 23, 34, 44, 72, 78, 101, 102, 120.  Documents are incorporated by reference where "[p]laintiffs expressly refer[] to these exhibits in the [complaint], and rel[y] on them as sources of the allegedly fraudulent statements."  *Leapfrog*, 200 F. Supp. 3d at 993; *see also Khoja*, 899 F.3d at 1002.  Because Plaintiff relies on and extensively quotes Exhibits 14, 15, and 17 as the bases of his claims, the full text of these documents is properly before the Court.  "Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript."  *Colyer*, 2015 WL 7566809, at *3; *see also Khoja*, 899 F.3d at 1002 (same).

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS:  CASE NO. 5:21-cv-00076-LHK

### D.    Tricida's Publications Regarding Its Clinical Trial Results Are Subject to Judicial Notice (Exhibits 18-19)

Exhibits 18 to 19 to the Hemmendinger Declaration are articles (together with their appendices) published in the medical journal *The Lancet* regarding the results of Tricida's Phase 3 clinical trials.  These articles are judicially noticeable.  Courts consistently take judicial notice of publicly available articles "to indicate what was in the public realm at the time[.]"  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (internal quotation marks and citations omitted); *see also Nguyen v. Endologix, Inc*., 2018 WL 10321880, at *1 (C.D. Cal. Sept. 6, 2018) (taking judicial notice of "articles published in scientific journals"), *aff'd*, 962 F.3d 405 (9th Cir. 2020); *Brodsky v. Yahoo! Inc*., 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (taking judicial notice of articles); *Wochos II*, 2019 WL 1332395, at *2 (taking judicial notice of articles).

### E.    Government Websites Are Proper Subjects of Judicial Notice (Exhibits 20-24)

Exhibits 20 through 24 are webpages available on the FDA's website or the National Institutes of Health (NIH)'s National Library of Medicine's website clinicaltrials.gov.  Documents on government agency websites are appropriately subject to judicial notice.  *See e.g.*, *Michery v. Ford Motor Co.*, 650 F. App'x 338, 341 n.2 (9th Cir. 2016) (taking judicial notice of documents on a government website); *Ferraro Family Found., Inc. v. Corcept Therapeutics Inc*., 501 F. Supp. 3d 735, 752 (N.D. Cal. 2020) ("documents found on government websites" were proper subjects of judicial notice).  Courts regularly take judicial notice of documents on FDA or NIH websites in particular, including clinicaltrials.gov.  *See e.g.*, *Weinstein v. Kirkman,* 2013 WL 12121125, at *1 n.2 (W.D. Wash. Sept. 16, 2013) (taking judicial notice of "a clinical trial design document published on the National Institutes for Health's website at clinicaltrials.gov"); *Abely v. Aeterna Zentaris Inc.*, 2013 WL 2399869, at *22 (S.D.N.Y. May 29, 2013) (taking judicial notice of documents on clinicaltrials.gov and noting that "it is appropriate to review the versions of the studies' designs as published and available online through the National Institutes for Health at ClinicalTrials.gov").

8

## III.    CONCLUSION

For the reasons stated above, the documents attached to the Hemmendinger Declaration and cited in Defendants' motion to dismiss are properly before the Court.


Date:  July 16, 2021                                    Respectfully submitted,

                                                        **SIDLEY AUSTIN LLP**


                                                        By:*/s/ Sara B. Brody*
                                                            Sara B. Brody (SBN 130222)

                                                            *Attorneys for Defendants*
                                                            *Tricida, Inc. and Gerrit Klaerner*

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS:  CASE NO. 5:21-CV-00076-LHK