Sara B. Brody (SBN 130222)
sbrody@sidley.com
Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415 772 1279

Matthew J. Dolan (SBN 291150)
mdolan@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
Telephone: 650 565 7106

Robin E. Wechkin (admitted *pro hac vice*)
rwechkin@sidley.com
SIDLEY AUSTIN LLP
8426 316th Place Southeast
Issaquah, WA 98027
Telephone: 415 439 1799

*Attorneys for Defendants*
*Tricida, Inc. and Gerrit Klaerner*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRICIDA, INC., and GERRIT KLAERNER,<br><br>Defendants. | Case No.  5:21-cv-00076-LHK<br><br>CLASS ACTION<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT, AND SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE**<br><br>Hon. Lucy H. Koh<br><br>Date:  December 9, 2021<br>Time: 1:30 p.m.<br>Courtroom 8, 4th Floor |

Defendants Tricida, Inc. and Gerrit Klaerner file this brief for two purposes. First, Plaintiff has opposed Defendants' Request for Judicial Notice (Dkt. 77, the RJN) with respect to six documents. Plaintiff did not file a standalone opposition to Defendants' RJN. Plaintiff's objections to judicial notice are contained in three footnotes in Plaintiff's Opposition to Defendants' Motion to Dismiss (Dkt. 79, Opp.). Defendants show in this brief why Plaintiff's objections are meritless.

Second, Defendants have submitted a number of new exhibits in connection with the reply brief in support of their motion to dismiss, which is filed concurrently with this brief. Those exhibits are attached to the Reply Declaration of Sarah Hemmendinger, also filed concurrently with this brief. Defendants show in this brief why the reply exhibits are properly subject to judicial notice or have been incorporated by reference into the Complaint.

## I.    REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

Plaintiff does not oppose Defendants' Request for Judicial Notice with respect to 18 of the 24 documents at issue. Specifically, Plaintiff does not dispute that the Complaint incorporates by reference Exhibits 1, 2, 5, 7, 14, 15, 17 (SEC filings, earnings call and investor conference transcripts, and a press release), or that Exhibits 1-5, 7-17, 20 (SEC filings, earnings call and investor conference transcripts, press releases and a publicly-posted FDA calendar) are subject to judicial notice.

However, Plaintiff argues in three footnotes in his opposition to Defendants' Motion to Dismiss that the Court should not consider:

- Exhibits 18 and 19, which are two articles from the scientific journal *The Lancet*, and

- Exhibits 21-24, which are pages from the public website clinicaltrials.gov, published by the National Institutes of Health as part of its National Library of Medicine.

Opp. at 3 n.2; 9 nn.5 & 6.[1]  Plaintiff's objections are without merit.

***The Lancet.***  Plaintiff asserts that Defendants seek judicial notice of the two articles published in *The Lancet* "for the purpose of demonstrating that investors knew this information . . . counterbalanced Defendants' misleading statements." Opp. at 9 n.5. Plaintiff is mistaken. As

---

[1] Plaintiff suggests at one point that he also objects to Exhibit 20—an FDA calendar—but does not further discuss the calendar or explain why it is not a proper subject of judicial notice. Opp. at 9 n.6.

1

Defendants explain in their reply brief, they are not raising a "truth-on-the-market" defense, in which the concept of "counterbalancing" would be relevant. Defendants' argument is that the information Plaintiff claims was omitted was in reality disclosed. As this Court has recognized, that is distinct from a "truth-on-the-market" defense. *City of Royal Oak Ret. Sys. v. Juniper Networks*, 880 F. Supp. 2d 1045, 1066 n.6 (N.D. Cal. 2012) (explaining that "truth-on-the-market" is "inapposite" where "Defendants argue that they disclosed all required information, not that they failed to make required disclosures but should be excused because other sources have already made the same information available").

Consistent with their argument that the allegedly concealed information was disclosed, Defendants offer the *Lancet* publications for the purpose of showing "what was in the public realm at the time." *McGovney v. Aerohive Networks, Inc.*, 2019 WL 8137143, at *7 (N.D. Cal. Aug. 7, 2019) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010)). Courts routinely take judicial notice of articles published in scientific journals and other publications for the purpose of showing what information was available in the marketplace. *E.g.*, *Nguyen v. Endologix, Inc.*, 2018 WL 10321880, at *1 n.1 (C.D. Cal. Sept. 6, 2018) (taking judicial notice of "articles published in scientific journals"), *aff'd*, 962 F.3d 405 (9th Cir. 2020); *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice that the "market was aware of the information" contained in news articles); *Masimo Corp. v. Apple Inc.*, 2021 WL 925885, at *2 (C.D. Cal. Jan. 6, 2021) (taking judicial notice of an "abstract of an article published in a scientific journal").

The one decision Plaintiff cites—*Khoja v. Orexigen Therapeutics*, 899 F.3d 988 (9th Cir. 2018)—is not to the contrary. Opp. at 3, n.2; 9, n.5. In *Khoja*, the Ninth Circuit cautioned against overuse of incorporation by reference and judicial notice, but reiterated that a "court may take judicial notice of matters of public record" that are "not subject to reasonable dispute." 899 F.3d at 999 (citation omitted). The Ninth Circuit accordingly held that the district court had appropriately taken judicial notice of a foreign government agency document whose authenticity and accuracy were not questioned. By contrast, two other public documents were not susceptible to judicial notice because there was "reasonable dispute" about their contents. *Id.* at 999-1002. Here, Plaintiff does

2

not question the accuracy or authenticity of either the *Lancet* articles or the clinicaltrials.gov exhibits discussed below.  Nor are the relevant contents of these exhibits subject to "reasonable dispute."  Under *Khoja*, both the *Lancet* articles and the website pages are appropriately subject to judicial notice.

    *clinicaltrials.gov.*  Plaintiff also argues that the Court should decline to consider Exhibits 21-24, webpages available on the National Institutes of Health website clinicaltrials.gov.  Plaintiff argues that Defendants have offered these exhibits "for the purpose of demonstrating that investors knew this information contradicted or explained Defendants' misleading SEC statements."  Opp. at 9 n.6.  Plaintiff is again mischaracterizing Defendants' actual argument.  Defendants' argument is that the allegedly omitted information was disclosed.  This is distinct from a "truth-on-the-market" defense, in which a Section 10(b) defendant argues that concededly false or misleading statements were neutralized or contradicted by other, truthful information in the market.  Defendants have offered the clinicaltrials.gov exhibits for the straightforward purpose of showing that information was publicly available.  Courts regularly take judicial notice of government publications, including websites, for this purpose.  *E.g.*, *Ferraro Family Found., Inc. v. Corcept Therapeutics Inc.*, 501 F. Supp. 3d 735, 752 (N.D. Cal. 2020) ("documents found on government websites" were proper subjects of judicial notice); *Colyer v. Acelrx Pharms., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) (taking judicial notice of FDA document).  Indeed, multiple courts have specifically taken judicial notice of documents on clinicaltrials.gov.  *E.g.*, *Weinstein v. Kirkman*, 2013 WL 12121125, at *1 n.2 (W.D. Wash. Sept. 16, 2013) (taking judicial notice of "a clinical trial design document published on the National Institutes for Health's website at clinicaltrials.gov"); *Abely v. Aeterna Zentaris Inc.*, 2013 WL 2399869, at *22 (S.D.N.Y. May 29, 2013) (taking judicial notice of documents on clinicaltrials.gov and noting that "it is appropriate to review the versions of the studies' designs as published and available online through the National Institutes for Health at ClinicalTrials.gov").

## II.    SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE

    In their Reply in Support of Defendants' Motion to Dismiss, Defendants cite eight additional exhibits.  In each instance, Defendants cite these exhibits in responding to points raised in Plaintiff's

3

opposition to their motion to dismiss.

The eight documents are all "matters of public record" and are appropriately before the Court as a matter of judicial notice. *Khoja*, 899 F.3d at 999. Because Plaintiff has also drawn extensively on Reply Exhibits 1 and 7 in the Complaint, these documents have additionally been incorporated by reference into the Complaint and are appropriately before the Court for that reason. *Id.* at 1002.

By way of further description, Reply Exhibits 1 to 8 are true and correct copies of the following:

**Reply Exhibit 1:** The transcript from Tricida's March 28, 2019 earnings call (¶¶ 15, 31, 33).[2] Defendants offer the exhibit for the purpose of demonstrating what Tricida said to the market about, among other things, publication of clinical trial results for veverimer in *The Lancet*.

**Reply Exhibit 2:** Tricida's Form 8-K filed with the SEC on January 13, 2020. Defendants offer the exhibit for the purpose of demonstrating what Tricida said to the market about, among other things, publication of clinical trial results for veverimer in *The Lancet*.

**Reply Exhibit 3:** Prof. Donald E. Wesson, M.D., et al. article summary, *Veverimer versus placebo in patients with metabolic acidosis associated with chronic kidney disease: a multicentre, randomised, double blind, controlled, phase 3 trial*, The Lancet (Mar. 8, 2019), https://www.thelancet.com/article/S0140-6736(18)32562-5/fulltext, (¶¶ 68, 78). Defendants offer the exhibit for the purpose of demonstrating the publicly available information about the location of sites in the TRCA-301 trial.

**Reply Exhibit 4:** Prof. Donald E. Wesson, M.D., et al. article summary, *Long-term safety and efficacy of veverimer in patients with metabolic acidosis in chronic kidney disease: a multicentre, randomised, blinded, placebo-controlled, 40-week extension*, The Lancet (June 24, 2019), https://www.thelancet.com/journals/lancet/article/PIIS0140-6736(19)31388-1/fulltext. Defendants offer the exhibit for the purpose of demonstrating the publicly available information about the location of sites in the TRCA-301E trial.

**Reply Exhibit 5:** U.S. Food & Drug Administration, *Glossary of Terms on Clinical Trials for Patient Engagement Advisory Committee*, https://www.fda.gov/media/108378/download,

[2] "¶_" citations in this brief refer to the paragraphs in the operative amended complaint, Dkt. 72.

4

accessed via its parent web page at U.S. Food & Drug Administration, *2017 Meeting materials of the Patient Engagement Advisory Committee* (Nov. 8, 2017), https://www.fda.gov/advisory-committees/patient-engagement-advisory-committee/2017-meeting-materials-patient-engagement-advisory-committee.  Defendants offer the exhibit for the purpose of demonstrating publicly available information regarding definitions of terms related to clinical trials.

**Reply Exhibit 6:**  National Institutes of Health, National Cancer Institute, *Definition of multicenter study*, https://www.cancer.gov/publications/dictionaries/cancer-terms/def/multicenter-study.  Defendants offer the exhibit for the purpose of demonstrating publicly available information regarding the definition of the term "multicenter study."

**Reply Exhibit 7:**  U.S. Food & Drug Administration, *Guidance for Industry, Providing Clinical Evidence of Effectiveness for Human Drug and Biological Products* (May 1998), https://www.fda.gov/media/71655/download (¶¶ 12, 57).  Defendants offer the exhibit for the purpose of providing the context of statements cited by Plaintiff.

**Reply Exhibit 8:**  Excerpts of U.S. Food & Drug Administration, SOPP 8401: Administrative Processing of Original Biologics License Applications (BLA) and New Drug Applications (NDA) (Mar. 7, 2021), https://www.fda.gov/media/85659/download.  Defendants offer the exhibit for the purpose of demonstrating publicly available information regarding the definition of the term "review issues."

\*        \*        \*

For the reasons set forth above and in Defendants' Request for Judicial Notice, these documents are all appropriately subject to judicial notice or are incorporated by reference.

Reply Exhibits 1 and 2 are an earnings call transcript and Form 8-K filed with the SEC, the accuracy of which are not reasonably subject to dispute.  These documents are subject to judicial notice, and courts regularly take judicial notice of such materials in securities actions.  RJN at 5-7.  Exhibit 1, the transcript of Tricida's March 28, 2019 earnings call, is also appropriately before the Court under the doctrine of incorporation by reference, as Plaintiff explicitly relies on and extensively quotes this transcript as a basis of his claims.  ¶¶ 15, 31, 33; RJN at 7.

Reply Exhibits 3-4 are summaries of two articles in the scientific journal, *The Lancet*, posted publicly on *The Lancet*'s website. These article summaries are judicially noticeable for the same reasons as the full text *Lancet* publications discussed above. *Supra* at 1-2; RJN at 8.

Reply Exhibits 5-8 are publications from the U.S. Food & Drug Administration or the National Institutes of Health ("NIH"). Documents on government agency websites are appropriately subject to judicial notice, and as set forth in the discussion above regarding the NIH's clinicaltrials.gov website, courts routinely take judicial notice of documents on NIH or FDA websites. *Supra* at 3; RJN at 8. Exhibit 7, an FDA *Guidance for Industry* publication is also appropriately before the Court under the doctrine of incorporation by reference. Plaintiff quotes at length from this document. ¶¶ 12, 57. Plaintiff's allegations regarding the *Guidance for Industry* document can be fairly adjudicated only in light of the actual text of that document. *Khoja*, 899 F.3d at 1002.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Reply Exhibits 1-8 under the doctrines of incorporation by reference and/or judicial notice, and grant their previous request for judicial notice of Exhibits 1 through 24.

Date:  September 15, 2021

Respectfully submitted,

**SIDLEY AUSTIN LLP**

By:*/s/ Sara B. Brody*
     Sara B. Brody (SBN 130222)

*Attorneys for Defendants*