Sara B. Brody (SBN 130222)
sbrody@sidley.com
Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415 772 1279
Facsimile: 415 772 7400

Matthew J. Dolan (SBN 291150)
mdolan@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
Telephone: 650 565 7106
Facsimile: 650 565 7100

Robin E. Wechkin (*pro hac vice*)
rwechkin@sidley.com
SIDLEY AUSTIN LLP
8426 316th Place Southeast
Issaquah, WA 98027
Telephone: 415 439 1799

Attorneys for Defendants
Tricida, Inc., and Gerrit Klaerner

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> TRICIDA, INC., and GERRIT KLAERNER, <br><br> Defendant. | Case No.  4:21-cv-00076-HSG <br><br> CLASS ACTION <br><br> **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS TO AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> Assigned to: Hon. Haywood S. Gilliam, Jr. <br><br> <u>JURY TRIAL DEMANDED</u> |

Defendants Tricida, Inc. ("Tricida") and Gerrit Klaerner (collectively, "Defendants"), through their undersigned attorneys, hereby answer Lead Plaintiff's ("Lead Plaintiff") Amended Complaint for Violations of Federal Securities Laws ("Complaint") (Dkt. 72).  Defendants provide this Answer subject to, and without waiving, their right to protect from disclosure all communications protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or applicable discovery protection.

On July 29, 2022, the Court granted in part and denied in part Defendants' motions to dismiss the Complaint.  Dkt. 93.  The Court allowed Plaintiff to proceed with claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 with respect to one category of challenged statements:  statements regarding the May 1, 2020 late-cycle meeting.  *Id.* at 31.  The Court held that Plaintiff had adequately pled that Defendants' omission of information about the FDA's purported concern with the applicability of clinical trial data from foreign patients to the U.S. population was misleading.  No response is required in this Answer with respect to any allegations pertaining to the alleged misrepresentations and omissions dismissed by the Court.

Except as expressly admitted herein, Defendants deny any and all allegations set forth in the Complaint.  Insofar as the section headings and subheadings of the Complaint purport to state factual allegations, Defendants deny each and every allegation in the section headings and subheadings.  Paragraph numbers in this Answer correspond to paragraph numbers in the Complaint and respond to the allegations in each such paragraph.

## RESPONSE TO ALLEGATIONS

AND NOW, incorporating the foregoing, Defendants further answer the allegations in the Complaint as follows:

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may have conducted, including any interviews Lead Plaintiff's counsel may have conducted and whether any investigation relied on the documents and sources listed by Lead Plaintiff.  Defendants otherwise deny the allegations in paragraph 1.

2.     Defendants admit that Lead Plaintiff purports to have filed a class action alleging violations of the Securities Exchange Act of 1934.  Paragraph 2 otherwise characterizes Lead Plaintiff's claims (to which no response is required) or the Complaint (which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context).  Defendants admit that Gerrit Klaerner, Ph.D., founded Tricida, and has served as a member of Tricida's board of directors since July 2013 and as Chief Executive Officer and President since August 2013.  To the extent any further response is required, Defendants deny the remaining allegations in Paragraph 2.

3.     Paragraph 3 characterizes Lead Plaintiff's claims, to which no response is required. Defendants admit that Lead Plaintiff purports to bring this action for a "Class Period" which Lead Plaintiff defines as June 28, 2018 through February 25, 2021, inclusive.  Defendants deny that class treatment in the manner set forth and for the time period alleged is appropriate and otherwise deny the allegations in paragraph 3.

4.     Defendants admit that Tricida has developed the drug candidate veverimer as a non-absorbed, orally-administered polymer designed to treat metabolic acidosis by binding and removing acid from the gastrointestinal, or GI, tract.  Except as expressly admitted, Defendants deny the allegations in paragraph 4.

5.     Defendants admit that Tricida conducted a Phase 3 clinical trial, TRCA-301/301E, that comprised a 12-week parent study followed by a 40-week extension, for veverimer.  Defendants admit that Tricida submitted a New Drug Application (NDA) to the FDA under the Accelerated Approval Program for approval of veverimer for the treatment of metabolic acidosis in patients with CKD on September 4, 2019.  Defendants admit that as part of the Accelerated Approval Program, the FDA may require one or more confirmatory postmarketing trials.  Except as expressly admitted, Defendants deny the allegations in paragraph 5.

6.     Paragraph 6 quotes from and characterizes Tricida's June 5, 2018 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context.   Defendants otherwise deny the allegations in paragraph 6.

7.     To the extent the allegations in paragraph 7 consist of legal conclusions, no response is required.  Defendants admit that Tricida issued 13,455,000 shares of common stock in its Initial

ANSWER TO AMENDED COMPLAINT - Case No. 4:21-cv-00076-HSG

Public Offering ("IPO"), including shares that its underwriters had the option to purchase. Further, Defendants admit that the shares sold in the IPO were priced at $19 per share, that the shares began trading on June 28, 2018, and that the IPO resulted in cash proceeds of $255.6 million. Defendants respectfully refer the Court to the Offering Documents[1] for their complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 7.

8.     Paragraph 8 quotes from and characterizes Tricida's Offering Documents, which speak for themselves, and to which Defendants respectfully refer the Court for their complete and accurate content and context. To the extent the allegations in paragraph 8 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 8.

9.     Paragraph 9 quotes from and characterizes Tricida's February 25, 2021 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context. To the extent the allegations in paragraph 9 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 9.

10.    Paragraph 10 purports to paraphrase from Tricida's February 25, 2021 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context. To the extent the allegations in paragraph 10 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 10.

11.    Paragraph 11 quotes from and characterizes studies published by the FDA and National Institutes of Health, which speak for themselves, and to which Defendants refer the Court for their complete and accurate content and context. To the extent the allegations in paragraph 11 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 11.

12.    Paragraph 12 quotes from and characterizes FDA guidance, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context. To the

---

[1] "Offering Documents" refers to the prospectus filed with the United States Securities and Exchange Commission (the "SEC") on June 29, 2018 by Tricida (the "Prospectus") and the registration statement filed with the SEC on June 4, 2018 by Tricida (the "Registration Statement"), and all prior versions or subsequent amendments thereof, including the exhibits thereto and documents incorporated by reference. The "Offering" or the "IPO" refers to the stock offering by Tricida made pursuant to the Offering Documents.

extent the allegations in paragraph 12 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 12.

13. To the extent the allegations in paragraph 13 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 13.

14. The allegations in paragraph 14 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

15. Defendants admit that Tricida held an earnings call on March 28, 2019 and that third parties provide transcripts from such calls. Defendants deny the allegations to the extent the earnings call transcript differs from what was actually said. Defendants otherwise deny the allegations in paragraph 15.

16. Paragraph 16 quotes Tricida's August 6, 2020 10-Q, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context. To the extent the allegations in paragraph 16 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 16.

17. Defendants admit that Tricida held an earnings call on May 7, 2020 and state that third parties provide transcripts from such calls. Defendants deny the allegations to the extent the earnings call transcript differs from what was actually said. To the extent the allegations in paragraph 17 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 17.

18. Paragraph 18 quotes Tricida's July 15, 2020 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context. Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock. To the extent the allegations in paragraph 18 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 18.

19. Paragraph 19 quotes Tricida's August 24, 2020 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context. Defendants respectfully refer the Court to publicly reported market services for the trading price of

Tricida's common stock. To the extent the allegations in paragraph 19 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 19.

20. Paragraph 20 quotes Tricida's October 29, 2020 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 20.

21. To the extent the allegations in paragraph 21 consist of legal conclusions, no response is required. Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock. Defendants otherwise deny the allegations in paragraph 21.

22. Paragraph 22 quotes Tricida's December 8, 2020 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context. To the extent the allegations in paragraph 22 consist of legal conclusions, no response is required. Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock. Defendants otherwise deny the allegations in paragraph 22.

23. Paragraph 23 quotes Tricida's February 25, 2021 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context. To the extent the allegations in paragraph 23 consist of legal conclusions, no response is required. Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock. Defendants otherwise deny the allegations in paragraph 23.

24. Defendants deny that Lead Plaintiff and the other investors suffered damages as a result of conduct alleged in the Complaint and otherwise lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 except to admit on that on April 2, 2021, Jeffrey M. Fiore was appointed Lead Plaintiff by order of this Court. Defendants otherwise deny the allegations in paragraph 24.

25. Defendants admit that Tricida is a pharmaceutical company focused on the development and commercialization of its drug candidate, veverimer (also known as TRC101) a non-absorbed, orally-administered polymer designed to treat metabolic acidosis by binding and removing acid from the gastrointestinal, or GI, tract. Defendants admit that Tricida's goal is to slow

ANSWER TO AMENDED COMPLAINT - CASE NO. 4:21-CV-00076-HSG

the progression of chronic kidney disease through the treatment of metabolic acidosis.  Defendants admit that Tricida submitted its NDA for veverimer through the FDA's Accelerated Approval Program.  Defendants admit that as part of the Accelerated Approval Program, the FDA may require one or more confirmatory postmarketing trials to verify and describe the anticipated effect or clinical benefit of TRC101.  Defendants admit that Tricida used serum bicarbonate level as a surrogate endpoint.  Defendants otherwise deny the allegations in paragraph 25.

26.    Defendants admit that Tricida completed its veverimer Phase 3 trial (TRCA-301) in May 2018.  To the extent that Plaintiff quote Tricida's June 5, 2018 press release, that document speaks for itself and is the best statement of its contents.  Defendants otherwise deny the allegations in paragraph 26.

27.    Defendants admit that the TRCA-301/TRCA-301E trials were conducted with majority enrollment outside the United States.  Defendants admit that in the TRCA-301 trial, 190 trial subjects were located in Eastern Europe and 27 trial subjects were located in the U.S., and that in the TRCA-301E trial 179 trial subjects were located in Eastern Europe and 17 trial subjects were located in the U.S.  Defendants respectfully refer the Court to Tricida's study records on ClinicalTrials.gov for a complete and accurate account of the TRCA-301 and TRCA-301E trial site locations.  To the extent the allegations in paragraph 27 consist of legal conclusions, no answer is required.  Defendants otherwise deny the allegations in paragraph 27.

28.    Defendants admit they made an IPO of stock on June 28, 2018, and sold approximately $255 million in common stock to the class.  Defendants respectfully refer the Court to the Offering Documents for a complete account of the IPO.  To the extent the allegations in paragraph 28 contain legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 28.

29.    The allegations in paragraph 29 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

30.    The allegations in paragraph 30 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

ANSWER TO AMENDED COMPLAINT - CASE NO. 4:21-CV-00076-HSG

31. The allegations in paragraph 31 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

32. The allegations in paragraph 32 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

33. The allegations in paragraph 33 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

34. The allegations in paragraph 34 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

35. Paragraph 35 quotes Tricida's September 4, 2019 and November 14, 2019 press releases, which speak for themselves, and to which Defendants refer the Court for their complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 35.

36. Paragraph 36 quotes Tricida's July 15, 2020 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context. To the extent the allegations in paragraph 36 consist of legal conclusions, no response is required. Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock. Defendants otherwise deny the allegations in paragraph 36.

37. Paragraph 37 quotes Tricida's August 6, 2020 form 10-Q, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context. To the extent the allegations in paragraph 37 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 37.

38. Defendants admit that Tricida held an earnings call on August 5, 2020 and state that third parties provide transcripts from such calls. Defendants deny the allegations to the extent the earnings call transcript differs from what was actually said. To the extent the allegations in paragraph 38 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 38.

39. Paragraph 39 quotes and characterizes Tricida's August 24, 2020 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 39.

40.	The allegations in paragraph 40 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

41.	Defendants admit that Tricida held a conference call on October 29, 2020 and state that third parties provide transcripts from such calls.  Defendants deny the allegations to the extent the earnings call transcript differs from what was actually said.  To the extent the allegations in paragraph 41 consist of legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 41.

42.	To the extent the allegations in paragraph 42 consist of legal conclusions, no response is required.  Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock.  Defendants otherwise deny the allegations in paragraph 42.

43.	The allegations in paragraph 43 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

44.	Paragraph 44 purports to quote and paraphrase from Tricida's February 25, 2021 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context.  Defendants otherwise deny the allegations in paragraph 44.

45.	To the extent the allegations in paragraph 45 consist of legal conclusions, no response is required.  Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock.  Defendants otherwise deny the allegations in paragraph 45.

46.	To the extent the allegations of paragraph 46 consist of legal conclusions, no response is required.  Defendants admit that Lead Plaintiff seeks to state claims against them under Sections 10(b) and 20(a) of the Exchange Act.  Defendants otherwise deny the allegations in paragraph 46.

47.	To the extent that the allegations in paragraph 47 consist of legal conclusions, no response is required.  Defendants admit that Plaintiffs purport to base jurisdiction over the subject of this action on the statutes cited in paragraph 47.  Defendants otherwise deny the allegations in paragraph 47.

ANSWER TO AMENDED COMPLAINT - CASE NO. 4:21-CV-00076-HSG

48.    To the extent that the allegations in paragraph 48 consist of legal conclusions, no response is required.  Defendants admit that venue is proper.  Defendants otherwise deny the allegations in paragraph 48.

49.    To the extent that the allegations in paragraph 49 consist of legal conclusions, no response is required.  Defendants admit that Tricida used the United States mail, interstate telephone communications, and the facilities of the national securities markets.  Defendants otherwise deny the allegations in paragraph 49.

50.    Defendants deny that Lead Plaintiff suffered damages as a result of conduct alleged in the Complaint and otherwise deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50, except to admit that on April 2, 2021, Jeffrey M. Fiore was appointed Lead Plaintiff by order of this Court.

51.    Defendants admit that Tricida is incorporated in Delaware, and that its principal executive offices are in South San Francisco, California.  Defendants admit that Tricida's common stock trades under the ticker symbol "TCDA" on the NASDAQ.  To the extent that the allegations in paragraph 51 consist of legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 51.

52.    Defendants admit that Dr. Gerrit Klaerner, Ph.D., is the Founder of Tricida, has served as a member of Tricida's board of directors since July 2013 and as Tricida's Chief Executive Officer and President since August 2013.  Defendants admit that Dr. Klaerner was the founder of Relypsa, Inc. and served as its President and as a member of its board of directors from October 2007 until June 2013.  Defendants admit that Dr. Klaerner co-founded Ilypsa, Inc. in 2003 and served as its Chief Business Officer and Senior Vice President from December 2006 until July 2007 and its Vice President of Business Development from January 2003 until December 2006.  Defendants admit that Dr. Klaerner served in Symyx Technologies, Inc. from October 1998 until January 2003 as Staff Scientist, Senior Staff Scientist and Director of Business Development.  Defendants otherwise deny the allegations in paragraph 52.

53.    To the extent that Plaintiff quotes from or characterizes Tricida's Code of Business Conduct and Ethics, that document speaks for itself and is the best statement of its contents.  To the

extent that the allegations in paragraph 53 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 53.

54.    Paragraph 55 quotes from and characterizes Tricida's June 5, 2018 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context.  Defendants otherwise deny the allegations in paragraph 54.

55.    Paragraph 55 quotes from and characterizes Tricida's June 5, 2018 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context.  The remaining allegations of this paragraph consist of legal conclusions to which no response is required.  Defendants otherwise deny the allegations in paragraph 55.

56.    Paragraph 56 quotes from and characterizes scientific articles, which speak for themselves, and to which Defendants refer the Court for their complete and accurate content and context.  To the extent the allegations in paragraph 56 consist of legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 56.

57.    The allegations in paragraph 57 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

58.    The allegations in paragraph 58 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

59.    The allegations in paragraph 59 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

60.    The allegations in paragraph 60 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

61.    The allegations in paragraph 61 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

62.    The allegations in paragraph 62 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

63.    The allegations in paragraph 63 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

ANSWER TO AMENDED COMPLAINT - CASE NO. 4:21-CV-00076-HSG

64. The allegations in paragraph 64 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

65. The allegations in paragraph 65 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

66. The allegations in paragraph 66 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

67. The allegations in paragraph 67 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

68. The allegations in paragraph 68 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

69. The allegations in paragraph 69 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

70. The allegations in paragraph 70 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

71. The allegations in paragraph 71 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

72. The allegations in paragraph 72 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

73. The allegations in paragraph 73 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

74. The allegations in paragraph 74 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

75. The allegations in paragraph 75 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

76. The allegations in paragraph 76 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

77. The allegations in paragraph 77 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

ANSWER TO AMENDED COMPLAINT - CASE NO. 4:21-CV-00076-HSG

78. The allegations in paragraph 78 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

79. The allegations in paragraph 79 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

80. The allegations in paragraph 80 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

81. The allegations in paragraph 81 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

82. The allegations in paragraph 82 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

83. The allegations in paragraph 83 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

84. The allegations in paragraph 84 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

85. The allegations in paragraph 85 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

86. The allegations in paragraph 86 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

87. The allegations in paragraph 87 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

88. The allegations in paragraph 88 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

89. The allegations in paragraph 89 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

90. The allegations in paragraph 90 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

91. The allegations in paragraph 91 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

92.     The allegations in paragraph 92 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

93.     The allegations in paragraph 93 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

94.     The allegations in paragraph 94 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

95.     The allegations in paragraph 95 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

96.     The allegations in paragraph 96 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

97.     The allegations in paragraph 97 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

98.     The allegations in paragraph 98 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

99.     The allegations in paragraph 99 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

100.    The allegations in paragraph 100 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

101.    Defendants admit that Tricida held an earnings call on May 7, 2020 and state that third parties provide transcripts from such calls.  Defendants deny the allegations to the extent the earnings call transcript differs from what was actually said.  Defendants otherwise deny the allegations in paragraph 101.

102.    To the extent the allegations of paragraph 102 consist of legal conclusions, no response is required.  Paragraph 102 quotes from Tricida's August 6, 2020 form 10-Q, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context.  Paragraph 102 quotes from and characterizes Tricida's February 25, 2021 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context.  Defendants otherwise deny the allegations in paragraph 102.

ANSWER TO AMENDED COMPLAINT - CASE NO. 4:21-CV-00076-HSG

103.    To the extent the allegations in paragraph 103 consist of legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 103.

104.    The allegations in paragraph 104 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

105.    The allegations in paragraph 105 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

106.    The allegations in paragraph 106 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

107.    The allegations in paragraph 107 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

108.    Paragraph 108 quotes from and characterizes Tricida's May 8, 2020 10-Q, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context.  To the extent the allegations in paragraph 108 consist of legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 108.  To the extent Lead Plaintiff challenges the quoted language, this claim has been dismissed by the Court.  Defendants are not required to answer these allegations.

109.    Paragraph 109 quotes from and characterizes Tricida's July 15, 2020 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context.  Defendants otherwise deny the allegations in paragraph 109.

110.    To the extent the allegations in paragraph 110 consist of legal conclusions, no response is required.  Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock.  Defendants otherwise deny the allegations in paragraph 110.

111.    To the extent the allegations in paragraph 111 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these allegations.  Paragraph 111 quotes from and characterizes Tricida's July 15, 2020 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate

ANSWER TO AMENDED COMPLAINT - CASE NO. 4:21-CV-00076-HSG

content and context. To the extent the allegations in paragraph 111 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 111.

112. Paragraph 112 quotes from and characterizes Tricida's August 24, 2020 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context. Defendants otherwise deny the allegations in paragraph 112.

113. To the extent the allegations in paragraph 113 consist of legal conclusions, no response is required. Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock. Defendants otherwise deny the allegations in paragraph 113.

114. Paragraph 114 quotes from and characterizes Tricida's August 24, 2020 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context. To the extent the allegations in paragraph 114 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 114.

115. The allegations in paragraph 115 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

116. The allegations in paragraph 116 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

117. The allegations in paragraph 117 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

118. The allegations in paragraph 118 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

119. The allegations in paragraph 119 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendants are not required to answer these allegations.

120. Paragraph 120 quotes from and characterizes Tricida's August 24, 2020 press release, which speaks for itself, and to which Defendants refer the Court for its complete and accurate content and context. To the extent the allegations in paragraph 120 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 120.

121.    To the extent the allegations in paragraph 121 consist of legal conclusions, no response is required.  Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock.  Defendants otherwise deny the allegations in paragraph 121.

122.    To the extent that Lead Plaintiff purports to summarize or characterize Dr. Klaerner's Forms 4 filed with the SEC, Dr. Klaerner respectfully refers the Court to those Forms 4 for a complete and accurate statement of their contents.  To the extent the allegations in paragraph 122 consist of legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 122.

123.    Defendants admit that Tricida made an initial public offering on June 28, 2018 and a secondary offering on April 3-8, 2019.  Defendants admit that at the end of 2018, they had existing cash, cash equivalents, and investments of $243.4 million.  Defendants respectfully refer the Court to the Offering Documents for a complete account of the initial and secondary offerings.  To the extent the allegations in paragraph 123 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these allegations.  To the extent the allegations in paragraph 123 consist of legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 123.

124.    Defendants admit veverimer was Tricida's only investigational drug candidate.  To the extent that Lead Plaintiff purports to quote from the transcript of Gerrit Klaerner's presentation at the Goldman Sachs Global Healthcare conference on June 12, 2019, Defendants admit that Dr. Klaerner spoke at the conference on June 12, 2019, and state that third parties provide transcripts from such calls.  Defendants deny the allegations to the extent the presentation transcript differs from what was actually said.  Defendants otherwise deny the allegations in paragraph 124.

125.    Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may have conducted, including any interviews Lead Plaintiff's counsel may have conducted with CW1 or CW2.  Paragraph 125 refers to Tricida's South San Francisco facility's inspection reports, which speak for

themselves, and to which Defendants respectfully refer to the Court for their complete and accurate content and context.  Defendants otherwise deny the allegations in paragraph 125.

126.    To the extent the allegations in paragraph 126 consist of legal conclusions, no response is required.  Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock.  Defendants otherwise deny the allegations in paragraph 126.

127.    To the extent the allegations in paragraph 127 consist of legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 127.

128.    To the extent the allegations in paragraph 128 consist of legal conclusions, no response is required.  Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock.  Defendants otherwise deny the allegations in paragraph 128.

129.    To the extent the allegations in paragraph 129 consist of legal conclusions, no response is required.  Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock.  Defendants otherwise deny the allegations in paragraph 129.

130.    To the extent the allegations in paragraph 130 consist of legal conclusions, no response is required.  Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock.  Defendants otherwise deny the allegations in paragraph 130.

131.    To the extent the allegations in paragraph 131 consist of legal conclusions, no response is required.  Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock.  Defendants otherwise deny the allegations in paragraph 131.

132.    To the extent the allegations in paragraph 132 consist of legal conclusions, no response is required.  Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock.  Defendants otherwise deny the allegations in paragraph 132.

ANSWER TO AMENDED COMPLAINT - CASE NO. 4:21-CV-00076-HSG

133.    To the extent the allegations in paragraph 133 consist of legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 133.

134.    To the extent the allegations in paragraph 134 consist of legal conclusions, no response is required.  Defendants respectfully refer the Court to publicly reported market services for the trading price of Tricida's common stock and the NASDAQ U.S. Smart Pharmaceuticals Index. Defendants otherwise deny the allegations in paragraph 134.

135.    To the extent the allegations in paragraph 135 consist of legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 135.

136.    To the extent paragraph 136 states legal conclusions or characterizes Lead Plaintiff's claims, no response is required.  Defendants admit that Lead Plaintiff purports to bring this action as a class action and that he purports to exclude certain persons from their proposed Class.  Defendants deny that this action should be certified as a class action.

137.    To the extent paragraph 137 states legal conclusions, no response is required. Defendants admit that during the Class Period, Tricida common stock traded on the NASDAQ exchange.  Defendants otherwise lack knowledge or information sufficient to form a conclusion as to the truth or falsity of the remaining allegations in paragraph 137 and, therefore, deny those allegations.

138.    To the extent paragraph 138 states legal conclusions, no response is required. Defendants deny that this action should be certified as a class action and deny that they engaged in any wrongful conduct in violation of federal law.  Defendants otherwise lack knowledge or information sufficient to form a conclusion as to the truth or falsity of the remaining allegations in paragraph 138 and, therefore, deny those allegations.

139.    To the extent paragraph 139 states legal conclusions, no response is required. Defendants deny that this action should be certified as a class action.  Defendants otherwise lack knowledge or information sufficient to form a conclusion as to the truth or falsity of the remaining allegations in paragraph 139 and, therefore, deny those allegations.

140.    To the extent Paragraph 140 states legal conclusions, no response is required. Defendants deny that this action should be certified as a class action and deny that they violated the

Exchange Act, that they made any statements that misrepresented or omitted material facts, and that they caused members of the putative Class to suffer any damages. Defendants otherwise lack knowledge or information sufficient to form a conclusion as to the truth or falsity of the remaining allegations in Paragraph 140 and, therefore, deny those allegations.

141. To the extent paragraph 141 states legal conclusions, no response is required. Defendants deny that this action should be certified as a class action. Defendants otherwise lack knowledge or information sufficient to form a conclusion as to the truth or falsity of the remaining allegations in paragraph 141 and, therefore, deny those allegations.

142. To the extent Paragraph 142 states legal conclusions, no response is required. Defendants otherwise deny the allegations of Paragraph 142. Defendants further respond to paragraph 142 as follows:

- Defendants deny the allegations of sub-paragraphs 142(a)-(b).
- The assertion in sub-paragraph 142(c) that the market was efficient as to Tricida's common stock is a matter of legal and economic expert opinion and accordingly no response is required at this time.
- Defendants lack knowledge or information sufficient to form a belief as to whether Lead Plaintiff or any other investors purchased Tricida common stock. Defendants otherwise deny the allegations of sub-paragraphs 142(d)-(e).

143. The assertion that the market was efficient as to Tricida's common stock is a matter of legal and economic expert opinion and accordingly no response is required at this time. Defendants admit that Tricida filed periodic public reports with the SEC as a regulated issuer and that Tricida regularly communicated with public investors via established communications mechanisms, including through the regular dissemination of press releases on major news wire services, communications through the financial press, securities analysts, the internet, and other similar reporting services. To the extent Paragraph 143 states legal conclusions, no response is required, and Defendants otherwise deny the allegations of Paragraph 143.

144. Defendants restate and incorporate by reference each of their responses to the foregoing paragraphs.

145. To the extent the allegations in paragraph 145 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 145.

146. To the extent the allegations in paragraph 146 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 146.

147. To the extent the allegations in paragraph 147 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 147.

148. To the extent the allegations in paragraph 148 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 148.

149. To the extent the allegations in paragraph 149 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 149.

150. To the extent the allegations in paragraph 150 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 150.

151. To the extent the allegations in paragraph 151 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 151.

152. To the extent the allegations in paragraph 152 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 152.

153. Defendants restate and incorporate by reference each of their responses to the foregoing paragraphs.

154. To the extent the allegations in paragraph 154 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 154.

155. To the extent the allegations in paragraph 155 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 155.

156. To the extent the allegations in paragraph 156 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 156.

157. To the extent the allegations in paragraph 157 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 157.

158. To the extent the allegations in paragraph 158 consist of legal conclusions, no response is required. Defendants otherwise deny the allegations in paragraph 158.

159.    To the extent the allegations in paragraph 159 consist of legal conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 159.

### AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct, and without admitting that Lead Plaintiff or the members of the purported class have suffered any loss, damage, or injury, Defendants allege the following affirmative defenses to the allegations set forth in the Complaint.  By designating the following affirmative defenses, Defendants do not waive or limit any defenses raised by the denials, allegations, and averments set forth elsewhere in this Answer.  Defendants also do not, by alleging any affirmative defenses, admit that Lead Plaintiff does not have the burden of proof as to those defenses, and by asserting any defense hereinafter Defendants do not assume the burden of proof for any issue as to which applicable law places the burden upon Lead Plaintiff.  These defenses are pleaded in the alternative, are raised to preserve Defendants' right to assert such defenses, and are without prejudice to Defendants' ability to raise other and further defenses.  Defendants expressly reserve the right to amend and/or supplement their defenses as may be necessary.

Where Defendants' defenses are based on actions or omissions by a plaintiff or plaintiffs, Defendants refer for present purposes to Lead Plaintiff.  If a class were later to be certified in this matter, these defenses would apply equally to future class members.

### FIRST DEFENSE
### (Failure to State a Claim)

Lead Plaintiff's Complaint and the purported claims for relief state therein fail to state a claim on which relief can be granted.

### SECOND DEFENSE
### (No False Statement)

Defendants are not liable on the claims alleged by Lead Plaintiff because Defendants made no actionably false or misleading statements or omissions of material fact.

### THIRD DEFENSE
### (No Duty to Disclose)

Lead Plaintiff's claims are barred, in whole or in part, because Defendants had no duty to disclose to Lead Plaintiff the information allegedly omitted in any statements made by Defendants.

ANSWER TO AMENDED COMPLAINT - CASE NO. 4:21-CV-00076-HSG

## FOURTH DEFENSE
### (Lack of Scienter)

Defendants are not liable on the claims alleged by Lead Plaintiff because Defendants did not make the challenged statements with the necessary scienter.

## FIFTH DEFENSE
### (Lack of Materiality)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because the statements Lead Plaintiff challenges were not material to the investment decisions of a reasonable investor in view of, *inter alia*, the total mix of available information.

## SIXTH DEFENSE
### (Good Faith)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because Defendants at all times acted in good faith and with good cause.

## SEVENTH DEFENSE
### (No Knowledge of Untrue Statement)

Lead Plaintiff's claims are barred, in whole or in part, because Defendants did not know, and in the exercise of reasonable care could not have known, that any statements made by Defendants contained an untrue statement of material fact or an omission of a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

## EIGHTH DEFENSE
### (Reliance)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because Defendants are not liable because the alleged misrepresentations or omissions by Defendants were based on good faith and in reasonable reliance upon information provided by others upon whom Defendants were entitled to rely.

## NINTH DEFENSE
### (Reliance on Advice of Professionals)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because at all relevant times, the Defendants relied in good faith on the representations, reports, expert opinions, advice,

and professional judgments of others at the time of the alleged acts as to matters which Defendants reasonably believed to be within such persons' professional or expert competence.

## TENTH DEFENSE
### (Conduct of Third Parties)

The claims alleged by Lead Plaintiff cannot be maintained in whole or in part because the conduct of parties other than Defendants proximately caused the alleged harms, if any, complained of.

## ELEVENTH DEFENSE
### (Failure to Plead or Prove Fraud with Particularity)

The claims alleged by Lead Plaintiff cannot be maintained in whole or in part because Lead Plaintiff cannot plead or prove fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Litigation Securities Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), and otherwise fails to properly identify the alleged false or misleading statements of which Lead Plaintiff complains or why those statements were allegedly false.

## TWELFTH DEFENSE
### (Equitable Defenses)

The claims alleged by Lead Plaintiff are barred, in whole or in part, under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands, waiver, and laches.

## THIRTEENTH DEFENSE
### (Safe Harbor)

To the extent that the claims alleged by Lead Plaintiff are based on predictions and forward-looking statements, Lead Plaintiff is barred from recovery, in whole or in part, under the bespeaks caution doctrine and/or the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, and cannot be the basis for liability by virtue of Section 21E of the Securities and Exchange Act of 1934.

ANSWER TO AMENDED COMPLAINT - CASE NO. 4:21-CV-00076-HSG

**FOURTEENTH DEFENSE**
**(Opinion Statement)**

To the extent that the claims alleged by Lead Plaintiff are based on opinion statements, Lead Plaintiff is barred in whole or in part from recovery under the framework set forth in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015).

**FIFTEENTH DEFENSE**
**(Lack of Causation)**

The claims alleged by Lead Plaintiff are barred, in whole or in part, because any damage, loss, or injury allegedly sustained by Lead Plaintiff was not directly or proximately caused, in whole or in part, by any purported misstatement or omission by Defendants.

The claims alleged by Lead Plaintiff are barred, in whole or in part, because no material misstatement of fact, omission to state a required fact, or omission to state a material fact necessary to make a statement not misleading caused, in whole, in part, or at all, any diminution in the value of the Tricida securities allegedly purchased by Lead Plaintiff.

The claims alleged by Lead Plaintiff are also barred, in whole or in part, because any increase or decrease in the market value of Tricida securities was the result of market factors, superseding or intervening causes, or other factors for which Defendants are not responsible, or acts and/or omissions of other persons or entities for whom Defendants are not responsible, and not from the alleged wrongful conduct on the part of the Defendants.

**SIXTEENTH DEFENSE**
**(No Fraud on the Market Presumption)**

The claims alleged by Lead Plaintiff are barred, in whole or in part, to the extent that (i) the market price of Tricida common stock was not inflated as a result of any alleged misrepresentation or omission made by Defendants; (ii) there was no price impact from the alleged misrepresentations; (iii) the allegedly false or misleading statements asserted in the Complaint were not immediately assimilated into the market; (iv) no efficient market existed for the trading of Tricida common stock; and (v) a "fraud on the market" presumption is not legally or factually proper. The claims alleged by Lead Plaintiff are also barred, in whole or in part, for lack of actual reliance by Lead Plaintiff on any of the alleged misrepresentations or omissions.

25

ANSWER TO AMENDED COMPLAINT - CASE NO. 4:21-CV-00076-HSG

**SEVENTEENTH DEFENSE**
**(Failure to Mitigate Damages)**

The claims alleged by Lead Plaintiff are barred, in whole or in part, by the failure of Lead Plaintiff to take appropriate steps to mitigate, reduce, or otherwise avoid its alleged damages.

**EIGHTEENTH DEFENSE**
**(Assumption of Risk)**

The claims alleged by Lead Plaintiff are barred, in whole or in part, because Lead Plaintiff knowingly and/or recklessly assumed risks when purchasing the securities described in the Complaint.

**NINETEENTH DEFENSE**
**(Offset of Damages)**

Defendants are entitled to offset the damages of Lead Plaintiff, if any, by benefits received by Lead Plaintiff through its investments in Tricida, in accordance with the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or regulation.

**TWENTIETH DEFENSE**
**(Lack of Standing)**

The claims alleged by Lead Plaintiff are barred in whole or in part because Lead Plaintiff lacks standing, in whole or in part, to assert and maintain them, and the claims alleged by Lead Plaintiff are barred in whole or in part because Lead Plaintiff lacks standing under Article III of the United States Constitution.

**TWENTY-FIRST DEFENSE**
**(Independent Investment Decision)**

The claims alleged by Lead Plaintiff are barred, in whole or in part, because Lead Plaintiff relied exclusively upon its own independent investigations, its own decisions, and the advice of its professional investment advisors.

**TWENTY-SECOND DEFENSE**
**(No Reliance)**

The claims alleged by Lead Plaintiff are barred in whole or in part for lack of reliance by Lead Plaintiff on any allegedly false or misleading statement made by Defendants.

### TWENTY-THIRD DEFENSE
### (Truth on the Market)

The claims alleged by Lead Plaintiff are barred in whole or in part to the extent that the substance of the material information that Lead Plaintiff alleges to have been omitted or misrepresented was in fact publicly disclosed and/or was otherwise publicly available and in the public domain, and thus was available to Lead Plaintiff, to the market, and to the investing community.

### TWENTY-FOURTH DEFENSE
### (No Damages)

The claims alleged by Lead Plaintiff are barred in whole or in part because Lead Plaintiff has suffered no damages.

### TWENTY-FIFTH DEFENSE
### (Speculative damages)

Lead Plaintiff's alleged damages, if any, are speculative and thus not recoverable.

### TWENTY-SIXTH DEFENSE
### (Damages Exceed Permitted Amount)

The claims alleged by Lead Plaintiff are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or regulation.

### TWENTY-SEVENTH DEFENSE
### (No Equitable Remedies)

Any claim by Lead Plaintiff for equitable relief, including any claim for injunctive relief, is barred because Lead Plaintiff has an adequate remedy at law.

### TWENTY-EIGHTH DEFENSE
### (No Costs or Expenses)

Lead Plaintiff is not entitled to recover the costs and expenses of this litigation, including attorneys' fees, accountants' fees, experts' fees, and other costs and disbursements.

ANSWER TO AMENDED COMPLAINT - Case No. 4:21-cv-00076-HSG

## TWENTY-NINTH DEFENSE
### (Lack of Inducement and Good Faith Conduct Under Section 20(a) of the Exchange Act)

Defendants cannot be held liable as control persons under Section 20(a) of the Exchange Act because Defendants at all times acted in good faith and did not directly or indirectly induce any act or acts constituting a violation of the Exchange Act. *See* 15 U.S.C. § 78t(a).

## THIRTIETH DEFENSE
### (Improper Class Action – Class Not Ascertainable)

The claims alleged by Lead Plaintiff are not properly the subject of a class action because the putative class is not ascertainable.

## THIRTY-FIRST DEFENSE
### (Improper Class Action – Lack of Commonality)

The claims alleged by Lead Plaintiff are not properly the subject of a class action because the commonality requirement of Rule 23 of the Federal Rules of Civil Procedure is not met.

## THIRTY-SECOND DEFENSE
### (Improper Class Action – Lack of Typicality)

The claims alleged by Lead Plaintiff are not properly the subject of a class action because the typicality requirement of Rule 23 of the Federal Rules of Civil Procedure is not met.

## THIRTY-THIRD DEFENSE
### (Improper Class Action – Individual Issues Predominate)

The claims alleged by Lead Plaintiff are not properly the subject of a class action because individual issues predominate over issues common to the putative class.

## THIRTY-FOURTH DEFENSE
### (Improper Class Action – Irresolvable Conflicts)

The claims alleged by Lead Plaintiff are not properly the subject of a class action because irresolvable conflicts exist within the putative class.

## THIRTY-FIFTH DEFENSE
### (Improper Class Action)

The claims alleged by Lead Plaintiff are not properly the subject of a class action because a class action is not a superior means of adjudication.

## THIRTY-SIXTH DEFENSE
### (Improper Lead Plaintiff)

The claims alleged by Lead Plaintiff are not properly maintainable as a class action because Lead Plaintiff is not a proper class representative and will not fairly and adequately protect the interests of the members of the putative class.

## THIRTY-SEVENTH DEFENSE
### (Dismissed Claims)

The claims alleged by Lead Plaintiff are barred, in whole or in part, to the extent Lead Plaintiff's claims were dismissed by the Court on July 29, 2022.

## THIRTY-EIGHTH DEFENSE
### (Additional Defenses, Cross-Claims and Third-Party Claims)

Defendants hereby reserve and reassert all affirmative defenses available under any applicable federal and/or state law.  Defendants reserve the right to assert and pursue any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation.

Date:  October 7, 2022

Respectfully submitted,

**SIDLEY AUSTIN LLP**

By: *s/  Matthew J. Dolan*
Sara B. Brody (SBN 130222)
Matthew J. Dolan (SBN 291150)
Robin E. Wechkin (pending *pro hac vice)*
Sarah A. Hemmendinger (SBN 298659)

*Attorneys for Defendants*
*Tricida, Inc., and Gerrit Klaerner*

29