Jeffrey C. Block, *pro hac vice*
Michael D. Gaines, *pro hac vice*
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
michael@blockleviton.com

Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

*Attorneys for Lead Plaintiff Jeffrey M. Fiore and the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| MICHAEL PARDI, *Individually and on Behalf of All Others Similarly Situated,*<br><br>Plaintiff,<br><br>v.<br><br>TRICIDA, INC. and GERRITT KLAERNER,<br><br>Defendants. | Case No. 4:21-cv-00076-HSG<br><br>**LEAD PLAINTIFF'S NOTICE OF MOTION AND MOTION TO VOLUNTARILY DISMISS TRICIDA, INC. AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Class Action**<br><br>Hon. Haywood S. Gilliam, Jr.<br><br>Date: March 23, 2023<br>Time: 2:00pm<br>Courtroom 2, 4th Floor |

**NOTICE OF MOTION AND MOTION TO VOLUNTARILY DISMISS TRICIDA, INC.**

PLEASE TAKE NOTICE THAT on March 23, 2023 at 2:00pm, or as soon thereafter as the matter may be heard by the Court, in the courtroom of the Honorable Haywood S. Gilliam, Jr., United States District Court for the Northern District of California, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA 94612, Lead Plaintiff Jeffery M. Fiore moves to voluntarily dismiss his claims against Defendant Tricida, Inc., without prejudice, under Federal Rule of Civil Procedure 41(a)(2). Lead Plaintiff's Motion is based on this Notice of Motion and Motion to Voluntarily Dismiss Tricida, Inc. and Memorandum and Points of Authorities in Support Thereof, the accompanying Declaration of Jacob A. Walker in Support of Lead Plaintiff's Motion to Voluntarily Dismiss Tricida, Inc., all pleadings and papers in this action, and any oral argument of counsel. Lead Plaintiff believes no defendant will be legally prejudiced by his voluntary dismissal of Tricida, Inc. Defendants have informed Lead Plaintiff that they take no position on this Motion.

Accordingly, Lead Plaintiff respectfully requests that the Court grant this Motion and dismiss his claims against Tricida, Inc. without prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiff Jeffrey M. Fiore ("Lead Plaintiff") submits this Motion to voluntarily dismiss Defendant Tricida, Inc. without prejudice, under Federal Rule of Civil Procedure 41(a)(2) and Civil L.R. 7-11. A Declaration and Proposed Order are also attached.

On December 15, 2022, Lead Plaintiff filed his Second Amended Complaint. ECF No. 115. On January 12, 2023, Defendant Tricida, Inc. filed a Notice of Bankruptcy Filing and Imposition of Automatic Stay, stating that Tricida had filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, triggering an automatic stay of continued judicial proceedings against Tricida under 11 U.S.C. § 362(a). Tricida has filed a chapter 11 plan of liquidation, pursuant to which Lead Plaintiff's securities fraud claims against Tricida would receive nothing from Tricida's estate because Lead Plaintiff's claims are subordinated by 11 U.S.C. § 510(b). Accordingly, Lead Plaintiff seeks to voluntarily dismiss his claims against Tricida without prejudice. Lead Plaintiff does plan to file a Proof of Claim against Tricida in the bankruptcy to protect the rights of the class, and reserves all rights with respect to available insurance.

"Rule 41(a)(2) 'allows a plaintiff, pursuant to an order of the court, and subject to any terms and conditions the court deems proper, to dismiss an action without prejudice at any time.'" *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017) (citation omitted); *see* Fed. R. Civ. P. 41(a)(2). "A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion." *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Id.* (internal citations omitted).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice is prejudice to some legal interest, some legal claim, some legal argument." *Zanowick*, 850 F.3d at 1093 (internal quotation marks omitted). "Uncertainty because a dispute remains unresolved" or because "threat of future litigation ... causes uncertainty" does not give rise to plain legal prejudice. *Westlands Water Dist. v. U.S.*, 100

F.3d 94, 96-97 (9th Cir. 1996). "Plain legal prejudice does not result 'merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal.'" *Carrillo v. Target Corp.*, 2017 WL 6497244, at \*1 (N.D. Cal. Dec. 19, 2017) (quoting *Smith*, 263 F.3d at 976).

Neither Tricida nor Klaerner will suffer legal prejudice if Lead Plaintiff is granted leave to voluntarily dismiss his claims against Tricida. Klaerner's position will not change because of Tricida's dismissal. He will not lose the ability to assert any legal arguments. Nor would he lose coverage under his D&O insurance policy. Nothing changes for Klaerner through Tricida's dismissal. Similarly, Tricida will suffer no legal prejudice from its dismissal. Tricida will lose no legal claims or arguments, and the possibility that Tricida could theoretically be added back as a defendant at some future time is not legal prejudice. *Westlands*, 100 F.3d at 96-97.

Defendants take no position on this Motion. *See* Exhibit A, Declaration of Jacob A. Walker. Because neither Tricida nor Klaerner will suffer legal prejudice, Lead Plaintiff asks the Court to approve his request to voluntarily dismiss Tricida pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

January 24, 2022

Respectfully submitted,

/s/ Jeffrey C. Block
Jeffrey C. Block (*pro hac vice*)
Michael D. Gaines (*pro hac vice*)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
michael@blockleviton.com

Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com