Jeffrey C. Block, *pro hac vice*
Michael D. Gaines, *pro hac vice*
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
michael@blockleviton.com

Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

*Attorneys for Lead Plaintiff Jeffrey M. Fiore and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| MICHAEL PARDI, *Individually and on Behalf of All Others Similarly Situated,*<br><br>    Plaintiff,<br><br>v.<br><br>TRICIDA, INC. and GERRITT KLAERNER,<br><br>    Defendants. | Case No. 4:21-cv-00076-HSG<br><br>**LEAD PLAINTIFF'S RESPONSE TO THE COURT'S JANUARY 13, 2023 ORDER TO SHOW CAUSE**<br><br>**Class Action**<br><br>Hon. Haywood S. Gilliam, Jr. |

The automatic stay under 11 U.S.C. § 362(a) applies only to Tricida, Inc., and not to Gerritt Klaerner, who is not a debtor in any bankruptcy case.[1] *See, e.g.*, *In re Excel Innovations*, 502 F.3d 1086, 1095 (9th Cir. 2007); *In re Chugach Forest Prod., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994). Tricida has not sought a Bankruptcy Court order extending the automatic stay to Klaerner. Thus, this action can and should proceed unimpeded against Klaerner.

Courts in the Ninth Circuit routinely allow securities actions to proceed against officers and directors of bankrupt issuers.[2] During *PG&E*, one of the most complex chapter 11 bankruptcy cases in history, a federal securities litigation was permitted to proceed against numerous non-debtors despite the debtors' efforts to stay it. *See In re PG&E Corp.*, Case No. 19-30088, Adv. Pro. No. 19-03039 (Bankr. N.D. Cal.), ECF No. 23.[3] The same result is required here.

Even if Tricida moved in the Bankruptcy Court to extend the automatic stay for Klaerner's benefit, there is no basis for such relief. Some courts have recognized that "special circumstances" may exist where there is an identity of interests between a debtor and a non-debtor defendant – for instance, in a products liability mass tort action. However, where, as here, "the nondebtor 'has obligations that are 'independent' and primary, and not derivative of the debtor, the exception does not apply." *See Chugach*, 23 F.3d at 246-47. Klaerner is independently, directly liable for allegedly violating §10(b) and Rule 10b-5, and thus this action can and should proceed without Tricida.[4] *See*

---

[1] Plaintiff has simultaneously moved to dismiss Tricida without prejudice in light of its bankruptcy and impending liquidation.

[2] *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 2021 WL 5632673, at \*1 (S.D. Cal. Nov. 30, 2021) (approving settlement and noting that the automatic stay "halted further proceedings against Orexigen, but not the remaining defendants"); *Bruce v. Suntech Power Holdings Co.*, 2013 WL 6843610, at \*1 (N.D. Cal. Dec. 26, 2013) (ruling on individual defendants' motions to dismiss despite issuer's pending bankruptcy case); *Kyung Cho v. UCBH Holdings, Inc.*, 890 F. Supp. 2d 1190, 1196 (N.D. Cal. 2012) (same); *In re U.S. Aggregates, Inc. Sec. Litig.*, 235 F. Supp. 2d 1035 (N.D. Cal. 2002) (allowing action to proceed against individual defendants notwithstanding issuer's bankruptcy).

[3] *See also In re Mariner Health Central, Inc.*, Case No. 22-41079 (Bankr. N.D. Cal.), ECF No. 341. In light of their timeliness and relevance, the *PG&E* and *Mariner* decisions are attached hereto as **Exhibit 1** and **Exhibit 2**, respectively.

[4] Any indemnification claims Klaerner may have in respect of this action are subject to disallowance and subordinated under 11 U.S.C. §§ 502(e)(1)(B) and 510(b) and, even if allowed, would not be entitled to any distribution under Tricida's plan of liquidation. *See* Case No. 23-10024 (Bankr. D. Del.), ECF No. 71 (the "**Plan**"), at 19.

*Duval v. Gleason*, 1990 WL 261364, at *4 (N.D. Cal. Oct. 19, 1990) ("[T]he securities laws allow for the independent liability of the officers or other parties involved, and proceedings like the present may go forward without the participation of the corporation.").

A debtor seeking to extend the automatic stay (relief that can only properly be sought in a bankruptcy court) to shield non-debtors from litigation bears the burden of demonstrating extraordinary circumstances and satisfying the injunction standard, under which courts consider "whether the debtor has a reasonable likelihood of a successful reorganization, the relative hardship of the parties, and any public interest concerns if relevant." *Excel*, 502 F.3d at 1094-96. These factors all weigh against such relief. ***First***, Tricida has no likelihood of a successful reorganization because it is liquidating. ***Second***, Tricida faces no hardship if this action proceeds against Klaerner. Discovery is currently stayed by the PSLRA. The only activity in this action for the foreseeable future will be the briefing and adjudication of a motion to dismiss the second amended complaint – a purely lawyer-driven endeavor that will not involve Tricida *at all*. Nor will continued litigation against Klaerner impact any property of Tricida's estate. The claims asserted against Tricida are subordinated under 11 U.S.C. § 510(b), and Tricida concedes such claims are not entitled to any recovery from its estate. *See* Plan at 19. Klaerner's defense costs are covered by insurance proceeds, to which he is independently and directly entitled. On the other hand, a stay of this action would severely prejudice Plaintiff and the proposed class. Putting this action on hold would serve no legitimate purpose, while drastically increasing the risk of relevant books and records being lost and witnesses becoming unavailable, making claims more difficult to prove, and potentially depriving investors of their only source of recovery for Klaerner's independent wrongdoing. ***Third***, the only public interest concern implicated here – the safety and security of the public capital markets –weighs heavily in favor of allowing this action to continue against Klaerner unimpeded. *See, e.g.*, *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 345 (2005) ("The securities statutes seek to maintain public confidence in the marketplace. . . . They do so by deterring fraud, in part, through the availability of private securities fraud actions.").

The automatic stay in Tricida's bankruptcy does not cover Klaerner, nor is there any basis to afford him special treatment. This action should be allowed to proceed against him.

Respectfully submitted,

January 24, 2023

/s/ Jeffrey C. Block
Jeffrey C. Block (*pro hac vice*)
Michael D. Gaines (*pro hac vice*)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
michael@blockleviton.com

Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com