Sara B. Brody (SBN 130222)
sbrody@sidley.com
Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  415 772 1279

Matthew J. Dolan (SBN 291150)
mdolan@sidley.com
SIDLEY AUSTIN LLP
1001 Page Mill Road, Building 1
Palo Alto, CA 94304
Telephone: 650 565 7106

Robin E. Wechkin (admitted *pro hac vice*)
rwechkin@sidley.com
SIDLEY AUSTIN LLP
8426 316th Place Southeast
Issaquah, WA 98027
Telephone: 415 439 1799

*Attorneys for Defendant*
*Gerrit Klaerner*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRICIDA, INC., and GERRIT KLAERNER,<br><br>Defendants. | Case No.  4:21-cv-00076-HSG<br><br>CLASS ACTION<br><br>**DEFENDANT GERRIT KLAERNER'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**<br><br>Assigned to: Hon. Haywood S. Gilliam, Jr.<br><br>Date:  June 1, 2023<br>Time: 2:00 p.m.<br>Courtroom 2, 4th Floor |

## I.    INTRODUCTION

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Gerrit Klaerner files this request for judicial notice of documents cited in his Motion to Dismiss the Second Amended Complaint and accompanying Memorandum of Points and Authorities.  These documents are attached as exhibits to the concurrently-filed Declaration of Sarah Hemmendinger.  Each document is properly subject to judicial notice, may be considered under the doctrine of incorporation by reference, or both.

In cases arising under Section 10(b) of the Securities Exchange Act of 1934, defendants' public statements "constitute the subject matter of the claim." *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018).  In evaluating motions to dismiss Section 10(b) claims, courts consider "what representations [defendants] made to the market." *Id*.  In ruling on the defendants' motion to dismiss the previous complaint in this action, the Court accordingly took notice of or considered incorporated by reference SEC filings, press releases, publicly-posted FDA guidance documents, documents publicly posted by the National Institutes of Health, and papers from the scientific journal *The Lancet.*  Dkt. 93 (July 2022 Order) at 5-7.

## II.    LEGAL STANDARDS

A court may consider documents on a motion to dismiss, even if not cited or relied upon in the complaint, by taking judicial notice of them.  Courts may "judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  Accordingly, "a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja*, 899 F.3d at 999 (internal citations and quotation marks omitted).

Under the doctrine of incorporation by reference, a court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading" on a motion to dismiss. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original, internal citations and quotation marks), *superseded by statute on other grounds as stated in In re Quality Sys., Inc. Litig.*, 865 F.3d 1130, 1146 (9th Cir. 2017).  "The doctrine prevents plaintiffs from selecting only portions

1

of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. A document may be deemed incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*. (citations and internal quotation marks omitted)

## III.    CATEGORIES OF EXHIBITS PREVIOUSLY BEFORE THE COURT

*SEC Filings.* Defendant submitted six of the seven SEC filings that are the subject of this request in support of the motion to dismiss Plaintiff's previous complaint. Dkts. 77, 82. The Court held that all six were appropriately before it. July 2022 Order at 6. These six filings are Exhibits 1-6 to the Hemmendinger Declaration. Plaintiff again cites many of these documents in the Second Amended Complaint, at ¶¶ 7, 8, 21, 65, 101, 103, 104, 106, 108, 116, 118, 120, 121, 149, 150, 151, 154, 155, and 157. As with the motion to dismiss the prior complaint, Defendant quotes these filings to show what Tricida told the market about, among other things, the FDA's Accelerated Approval Program, the risks facing its business, and communications with the FDA regarding veverimer. The filings are all again properly before the Court.

Defendant now submits one Form 8-K that he did not submit in connection the motion to dismiss the previous complaint. That document is appropriately before the Court for the same reasons as the previously-submitted SEC filings. The newly-submitted document is:

**Exhibit 7 –** Tricida's Form 8-K filed with the SEC on October 24, 2022. Defendant offers the exhibit for the purpose of demonstrating what Tricida said to the market about, among other things, top-line results from the VALOR-CKD clinical trial.

*Earnings Call Transcripts.* Defendant submitted earnings call transcripts in connection with the motion to dismiss Plaintiff's previous complaint. Dkts. 77, 82. The Court held that the transcripts were appropriately before it. July 2022 Order at 6. Exhibits 15 and 16 of the Hemmendinger Declaration are among the transcripts previously submitted. Plaintiff cites the statements memorialized in the transcripts in the Second Amended Complaint at ¶¶ 26, 66, 68, 114, 115, 158, and 159. As with the motion to dismiss the prior complaint, Defendant quotes these transcripts to show what Tricida said to the market about, among other things, publication of clinical

2

trial results for veverimer in *The Lancet* and communications with the FDA regarding veverimer. The earnings call transcripts are again properly before the court.

***Lancet Publications.*** Defendant submitted four publications in the scientific journal *The Lancet* regarding its trial results in connection with the motion to dismiss Plaintiff's previous complaint. Dkts. 77, 82. The Court held that all four were appropriately before it. July 2022 Order at 7. These four publications are Exhibits 18-21 of the Hemmendinger Declaration. As with the motion to dismiss the prior complaint, Defendant offers these exhibits for the purpose of demonstrating the publicly available information about the location of sites in the TRCA-301/301E trial. The *Lancet* publications are again properly before the court.

***FDA and NIH Websites.*** Defendant submitted five of the six exhibits published on government websites maintained by the FDA and National Institutes of Health (NIH) in connection with the motion to dismiss Plaintiff's previous complaint. Dkts. 77, 82. The Court held that all five were appropriately before it. July 2022 Order at 6. These five webpages are Exhibits 22-26 of the Hemmendinger Declaration. As with the motion to dismiss the prior complaint, Defendant offers these exhibits for the purpose of demonstrating (1) the publicly available information about the location of sites in the TRCA-301/301E trial, and (2) the public record regarding Advisory Committee meetings during the first several months of the COVID-19 pandemic. These websites are again properly before the court.

Defendant now submits one additional government webpage that he did not submit in connection with the motion to dismiss the previous complaint. This is appropriately before the Court for the same reasons. The newly-submitted webpage is:

**Exhibit 17 -** Decisional Memo from the Office of Drug Evaluation for Veltassa (patiromer)'s New Drug Application, dated October 21, 2015. Defendant offers this exhibit for the purpose of demonstrating publicly available information about a previous drug development program he led.

## IV. ADDITIONAL CATEGORIES OF DOCUMENTS

***FDA Communications.*** Exhibits 8 through 14 and Exhibit 28 to the Hemmendinger Declaration are communications between Tricida and the FDA, specifically meeting agendas, meeting minutes, letters, Type A meeting requests, and Type C written responses. Plaintiff refers

3

extensively to all but one of these FDA documents (the mid-cycle meeting minutes discussed below) and they form the basis of Plaintiff's new allegations of falsity and scienter.  SAC ¶¶ 15-17, 20, 22, 25, 41, 50-52, 58, 64, 72-74, 77, 85-86, 97, 99-100, 107, 122, 153-154, 156-157, 159-161, 163-165.  Plaintiff's allegations about the FDA communications can be fairly adjudicated only in light of the documents themselves.  *Khoja*, 899 F.3d at 1002.  The incorporation by reference doctrine ensures that the Court can evaluate the relevant portions of the FDA communications and that Plaintiff will not improperly benefit by omitting information that undermines his allegations.  *Id.*

Defendant submits one additional document not cited in Plaintiff's Second Amended Complaint.  Exhibit 13 to the Hemmendinger Declaration consists of the meeting minutes from the January 27, 2020 mid-cycle meeting between Tricida and the FDA.  Plaintiff cites the agenda for the mid-cycle meeting and makes allegations regarding the mid-cycle meeting, but makes no mention of the minutes of the meeting itself, which incorporate the agenda items and reflect the discussion of those items at the meeting.  SAC ¶¶ 20, 25, 72, 153, 156, 160, 163.  Plaintiff's presentation of excerpts from the meeting agenda without the context of the minutes themselves is incomplete and potentially misleading.  The minutes provide critical context for assessing the adequacy of Plaintiff's allegations about FDA communications and therefore may be incorporated by reference.  *See, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1074 (9th Cir. 2005) (incorporation by reference of materials not cited in the complaint was appropriate where necessary to determine if plaintiff had adequately alleged that a statement was "reasonably capable of a defamatory meaning"); *Kang v. PayPal Holdings, Inc.*, 2022 WL 3155241, at *7 (N.D. Cal. Aug. 8, 2022) (incorporation by reference is appropriate where exhibits "provide a basis for [Defendant]'s argument that Plaintiffs sometimes inaccurately characterize the contents of those documents").

***Bankruptcy Court Record***.  Finally, Exhibit 27 to the Hemmendinger Declaration, the Declaration of L. Perkins in Support of Debtor's Chapter 11 Petition and First Day Pleadings, is a public court filing.  Court records are quintessential "matters of the public record" and are properly subject to judicial notice.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 742, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *Brodsky v.*

4

*Yahoo! Inc.*, 630 F. Supp. 2d 1104, 1111 (N.D. Cal. 2009) (taking judicial notice of "public court records capable of accurate and ready determination").

**V.      CONCLUSION**

For the reasons stated above, the documents attached to the Hemmendinger Declaration and cited in Defendant's motion to dismiss are properly before the Court.

Date:  February 6, 2023

Respectfully submitted,

**SIDLEY AUSTIN LLP**

By:/s/ *Sara B. Brody*
     Sara B. Brody (SBN 130222)

*Attorneys for Defendant*

5