UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARDI, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>TRICIDA, INC., et al.,<br><br>        Defendants. | Case No. 21-cv-00076-HSG<br><br>**ORDER DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 108, 110, 114, 116, 127, 130, 133, 134 |

Pending before the Court are several motions to seal related to Plaintiff's Second Amended Complaint. *See* Dkt. Nos. 108, 110, 114, 116, 127, 130, 133, 134. For the reasons detailed below, the Court **DENIES** the motions.

**I.    LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a

1  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
3  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records
4  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
5  without more, compel the court to seal its records." *Id.*

6      The Court must "balance[] the competing interests of the public and the party who seeks to
7  keep certain judicial records secret. After considering these interests, if the court decides to seal
8  certain judicial records, it must base its decision on a compelling reason and articulate the factual
9  basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5
10 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a
11 document or portions of it under seal "must explore all reasonable alternatives to filing documents
12 under seal, minimize the number of documents filed under seal, and avoid wherever possible
13 sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests
14 that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive
15 alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

16     Records attached to nondispositive motions must meet the lower "good cause" standard of
17 Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
18 tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80
19 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm
20 will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
21 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of
22 harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman*
23 *Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

24 **II.  DISCUSSION**

25     Lead Plaintiff Jeffrey Fiore received thousands of pages of documents from the Food and
26 Drug Administration ("FDA") at the end of 2022, and initially sought leave of Court to file an
27 amended complaint based on this correspondence. *See* Dkt. No. 109. The Court ultimately did
28 not rule on this motion because the parties filed a stipulation agreeing that Plaintiff could amend

the complaint. *See* Dkt. No. 111. Plaintiff accordingly filed the Second Amended Complaint, which quotes extensive excerpts from the FDA documents verbatim. *See* Dkt. No. 115 ("SAC"). Defendants have now moved to dismiss the SAC.

When the FDA produced the documents to Plaintiff, they were designated as "Confidential." *See* Dkt. No. 108 at 1. Plaintiff therefore filed motions to consider whether another party's material should be sealed as to Plaintiff's motion for leave to amend and as to the SAC itself. *See* Dkt. Nos. 108, 114; *see also* Civil L.R. 79-5(f). However, rather than file a declaration explaining the need for keeping the information under seal, Defendants Tricida, Inc. and Gerrit Klaerner filed entirely new administrative motions to seal as to those same materials.[1] *See* Dkt. Nos. 110, 116. Defendants also seek to seal similar information and exhibits cited in the briefing on Defendants' motion to dismiss. *See* Dkt. Nos. 127, 130, 133, 134. The Court considers the motions collectively since they all turn on whether the information shared by the FDA and contained in the SAC warrants sealing under *Kamakana*.

Because the complaint is the pleading on which this action is based, the Court applies the "compelling reasons" standard to these motions to seal. *See, e.g.*, *Space Data Corp. v. Alphabet Inc.*, No. 16-CV-03260-BLF, 2018 WL 10454862, at *2 (N.D. Cal. Aug. 31, 2018) (finding compelling reasons standard governed motion to seal portions of the complaint); *In re NVIDIA Corp. Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of."). As the Civil Local Rules make clear, "[o]nly in rare circumstances should a party seek to file portions of a pleading or brief under seal." *See* Civil L.R. 79-5(e). As to the motion to seal portions of the motion for leave to amend, the Court did not end up needing to rely on this document because the parties agreed that Plaintiff could file an amended complaint. Thus, the motion for leave is less significant to the public's understanding of the judicial proceedings in this case. *See In re iPhone*

---

[1] The Court notes that Defendant Tricida, Inc. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and Plaintiff voluntarily dismissed Tricida from the case in March 2023. *See* Dkt. No. 132.

3

*Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing these documents is even further diminished in light of the fact that the Court will not have occasion to rule on Plaintiffs' Motion for Class Certification."). In any event, the reasons that Defendants seek to seal portions of that motion are the same as their reasons for sealing portions of the SAC and the briefing on the motion to dismiss. The Court therefore addresses those arguments below.

As an initial matter, Defendants point out that under the FDA's own regulations, "trade secret and confidential commercial or financial information are not available for public disclosure." *See, e.g.*, Dkt. No. 110 at 4 (quoting 21 C.F.R. § 20.61(c)). Yet the FDA provided the relevant documents to Plaintiff, and the FDA has not suggested that this information was improperly disclosed in this case. In any event, the FDA's own regulations do not govern whether the Court should seal this information now that it has been included in court documents. That Tricida or the FDA may have designated some of this information "confidential" does not establish that the very high *Kamakana* standard for sealing has been met.

More substantively, Defendants argue that quotations and paraphrases from the FDA correspondence should remain under seal because they contain trade secrets or confidential commercial information that could provide their competitors with unfair insight into Tricida's proprietary research and development processes. *See, e.g.*, Dkt. No. 110 at 3–5; Dkt. No. 110-1 at ¶¶ 5–8. Specifically, Defendants argue that this information "reflects Tricida's time, effort, and costs spent in developing and creating a product, testing that product, and communicating with the FDA in confidence about appropriate testing for that product." *Id.* Defendants do not explain how any particular communication reveals any specific trade secret. And in reviewing the information, it is not clear how these specific communications reveal trade secrets that could competitively harm Tricida. The Court finds that Defendants' broad assertions are insufficient to warrant sealing, particularly when many of the communications contained in the proposed redactions and exhibits are critical to Plaintiff's claims in this case.

At bottom, Plaintiff contends that Defendants made numerous misstatements and failed to disclose key information related to the testing of Tricida's kidney disease drug, veverimer. Such

4

misrepresentations include withholding specific feedback from the FDA about Tricida's clinical trials. At least according to Plaintiff, the FDA questioned the manner in which Tricida was testing the efficacy of the drug and Tricida's ability to extrapolate the resulting data to the U.S. population. The "interest in ensuring the public's understanding of the judicial process and of significant public events," *Kamakana*, 447 at 1179, is thus not served if the basis for Plaintiff's claims is redacted from the complaint. It does not seem feasible that large portions of the operative complaint and the parties' briefing on the pending motion to dismiss could be sealed without jeopardizing the public's understanding of the case. And the Court sees no basis to do so, at least based on the generic explanations Defendants have provided so far. Accordingly, the Court **DENIES** the administrative motions to seal.

## III.  CONCLUSION

The Court **DENIES** the motions to seal. Dkt. Nos. 108, 110, 114, 116, 127, 130, 133, 134. The Court therefore **DIRECTS** the parties to file public versions of all documents for which the proposed sealing has been denied within ten days from the date of this order. Alternatively, Defendants may file a streamlined motion to seal within 10 days of this order if they can do so consistent with this order. Defendants are cautioned that they must explain with specificity why each identified excerpt should be kept under seal, including what trade secret is contained in any specific communication; what injury will result if sealing is denied; and why a less restrictive alternative to sealing is not sufficient under the circumstances. *See* Civil L.R. 79-5(c)(1). A high-level and generic declaration like the ones submitted by Defendants in support of these motions, *see* Dkt. No. 110-1, will not suffice to justify the requested sealing.

**IT IS SO ORDERED.**

Dated:  9/21/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge

5