1

2

3

4                    UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    MICHAEL PARDI, et al.,                    Case No.  21-cv-00076-HSG

8                 Plaintiffs,

                                               **ORDER GRANTING IN PART AND**
9           v.                                 **DENYING IN PART MOTION TO**
                                               **SEAL**
10   TRICIDA, INC., et al.,
                                               Re: Dkt. No. 139
11                Defendants.

12

13          Pending before the Court is Defendant Gerrit Klaerner ("Klaerner")'s motion to seal

14   related to Plaintiff's Second Amended Complaint ("SAC") and the briefing for Klaerner's motion

15   to dismiss.[1]  *See* Dkt. No. 139.  Interested non-party Renibus Therapeutics, Inc. ("Renibus") filed

16   a statement in support of Klaerner's motion to seal, seeking to maintain under seal a small portion

17   of the information identified by Klaerner in his sealing request.  *See* Dkt. No. 140.  For the reasons

18   detailed below, the Court **GRANTS** the motion to seal as to the narrower set of information

19   identified by Renibus, and **DENIES** the motion to seal as to the remainder of the information

20   identified by Klaerner.

21   **I.     LEGAL STANDARD**

22          Courts generally apply a "compelling reasons" standard when considering motions to seal

23   documents.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*

24   *v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).  "This standard derives from the

25

26   ───────────────
     [1] Defendant Tricida, Inc. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy
27   Code, and Plaintiff voluntarily dismissed Tricida from the case in March 2023.  *See* Dkt. No. 132.
     Accordingly, the only remaining defendant in this case is Gerrit Klaerner.  The Court refers to
28   Gerrit Klaerner and Tricida collectively as "Defendants" since both are alleged to have made
     statements challenged in the operative complaint, notwithstanding Tricida's later dismissal.

United States District Court
Northern District of California

United States District Court
Northern District of California

1  common law right 'to inspect and copy public records and documents, including judicial records

2  and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of

3  access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this

4  strong presumption, the party seeking to seal a judicial record attached to a dispositive motion

5  must "articulate compelling reasons supported by specific factual findings that outweigh the

6  general history of access and the public policies favoring disclosure, such as the public interest in

7  understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations

8  omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in

9  disclosure and justify sealing court records exist when such 'court files might have become a

10  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

11  scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*

12  *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records

13  may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,

14  without more, compel the court to seal its records." *Id.*

15  　　　The Court must "balance[] the competing interests of the public and the party who seeks to

16  keep certain judicial records secret. After considering these interests, if the court decides to seal

17  certain judicial records, it must base its decision on a compelling reason and articulate the factual

18  basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5

19  supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a

20  document or portions of it under seal "must explore all reasonable alternatives to filing documents

21  under seal, minimize the number of documents filed under seal, and avoid wherever possible

22  sealing entire documents . . . ." Civil L.R. 79-5(a). The party must further explain the interests

23  that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive

24  alternative to sealing is not sufficient. *See* Civil L.R. 79-5(c).

25  　　　Records attached to nondispositive motions must meet the lower "good cause" standard of

26  Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only

27  tangentially related, to the underlying cause of action." *See Kamakana*, 447 F.3d at 1179–80

28  (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm

will result" if the information is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of
harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.  *Beckman
Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II.    DISCUSSION

Lead Plaintiff Jeffrey Fiore received thousands of pages of documents from the Food and
Drug Administration ("FDA") at the end of 2022, and initially sought leave of Court to file an
amended complaint based on this correspondence.  *See* Dkt. No. 109.  The Court ultimately did
not rule on this motion because the parties filed a stipulation agreeing that Plaintiff could amend
the complaint.  *See* Dkt. No. 111.  Plaintiff accordingly filed the SAC, which quotes extensive
excerpts from the FDA documents verbatim.  *See* Dkt. No. 115.  Klaerner subsequently moved to
dismiss the SAC.  *See* Dkt. No. 128.  The parties' briefing on Klaerner's motion to dismiss
similarly contains substantial excerpts from these FDA documents.  *See* Dkt. Nos. 131, 135.

The Court previously denied Defendants' various motions to seal information received
from the FDA.  *See* Dkt. No. 138.  In light of the generic explanations provided by Defendants in
support of their sealing requests, the Court reasoned that "[i]t does not seem feasible that large
portions of the operative complaint and the parties' briefing on the pending motion to dismiss
could be sealed without jeopardizing the public's understanding of the case."  *Id.* at 5.  The Court
directed the parties to file public versions of all documents for which the proposed sealing had
been denied, or alternatively, Defendants could file a streamlined motion to seal consistent with
the Court's order.  *Id.*  Defendants were directed to "explain with specificity why each identified
excerpt should be kept under seal, including what trade secret is contained in any specific
communication; what injury will result if sealing is denied; and why a less restrictive alternative to
sealing is not sufficient under the circumstances."  *Id.* (citing Civil L.R. 79-5(c)(1)).  Klaerner then
filed the present motion to seal, followed by the more narrowly tailored statement by Renibus.
*See* Dkt. Nos. 139, 140.

Because the complaint is the pleading on which this action is based, the Court applies the
"compelling reasons" standard to this motion to seal.  *See, e.g.*, *Space Data Corp. v. Alphabet Inc.*,

1   No. 16-CV-03260-BLF, 2018 WL 10454862, at *2 (N.D. Cal. Aug. 31, 2018) (finding compelling

2   reasons standard governed motion to seal portions of the complaint); *In re NVIDIA Corp.*

3   *Derivative Litig.*, No. C 06-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008)

4   ("While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the

5   root, the foundation, the basis by which a suit arises and must be disposed of."). As the Civil

6   Local Rules make clear, "[o]nly in rare circumstances should a party seek to file portions of a

7   pleading or brief under seal." *See* Civil L.R. 79-5(e). Klaerner seeks to seal portions of the

8   briefing on the motion to dismiss for the same reasons that apply to the SAC. The Court therefore

9   addresses those arguments below.

10          As a preliminary matter, Klaerner's renewed motion to seal is relatively barebones. In

11  support of his sealing request, Klaerner merely indicates that Renibus "has an interest in the

12  confidential information at issue regarding the development of veverimer" and notes that Renibus

13  intends to file a narrowed sealing motion. *See* Dkt. No. 139 at 2. This "high-level and generic

14  declaration" falls short of "explain[ing] with specificity why each identified excerpt should be

15  kept under seal," as cautioned by the Court in its last order. Dkt. No. 138 at 5.

16          Renibus, however, seeks to seal only discrete portions of information contained in the

17  pleadings and exhibits which contain confidential clinical trial data that, if disclosed, would cause

18  it competitive harm. *See* Dkt. No. 140 at 3. This non-public trial data is "confidential and

19  proprietary information regarding the research and development of veverimer," and includes

20  "specific, non-public clinical trial data regarding the structure, execution, results, and analysis of

21  the trials, including but not limited to specific measurements of blood bicarbonate levels that relate

22  to the efficacy of veverimer." Dkt. No. 140-1 (Declaration of Renibus' Vice President of

23  Regulatory Affairs) at ¶ 6. Renibus represents that "[t]he portions of the documents [it] seeks to

24  maintain under seal include only specific, non-public clinical trial data that, if disclosed, could be

25  used by competitors to gain a competitive advantage at a critical time in veverimer's

26  development." *Id.* at ¶ 8. Based on the Court's review of the proposed redactions, the request is

27  narrowly tailored. The Court thus finds that this targeted and limited confidential information is

28  properly sealed even under the compelling reasons standard. *See Edwards Lifesciences Corp. v.*

United States District Court
Northern District of California

*Meril Life Sci. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2023 WL 2743583, at *2 (N.D. Cal. Mar. 31, 2023) (finding the compelling reasons standard met where the documents incorporated data from clinical trials, among other things); *see also In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy").

## III.    CONCLUSION

The Court **GRANTS** Klaerner's motion to seal only as to the information identified by Renibus.  *See* Dkt. Nos. 139, 140.  The motion to seal is otherwise **DENIED**.  Given the scope of the Court's sealing order, the Court **DIRECTS** the parties to file publicly-available versions of the SAC, the briefing on the motion to dismiss, and related exhibits containing redactions no broader than the scope of Renibus' narrowly tailored sealing request by March 4, 2024.  *See* Dkt. No. 140 at 4–6.  Only the specific information identified in paragraph 9 of Dkt. No. 140-1 may be redacted. Each party is responsible for submitting these conforming versions of any document that it originally filed, unless the parties mutually agree on a different allocation of this work.

**IT IS SO ORDERED.**

Dated:   2/27/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge