Sara B. Brody (SBN 130222)
sbrody@sidley.com
Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  415 772 1279

Robin E. Wechkin (admitted *pro hac vice*)
rwechkin@sidley.com
SIDLEY AUSTIN LLP
8426 316th Place Southeast
Issaquah, WA 98027
Telephone: 415 439 1799

*Attorneys for Defendant Gerrit Klaerner*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRICIDA, INC., and GERRIT KLAERNER,<br><br>Defendants. | Case No. 4:21-cv-00076-HSG<br><br>CLASS ACTION<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TO SECOND AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>Hon. Haywood S. Gilliam, Jr. |

1

Defendant Gerrit Klaerner ("Defendant"), through his undersigned attorneys, hereby answers Lead Plaintiff's ("Lead Plaintiff") Second Amended Complaint for Violations of the Federal Securities Laws ("Complaint") (Dkt. 115).  Defendant provides this Answer subject to, and without waiving, his right to protect from disclosure all communications protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or applicable discovery protection.

On March 11, 2024, the Court granted in part and denied in part Defendant's motion to dismiss the Complaint.  Dkt. 128.  The Court allowed Plaintiff to proceed with claims under Section 10(b) of the Securities Exchange Act of 1934 with respect to one additional statement from Tricida's May 7, 2020 earnings call:  Dr. Klaerner's statement that an upcoming Advisory Committee meeting ("AdCom") was not scheduled "due in part to the logistical challenges posed by COVID-19."  *Id.* at 18.  In its previous Motion to Dismiss Order, the Court held that Defendant's May 7, 2020 discussion of outstanding review issues with the FDA was also sufficiently alleged to be false or misleading.  Dkt. No. 93 at *12-14, 17-18.  No response is required in this Answer with respect to any allegations pertaining to the alleged misrepresentations and omissions dismissed by the Court.

Except as expressly admitted herein, Defendant denies any and all allegations set forth in the Complaint.  Insofar as the section headings and subheadings of the Complaint purport to state factual allegations, Defendant denies each and every allegation in the section headings and subheadings.  Paragraph numbers in this Answer correspond to paragraph numbers in the Complaint and respond to the allegations in each such paragraph.

## RESPONSE TO ALLEGATIONS

AND NOW, incorporating the foregoing, Defendant further answers the allegations in the Complaint as follows:

1.      Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may have conducted, including whether any investigation relied on the documents and sources listed by Lead Plaintiff.  Defendant otherwise denies the allegations in paragraph 1.

1

2. Defendant admits that Lead Plaintiff purports to have filed a class action alleging violations of the Securities Exchange Act of 1934. Paragraph 2 otherwise characterizes Lead Plaintiff's claims (to which no response is required) or the Complaint (which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context). Defendant admits that he, Gerrit Klaerner, Ph.D., founded Tricida. During the times relevant to the allegations in the Second Amended Complaint, Defendant admits that he served as a member of Tricida's board of directors and as Chief Executive Officer and President. To the extent any further response is required, Defendant denies the remaining allegations in Paragraph 2.

3. Paragraph 3 characterizes Lead Plaintiff's claims, to which no response is required. Defendant admits that Lead Plaintiff purports to bring this action for a "Class Period" which Lead Plaintiff defines as June 28, 2018 through February 25, 2021, inclusive. Defendant denies that class treatment in the manner set forth and for the time period alleged is appropriate and otherwise denies the allegations in paragraph 3.

4. Defendant admits that Tricida developed the drug candidate veverimer as a non-absorbed, orally-administered polymer designed to treat metabolic acidosis by binding and removing acid from the gastrointestinal, or GI, tract. Except as expressly admitted, Defendant denies the allegations in paragraph 4.

5. Defendant admits that Tricida conducted a Phase 3 clinical trial, TRCA-301/301E, that comprised a 12-week parent study followed by a 40-week extension, for veverimer. Defendant admits that Tricida submitted a New Drug Application (NDA) to the FDA under the Accelerated Approval Program for approval of veverimer for the treatment of metabolic acidosis in patients with CKD on September 4, 2019. Defendant admits that as part of the Accelerated Approval Program, the FDA may require one or more confirmatory post-marketing trials. Except as expressly admitted, Defendant denies the allegations in paragraph 5.

6. Paragraph 6 quotes from and characterizes Tricida's June 5, 2018 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 6.

ANSWER TO SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00076-HSG

7. The allegations in paragraph 7 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations. To the extent any further response is required, where the allegations in paragraph 7 consist of legal conclusions, no response is required. Defendant admits that Tricida issued 13,455,000 shares of common stock in its Initial Public Offering ("IPO"), including shares that its underwriters had the option to purchase. Further, Defendant admits that the shares sold in the IPO were priced at $19 per share, that the shares began trading on June 28, 2018, and that the IPO resulted in cash proceeds of $255.6 million. Defendant respectfully refers the Court to the Offering Documents[1] for their complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 7.

8. The allegations in paragraph 8 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations. To the extent any further response is required, paragraph 8 quotes from and characterizes Tricida's Offering Documents, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context. To the extent the allegations in paragraph 8 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 8.

9. The allegations in paragraph 9 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations. To the extent any further response is required, paragraph 9 quotes from and characterizes Tricida's Offering Documents, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context. To the extent the allegations in paragraph 9 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 9.

10. The allegations in paragraph 10 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations. To the extent

---

[1] "Offering Documents" refers to the prospectus filed with the United States Securities and Exchange Commission (the "SEC") on June 29, 2018 by Tricida (the "Prospectus") and the registration statement filed with the SEC on June 4, 2018 by Tricida (the "Registration Statement"), and all prior versions or subsequent amendments thereof, including the exhibits thereto and documents incorporated by reference. The "Offering" or the "IPO" refers to the stock offering by Tricida made pursuant to the Offering Documents.

3

any further response is required, paragraph 10 quotes from and characterizes minutes from a November 30, 2016 meeting between Tricida and the FDA, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 10.

11.   The allegations in paragraph 11 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations. To the extent any further response is required, paragraph 11 quotes from and characterizes minutes from a November 30, 2016 meeting between Tricida and the FDA, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 11.

12.   The allegations in paragraph 12 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations. To the extent any further response is required, paragraph 12 quotes from and characterizes a May 24, 2017 letter from the FDA to Tricida, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 12.

13.   The allegations in paragraph 13 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations. To the extent any further response is required, paragraph 13 quotes from and characterizes a June 6, 2017 letter from Tricida to the FDA, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 13.

14.   The allegations in paragraph 14 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

15.   Paragraph 15 quotes from and characterizes a July 24, 2017 letter from the FDA to Tricida, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 15.

ANSWER TO SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00076-HSG

16.    Paragraph 16 quotes from and characterizes minutes from a July 26, 2017 meeting between the FDA to Tricida, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context.  Defendant otherwise denies the allegations in paragraph 16.

17.    The allegations in paragraph 17 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.  To the extent any further response is required, paragraph 17 quotes from and characterizes minutes from a July 26, 2017 meeting between the FDA to Tricida, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context.  Defendant otherwise denies the allegations in paragraph 17.

18.    The allegations in paragraph 18 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

19.    Defendant admits that Tricida submitted its NDA for veverimer in August 2019. Defendant otherwise denies the allegations in paragraph 19.

20.    To the extent that the allegations in paragraph 20 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendant is not required to answer these allegations. Paragraph 20 quotes from and characterizes the FDA's January 24, 2020 Mid-Cycle Meeting Background Package, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context.  Defendant otherwise denies the allegations in paragraph 20.

21.    The allegations in paragraph 21 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

22.    To the extent the allegations in paragraph 22 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendant is not required to answer these allegations. To the extent the allegations in paragraph 22 consist of legal conclusions, no further response is required.  Defendant otherwise denies the allegations in paragraph 22.

23.    To the extent the allegations in paragraph 23 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendant is not required to answer these allegations.

5

Paragraph 23 quotes from and characterizes the FDA's April 17, 2020 Late-Cycle Meeting Background Package, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 23.

24. To the extent that the allegations in paragraph 24 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendant is not required to answer these allegations. Defendant otherwise denies the allegations in paragraph 24.

25. Paragraph 25 quotes from and characterizes the FDA's January 24, 2020 Mid-Cycle Meeting Background Package and May 1, 2020 Late-Cycle Meeting Minutes, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 25.

26. Defendant admits that Tricida held an earnings call on May 7, 2020 and states that third parties provide transcripts from such calls. Defendant denies the allegations to the extent the earnings call transcript differs from what was actually said. To the extent the allegations in paragraph 26 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 26.

27. To the extent the allegations of paragraph 27 consist of legal conclusions, no response is required. Paragraph 27 quotes from Tricida's August 6, 2020 form 10-Q, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Paragraph 27 characterizes Tricida's February 25, 2021 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 27.

28. Paragraph 28 quotes Tricida's July 15, 2020 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock. To the extent the allegations in paragraph 28 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 28.

29.     Paragraph 29 quotes Tricida's August 24, 2020 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context.  Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock.  To the extent the allegations in paragraph 29 consist of legal conclusions, no response is required.  Defendant otherwise denies the allegations in paragraph 29.

30.     Paragraph 30 quotes Tricida's October 29, 2020 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context.  Defendant otherwise denies the allegations in paragraph 30.

31.     To the extent the allegations in paragraph 31 consist of legal conclusions, no response is required.  Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock.  Defendant otherwise denies the allegations in paragraph 31.

32.     Paragraph 32 quotes Tricida's December 8, 2020 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context.  To the extent the allegations in paragraph 32 consist of legal conclusions, no response is required.  Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock.  Defendant otherwise denies the allegations in paragraph 32.

33.     Paragraph 33 quotes Tricida's February 25, 2021 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context.  To the extent the allegations in paragraph 33 consist of legal conclusions, no response is required.  Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock.  Defendant otherwise denies the allegations in paragraph 33.

34.     Defendant denies that Lead Plaintiff and the other investors suffered damages as a result of conduct alleged in the Complaint.  Defendant otherwise lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 except to admit on that on April 2, 2021, Jeffrey M. Fiore was appointed Lead Plaintiff by order of this Court.  Defendant otherwise denies the allegations in paragraph 34.

ANSWER TO SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00076-HSG

35. To the extent the allegations of paragraph 35 consist of legal conclusions, no response is required. Defendant admits that Lead Plaintiff seeks to state claims against him under Sections 10(b) and 20(a) of the Exchange Act. Defendant otherwise denies the allegations in paragraph 35.

36. To the extent that the allegations in paragraph 36 consist of legal conclusions, no response is required. Defendant admits that Plaintiffs purport to base jurisdiction over the subject of this action on the statutes cited in paragraph 36. Defendant otherwise denies the allegations in paragraph 36.

37. To the extent that the allegations in paragraph 37 consist of legal conclusions, no response is required. Defendant admits that venue is proper. Defendant otherwise denies the allegations in paragraph 37.

38. To the extent that the allegations in paragraph 38 consist of legal conclusions, no response is required. Defendant admits that Tricida used the United States mail, interstate telephone communications, and the facilities of the national securities markets. Defendant otherwise denies the allegations in paragraph 38.

39. Defendant denies that Lead Plaintiff suffered damages as a result of conduct alleged in the Complaint and otherwise denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39, except to admit that on April 2, 2021, Jeffrey M. Fiore was appointed Lead Plaintiff by order of this Court.

40. Defendant admits that Tricida was incorporated in Delaware, and that its principal executive offices were in South San Francisco, California. Defendant further states that on January 11, 2023 Tricida filed a voluntary petition under chapter 11 of the United States Bankruptcy Court for the District of Delaware, and that on May 23, 2023, the Bankruptcy Court approved Tricida's chapter 11 plan of liquidation. Defendant admits that Tricida's common stock traded under the ticker symbol "TCDA" on the NASDAQ. To the extent that the allegations in paragraph 40 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 40.

41. Defendant admits that Dr. Gerrit Klaerner, Ph.D., founded Tricida, and served as a member of Tricida's board of directors and as Tricida's Chief Executive Officer and President

8

during the times relevant to the allegations in the Second Amended Complaint.  Defendant admits that Dr. Klaerner was the founder of Relypsa, Inc. and served as its President and as a member of its board of directors from October 2007 until June 2013.  Defendant admits that Dr. Klaerner co-founded Ilypsa, Inc. in 2003 and served as its Chief Business Officer and Senior Vice President from December 2006 until July 2007 and its Vice President of Business Development from January 2003 until December 2006.  Defendant admits that Dr. Klaerner served in Symyx Technologies, Inc. from October 1998 until January 2003 as Staff Scientist, Senior Staff Scientist and Director of Business Development.  Defendant admits that he attended the meetings with the FDA referenced in paragraph 41.  Paragraph 41 characterizes the Establishment Inspection Report for the inspection of Tricida's South San Francisco facility from December 9-17, 2019, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context.  Defendant otherwise denies the allegations in paragraph 41.

42.     To the extent that Plaintiff quotes from or characterizes Tricida's Code of Business Conduct and Ethics, that document speaks for itself and is the best statement of its contents.  To the extent that the allegations in paragraph 42 consist of legal conclusions, no response is required.  Defendant otherwise denies the allegations in paragraph 42.

43.     Defendant admits that metabolic acidosis has been identified as a key risk factor in the progression of CKD.  Defendant further states that metabolic acidosis is a serious condition in which the body has accumulated too much acid and occurs when a patient's kidneys can no longer excrete sufficient acid or produce enough bicarbonate to balance acid production.  Defendant otherwise denies the allegations in paragraph 43.

44.     Defendant admits that there are no FDA-approved therapies for the chronic treatment of metabolic acidosis, and that unapproved methods to increase blood bicarbonate include oral alkali supplements, such as sodium bicarbonate, which introduce significant amounts of sodium to patients.  Defendant further states that approximately 85% to 95% of later-stage CKD patients suffer from sodium sensitive comorbid conditions, such as hypertension, cardiovascular disease, heart failure or edema, and require a sodium-restricted diet.  Defendant further states that given the significant limitations on the use of sodium-based supplements, there exists a significant unmet

9

medical need for a chronic therapy for CKD patients with metabolic acidosis. Defendant otherwise denies the allegations in paragraph 44.

45.    Defendant admits that Tricida was a pharmaceutical company focused on the development and commercialization of its drug candidate, veverimer (also known as TRC101) a non-absorbed, orally-administered polymer designed to treat metabolic acidosis by binding and removing acid from the gastrointestinal, or GI, tract. Defendant admits that Tricida's goal was to slow the progression of chronic kidney disease through the treatment of metabolic acidosis. Defendant otherwise denies the allegations in paragraph 45.

46.    Defendant admits that Tricida submitted its NDA for veverimer through the FDA's Accelerated Approval Program. Defendant admits that as part of the Accelerated Approval Program, the FDA may require one or more confirmatory post-marketing trials to verify and describe the anticipated effect or clinical benefit of TRC101. Defendant admits that Tricida used serum bicarbonate level as a surrogate endpoint. Defendant otherwise denies the allegations in paragraph 46.

47.    The allegations in paragraph 47 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

48.    The allegations in paragraph 48 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

49.    The allegations in paragraph 49 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

50.    The allegations in paragraph 50 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

51.    The allegations in paragraph 51 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

52.    The allegations in paragraph 52 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

ANSWER TO SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00076-HSG

53.     Defendant admits that Tricida submitted its TRCA-301 protocol and Statistical Analysis Plan (SAP) to the FDA on March 3, 2017.  Defendant otherwise denies the allegations in paragraph 53.

54.     The allegations in paragraph 54 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

55.     The allegations in paragraph 55 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

56.     The allegations in paragraph 56 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

57.     Paragraph 57 quotes from and characterizes the FDA's July 24, 2017 preliminary comments ahead of a July 26, 2017 Type B meeting with Tricida, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context.  Defendant otherwise denies the allegations in paragraph 57.

58.     The allegations in paragraph 58 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

59.     The allegations in paragraph 59 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

60.     The allegations in paragraph 60 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

61.     The allegations in paragraph 61 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

62.     Defendant admits that Tricida completed its veverimer Phase 3 trial (TRCA-301) in May 2018.  To the extent that Plaintiff quotes from Tricida's June 5, 2018 press release, which speaks for itself, Defendant respectfully refers the Court to the document for its complete and accurate content and context.  Defendant otherwise denies the allegations in paragraph 62.

63.     Defendant admits that the TRCA-301/TRCA-301E trials were conducted with majority enrollment outside the United States.  Defendant respectfully refers the Court to Tricida's

11

study records on ClinicalTrials.gov for a complete and accurate account of the TRCA-301 and TRCA-301E trial site locations. Defendant otherwise denies the allegations in paragraph 63.

64. The allegations in paragraph 64 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations. To the extent any further response is required, paragraph 64 also quotes from and characterizes the FDA's June 14, 2018 Type C written responses to Tricida, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 64.

65. Defendant admits Tricida made an IPO of stock on June 28, 2018, and sold approximately $255 million in common stock to the class. Defendant respectfully refers the Court to the Offering Documents for a complete account of the IPO. To the extent the allegations in paragraph 65 contain legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 65.

66. The allegations in paragraph 66 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

67. The allegations in paragraph 67 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

68. The allegations in paragraph 68 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

69. Defendant admits that the FDA held a Type B meeting with Tricida on June 3, 2019. Paragraph 69 quotes from and characterizes minutes from the June 3, 2019 Type B meeting between Tricida and the FDA, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 69.

70. The allegations in paragraph 70 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

71. Paragraph 71 quotes Tricida's September 4, 2019 and November 14, 2019 press releases, which speak for themselves, and to which Defendant respectfully refers the Court for their

12

complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 71.

72. Paragraph 72 quotes from and characterizes the FDA's January 24, 2020 Mid-Cycle Meeting Background Package, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 72.

73. Paragraph 73 quotes from and characterizes the FDA's January 24, 2020 Mid-Cycle Meeting Background Package, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 73.

74. Paragraph 74 characterizes the FDA's January 24, 2020 Mid-Cycle Meeting Background Package, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 74.

75. Paragraph 75 quotes from and characterizes the FDA's April 17, 2020 Late-Cycle Meeting Background Package, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 75.

76. Paragraph 76 quotes from and characterizes the FDA's April 17, 2020 Late-Cycle Meeting Background Package, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 76.

77. Defendant admits the late-cycle meeting took place on May 1, 2020. Paragraph 77 quotes from and characterizes the FDA's April 17, 2020 Late-Cycle Meeting Background Package, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 77.

78. Defendant admits Tricida received a letter titled "Deficiencies Preclude Discussion" from the FDA on July 14, 2020. Paragraph 78 quotes from and characterizes the FDA's July 14,

13

2020 Deficiency Letter, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 78.

79. Paragraph 79 quotes Tricida's July 15, 2020 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. To the extent the allegations in paragraph 79 consist of legal conclusions, no response is required. Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock. Defendant otherwise denies the allegations in paragraph 79.

80. Paragraph 80 quotes Tricida's August 6, 2020 form 10-Q, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. To the extent the allegations in paragraph 80 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 80.

81. Defendant admits that Tricida held an earnings call on August 5, 2020 and states that third parties provide transcripts from such calls. Defendant denies the allegations to the extent the earnings call transcript differs from what was actually said. To the extent the allegations in paragraph 81 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 81.

82. Paragraph 82 quotes and characterizes Tricida's August 24, 2020 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 82.

83. Paragraph 83 quotes and characterizes the FDA's August 21, 2020 Complete Response Letter, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. To the extent the allegations in paragraph 83 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 83.

84. Paragraph 84 quotes and characterizes the FDA's August 21, 2020 Complete Response Letter, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. To the extent the allegations in paragraph 84 relate to portions of

Lead Plaintiff's claims that have been dismissed by the Court, Defendant is not required to answer these allegations. To the extent the allegations in paragraph 84 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 84.

85.     Defendant admits that Tricida requested a Type A meeting with the FDA on September 21, 2020. Paragraph 85 quotes from and characterizes the FDA's October 16, 2020 Type A meeting preliminary comments, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 85.

86.     The allegations in paragraph 86 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

87.     Defendant admits that Tricida held a conference call on October 29, 2020 and states that third parties provide transcripts from such calls. Defendant denies the allegations to the extent the earnings call transcript differs from what was actually said. To the extent the allegations in paragraph 87 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 87.

88.     To the extent the allegations in paragraph 88 consist of legal conclusions, no response is required. Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock. Defendant otherwise denies the allegations in paragraph 88.

89.     The allegations in paragraph 89 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

90.     The allegations in paragraph 90 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

91.     Defendant admits that Tricida received an Appeal Denied Letter ("ADL") from the FDA's Office of New Drugs ("OND") on February 17, 2021. The remaining allegations in paragraph 91 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

92.     Paragraph 92 quotes from and characterizes Tricida's February 25, 2021 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 92.

93.     To the extent the allegations in paragraph 93 consist of legal conclusions, no response is required. Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock. Defendant otherwise denies the allegations in paragraph 93.

94.     Paragraph 94 quotes from and characterizes Tricida's June 5, 2018 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 94.

95.     Paragraph 95 quotes from and characterizes Tricida's June 5, 2018 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. Defendant otherwise denies the allegations in paragraph 95.

96.     Paragraph 96 quotes from and characterizes FDA guidance and scientific articles, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context. To the extent the allegations in paragraph 96 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 96.

97.     To the extent that the allegations in paragraph 97 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendant is not required to answer these allegations. Further, to the extent the allegations in paragraph 97 consist of legal conclusions, no response is required. To the extent any further response is required, paragraph 97 quotes from and characterizes the FDA's July 24, 2017 preliminary comments and July 26, 2017 minutes from a Type A meeting held between Tricida and the FDA, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 97.

ANSWER TO SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00076-HSG

98.     The allegations in paragraph 98 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.  To the extent the allegations in paragraph 98 consist of legal conclusions, no response is required.  Defendant otherwise denies the allegations in paragraph 98.

99.     The allegations in paragraph 99 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.  To the extent the allegations in paragraph 99 consist of legal conclusions, no response is required.  Defendant otherwise denies the allegations in paragraph 99.

100.     The allegations in paragraph 100 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.  To the extent the allegations in paragraph 100 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 100.

101.     The allegations in paragraph 101 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

102.     The allegations in paragraph 102 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

103.     To the extent the allegations in paragraph 103 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendant is not required to answer these allegations. To the extent the allegations in paragraph 103 consist of legal conclusions, no response is required. To the extent any further response is required, paragraph 103 quotes from and characterizes Tricida's Offering Documents, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context.  Defendant otherwise denies the allegations in paragraph 103.

104.     The allegations in paragraph 104 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

105.     To the extent the allegations in paragraph 105 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendant is not required to answer these allegations. To the extent any further response is required, the allegations in paragraph 105 consist of legal

17

conclusions, and no response is required. Defendant otherwise denies the allegations in paragraph 105.

106. The allegations in paragraph 106 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

107. The allegations in paragraph 107 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

108. The allegations in paragraph 108 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

109. The allegations in paragraph 109 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

110. The allegations in paragraph 110 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

111. The allegations in paragraph 111 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

112. The allegations in paragraph 112 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

113. The allegations in paragraph 113 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

114. The allegations in paragraph 114 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

115. The allegations in paragraph 115 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

116. The allegations in paragraph 116 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

117. The allegations in paragraph 117 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

118. The allegations in paragraph 118 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

18

119.    The allegations in paragraph 119 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

120.    The allegations in paragraph 120 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

121.    The allegations in paragraph 121 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

122.    The allegations in paragraph 122 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

123.    The allegations in paragraph 123 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

124.    The allegations in paragraph 124 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

125.    The allegations in paragraph 125 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

126.    The allegations in paragraph 126 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

127.    The allegations in paragraph 127 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

128.    The allegations in paragraph 128 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

129.    The allegations in paragraph 129 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

130.    The allegations in paragraph 130 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

131.    The allegations in paragraph 131 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

132.    The allegations in paragraph 132 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

133.    The allegations in paragraph 133 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

134.    The allegations in paragraph 134 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

135.    The allegations in paragraph 135 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

136.    The allegations in paragraph 136 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

137.    The allegations in paragraph 137 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

138.    The allegations in paragraph 138 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

139.    The allegations in paragraph 139 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

140.    The allegations in paragraph 140 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

141.    The allegations in paragraph 141 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

142.    The allegations in paragraph 142 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

143.    The allegations in paragraph 143 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

144.    The allegations in paragraph 144 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

145.    The allegations in paragraph 145 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

146.    The allegations in paragraph 146 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

20

147. The allegations in paragraph 147 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

148. The allegations in paragraph 148 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

149. The allegations in paragraph 149 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

150. The allegations in paragraph 150 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

151. The allegations in paragraph 151 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

152. The allegations in paragraph 152 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

153. To the extent the allegations in paragraph 153 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendant is not required to answer these allegations. To the extent any further response is required, paragraph 153 quotes from and characterizes the FDA's January 27, 2020 Mid-Cycle meeting minutes, which speak for themselves, and to which Defendant refers the Court for their complete and accurate content and context. To the extent the allegations in paragraph 153 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 153.

154. To the extent the allegations in paragraph 154 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendant is not required to answer these allegations. To the extent any further response is required, paragraph 154 quotes from and characterizes Tricida's 2019 Form 10-K, filed March 2, 2020, which speaks for itself, and to which Defendant refers the Court for its complete and accurate content and context. To the extent the allegations in paragraph 154 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 154.

155. The allegations in paragraph 155 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

156. The allegations in paragraph 156 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

157. The allegations in paragraph 157 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

158. Defendant admits that Tricida held an earnings call on May 7, 2020, and states that third parties provide transcripts from such calls. Defendant denies the allegations to the extent the earnings call transcript differs from what was actually said. Defendant otherwise denies the allegations in paragraph 158.

159. Defendant admits that Tricida held an earnings call on May 7, 2020, and states that third parties provide transcripts from such calls. Defendant denies the allegations to the extent the earnings call transcript differs from what was actually said. Paragraph 159 quotes from and characterizes the FDA's January 24, 2020 Mid-Cycle Background Package and May 1, 2020 Late-Cycle Meeting Minutes, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context. To the extent the allegations in paragraph 159 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 159.

160. The allegations in paragraph 160 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations. To the extent any further response is required, Defendant admits that Tricida held an earnings call on May 7, 2020, and states that third parties provide transcripts from such calls. Defendant denies the allegations to the extent the earnings call transcript differs from what was actually said. Defendant further states that paragraph 160 characterizes the FDA's January 27, 2020 Mid-Cycle Meeting Minutes and May 1, 2020 Late-Cycle Meeting Minutes, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context. To the extent the allegations in paragraph 160 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 160.

161. To the extent the allegations in paragraph 161 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendant is not required to answer these allegations.

To the extent any further response is required, Defendant admits that Tricida held an earnings call on May 7, 2020, and states that third parties provide transcripts from such calls. Defendant denies the allegations to the extent the earnings call transcript differs from what was actually said. To the extent any further response is required, paragraph 161 quotes from and characterizes the FDA's May 1, 2020 Late-Cycle Meeting Minutes, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context. To the extent the allegations in paragraph 161 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 161.

162. To the extent the allegations in paragraph 162 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendant is not required to answer these allegations. To the extent any further response is required, paragraph 162 quotes from and characterizes Tricida's August 6, 2020 form 10-Q and February 25, 2021 press release, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context. To the extent the allegations in paragraph 162 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 162.

163. Defendant admits that he attended the January 27, 2020 mid-cycle and May 1, 2020 late-cycle meetings with the FDA. To the extent any further response is required, the allegations in paragraph 163 consist of legal conclusions, and no response is required. Defendant otherwise denies the allegations in paragraph 163.

164. The allegations in paragraph 164 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations.

165. Paragraph 165 quotes from and characterizes the FDA's May 1, 2020 Late-Cycle Meeting Minutes, which speak for themselves, and to which Defendant respectfully refers the Court for their complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 165.

166. To the extent the allegations in paragraph 166 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 166.

167.    The allegations in paragraph 167 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

168.    The allegations in paragraph 168 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

169.    The allegations in paragraph 169 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

170.    The allegations in paragraph 170 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

171.    The allegations in paragraph 171 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.  To the extent any further response is required, paragraph 171 quotes from and characterizes Tricida's May 8, 2020 Form 10-Q, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context.  To the extent the allegations in paragraph 171 consist of legal conclusions, no response is required.  Defendant otherwise denies the allegations in paragraph 171.

172.    The allegations in paragraph 172 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

173.    The allegations in paragraph 173 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendant is not required to answer these allegations.

174.    Paragraph 174 quotes from and characterizes Tricida's July 15, 2020 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context.  Defendant otherwise denies the allegations in paragraph 174.

175.    To the extent the allegations in paragraph 175 consist of legal conclusions, no response is required.  Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock.  Defendant otherwise denies the allegations in paragraph 175.

176.    To the extent the allegations in paragraph 176 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendant is not required to answer these allegations.

24

Paragraph 176 quotes from and characterizes Tricida's July 15, 2020 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. To the extent the allegations in paragraph 176 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 176.

177.    Paragraph 177 quotes from and characterizes Tricida's August 24, 2020 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 177.

178.    To the extent the allegations in paragraph 178 consist of legal conclusions, no response is required. Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock. Defendant otherwise denies the allegations in paragraph 178.

179.    Paragraph 179 quotes from and characterizes Tricida's August 24, 2020 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. To the extent the allegations in paragraph 179 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 179.

180.    The allegations in paragraph 180 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations. To the extent any further response is required, paragraph 180 quotes from and characterizes Tricida's October 29, 2020 press release, which speaks for itself, and to which Defendant refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 180.

181.    The allegations in paragraph 181 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations. To the extent any further response is required, the allegations in paragraph 181 consist of legal conclusions, and no response is required. Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock. Defendant otherwise denies the allegations in paragraph 181.

ANSWER TO SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00076-HSG

182. The allegations in paragraph 182 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations. To the extent any further response is required, paragraph 182 quotes from and characterizes Tricida's October 29, 2020 press release, which speaks for itself, and to which Defendant refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 182.

183. The allegations in paragraph 183 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations. To the extent any further response is required, paragraph 183 quotes from and characterizes Tricida's December 8, 2020 press release, which speaks for itself, and to which Defendant refers the Court for its complete and accurate content and context. Defendant otherwise denies the allegations in paragraph 183.

184. The allegations in paragraph 184 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court. Defendant is not required to answer these allegations. To the extent any further response is required, paragraph 184 quotes from and characterizes Tricida's December 8, 2020 press release, which speaks for itself, and to which Defendant refers the Court for its complete and accurate content and context. Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock. Defendant otherwise denies the allegations in paragraph 184.

185. Paragraph 185 quotes from and characterizes Tricida's August 24, 2020 press release, which speaks for itself, and to which Defendant respectfully refers the Court for its complete and accurate content and context. To the extent the allegations in paragraph 185 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 185.

186. To the extent the allegations in paragraph 186 consist of legal conclusions, no response is required. Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock. Defendant otherwise denies the allegations in paragraph 186.

ANSWER TO SECOND AMENDED COMPLAINT
CASE NO. 4:21-CV-00076-HSG

187.    To the extent that Lead Plaintiff purports to summarize or characterize Dr. Klaerner's Forms 4 filed with the SEC, Dr. Klaerner respectfully refers the Court to those Forms 4 for a complete and accurate statement of their contents.  To the extent the allegations in paragraph 187 consist of legal conclusions, no response is required.  Defendant otherwise denies the allegations in paragraph 187.

188.    Defendant admits that Tricida made an initial public offering on June 28, 2018 and a secondary offering on April 3-8, 2019.  Defendant admits that at the end of 2018, Tricida had existing cash, cash equivalents, and investments of $243.4 million.  Defendant respectfully refers the Court to the Offering Documents for a complete account of the initial and secondary offerings.  To the extent the allegations in paragraph 188 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendant is not required to answer these allegations.  To the extent the allegations in paragraph 188 consist of legal conclusions, no response is required.  Defendant otherwise denies the allegations in paragraph 188.

189.    Defendant admits veverimer was Tricida's only investigational drug candidate.  To the extent that Lead Plaintiff purports to quote from the transcript of Dr. Klaerner's presentation at the Goldman Sachs Global Healthcare conference on June 12, 2019, Defendant admits that Dr. Klaerner spoke at the conference on June 12, 2019, and states that third parties provide transcripts from such calls.  Defendant denies the allegations to the extent the presentation transcript differs from what was actually said.  Defendant otherwise denies the allegations in paragraph 189.

190.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of allegations related to any investigation that Lead Plaintiff's counsel may have conducted, including any interviews Lead Plaintiff's counsel may have conducted with CW2.  Defendant admits that he attended the meetings with the FDA referenced in paragraph 190.  Paragraph 190 refers to Tricida's South San Francisco facility's inspection reports, which speak for themselves, and to which Defendant respectfully refers to the Court for their complete and accurate content and context.  Defendant otherwise denies the allegations in paragraph 190.

191.    To the extent the allegations in paragraph 191 consist of legal conclusions, no response is required.  Defendant respectfully refers the Court to publicly reported market services for

27

the trading price of Tricida's common stock. Defendant otherwise denies the allegations in paragraph 191.

192. To the extent the allegations in paragraph 192 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 192.

193. To the extent the allegations in paragraph 193 consist of legal conclusions, no response is required. Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock. Defendant otherwise denies the allegations in paragraph 193.

194. To the extent the allegations in paragraph 194 consist of legal conclusions, no response is required. Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock. Defendant otherwise denies the allegations in paragraph 194.

195. To the extent the allegations in paragraph 195 consist of legal conclusions, no response is required. Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock. Defendant otherwise denies the allegations in paragraph 195.

196. To the extent the allegations in paragraph 196 consist of legal conclusions, no response is required. Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock. Defendant otherwise denies the allegations in paragraph 196.

197. To the extent the allegations in paragraph 197 consist of legal conclusions, no response is required. Defendant respectfully refers the Court to publicly reported market services for the trading price of Tricida's common stock. Defendant otherwise denies the allegations in paragraph 197.

198. To the extent the allegations in paragraph 198 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 198.

199. To the extent the allegations in paragraph 199 consist of legal conclusions, no response is required. Defendant respectfully refers the Court to publicly reported market services for

28

the trading price of Tricida's common stock and the NASDAQ U.S. Smart Pharmaceuticals Index. Defendant otherwise denies the allegations in paragraph 199.

200.    To the extent the allegations in paragraph 200 consist of legal conclusions, no response is required.  Defendant otherwise denies the allegations in paragraph 200.

201.    To the extent paragraph 201 states legal conclusions or characterizes Lead Plaintiff's claims, no response is required.  Defendant admits that Lead Plaintiff purports to bring this action as a class action and that he purports to exclude certain persons from their proposed Class.  Defendant denies that this action should be certified as a class action.

202.    To the extent paragraph 202 states legal conclusions, no response is required. Defendant admits that during the Class Period, Tricida common stock traded on the NASDAQ exchange.  Defendant otherwise lacks knowledge or information sufficient to form a conclusion as to the truth or falsity of the remaining allegations in paragraph 202 and, therefore, denies those allegations.

203.    To the extent paragraph 203 states legal conclusions, no response is required. Defendant denies that this action should be certified as a class action and denies that he engaged in any wrongful conduct in violation of federal law.  Defendant otherwise lacks knowledge or information sufficient to form a conclusion as to the truth or falsity of the remaining allegations in paragraph 203 and, therefore, denies those allegations.

204.    To the extent paragraph 204 states legal conclusions, no response is required. Defendant denies that this action should be certified as a class action.  Defendant otherwise lacks knowledge or information sufficient to form a conclusion as to the truth or falsity of the remaining allegations in paragraph 204 and, therefore, denies those allegations.

205.    To the extent Paragraph 205 states legal conclusions, no response is required. Defendant denies that this action should be certified as a class action and denies that he violated the Exchange Act, that he made any statements that misrepresented or omitted material facts, and that he caused members of the putative Class to suffer any damages.  Defendant otherwise lacks knowledge or information sufficient to form a conclusion as to the truth or falsity of the remaining allegations in Paragraph 205 and, therefore, denies those allegations.

29

206.   To the extent paragraph 206 states legal conclusions, no response is required. Defendant denies that this action should be certified as a class action.  Defendant otherwise lacks knowledge or information sufficient to form a conclusion as to the truth or falsity of the remaining allegations in paragraph 206 and, therefore, denies those allegations.

207.   To the extent Paragraph 207 states legal conclusions, no response is required. Defendant otherwise denies the allegations of Paragraph 207.  Defendant further responds to paragraph 207 as follows:

- Defendant denies the allegations of sub-paragraphs 207(a)-(b).

- The assertion in sub-paragraph 207(c) that the market was efficient as to Tricida's common stock is a matter of legal and economic expert opinion and accordingly no response is required at this time.

- Defendant lacks knowledge or information sufficient to form a belief as to whether Lead Plaintiff or any other investors purchased Tricida common stock.  Defendant otherwise denies the allegations of sub-paragraphs 207(d)-(e).

208.   The assertion that the market was efficient as to Tricida's common stock is a matter of legal and economic expert opinion and accordingly no response is required at this time. Defendant admits that Tricida filed periodic public reports with the SEC as a regulated issuer and that Tricida regularly communicated with public investors via established communication mechanisms, including through the regular dissemination of press releases on major news wire services, communications through the financial press, securities analysts, the internet, and other similar reporting services.  To the extent Paragraph 208 states legal conclusions, no response is required, and Defendant otherwise denies the allegations of Paragraph 208.

209.   Defendant restates and incorporates by reference each of his responses to the foregoing paragraphs.

210.   To the extent the allegations in paragraph 210 consist of legal conclusions, no response is required.  Defendant otherwise denies the allegations in paragraph 210.

211.   To the extent the allegations in paragraph 211 consist of legal conclusions, no response is required.  Defendant otherwise denies the allegations in paragraph 211.

212. To the extent the allegations in paragraph 212 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 212.

213. To the extent the allegations in paragraph 213 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 213.

214. To the extent the allegations in paragraph 214 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 214.

215. To the extent the allegations in paragraph 215 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 215.

216. To the extent the allegations in paragraph 216 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 216.

217. To the extent the allegations in paragraph 217 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 217.

218. Defendant restates and incorporates by reference each of his responses to the foregoing paragraphs.

219. Dr. Klaerner is the sole remaining defendant in this case and as such, a claim under Section 20(a) by which he is alleged to be a controlling person over the two remaining alleged misstatements for which he is also alleged to be the primary violator fails as a legal matter. Defendant asserts that this claim no longer properly remains in the case despite footnote 8 in the Court's March 11, 2024 Order (Dkt. 128). To the extent a response is required, Defendant states that Tricida was dismissed as a defendant in this action on March 23, 2023 (Dkt. 132). To the extent the allegations in paragraph 219 are made against Tricida, Defendant is not required to answer these allegations. To the extent the allegations in paragraph 219 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 219.

220. Defendant states that Tricida was dismissed as a defendant in this action on March 23, 2023 (Dkt. 132). To the extent the allegations in paragraph 220 are made against Tricida, Defendant is not required to answer these allegations. To the extent the allegations in paragraph 220 consist of legal conclusions, no response is required. Defendant otherwise denies the allegations in paragraph 220.

31

221.    Defendant states that Tricida was dismissed as a defendant in this action on March 23, 2023 (Dkt. 132).  To the extent the allegations in paragraph 221 are made against Tricida, Defendant is not required to answer these allegations.  To the extent the allegations in paragraph 221 consist of legal conclusions, no response is required.  Defendant otherwise denies the allegations in paragraph 221.

222.    Defendant states that Tricida was dismissed as a defendant in this action on March 23, 2023 (Dkt. 132).  To the extent the allegations in paragraph 222 are made against Tricida, Defendant is not required to answer these allegations.  To the extent the allegations in paragraph 222 consist of legal conclusions, no response is required.  Defendant otherwise denies the allegations in paragraph 222.

223.    Defendant states that Tricida was dismissed as a defendant in this action on March 23, 2023 (Dkt. 132).  To the extent the allegations in paragraph 223 are made against Tricida, Defendant is not required to answer these allegations.  To the extent the allegations in paragraph 223 consist of legal conclusions, no response is required.  Defendant otherwise denies the allegations in paragraph 223.

224.    Defendant states that Tricida was dismissed as a defendant in this action on March 23, 2023 (Dkt. 132).  To the extent the allegations in paragraph 224 are made against Tricida, Defendant is not required to answer these allegations.  To the extent the allegations in paragraph 224 consist of legal conclusions, no response is required.  Defendant otherwise denies the allegations in paragraph 224.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies the allegations in the Prayer for Relief, and denies that Lead Plaintiff or the putative class is entitled to any of the requested relief.

## RESPONSE TO DEMAND FOR JURY DEMAND

Defendant denies the allegations in the jury demand and denies that Lead Plaintiff has any valid claims against him, except admits that Lead Plaintiff purports to demand a jury trial.

32

## AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct, and without admitting that Lead Plaintiff or the members of the purported class have suffered any loss, damage, or injury, Defendant alleges the following affirmative defenses to the allegations set forth in the Complaint.  By designating the following affirmative defenses, Defendant does not waive or limit any defenses raised by the denials, allegations, and averments set forth elsewhere in this Answer.  Defendant also does not, by alleging any affirmative defenses, admit that Lead Plaintiff does not have the burden of proof as to those defenses, and by asserting any defense hereinafter, Defendant does not assume the burden of proof for any issue as to which applicable law places the burden upon Lead Plaintiff.  These defenses are pleaded in the alternative, are raised to preserve Defendant's right to assert such defenses, and are without prejudice to Defendant's ability to raise other and further defenses.  Defendant expressly reserves the right to amend and/or supplement his defenses as may be necessary.

Where Defendant's defenses are based on actions or omissions by a plaintiff or plaintiffs, Defendant refers for present purposes to Lead Plaintiff.  If a class were later to be certified in this matter, these defenses would apply equally to future class members.

### FIRST DEFENSE
### (Failure to State a Claim)

Lead Plaintiff's Complaint and the purported claims for relief state therein fail to state a claim on which relief can be granted.

### SECOND DEFENSE
### (No False Statement)

Defendant is not liable on the claims alleged by Lead Plaintiff because Defendant made no actionably false or misleading statements or omissions of material fact.

### THIRD DEFENSE
### (No Duty to Disclose)

Lead Plaintiff's claims are barred, in whole or in part, because Defendant had no duty to disclose to Lead Plaintiff the information allegedly omitted in any statements made by Defendant.

### FOURTH DEFENSE
### (Lack of Scienter)

33

Defendant is not liable on the claims alleged by Lead Plaintiff because Defendant did not make the challenged statements with the necessary scienter.

## FIFTH DEFENSE
### (Lack of Materiality)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because the statements Lead Plaintiff challenges were not material to the investment decisions of a reasonable investor in view of, *inter alia*, the total mix of available information.

## SIXTH DEFENSE
### (Good Faith)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because Defendant at all times acted in good faith and with good cause.

## SEVENTH DEFENSE
### (No Knowledge of Untrue Statement)

Lead Plaintiff's claims are barred, in whole or in part, because Defendant did not know, and in the exercise of reasonable care could not have known, that any statements made by Defendant contained an untrue statement of material fact or an omission of a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

## EIGHTH DEFENSE
### (Reliance)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because Defendant is not liable because the alleged misrepresentations or omissions by Defendant were based on good faith and in reasonable reliance upon information provided by others upon whom Defendant was entitled to rely.

## NINTH DEFENSE
### (Reliance on Advice of Professionals)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because at all relevant times, the Defendant relied in good faith on the representations, reports, expert opinions, advice, and professional judgments of others at the time of the alleged acts as to matters which Defendant reasonably believed to be within such persons' professional or expert competence.

## TENTH DEFENSE
### (Conduct of Third Parties)

The claims alleged by Lead Plaintiff cannot be maintained in whole or in part because the conduct of parties other than Defendant proximately caused the alleged harms, if any, complained of.

## ELEVENTH DEFENSE
### (Failure to Plead or Prove Fraud with Particularity)

The claims alleged by Lead Plaintiff cannot be maintained in whole or in part because Lead Plaintiff cannot plead or prove fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Litigation Securities Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), and otherwise fails to properly identify the alleged false or misleading statements of which Lead Plaintiff complains or why those statements were allegedly false.

## TWELFTH DEFENSE
### (Equitable Defenses)

The claims alleged by Lead Plaintiff are barred, in whole or in part, under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands, waiver, and laches.

## THIRTEENTH DEFENSE
### (Safe Harbor)

To the extent that the claims alleged by Lead Plaintiff are based on predictions and forward-looking statements, Lead Plaintiff is barred from recovery, in whole or in part, under the bespeaks caution doctrine and/or the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, and cannot be the basis for liability by virtue of Section 21E of the Securities and Exchange Act of 1934.

## FOURTEENTH DEFENSE
### (Opinion Statement)

To the extent that the claims alleged by Lead Plaintiff are based on opinion statements, Lead Plaintiff is barred in whole or in part from recovery under the framework set forth in *Omnicare, Inc. v. Laborers District Council Construction Industry Pension Fund*, 575 U.S. 175 (2015).

35

**FIFTEENTH DEFENSE**
**(Lack of Causation)**

The claims alleged by Lead Plaintiff are barred, in whole or in part, because any damage, loss, or injury allegedly sustained by Lead Plaintiff was not directly or proximately caused, in whole or in part, by any purported misstatement or omission by Defendant.

The claims alleged by Lead Plaintiff are barred, in whole or in part, because no material misstatement of fact, omission to state a required fact, or omission to state a material fact necessary to make a statement not misleading caused, in whole, in part, or at all, any diminution in the value of the Tricida securities allegedly purchased by Lead Plaintiff.

The claims alleged by Lead Plaintiff are also barred, in whole or in part, because any increase or decrease in the market value of Tricida securities was the result of market factors, superseding or intervening causes, or other factors for which Defendant is not responsible, or acts and/or omissions of other persons or entities for whom Defendant is not responsible, and not from the alleged wrongful conduct on the part of the Defendant.

**SIXTEENTH DEFENSE**
**(No Fraud on the Market Presumption)**

The claims alleged by Lead Plaintiff are barred, in whole or in part, to the extent that (i) the market price of Tricida common stock was not inflated as a result of any alleged misrepresentation or omission made by Defendant; (ii) there was no price impact from the alleged misrepresentations; (iii) the allegedly false or misleading statements asserted in the Complaint were not immediately assimilated into the market; (iv) no efficient market existed for the trading of Tricida common stock; and (v) a "fraud on the market" presumption is not legally or factually proper.  The claims alleged by Lead Plaintiff are also barred, in whole or in part, for lack of actual reliance by Lead Plaintiff on any of the alleged misrepresentations or omissions.

**SEVENTEENTH DEFENSE**
**(Failure to Mitigate Damages)**

The claims alleged by Lead Plaintiff are barred, in whole or in part, by the failure of Lead Plaintiff to take appropriate steps to mitigate, reduce, or otherwise avoid its alleged damages.

**EIGHTEENTH DEFENSE**

36

**(Assumption of Risk)**

The claims alleged by Lead Plaintiff are barred, in whole or in part, because Lead Plaintiff knowingly and/or recklessly assumed risks when purchasing the securities described in the Complaint.

### NINETEENTH DEFENSE
**(Offset of Damages)**

Defendant is entitled to offset the damages of Lead Plaintiff, if any, by benefits received by Lead Plaintiff through its investments in Tricida, in accordance with the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or regulation.

### TWENTIETH DEFENSE
**(Lack of Standing)**

The claims alleged by Lead Plaintiff are barred in whole or in part because Lead Plaintiff lacks standing, in whole or in part, to assert and maintain them, and the claims alleged by Lead Plaintiff are barred in whole or in part because Lead Plaintiff lacks standing under Article III of the United States Constitution.

### TWENTY-FIRST DEFENSE
**(Independent Investment Decision)**

The claims alleged by Lead Plaintiff are barred, in whole or in part, because Lead Plaintiff relied exclusively upon its own independent investigations, its own decisions, and the advice of its professional investment advisors.

### TWENTY-SECOND DEFENSE
**(No Reliance)**

The claims alleged by Lead Plaintiff are barred in whole or in part for lack of reliance by Lead Plaintiff on any allegedly false or misleading statement made by Defendant.

### TWENTY-THIRD DEFENSE
**(Truth on the Market)**

The claims alleged by Lead Plaintiff are barred in whole or in part to the extent that the substance of the material information that Lead Plaintiff alleges to have been omitted or misrepresented was in fact publicly disclosed and/or was otherwise publicly available and in the

public domain, and thus was available to Lead Plaintiff, to the market, and to the investing community.

## TWENTY-FOURTH DEFENSE
### (No Damages)

The claims alleged by Lead Plaintiff are barred in whole or in part because Lead Plaintiff has suffered no damages.

## TWENTY-FIFTH DEFENSE
### (Speculative damages)

Lead Plaintiff's alleged damages, if any, are speculative and thus not recoverable.

## TWENTY-SIXTH DEFENSE
### (Damages Exceed Permitted Amount)

The claims alleged by Lead Plaintiff are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or regulation.

## TWENTY-SEVENTH DEFENSE
### (No Equitable Remedies)

Any claim by Lead Plaintiff for equitable relief, including any claim for injunctive relief, is barred because Lead Plaintiff has an adequate remedy at law.

## TWENTY-EIGHTH DEFENSE
### (No Costs or Expenses)

Lead Plaintiff is not entitled to recover the costs and expenses of this litigation, including attorneys' fees, accountants' fees, experts' fees, and other costs and disbursements.

## TWENTY-NINTH DEFENSE
### (Lack of Inducement and Good Faith Conduct Under Section 20(a) of the Exchange Act)

Defendant cannot be held liable a control person under Section 20(a) of the Exchange Act because Defendant at all times acted in good faith and did not directly or indirectly induce any act or acts constituting a violation of the Exchange Act.  *See* 15 U.S.C. § 78t(a).

**THIRTIETH DEFENSE**
**(Improper Class Action – Class Not Ascertainable)**

The claims alleged by Lead Plaintiff are not properly the subject of a class action because the putative class is not ascertainable.

**THIRTY-FIRST DEFENSE**
**(Improper Class Action – Lack of Commonality)**

The claims alleged by Lead Plaintiff are not properly the subject of a class action because the commonality requirement of Rule 23 of the Federal Rules of Civil Procedure is not met.

**THIRTY-SECOND DEFENSE**
**(Improper Class Action – Lack of Typicality)**

The claims alleged by Lead Plaintiff are not properly the subject of a class action because the typicality requirement of Rule 23 of the Federal Rules of Civil Procedure is not met.

**THIRTY-THIRD DEFENSE**
**(Improper Class Action – Individual Issues Predominate)**

The claims alleged by Lead Plaintiff are not properly the subject of a class action because individual issues predominate over issues common to the putative class.

**THIRTY-FOURTH DEFENSE**
**(Improper Class Action – Irresolvable Conflicts)**

The claims alleged by Lead Plaintiff are not properly the subject of a class action because irresolvable conflicts exist within the putative class.

**THIRTY-FIFTH DEFENSE**
**(Improper Class Action)**

The claims alleged by Lead Plaintiff are not properly the subject of a class action because a class action is not a superior means of adjudication.

**THIRTY-SIXTH DEFENSE**
**(Improper Lead Plaintiff)**

The claims alleged by Lead Plaintiff are not properly maintainable as a class action because Lead Plaintiff is not a proper class representative and will not fairly and adequately protect the interests of the members of the putative class.

**THIRTY-SEVENTH DEFENSE**

39

**(Dismissed Claims)**

The claims alleged by Lead Plaintiff are barred, in whole or in part, to the extent Lead Plaintiff's claims were dismissed by the Court on July 29, 2022 or on March 11, 2024.

### THIRTY-EIGHTH DEFENSE
**(Additional Defenses, Cross-Claims and Third-Party Claims)**

Defendant hereby reserves and reassert all affirmative defenses available under any applicable federal and/or state law.  Defendant reserves the right to assert and pursue any additional defenses, cross-claims, and third-party claims not asserted herein of which he may become aware through discovery or other investigation.

Date:  May 9, 2024

Respectfully submitted,

**SIDLEY AUSTIN LLP**

By:*/s/ Sara B. Brody*
        Sara B. Brody (SBN 130222)

*Attorneys for Defendant Gerrit Klaerner*