Sara B. Brody (SBN 130222)
sbrody@sidley.com
Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  415 772 1279

Robin E. Wechkin (admitted *pro hac vice*)
rwechkin@sidley.com
SIDLEY AUSTIN LLP
8426 316th Place Southeast
Issaquah, WA 98027
Telephone: 415 439 1799

*Attorneys for Defendant Gerrit Klaerner*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRICIDA, INC., and GERRIT KLAERNER,<br><br>Defendants. | Case No.:  4:21-cv-00076-HSG<br><br>CLASS ACTION<br><br>**DEFENDANT GERRIT KLAERNER'S OPPOSITION TO LEAD PLAINTIFF'S MOTION TO CLARIFY ORDER**<br><br>Hon. Haywood S. Gilliam, Jr.<br><br>Date:  July 18, 2024<br>Time: 2:00 p.m.<br>Courtroom 2, 4th Floor |

## I.   INTRODUCTION

In ruling on successive motions to dismiss, the Court limited Plaintiff's case against Dr. Gerrit Klaerner to two challenged statements he made on a May 7, 2020 earnings call.  The first is Klaerner's reference to one review issue discussed at a May 1, 2020 meeting with the FDA, concerning magnitude and durability of treatment effect, but not a second review issue, concerning geographical applicability of clinical trial data.  The second is Klaerner's comment that, at the same May 1 meeting, "the FDA indicated it currently does not plan to hold an AdCom to discuss veverimer due in part to the logistical challenges posed by COVID-19."  In thorough rulings, the Court considered and rejected Plaintiff's challenge to a host of additional statements, including other statements Klaerner made on the May 7 earnings call.  Now, nearly three months after the Court's March 2024 ruling on Klaerner's motion to dismiss—and after representing in a joint case management statement that only two statements remain in the case—Plaintiff argues that the Court's orders are ambiguous, and seeks a ruling that a third statement also remains in the case.

The Court should deny Plaintiff's motion.  Plaintiff seeks to revive a third statement Klaerner made on May 7:  "while the FDA continues its review, we remain confident that our submission meets the standard for approval through the Accelerated Approval Program."  Mot. at 8.  That statement is no longer in the case.  In its March 2024 Order, the Court considered the "we remain confident" statement and dismissed Plaintiff's challenge to it.  There is no ambiguity.  The Court explicitly identified the statement:  "on May 7, 2020 Klaerner stated that '[o]verall, while the FDA continues its review, we remain confident that our submission meets the standard for approval through the Accelerated Approval Program.'"  March 11, 2024 Order at 11.  The Court then engaged in a detailed analysis of this and other opinion statements, explaining that "Klaerner's failure to disclose all of the specific details of the FDA's concerns does not render all of his opinions conveying optimism about the approval process false and misleading."  *Id.* at 16.  The Court granted Klaerner's motion as to all of the challenged opinion statements, including the May 7, 2020 statement.  *Id.*

In the face of the Court's explicit ruling, Plaintiff now argues that the Court "did not intend" to dismiss the May 7, 2020 "we remain confident" statement.  Mot. at 8.  Plaintiff cobbles together

1

disparate pieces of the Court's two motion to dismiss rulings that quote or refer to the "we remain confident" statement, and argues that these portions of the rulings create uncertainty as to whether the statement is in or out of the case. But there is no ambiguity in the Court's explicit ruling. The Court should reject Plaintiff's attempt to revive a statement it has twice dismissed.

## II.    BACKGROUND

### A.    July 2022 Order.

In his First Amended Complaint, Plaintiff challenged six categories of statements: (1) references to clinical trials conducted in "Europe"; (2) risk disclosures about foreign trial sites; (3) references to "multicenter" Phase 3 trials; (4) statements about the FDA's Accelerated Approval Program on a June 12, 2019 investor call; (5) statements about the design of Tricida's postmarketing trial, VALOR-CKD; and (6) statements about FDA developments on a May 7, 2020 earnings call. The Court rejected Plaintiff's challenge to statements in the first three categories on scienter grounds and statements in the fourth, fifth, and part of the sixth categories on falsity grounds. July 2022 Order at 15-21. The Court allowed Plaintiff to proceed as to a single statement in the sixth category: Klaerner's description of review issues the FDA and Tricida addressed during a May 1 meeting. *Id*. at 29.

Specifically, the Court held that Plaintiff had plausibly alleged that by disclosing that Tricida discussed "outstanding review issues" with the FDA at the May 1 meeting and identifying one of those issues (the "magnitude and durability of the treatment effect on the surrogate marker"), Klaerner was also "obligated to share the other significant review issue – 'applicability of data from the TRCA-301 and TRCA-301E trials to the U.S. population.'" *Id.* at 22. In a section of the July 2022 Order titled "Discussing Outstanding Review Issues with the FDA," the Court quoted a portion of the complaint that in turn quoted several of Klaerner's May 7 statements. *Id.* at 21-22. But the Court did not hold or suggest that Plaintiff had adequately pled that every statement it quoted was false or misleading. The Court held that Plaintiff had adequately alleged that *one* statement was false or misleading—the reference to one rather than both of the review issues discussed at the May 1 meeting.

In discussing scienter, the Court also referred to the "we remain confident" statement. *Id.* at 29. Here too, the Court discussed Klaerner's reference to one rather than both of the review issues discussed at the May 1 meeting. *Id.* at 29-30. The Court did not suggest that Plaintiff had adequately alleged scienter as to the "we remain confident" statement.

B.      March 2024 Order.

In December 2022, Plaintiff filed his Second Amended Complaint, which incorporated allegations purportedly drawn from FDA documents. Plaintiff challenged most of the same statements as in his prior complaint, with the exclusion of statements about VALOR-CKD. Plaintiff also, for the first time, challenged statements about trial design and endpoints. In March 2024, the Court granted Defendant's motion to dismiss with prejudice as to all but two challenged statements: (1) the statement that survived the first motion to dismiss, *i.e.*, the "review issue" statement related to the May 1 meeting, and (2) a second statement, also related to the May 1 meeting, about the FDA's reasons for not scheduling an Advisory Committee meeting. Klaerner made both statements on the May 7, 2020 earnings call.

In the March 2024 Order, the Court considered and rejected Plaintiff's challenge to the May 7, 2020 "we remain confident" statement. The Court noted that Plaintiff "challenges a number of statements made by Klaerner which were allegedly misleading as to the likelihood that Tricida would achieve accelerated approval because those representations omitted concerns raised by the FDA in its ongoing dialogue with Tricida throughout the review and approval process." March 2024 Order at 10. The Court then walked through these statements, again specifically calling out the "we remain confident" statement: "on May 7, 2020 Klaerner stated that '[o]verall, while the FDA continues its review, we remain confident that our submission meets the standard for approval through the Accelerated Approval Program.'" *Id.* at 11. The Court analyzed Plaintiff's theory of falsity as to the "we remain confident" statement, citing the relevant paragraphs of the Second Amended Complaint:

> Fiore argues that the May 7, 2020 statement was false or misleading because the FDA had told Klaerner at two prior meetings that "the trial results were likely inapplicable to the U.S. population because TRCA-301/301E relied on foreign data primarily from a single site in Bulgaria and because the size of the treatment effect

3

was too small to be 'reasonably likely' to predict clinical benefit," and that study participants largely appeared to be suffering from a different condition, Balkan Endemic Nephropathy . . . not CKD. *Id*. at ¶¶ 160–61.

March 2024 Order at 11.

After identifying the statements at issue and Plaintiff's theory of fraud, the Court ruled that those statements, including the May 7, 2020 statement, are opinions, and that Plaintiff "fails to plausibly allege that Klaerner did not hold the optimistic beliefs he professed, or that these beliefs are objectively untrue." *Id.* at 12. The Court explained that "the FDA's expression of its view that the results likely would not be applicable to the U.S. population does not show that Klaerner's confidence in the likelihood of approval was necessarily false or not honestly held." *Id.* The Court discussed case law in detail, concluding that "Klaerner's failure to disclose all of the specific details of the FDA's concerns does not render all of his opinions conveying optimism about the approval process false and misleading"; the Court accordingly granted Klaerner's motion as to all challenged opinion statements. *Id.* at 16. The Court's opinion was crystal clear. The May 7, 2020 "we remain confident" statement was an opinion statement, and the Court dismissed it together with the other challenged opinion statements.

The Court referred to the "we remain confident" statement again when discussing scienter as to the second of the two surviving statements related to the scheduling of an Advisory Committee meeting. *Id*. at 24. The Court held that Plaintiff had adequately alleged scienter as to the Advisory Committee statement, but this does not somehow supersede its ruling that Plaintiff failed to allege falsity as to the "we remain confident" opinion statement.

C.     Joint Case Management Statement.

Plaintiff himself has represented that only two statements remain in the case. Shortly after the Court issued the March 2024 Order, the parties submitted a Joint Case Management Statement. The parties jointly stated that:

> Accordingly, the two remaining challenged statements are Defendant's statements on Tricida's May 7, 2020 earnings call: (1) discussing outstanding review issues addressed at the May 1, 2020 late-cycle and (2) that an Advisory Committee Meeting would not be scheduled due in part to the logistical challenges posed by COVID-19.

4

Joint Case Management Statement, Dkt. 148 at 2. The parties worked together to draft and revise the statement. Plaintiff never expressed a view that the "we remain confident" statement is still at issue in this case, or suggested that the Court's rulings on the motions to dismiss were ambiguous on this or any other point.

### III.   ARGUMENT

Despite the explicit language of the March 2024 Order and his own representation that only two statements remain in the case, Plaintiff now attempts to read ambiguity into the Court's rulings and invites the Court to resurrect the dismissed "we remain confident" statement. Plaintiff's arguments are meritless.

***First***, Plaintiff contends that the "we remain confident" statement survived the July 2022 motion to dismiss ruling, and that in the March 2024 Order, the Court held that it would not revisit its prior rulings. Mot. at 7. Therefore, Plaintiff claims, the "we remain confident" statement is likely still at issue. *Id.* at 8. But the premise that the "we remain confident" statement survived the July 2022 Order is wrong—again, as Plaintiff himself has recognized. The Court did not hold in the July 2022 Order that the "we remain confident" statement was independently actionable.

As discussed, the Court included the "we remain confident" statement in a block quotation when analyzing the challenged "review issues" statement. July 2022 Order at 21-22; *supra* at 2. Also as noted above, the Court explained that Plaintiff had plausibly alleged that by disclosing one of two review issues, "Klaerner was obligated to share the other significant review issue – 'applicability of data from the TRCA-301 and TRCA-301E trials to the U.S. population.'" *Id.* at 22. The Court did not address the "we remain confident" opinion statement in its falsity analysis. In discussing scienter as to the "review issues" statement, the Court again quoted the "we remain confident" statement. *Id.* at 29-30. But the Court was not revisiting its falsity analysis. It was evaluating scienter as to the single statement that survived that analysis—the "review issues" statement.

***Second***, even if the July 2022 Order were ambiguous, Plaintiff is simply wrong in arguing that the Court could not clarify or revisit that ruling in its March 2024 Order. The law of the case doctrine, which Plaintiff invokes, "does not preclude a court from reassessing its own legal rulings

5

in the same case." *Alfasigma USA, Inc. v. First Databank, Inc.*, 525 F. Supp. 3d 1088, 1095 (N.D. Cal. 2021) (citation omitted).  The Court was "free to assess Plaintiff's amended complaint in its entirety on the merits without having to find that its prior decision was clearly erroneous." *Id.* (internal quotation marks, citation omitted).  In considering and explicitly dismissing the "we remain confident" statement in the March 2024 Order, the Court disposed of any uncertainty about the statement in the July 2022 Order.

*Third*, Plaintiff's interpretation is untethered from the text of the March 2024 Order. Plaintiff contends that the "more likely reading of the [March 2024] Order is that [the Court] did not intend to dismiss the May 7, 2020 statement expressing confidence in FDA approval."  Mot. at 8.  But again, the March 2024 Order is explicit.  The Court identified the May 7, 2020 "we remain confident" statement, discussed Plaintiff's theory of falsity, and then dismissed the statement along with other opinion statements.  *Supra* at 3-4; March 2024 Order at 12-16.

In the face of that ruling, Plaintiff argues that because the Court dismissed the "we remain confident" statement as part of a discussion of a larger group of opinion statements—what he calls a "bulk list"—the holding lacks force.  That is plainly wrong.  The Court quoted the "we remain confident" statement in full, called it out a second time in describing Plaintiff's theory of falsity, and then analyzed in detail the defects in Plaintiff's attack on all opinion statements.  March 2024 Order at 11.  To require yet more references, or additional analysis of each statement, would impose an impossible burden on courts adjudicating cases in which securities plaintiffs choose to attack scores of statements.

Plaintiff finally argues that the scienter analysis in the Court's March 2024 Order reinserts ambiguity.  But as discussed, the Court analyzed scienter as to the Advisory Committee statement; it was not revisiting its falsity ruling on the "remain confident" statement.  *Id.* at 23-24; *supra* at 4. The "we remain confident" statement appears as surrounding detail for the analysis, not as an actionable statement in itself.  March 2024 Order at 23-24.  It borders on the absurd for Plaintiff to argue that the Court's quotation of the "we remain confident" statement in its scienter analysis overrode its explicit conclusion that Plaintiff failed to allege that the statement was false or misleading.

6

## IV. CONCLUSION

The Court unambiguously dismissed Plaintiff's challenge to the "we remain confident" statement. Plaintiff himself has acknowledged that only two statements remain in the case, and that this is not one of them. No further clarification is needed. The third statement is not part of the case. The Court should deny Plaintiff's motion.

Dated:  June 20, 2024                    Respectfully submitted,

                                         **SIDLEY AUSTIN LLP**

                                         By: */s/ Sara B. Brody*
                                             Sara B. Brody (SBN 130222)

                                         *Attorneys for Defendant*