Jeffrey C. Block, *pro hac vice*
Michael D. Gaines, *pro hac vice*
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
michael@blockleviton.com

Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

*Attorneys for Lead Plaintiff Jeffrey M. Fiore and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| MICHAEL PARDI, *Individually and on Behalf of All Others Similarly Situated,*<br><br>Plaintiff,<br><br>v.<br><br>TRICIDA, INC. and GERRITT KLAERNER,<br><br>Defendants. | Case No. 4:21-cv-00076-HSG<br><br>**LEAD PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CLARIFY ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>**Class Action**<br><br>Hon. Haywood S. Gilliam, Jr.<br><br>Date: July 18, 2024<br>Time: 2:00pm<br>Courtroom 2, 4th Floor |

The SAC Order stated that the Court was not "revisit[ing] statements that the Court already found sufficiently pled" while also seeming to reexamine one such statement: Defendant Klaerner's May 7, 2020 claim that "while the FDA continues its review, we remain confident that one submission meets the standard for approval through the Accelerated Approval Program." ECF No. 145, at 8, 11. Compounding the uncertainty, the SAC Order again quotes Klaerner's statement of confidence in FDA approval, this time echoing the Court's original ruling that Klaerner's May 7, 2020 statements taken together "misle[d] the market by omission." ECF No. 145, at 23–24. Defendant tacitly acknowledges this ambiguity.[1] He suggests, however, that Lead Plaintiff's motion is in tension with the Parties' representations in the Joint Case Management Statement, which identified "the two remaining challenged statements" following the Court's SAC Order. But—as articulated by the Court in both the FAC Order and SAC Order—Klaerner's statement of confidence in FDA approval was integral to his statements about outstanding review issues and the reasons the FDA would no longer convene an AdCom. ECF No. 93, at 29–30; ECF No. 145, at 23–24. The inherent contradiction in the SAC's Order's treatment of Klaerner's statement of confidence merits clarification.

## ARGUMENT

The FAC Order plainly upheld as an actionable misrepresentation Klaerner's statement expressing confidence in FDA approval on May 7, 2020. The SAC Order explicitly states that it is not re-opening previously sustained misstatements, but also includes the statement of confidence in a list of inactionable statements. ECF No. 145, at 8, 11. The SAC Order then returns to the statement of confidence and, analyzing it in concert with Klaerner's other concurrent representations and in light of what Klaerner had recently learned at the May 1, 2020 late-cycle meeting, found that statement to be misleading by omission. ECF No. 145, at 23. As no part of the Court's SAC Order is entitled to greater weight than any other, the contradictory treatment of the

---

[1] Defendant's opposition argues that there is no ambiguity by simply ignoring the Court's stated intent not to revisit statements previously upheld, but then ultimately argues for an interpretation of the SAC Order in his favor.

statement of confidence plainly creates uncertainty. Defendant disagrees, insisting that the SAC Order contains no such contradiction.

To read ambiguity out of the SAC Order, Defendant's first move is to write ambiguity into the FAC Order.[2] According to Defendant, there is no inconsistency between explicitly affirming the FAC Order's findings of actionability and revisiting the statement of confidence because the FAC Order "did not hold . . . that the 'we remain confident' statement was independently actionable." ECF No. 159, at 5. Defendant's characterization of the FAC Order conspicuously avoids dealing with its actual text, however, while thinly slicing Klaerner's May 7, 2020 statement in a manner the FAC Order did not.

As repeated in the SAC, the FAC alleged that Klaerner made an extended representation about Tricida's interactions with the FDA on May 7, 2020, which taken together and in context was misleading.[3] Paragraphs 101 of the FAC and 158 of the SAC both quoted Klaerner's extended May 7, 2020 statement in full, which concluded with the statement of confidence:

> *In our late-cycle meeting with the FDA held in May 2020, the FDA indicated it currently* does *not plan to hold an AdCom to discuss veverimer due in part to the logistical challenges posed by COVID-19. In our late-cycle meeting with FDA, we took the opportunity to address outstanding review issues.* We presented our data and rationale as to why we think we very much satisfied the requirements for initial approval under the Accelerated Approval Program including the magnitude and durability of the treatment effect on the surrogate markup serum bicarbonate demonstrated in the TRCA-301 and TRCA-301E trials.

---

[2] Defendant criticizes Lead Plaintiff for belatedly requesting clarification of the SAC Order. However, Lead Plaintiff believed the most logical way to read the SAC Order was to give effect to the Court's clear instruction that the SAC Order "only addresses the statements that it previously found inadequately pled." ECF No. 145, at 8. It was not until Defendant's counsel asserted their contrary position in the context of disagreement over the appropriate scope of discovery and it became clear the parties had divergent views which could not be reconciled that intervention by this Court became necessary. *See* Declaration of Michael D. Gaines in Support of Lead Plaintiff's Motion to Clarify Order Granting in Part and Denying in Part Motion to Dismiss ¶4, ECF No. 158-1.

[3] "FAC" refers to Lead Plaintiff's first Amended Complaint for Violations of the Federal Securities Laws, ECF No. 39. "SAC" refers to Lead Plaintiff's Second Amended Complaint, ECF Nos. 115, 142.

> Under the initial approval, we have to ensure that US patients who would be prescribed veverimer get clinically significant benefit that outweighs the risk of treatment. *Overall, while the FDA continues its review, we remain confident that our submission meets the standard for approval through the Accelerated Approval Program.*

ECF No. 39, ¶101 (emphasis in original); *see also* ECF Nos. 115, 142, ¶158. Lead Plaintiff alleged that Klaerner's May 7, 2020 statement was misleading because he was speaking just days after the May 2020 late-cycle meeting with the FDA, yet omitted to disclose that the FDA had told him that there "were too many problems with [veverimer's] NDA to even warrant convening an Advisory Committee." *See* ECF No. 39, ¶¶102–103.

Just as the FAC had, the FAC Order analyzed Klaerner's May 7, 2020 statements in terms of the misleading impression they created in conjunction with one another. The Court explained that Klaerner's statements were actionable because Tricida later "acknowledged in [its] 2Q 2020 Form 10-Q that the FDA would likely decline to approve the NDA" and "at the time Klaerner made the statement at issue, Defendants knew the nature of the FDA's concerns with their clinical data, and that those concerns affected veverimer's chances for FDA approval." ECF No. 93, at 22. The Court went further, explaining that Defendant's counter argument that he subjectively believed in veverimer's chances for FDA approval on May 7, 2020 was a premature fact argument. *Id.* at 23.

Defendant now asserts that the Court failed to explain in the FAC Order why the final sentence of FAC ¶101 was "independently actionable," and therefore the statement of confidence did not "survive" the FAC Order. ECF No. 159, at 5. Yet Defendant notably avoids claiming that the FAC Order dismissed the statement of confidence, likely because the FAC Order's text lends no support to that position. The best Defendant can argue is that the Court "did not address the 'we remain confident' opinion statement in its falsity analysis," ECF No. 159, at 5, but even that is untrue. First, as described above, the FAC Order quoted the statement of confidence and dealt with Klaerner's May 7, 2020 statements together and in context, just as the FAC did. Klaerner's claims on that date were misleadingly incomplete for the same reason: the FDA had discussed multiple review issues with him just days earlier, but he withheld one from investors. *See* ECF No. 93,

at 22–23, ECF No. 39, ¶¶101–03. That Defendant believes the statement of confidence should have been parsed more thinly does not deprive the FAC Order of its plain meaning.[4]

But even if Defendant needed a more individualized explanation, the Court provided one. The FAC Order again observed that Klaerner misled the market because he "only shared one issue discussed at [the May 1, 2020 late-cycle] meeting" but "did not share the other issue that was discussed." ECF No. 93, at 29. The Court continued by analogizing the statement of confidence to binding Ninth Circuit precedent, *Schueneman v. Arena Pharmaceuticals, Inc.*, 840 F.3d 698 (9th Cir. 2016):

> Klaerner concluded his statement by assuring investors that, "**Overall, while the FDA continues its review, we remain confident that our submission meets the standard for approval through the Accelerated Approval Program**." [ECF No. 78-14,] at 6.

> The facts here are similar to those in *Schueneman*. 840 F.3d at 702. There, the defendant (a bio-pharmaceutical company that was testing and developing a new drug) **affirmatively told investors that the company was "confident" about the drug's approval** . . .

> Defendants could have remained altogether silent about the review issues they discussed with the FDA. **But they could not disclose only one review issue discussed with the FDA and conclude that they were thus confident about their chances for approval, while omitting the other review issue they knew the FDA was concerned about**.

ECF No. 93, at 29–30 (bold emphasis added). The Court's reasoning was sound and consistent not only with *Schueneman* but with other binding authority holding that defendants may not omit key details from a statement then later claim that, analyzed in isolation, the optimistic expressions or opinion language they used negated any misleading impression. *See In re Quality Sys., Inc. Sec.*

---

[4] Defendant's position that he is free to assume a statement has not "survive[d]" his motion to dismiss unless the Court has articulated "independent[]" grounds for sustaining it is wholly unsupported. ECF No. 159, at 5. Because investors understand statements in the context of all other information available, Courts consider context in evaluating whether a statement would have misled a reasonable investor. *See Casella v. Webb*, 883 F.2d 805, 808 (9th Cir. 1989) ("Statements made in the course of an oral presentation 'cannot be considered in isolation,' but must be viewed 'in the context of the total presentation.' What might be innocuous 'puffery' or mere statement of opinion standing alone may be actionable as an integral part of a representation of material fact when used to emphasize and induce reliance upon such a representation.") (citations omitted). The Court correctly analyzed the statement of confidence in its surrounding light.

*Litig.*, 865 F.3d 1130, 1143 (9th Cir. 2017) ("[E]ven 'general statements of optimism, when taken in context, may form a basis for a securities fraud claim' when those statements address specific aspects of a company's operation that the speaker knows to be performing poorly. . . . For example, reassuring investors that 'everything [was] going fine' with FDA approval when the company knew FDA approval would never come was materially misleading.") (quoting *Warshaw v. Xoma Corp.*, 74 F.3d 955, 959 (9th Cir. 1996)); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 615–16 (9th Cir. 2017) ("*Omnicare* establishes three different standards for pleading falsity of opinion statements. . . . Third, when a plaintiff relies on a theory of omission, the plaintiff must allege 'facts going to the basis for the issuer's opinion ... whose omission makes the opinion statement at issue misleading to a reasonable person reading the statement fairly and in context.'") (quoting *Omnicare, Inc. v. Laborers District Council Construction Indus. Pension Fund*, 575 U.S. 175, 194 (2015)). The FAC Order sustained the statement of confidence. It was not improper for the Court to analyze that statement along with the rest of Klaerner's representations on May 7, 2020, and doing so did not negate the FAC Order's holding. Defendant's attempt to rewrite the FAC Order does not work.

The same flaw undermines Defendant's reliance on the Joint Case Management Statement. Although Defendant criticizes Lead Plaintiff for agreeing in a Joint Case Management Statement that the two remaining statements concerned the "outstanding review issues addressed at the May 1, 2020 late-cycle" and the representation that the Advisory Committee Meeting would not be scheduled because of COVID-19, ECF No. 159, at 4, again Defendant is parsing his statements more finely than the Court or Lead Plaintiff did. The statement of confidence was central to the same extended representation made on May 7, 2020 that the Court recognized as actionable. Klaerner discussed one review issue, presented it in a favorable light, omitted another serious review issue, then said he was "confident" in approval. ECF No. 39, ¶101. The FAC Order explained precisely why these representations in conjunction created a misleading impression about the review issues. ECF No. 93, at 22–23, 29–30 (explaining that Defendants "could not disclose only one review issue discussed with the FDA and conclude that they were thus confident

about their chances for approval, while omitting the other review issue they knew the FDA was concerned about.").

Defendant next tries to rewrite Lead Plaintiff's Motion to Clarify. Defendant incorrectly asserts that Lead Plaintiff is "arguing that the Court could not clarify or revisit [the FAC Order] in its March 2024 [SAC] Order." ECF 159, at 5. This argument is a strawman. Lead Plaintiff did not argue that the Court *could not* revisit its prior ruling; he noted that the law-of-the-case doctrine suggests a Court would typically state its intent to deviate from the law of the case if doing so,[5] and observed that the Court instead explicitly stated it *was not* revisiting its prior ruling. ECF No. 158, at 7–8. In its SAC Order, the Court denied Klaerner's "attempt[] to revisit statements that the Court already found sufficiently pled" and "f[ound] that there [wa]s no basis to revisit any of its prior rulings, including the statements discussing outstanding review issues with the FDA that the Court previously found to be sufficiently pled." ECF No. 145, at 8. There was no recognition in the SAC Order that the Court intended to make an exception for the statement of confidence. Yet the Court then included that statement within a list of statements it had not previously sustained and purported to dismiss all newly challenged opinion statements as inactionable,[6] ECF No. 145, at 10–16, creating a clear inconsistency with the Court's admonition that it was not revisiting the FAC Order.

Even so, the SAC Order returned to the statement of confidence once more. When analyzing scienter, the Court again considered the statement in context and quoted it alongside Klaerner's other May 7, 2020 representations, concluding consistent with the FAC Order that

---

[5] *See Marble Voip Partners LLC v. Zoom Video Commc's, Inc.*, 2024 WL 86859, at *2 (N.D. Cal. Jan. 8, 2024) ("A Rule 12(c) motion for judgment on the pleadings that raises issues already decided on a prior Rule 12(b)(6) motion to dismiss is subject to the 'law of the case' doctrine. . . . However, this doctrine is 'not a limitation on a tribunal's power, but rather a guide to discretion.'").

[6] Defendant Gerrit Klaerner's Motion to Dismiss the Second Amended Complaint falsely characterized the statement of confidence as being challenged "for the first time" in the SAC. ECF No. 128, at 13–14 ("Plaintiff attacks for the first time Klaerner's May 7, 2020 statement that '[o]verall, while the FDA continues its review, we remain confident . . .'"). This was a mischaracterization, inconsistent with both the FAC and the FAC Order. ECF No. 39, ¶101 (identifying the statement of confidence as misleading); ECF No. 93, at 22–23, 29–30.

"Klaerner selectively raised only one of the FDA's concerns in the May 7, 2020 call, but not others, thereby misleading the market by omission." ECF No. 145, at 23–25 (citation omitted).

Accordingly, Defendant's assertion that the SAC Order shows "no ambiguity" is untenable. ECF No. 159, at 2. Clarification is warranted. Defendant believes the ambiguity should be resolved in his favor because the Court's inclusion of the statement of confidence among a list of other statements that the Court *had not* previously found to be misleading signifies that the SAC Order intended to revisit and reverse the FAC Order. On the other side of the ledger, the Court (i) called the statement plausibly misleading in the FAC Order, including by analogizing it to a statement sustained by the Ninth Circuit in *Schueneman* that a "company was 'confident' about [a] drug's approval," ECF No. 93, at 29 (quoting 840 F.3d at 702); (ii) disavowed Defendant's request to revisit the FAC Order, ECF No. 145, at 8; and (iii) again called the statement misleading by omission in the SAC Order, *id.* at 23–24. Lead Plaintiff believes his interpretation is stronger, but requests that the Court aid the parties by clarifying the SAC Order.

### CONCLUSION

For all these reasons, Lead Plaintiff respectfully requests that the Court issue an order clarifying the SAC Order with respect to the statement of confidence.

DATED: June 26, 2024

Respectfully submitted,

/s/ Jeffrey C. Block
Jeffrey C. Block (*pro hac vice*)
Michael D. Gaines (*pro hac vice*)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
michael@blockleviton.com

Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com