# Exhibit B
# Defendant's Responses and Objections to Plaintiff's Second Set of Requests for Production of Documents

Sara B. Brody (SBN 130222)
sbrody@sidley.com
Sarah A. Hemmendinger  (SBN 289659)
shemmendinger@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415 772 1200

Robin E. Wechkin (admitted *pro hac vice*)
rwechkin@sidley.com
SIDLEY AUSTIN LLP
8426 316th Place Southeast
Issaquah, WA 98027
Telephone: 415 439 1799

*Attorneys for Defendant Gerrit Klaerner*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>v.<br><br>TRICIDA, INC., and GERRIT KLAERNER,<br><br>*Defendant.* | Case No.:  4:21-cv-00076-HSG<br><br>CLASS ACTION<br><br>**DEFENDANT GERRIT KLAERNER'S RESPONSE TO LEAD PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**<br><br>Hon. Haywood S. Gilliam, Jr. |

PROPOUNDING PARTY:      LEAD PLAINTIFF JEFFREY M. FIORE

RESPONDING PARTY:      DEFENDANT GERRIT KLAERNER

SET NO.:      TWO

1

DEFENDANT GERRIT KLAERNER'S RESPONSE TO LEAD PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION
CASE NO. 4:21-CV-00076-HSG

Defendant Gerrit Klaerner hereby responds and objects to Lead Plaintiff Jeffrey M. Fiore's ("Plaintiff") Second Set of Requests for Production of Documents (the "Requests" collectively, and each "Request" individually), as follows:

## GENERAL OBJECTIONS

1.    Defendant objects to any and all Requests to the extent that they call for the disclosure of any information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant will make any production and otherwise respond on the condition that an inadvertent production of documents or information covered by such privilege or protection does not waive any of Defendant's rights to assert such privilege or protection and that Defendant may withdraw any such document or information inadvertently produced or provided as soon as identified.

2.    Defendant objects to the Requests to the extent that they seek documents not within Defendant's possession, custody, or control.  Defendant will produce documents only in his own possession, custody, or control.

3.    Defendant objects to these Requests to the extent they seek information outside the scope of this action, as defined by the Court's March 11, 2024 Order [Dkt. No. 145] and the Court's July 29, 2022 Order [Dkt. 93] (together, the "Court's Orders").  Defendant further objects to the definition of "Relevant Period" as overbroad, unduly burdensome, and not proportional to the needs of the case and as seeking documents outside the scope of this action, as defined by the Court's Orders.

4.    Defendant objects to any attempt by Plaintiff to claim that Defendant's responses to the Requests set forth herein are an admission by Defendant of the recitation of facts set forth in any such Request or in the definitions.

5.    Defendant will only produce documents pursuant to the terms of the Protective Order entered by the Court in this case.

6.    Defendant objects to the Instructions provided for in paragraphs 1 to 10 and under the headings "Production of Hard Copy Documents" and "Production of ESI" to the extent that they

2

DEFENDANT GERRIT KLAERNER'S RESPONSE TO LEAD PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:21-CV-00076-HSG

attempt to impose any obligation on Defendant beyond the obligations imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Defendant will meet and confer with Plaintiff regarding the entry of an appropriate stipulated ESI Order, and will make any productions pursuant to the specifications of that Order.  Where Defendant has agreed to produce documents, Defendant will produce documents on a rolling basis.  To the extent Defendant withholds from production or redacts responsive documents, Defendant will provide a privilege log consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court.

7.     Defendant reserves the right to supplement his objections and responses from time to time in the event that he discovers additional information or documents responsive to the Requests, and also reserves the right to supplement or correct any answer or any objections herein.

8.     Defendant reserves the right to challenge the competency, relevancy, materiality, and admissibility of any information or documents provided in response to these Requests.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

The General Objections are incorporated herein by reference to each of the responses below as if stated in full.  Without waiving the foregoing, Defendant responds as follows:

**REQUEST FOR PRODUCTION NO. 1**:

Directories, organizational charts, or other documents sufficient to identify Tricida's organization structure, and its officers, directors and employees during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**:

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period, and for subject matters that are beyond the scope of this action, as defined by the Court's Orders.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce

3

responsive, reasonably available, non-privileged documents in his possession, custody, or control for that reasonable time period sufficient to show Tricida's organizational structure.

**REQUEST FOR PRODUCTION NO. 2:**

Calendars, date books, and/or appointment books reflecting Tricida-related activities maintained by or for Klaerner, his administrative assistant, and each former Tricida employee identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks documents from an unreasonably expansive group of custodians, for an unreasonably expansive time period, and for subject matters that are beyond the scope of this action, as defined by the Court's Orders.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period regarding calendar, date book, or appointment entries related to the FDA late-cycle meeting held on May 1, 2020 and/or Tricida's disclosures related to the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 3:**

The version(s) of Tricida's accurate recordkeeping and/or corporate records retention policies that were in effect during the period January 1, 2020 to the present and all documents regarding any potential or actual violation of those policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable

privilege, protection, or restriction upon discovery. Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period. Defendant further objects that this Request is premature. Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4**:

The version(s) of Tricida's Code of Business Conduct and Ethics, or any similar policy, that was in effect during the Relevant Period and all documents regarding any potential or actual violations thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks publicly available documents to which Plaintiff has equal access. Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

The certifications of compliance with Tricida's Code of Business Conduct and Ethics, or any similar policy, by or on behalf of Klaerner and any persons identified in the parties' Rule 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks documents from an unreasonably expansive group of custodians, for an unreasonably expansive time

5

period, and for subject matters that are beyond the scope of this action, as defined by the Court's Orders.  Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

The version(s) of Tricida's insider trading and foreign corrupt practices policies that were in effect during the Relevant Period and all documents regarding any potential or actual violation of these policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period , and furthermore because nothing related to foreign corrupt practices is at issue in this case..  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that the Request is unrelated to any claim that remains a part of this case, as defined by the Court's Orders.  Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

The version(s) of Tricida's policies regarding securities trades by Tricida directors, officers, or employees that were in effect during the Relevant Period and all documents regarding any potential or actual violation of these policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that the Request is

6

unrelated to any claim that remains a part of this case, as defined by the Court's Orders. Defendant further objects to this request as duplicative of Request No. 6. Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning prohibited periods for trading in Tricida's securities by any Company directors, officers or employees, including all emails regarding the commencement or conclusion of any such period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that the Request is unrelated to any claim that remains a part of this case, as defined by the Court's Orders. Defendant further objects to this request as duplicative of Request Nos. 6 and 7. Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning any requested or approved pre-clearance of any transaction in Tricida securities by any Company directors, officers, or employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks

DEFENDANT GERRIT KLAERNER'S RESPONSE TO LEAD PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:21-CV-00076-HSG

"[a]ll documents" related to "any requested or approved pre-clearance of any transaction" in Tricida securities made by "any Company directors, officers, or employees," which is unrelated to any claim that remains a part of this case, as defined by the Court's Orders. Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Transfer records or other documents identifying ownership of Tricida common stock.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that the Request is unrelated to any claim that remains a part of this case, as defined by the Court's Orders. Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning any Board of Directors meeting (whether formal or informal and including committee meetings of the Board of Directors), including board packages, financial closing packages, meeting minutes, exhibits, agendas, memoranda and resolutions, whether adopted or discussed concerning Tricida's interactions with the FDA and/or the late cycle meeting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant further objects to this Request because it seeks "[a]ll documents" regarding "any Board of Directors meeting," "concerning Tricida's interactions with the FDA," which is overbroad and not proportional to the needs of the case based on the claims that remains a part of this case, as defined by the Court's Orders.

Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control for that reasonable time period sufficient consisting of Board of Directors' meeting minutes and materials regarding the FDA late-cycle meeting held on May 1, 2020 and/or Tricida's disclosures related to the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 12:**

All documents sent to or received from any of Tricida's directors regarding Tricida's budget or finances, Tricida's stock price, Tricida's investors, TRCA-301, TRCA-301E, VALOR-CKD, the FDA approval process for Veverimer, or the CRL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this request as duplicative of Request No. 11.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that the Request is unrelated to any claim that remains a part of this case, as defined by the Court's Orders.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control for that reasonable time period sufficient consisting of documents sent to or received from any of Tricida's directors regarding the FDA late-cycle meeting held on May 1, 2020 and/or Tricida's disclosures related to the FDA late-cycle meeting held on May 1, 2020.

9

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to identify all personal and business phone numbers (including all cell phones), email addresses, Twitter accounts, Slack accounts, or accounts on other electronic messaging services (including but not limited to Signal, Telegram, WeChat, iMessage, and Duo) for Klaerner, his administrative assistant, and each former Tricida employee identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks documents from an unreasonably expansive group of custodians. Defendant further objects to this Request to the extent that it seeks information regarding phone numbers, email accounts, and social media accounts that are solely for personal use and not used to conduct business for Tricida and not in the custody or control of Defendant.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to discuss a response that provides Plaintiff with information regarding phone numbers and email accounts Defendant used for business purposes.

**REQUEST FOR PRODUCTION NO. 14**

All documents regarding any internet postings by or on behalf of Klaerner or Tricida concerning Veverimer, TRCA-301, TRCA-301E, or VALOR-CKD, including documents sufficient to identify any aliases or screen names used by or on behalf of Klaerner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents" regarding a broad subject matter and seeks documents which are unrelated to any claim that remains a part of this case, as defined by the Court's Orders. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it

DEFENDANT GERRIT KLAERNER'S RESPONSE TO LEAD PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:21-CV-00076-HSG

seeks documents from an unreasonably expansive time period. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it seeks publicly available documents to which Plaintiff has equal access.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control reflecting any internet postings by Defendant regarding the FDA late-cycle meeting held on May 1, 2020 and/or Tricida's disclosures related to the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 15:**

All documents and communications concerning the FDA regulatory process for approval of Veverimer, including related meetings and interim interactions with the FDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents" regarding a broad subject matter and seeks documents which are unrelated to any claim that remains a part of this case, as defined by the Court's Orders. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period regarding the FDA regulatory approval process for Veverimer, but only to the extent that they relate to the FDA late-cycle meeting held on May 1, 2020 and/or Tricida's disclosures related to the FDA late-cycle meeting held on May 1, 2020.

11

DEFENDANT GERRIT KLAERNER'S RESPONSE TO LEAD PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:21-CV-00076-HSG

**REQUEST FOR PRODUCTION NO. 16:**

All documents you sent to or received from the FDA concerning Veverimer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents" regarding a broad subject matter and seeks documents which are unrelated to any claim that remains a part of this case, as defined by the Court's Orders. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period. Defendant further objects to this request to the extent that it seeks documents that are equally accessible to Plaintiff.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period regarding documents sent or received from the FDA concerning Veverimer, but only to the extent that they relate to the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 17:**

All communications to, from, by, or involving Klaerner, or any former employee identified in either of the parties' Fed. R. Civ. P. 26(a)(1) disclosures, concerning Veverimer's prospects for FDA approval.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks documents from an unreasonably expansive group of custodians and seeks documents which are unrelated to any claim that remains a part of this case, as defined by the Court's Orders. Defendant

12

further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period. Defendant further objects to this Request as it is duplicative of other requests.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period regarding Veverimer's prospects for FDA approval, but only to the extent they relate to the FDA late-cycle meeting held on May 1, 2020 and/or Tricida's disclosures related to the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 18:**

All documents and communications concerning the design and completion of TRCA-301 and TRCA-301E, including their associated risks.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period. Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents and communications" regarding a broad subject matter and seeks documents which are unrelated to any claim that remains a part of this case, as defined by the Court's Orders.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period regarding the design and completion of TRCA-301/301E, including their associated risks, but only to the extent that they relate to the FDA late-cycle meeting held on May 1, 2020 and/or Tricida's disclosures related to the FDA late-cycle

meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 19:**

The documents concerning the late cycle meeting, including any feedback you received from the FDA in connection with the late cycle meeting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[t]he documents" regarding a broad subject matter.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon identified custodians regarding the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 20:**

All minutes, transcriptions, scriveners' notes, memoranda, or other records of the late cycle meeting, whether prepared by you, the FDA, or anyone else.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant further objects to this Request as duplicative of Request No. 19 .

Subject to, and without waiving the foregoing General and Specific objections, Defendant will produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians regarding the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 21:**

All documents and communications regarding the FDA's comments about the trial data

14

supporting TRCA-301 and TRCA-301E, including any comments expressed by the FDA at the late cycle meeting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents" regarding a broad subject matter and seeks documents which are unrelated to any specific claim that remains a part of this case, as defined by the Court's Orders. Defendant further objects to this Request as duplicative of Request No. 19 and 20.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians regarding the FDA's comments about the trial data supporting TRCA-301/301E made at or in connection with the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 22:**

All documents regarding the FDA's comments expressed in connection with the late cycle meeting about the applicability of Tricida's foreign clinical data from TRCA-301 and TRCA-301E to the United States population, and the magnitude of the treatment effect on blood bicarbonate in TRCA-301 and the ability of TRCA-303 to confirm a treatment benefit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant objects to this request as duplicative of Requests No. 19, 20, and 21. Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents" regarding a subject matter and seeks documents which are unrelated to any claim that remains a part

15

of this case, as defined by the Court's Orders.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians regarding FDA comments expressed in connection with the late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 23:**

All documents regarding whether the FDA would hold an AdCom meeting to discuss Veverimer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.

Subject to, and without waiving the foregoing General and Specific objections Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians regarding the FDA's communications about whether it would hold an AdCom meeting to discuss Veverimer made at or in connection with the late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning Tricida's public statements made on May 7, 2020 about the late cycle meeting and related feedback from the FDA, including but not limited to drafts and discussions about the statements, before or after they were made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable

privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks publicly available documents to which Plaintiff has equal access.

Subject to, and without waiving the foregoing General and Specific objections Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians regarding Tricida's public statements made on May 7, 2020 about the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 25:**

All documents concerning Tricida's public statements made on August 6, 2020 about the late cycle meeting and related feedback from the FDA, including but not limited to drafts and discussions about the statements, before or after they were made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks publicly available documents to which Plaintiff has equal access.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period regarding Tricida's public statements made on August 6, 2020 about the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications concerning issues or deficiencies in the NDA for Veverimer raised by the FDA, including the FDA's notification to Tricida on July 14, 2020 that it had identified deficiencies precluding discussion of labeling and postmarketing

17

requirements/commitments at that time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents and communications" regarding the subject matter.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians regarding the FDA's notification to Tricida on July 14, 2020.

**REQUEST FOR PRODUCTION NO. 27:**

All documents and communications concerning the FDA's determination to seek additional data beyond TRCA-301 and TRCA-301E, including additional data regarding the magnitude and durability of the treatment effect of Veverimer on the surrogate marker of serum bicarbonate and the applicability of the treatment effect to the U.S. population.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents and communications" regarding a broad subject matter and seeks documents which are unrelated to any claim that remains a part of this case, as defined by the Court's Orders.

18

Subject to, and without waiving the foregoing General and Specific objections, and following entry of a protective order, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period regarding a determination by the FDA to seek additional data regarding the applicability of the treatment effect to the U.S. population.

**REQUEST FOR PRODUCTION NO. 28:**

All documents and communications concerning the CRL, including any communications with the FDA regarding the CRL and subsequent End-of-Review Type A Conference held on October 20, 2020 with the FDA's Division of Cardiology and Nephrology.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period. Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents and communications" regarding a broad subject matter and seeks documents which are unrelated to any specific claim that remains a part of this case, as defined by the Court's Orders.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period regarding the CRL, to the extent those documents related to disclosures made about the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 29:**

All documents and communications concerning Tricida's appeal of the FDA's rejection of the NDA for Veverimer, including the Appeal Denied Letter from the FDA's Office of New Drugs

19

in response to Tricida's Formal Dispute Resolution Request submitted in December 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents and communications" regarding a broad subject matter and seeks documents which are unrelated to any specific claim that remains a part of this case, as defined by the Court's Orders.

Subject to, and without waiving the foregoing General and Specific objections Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period related to Tricida's appeal of the FDA's rejection of the NDA for Veverimer, to the extent those documents related to disclosures made about the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 30:**

The version(s) of any of Tricida's external corporate communications policies in effect during the Relevant Period and all documents regarding any request for or approval of any Company personnel to speak on behalf of Tricida or any violation of these policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll

documents" regarding a broad subject matter and seeks documents which are unrelated to any specific claim that remains a part of this case, as defined by the Court's Orders.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control to the extent they relate to Tricida's disclosures related to the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 31:**

All documents regarding any selective disclosure of any information regarding Veverimer, the FDA regulatory process, or Klaerner's interactions with the FDA, including any confidentiality or non-disclosure agreement executed in connection with any such selective disclosure.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period. Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents" regarding a subject matter and seeks documents which are unrelated to any specific claim that remains a part of this case, as defined by the Court's Orders. Defendant objects to this request as vague and ambiguous in that "selective disclosure" is not defined, and it is unclear how any "selective disclosure" relates to the claims that remain a part of this case, as defined by the Court's Orders. Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

All documents concerning the retention, engagement, and/or consultation with any public/investor relations, disclosure, and/or legal advisors in connection with Tricida's public disclosures during the Relevant Period, including communications with or documents sent to or

21

DEFENDANT GERRIT KLAERNER'S RESPONSE TO LEAD PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:21-CV-00076-HSG

received from any such consultant or advisor.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents" regarding a subject matter and seeks documents which are unrelated to any specific claim that remains a part of this case, as defined by the Court's Orders.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period that relate to Tricida's disclosures related to the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 33:**

Draft and final versions of all filings made by or on behalf of Tricida with the SEC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks publicly available documents to which Plaintiff has equal access.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks documents which are unrelated to any claim that remains a part of this case, as defined by the

DEFENDANT GERRIT KLAERNER'S RESPONSE TO LEAD PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:21-CV-00076-HSG

Court's Orders.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period regarding any draft or final SEC filings to the extent those filings relate to the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 34:**

Draft and final versions of all press releases issued by or on behalf of Tricida.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks publicly available documents to which Plaintiff has equal access.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks documents which are unrelated to any claim that remains a part of this case, as defined by the Court's Orders.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged draft and final press releases in his possession, custody, or control from agreed upon custodians for that reasonable time period to the extent those press releases relate to the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 35:**

Draft and final versions of all public conference call scripts or presentations made by or on behalf of Tricida, including any draft questions and answers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks publicly available documents to which Plaintiff has equal access.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks documents which are unrelated to any claim that remains a part of this case, as defined by the Court's Orders.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period regarding draft and final versions of conference calls scripts and presentations to the extent they relate to the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 36:**

All documents regarding Klaerner's consideration of whether and/or when Tricida should disclose to investors any information about Tricida's interactions with the FDA concerning Veverimer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents" regarding a broad subject matter and seeks documents which are unrelated to any specific claim that

DEFENDANT GERRIT KLAERNER'S RESPONSE TO LEAD PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:21-CV-00076-HSG

remains a part of this case, as defined by the Court's Orders. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period to the extent those documents relate to consideration of disclosures related to the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 37:**

All documents concerning any communications, conference calls, presentations or meetings with any securities analysts, financial analysts, individual or institutional investors, financial publications, news reporters, journalists, or investment bankers concerning Veverimer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents" regarding a subject matter and seeks documents which are unrelated to any specific claim that remains a part of this case, as defined by the Court's Orders.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks publicly available documents to which Plaintiff has access.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period regarding any communications with

analysts, investors, or reporters that relate to the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 38:**

All documents regarding any coverage of Veverimer by securities analysts or the news media, including any draft or final reports or articles sent to or received by Klaerner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks publicly available documents to which Plaintiff has equal access.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents" regarding a broad subject matter and seeks documents which are unrelated to any specific claim that remains a part of this case, as defined by the Court's Orders.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period regarding analyst or media coverage of Veverimer to the extent that it relates to the FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 39:**

All communications with, and documents sent to or received from, any analyst or analyst firm concerning Veverimer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant objects to this Request as duplicative

DEFENDANT GERRIT KLAERNER'S RESPONSE TO LEAD PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:21-CV-00076-HSG

of Request No. 38.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll communications with, and documents" regarding a subject matter and seeks documents which are unrelated to any specific claim that remains a part of this case, as defined by the Court's Orders.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.

Subject to, and without waiving the foregoing General and Specific objections, Defendant will meet and confer with Plaintiff to agree on a reasonable time period for this Request and produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians for that reasonable time period regarding communications with analysts regarding Veverimer, to the extent that they relate to FDA late-cycle meeting held on May 1, 2020.

**REQUEST FOR PRODUCTION NO. 40:**

All documents regarding Tricida's share price, market capitalization, volume of shares traded, and/or the value of options or any other Tricida security, including documents regarding any price movements in Tricida common stock.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents" regarding a broad subject matter and seeks documents which are unrelated to any specific claim that remains a part of this case, as defined by the Court's Orders.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks publicly available documents to which Plaintiff has equal access.  Defendant will

27

not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

All documents regarding the possible or actual factors or reasons that led to any change in the price of Tricida common stock at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period. Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents" regarding a subject matter and seeks documents which are unrelated to any specific claim that remains a part of this case, as defined by the Court's Orders. Defendant objects to this Request as vague and ambiguous as it is unclear what documents could or could not be considered "regarding the possible or actual factors or reasons that led to any change in the price of Tricida common stock at any time during the Relevant Period." Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks publicly available documents to which Plaintiff has equal access. Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

Documents sufficient to identify Tricida's monthly and quarterly burn rate during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Defendant objects to this Request as vague and ambiguous as it is unclear what documents could be considered "sufficient" to identify Tricida's "burn rate," which is an undefined term. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks documents which are unrelated to any claim that

28

DEFENDANT GERRIT KLAERNER'S RESPONSE TO LEAD PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:21-CV-00076-HSG

remains a part of this case, as defined by the Court's Orders. Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 43:**

All documents concerning Klaerner's compensation from Tricida, including all documents related to:

(a) any severance package, termination agreement, or parachute payments;

(b) payments made pursuant to §280G of the Internal Revenue Code, 26 U.S.C. §280G;

(c) all bonuses and/or other compensation policies, terms, and agreements;

(d) any performance reviews;

(e) the benchmarking of salaries against peer groups; and

(f) all payments, loans, or taxable benefits received from Tricida.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that the Request is unrelated to any claim or cause of action that remains part of this case, as defined by the Court's Orders. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period. Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks publicly available documents to which Plaintiff has equal access. Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to identify the date, source, and cost basis of any Tricida securities, including common stock shares and options, owned by Klaerner at any time during the period January 1, 2018 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that the Request is unrelated to any claim or cause of action that remains part of this case as defined by the Court's Orders.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks publicly available documents to which Plaintiff has equal access.  Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 45:**

All documents concerning any Rule 10b5-1 trading plan by or on behalf of Klaerner or any Tricida officers or employees identified in the parties' Rule 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks documents from an unreasonably expansive group of custodians.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that the Request is unrelated to any claim or cause of action that remains part of this case as defined by the Court's Orders.  Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All documents concerning Klaerner's holdings and transactions in Tricida stock for or during the period January 1, 2018 to present, including all documents related to:

30

(a) Tricida securities held;

(b) transactions in Tricida securities, including purchases, sales, donations or use of Tricida securities as collateral; and

(c) any loans of Tricida stock or options, including, but not limited to, any prepaid variable forward contract or sale lending agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.  Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that the Request is unrelated to any claim or cause of action that remains part of this case, as defined by the Court's Orders.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it seeks publicly available documents to which Plaintiff has equal access.  Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All documents concerning communications with, requests by, or actions of any governmental or regulatory agency, including but not limited to the SEC, the Financial Industry Regulatory Authority, and the NASDAQ, concerning Tricida or Klaerner's public statements related to Tricida or transactions in Tricida securities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period.  Defendant objects to this Request as

31

overbroad, unduly burdensome, and not proportional to the needs of this case because it seeks "[a]ll documents" exchanged with several government or regulatory entities regardless of their relevance to the matters at issue in this case. Defendant will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 48:**

All documents concerning any policy, procedure, or practice concerning the preservation or destruction of the documents or types of documents sought herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery. Defendant objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case in that it seeks documents from an unreasonably expansive time period. Defendant objects to this Request as vague and ambiguous to the extent that it relates to the preservation or destruction of the "documents or types of documents sought herein." Defendant further objects that this Request is premature. Defendant further objects to this request as duplicative of Request 3. Defendant will not produce documents in response to this Request at this time.

**REQUEST FOR PRODUCTION NO. 49:**

All liability insurance policies carried by Klaerner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Defendant objects to this Request as seeking information that is not relevant to any party's claims or defenses nor proportional to the needs of the case, and imposing burden or expense that outweighs its likely benefit to the extent it seeks insurance policies that are not required to be disclosed pursuant to FRCP 26.

Subject to and without waiving the foregoing objections, Defendant states that he has produced all liability insurance policies required to be disclosed pursuant to FRCP 26.

**REQUEST FOR PRODUCTION NO. 50:**

DEFENDANT GERRIT KLAERNER'S RESPONSE TO LEAD PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:21-CV-00076-HSG

All documents regarding any indemnification agreements between Tricida and Klaerner, including agreements to assume liability, any insurer for Klaerner or any other entities that may be financially affected by the claims in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or restriction upon discovery.  Defendant further objects to this request as duplicative of Request 49.  Defendant further objects to this request to the extent it seeks documents about indemnification provided by Tricida, in light of Tricida's bankruptcy and liquidation.

Subject to and without waiving the foregoing objections, Defendant states that he has produced all liability insurance policies required to be disclosed pursuant to FRCP 26.

**REQUEST FOR PRODUCTION NO. 51:**

All documents identified in your Fed. R. Civ. P. 26(a)(1) disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Defendant's disclosures did not purport to identify specific documents, but rather categories of documents, including non-privileged documents related to (1) Tricida's disclosure filings with the U.S. Securities and Exchange Commission, (2) the FDA late cycle meeting on May 1, 2020, and (3) Tricida's disclosures related to the FDA late cycle meeting on May 1, 2020, which Defendant may use to support his claims and defenses.  Accordingly, Defendant will produce all documents from the Relevant Period within the three listed categories that Defendant will use to support his claims and defenses.

**REQUEST FOR PRODUCTION NO. 52:**

All documents supporting or relating to any of Defendant's affirmative and other defenses set forth in Defendant's Answers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Defendant objects to this Request to the extent that it calls for the disclosure of documents that are protected by the attorney-client privilege, the work product doctrine, or any other applicable

33

privilege, protection, or restriction upon discovery.

Subject to, and without waiving the foregoing General and Specific objections Defendant will produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from agreed upon custodians supporting or relating to Defendant's affirmative and other defenses.

Date:  May 9, 2024                          SIDLEY AUSTIN LLP

                                            By:/s/ Sara B. Brody
                                                Sara B. Brody

                                            *Attorneys for Defendant Gerrit Klaerner*

DEFENDANT GERRIT KLAERNER'S RESPONSE TO LEAD PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION
CASE NO. 4:21-CV-00076-HSG

**PROOF OF SERVICE**

I am employed in the County of San Francisco, State of California. I am over the age of 18 years and not a party to the within action.  My business address is 555 California Street, Suite 2000, San Francisco, CA 94104.

On May 9, 2024, I served the foregoing document described as:

- **DEFENDANT GERRIT KLAERNER'S RESPONSE TO LEAD PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION**

on all interested parties in this action as follows:

| | |
|---|---|
| **JEFFREY C. BLOCK**<br>**MICHAEL D. GAINES**<br>**SARAH E. DELANEY**<br>BLOCK & LEVITON LLP<br>260 Franklin Street, Suite 1860<br>Boston, MA 02110<br>Tel: (617)398-5600<br>jeff@blockleviton.com<br>michael@blockleviton.com<br>sarah@blockleviton.com | **JACOB A. WALKER**<br>BLOCK & LEVITON LLP<br>400 Concar Drive<br>San Mateo, CA 94402<br>Tel: (650) 781-0025<br>jake@blockleviton.com |

*Attorneys for Lead Plaintiff JEFFREY FIORE*

☒   (VIA E-MAIL OR ELECTRONIC TRANSMISSION)  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the e-mail address(es) listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on May 9, 2024, at San Francisco, California.

/s/ Sarah E. Gallo
Sarah E. Gallo (SBN 335544)