# Exhibit C
# 6/7/24 Hemmendinger Letter



SIDLEY AUSTIN LLP
555 CALIFORNIA STREET
SUITE 2000
SAN FRANCISCO, CA 94104
+1 415 772 1200
+1 415 772 7400 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 415 772 7413
SHEMMENDINGER@SIDLEY.COM

June 7, 2024

Michael Gaines
Block & Leviton LLP
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 865-9960
michael@blockleviton.com

Re:    *Pardi v. Tricida, Inc.*, *et al.*
       No. 4:21-cv-00076-HSG (N.D. Cal.)

Michael:

We write to set forth our position on the scope of production in response to Plaintiff's Second Set of Requests for Production (the "RFPs"). During our meet and confer discussions on May 17, 2024 and May 29, 2024, you set forth a perspective on the scope of discovery that extends substantially beyond Plaintiff's claims and the documents and information that could be considered relevant to this case. As set forth below, Defendant will agree to make a significant production of documents. But the wide-ranging additional discovery that Plaintiff seeks is not relevant or proportional to the needs of this case.

1.  <u>Challenged statements that remain in the action ("remaining challenged statements").</u>
    <u>(RFPs 2, 11, 12, 15, 16, 17, 18, 21, 27, 28, 29, 36, 37, 38, 39)</u>

As set forth in the Court's motion to dismiss orders, Plaintiff's case is now limited to two statements from Defendant's May 7, 2020 discussion of the May 1, 2020 late-cycle meeting: (1) the reference to one review issue, concerning magnitude and durability of treatment effect, but not a second issue, concerning geographical applicability; and (2) the statement that "the FDA indicated it currently does not plan to hold an AdCom to discuss veverimer due in part to the logistical challenges posed by COVID-19." Documents relevant to the case that survived the motions to dismiss are those that relate to the FDA's statements to Tricida, at the May 1 meeting, about (1) geographic applicability, and (2) the reasons it would not convene an AdCom.

During our discussions to date, Plaintiff appears to be advocating for a much broader scope of discovery. For example, Plaintiff has indicated that he views documents about all outstanding review issues discussed with FDA from January 1, 2020 onward as appropriate

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Michael Gaines
June 7, 2024
Page 2

subjects of discovery.  That is not consistent with the Court's rulings in this case.  The Court held that Plaintiff had adequately alleged that Defendant misled investors by telling them about only one of two "outstanding review issues" discussed at the May 1 meeting:  "'the magnitude and durability of the treatment effect on the surrogate marker.'"  July 20, 2022 Order at 22.  The Court held that by disclosing "this key detail, Klaerner was obligated to share the other significant review issue – 'applicability of data from the TRCA-301 and TRCA-301E trials to the U.S. population' – discussed with the FDA."  *Id.*; *see also id.* at 30 ("[Defendants] could not disclose only one review issue discussed with the FDA . . . while omitting the other review issue they knew the FDA was concerned about").  The Court held that Plaintiff had adequately pled a single misleading omission – "the other review issue" aired on May 1.  The Court did not hold that Plaintiff had adequately alleged that Defendant omitted any other information related to the May 1 meeting.

The addition of the challenged statement about AdCom scheduling, by means of the Court's March 11, 2024 Order, did not open the door to any and all conceivable purported omissions.  The Court ruled that Plaintiff had adequately alleged falsity with respect to Defendant's reference to COVID-19 logistics as one reason the FDA declined to convene an AdCom, "given that the FDA never cited COVID-19 logistics as the reason for the cancellation."  March 11, 2024 Order at 17.  This put in play any "substantive reasons" the FDA provided on May 1 *for not convening an AdCom. Id.* at 24.  It did not put in play anything and everything the FDA may have said during the May 1 meeting, let alone earlier communications.  Documents relevant to the AdCom statement concern what FDA told the company about AdCom scheduling at the May 1 meeting.

We note that as a practical matter, Plaintiffs will receive documents that are broader than this.  It is likely that many documents contain discussions of both relevant and irrelevant topics, and we will not apply relevance redactions or otherwise attempt to excise non-relevant topics from relevant materials.

In addition, while the case following the Court's motion to dismiss rulings is limited to Defendant's statements about events at the May 1 meeting, and does not concern FDA communications at any prior point, for purposes of discovery and as a compromise, we are willing to produce documents about relevant topics (i.e. the geographical applicability concern and AdCom scheduling) going back to January 1, 2020.

As to the back end of the relevant period, several of Plaintiff's RFPs broadly seek documents related to FDA communications long after the May 1 meeting, including the Complete Response Letter (RFP 28) and the Appeal Denied Letter (RFP 29) apparently because these developments led to disclosures that Plaintiff contends are corrective of the challenged statements.  These requests are overbroad and not proportional to the needs of the case.  To the extent that documents related to the later FDA communications concern the relevant omissions

# SIDLEY

Michael Gaines
June 7, 2024
Page 3

about the May 1 meeting—geographical applicability and AdCom scheduling—Defendant will produce them.  But claiming that the CRL and ADL led to corrective disclosures does not entitle Plaintiff to any and all documents related to the CRL and ADL.

 2.  Purported "selective disclosure" (RFP 31).

Request 31 calls for documents regarding "any selective disclosure of any information regarding Veverimer, the FDA regulatory process, or Klaerner's interactions with the FDA, including any confidentiality or non-disclosure agreement executed in connection with any such selective disclosure."  This request is wholly untethered from the issues remaining in this case.  In our meet and confer Plaintiff indicated that this may be relevant to issues of price impact on class certification or loss causation.  But the issues in this case will turn on publicly available information, not any purported "selective disclosure."

 3.  Trading records (RFPs 8, 9, 10).

Requests 8, 9, and 10 seek documents regarding transactions in Tricida securities made by Dr. Klaerner and other Company directors, officers, and employees.  Each of these requests is irrelevant to the allegations that remain in the case.  In its July 29, 2022 Order, the Court held that Plaintiff failed to adequately allege that the timing of Klaerner's stock sales—all of which were made pursuant to a 10b5-1 plan—were unusual or suspicious.  *See* July 29, 2022 Order at *14-*15.  The Court declined to revisit this ruling in its March 11, 2024 Order as "[Plaintiff set] forth no new arguments regarding scienter as to the theories rejected by the Court in its last order."  *See* March 11, 2024 Order at n.6.  As for other Company directors, officers, and employees, their trading is even farther removed from the issues of the case and including the trading records of such individuals as part of the RFP makes clear this is a fishing exercise by Plaintiff.

During our meet and confer, you indicated that these documents were relevant to an overall atmospheric that bears on Dr. Klaerner's knowledge at the time of the alleged misstatements.  This is inappropriately overbroad:  Dr. Klaerner's stock sales, and certainly others' stock sales, are simply no longer part of this case.

In the interests of compromise, Defendant will produce Tricida's insider trading policy and policies regarding securities trades, as stated below.  But Defendant will not produce documents about prohibited periods for trading or preclearance, nor will Defendant produce transfer records or trading information regarding specific employees.

# SIDLEY

Michael Gaines
June 7, 2024
Page 4

    4.   <u>Corporate policies (RFPs 3, 4, 5, 6, 7, 30).</u>

These requests seek documents relating to and including various Tricida policies, none of which has any bearing on the remaining challenged statements in this case. Nevertheless, as a compromise, Defendant will produce the following Tricida corporate policies:

1. Recordkeeping and/or corporate records retention policies
2. Code of Business Conduct and Ethics
3. Insider Trading Policy
4. Policies regarding securities trades
5. Corporate Communications Policies

Defendant will not, however, agree to produce the additional documents called for by these RFPs:

Request 5 seeks certifications of compliance with Tricida's Code of Business Conduct and Ethics, or any similar policy, by or on behalf of Klaerner or any persons identified in the parties' Rule 26(a)(1) disclosures. Certifications of compliance with a code of conduct have no bearing on the remaining challenged statements about the May 1 meeting on the May 7 earnings call. Defendant will not produce documents in response to this request.

Request 6 calls for, in part, the version of Tricida's foreign corrupt practice policies that were in effect during the Relevant Period. As we discussed during the meet and confer, this request is wholly irrelevant and has no bearing Plaintiff's claims. Defendant will not produce these policies.

    5.   <u>Custodians.</u>

Dr. Klaerner will agree to produce responsive, reasonably available, non-privileged documents in his possession, custody, or control for the following custodians: Gerrit Klaerner, Sarah McNulty, Angela Lee, Geoff Parker, Jackie Cossmon, Dawn Parsell, Yuri Stasiv, Tania Gonzalez, and Tory Herbert.

During our meet and confer on May 29, 2024, Plaintiff requested documents from the following individuals: Klaus Veitinger, Claire Lockey, Susannah Cantrell, Andrew Lui, Robert McKague, Wilhelm Stahl, and Troy Wagner. Defendant is considering Plaintiff's request and will follow up with whether Defendant will agree to produce from those additional custodians.

We note preliminarily that Robert McKague was Tricida's General Counsel. His files are highly likely to contain privileged communications, and the burden of reviewing and logging privileged communications substantially outweighs any possible relevance.

# SIDLEY

Michael Gaines
June 7, 2024
Page 5

6.  Date range.

Plaintiff's proposed date range is overbroad for a securities action—which typically cuts off at a reasonable time after the alleged truth is disclosed to the market.  Plaintiff has proposed a Relevant Period of January 1, 2020 through December 31, 2021, when the very last possible purported corrective disclosure was made on February 25, 2021, and nearly eighteen months after Tricida disclosed its receipt of a deficiency letter from the FDA on July 15, 2020.

Defendant does not object to the January 1, 2020 start of the date range.  Defendant proposes ending the Relevant Period at May 1, 2021.  The ongoing activities of the FDA, Dr. Klaerner, and Tricida related to the development and approval of veverimer after that time are completely irrelevant to the allegedly misleading statements that remain in the case, both of which were made on May 7, 2020.

7.  Legal hold.

Plaintiff has asked whether Tricida issued a litigation hold to its employees related to the above matter.  We can confirm that on January 7, 2021 a hold was distributed to all company personnel which asked them to preserve paper documents, physical items, and electronic documents related to the above matter.

8.  Ninth affirmative defense.

During the May 29, 2024 meet and confer, and in your June 4, 2024 correspondence, Plaintiff asked if Defendant intended to raise an advice of counsel defense via his Ninth Affirmative Defense in Defendant's answer to the Second Amended Complaint.  As stated in the answer, the defenses are pleaded in the alternative and are raised to preserve Defendant's right to assert such defenses.  Additionally, this defense encompasses the professional judgments of not only lawyers, but also non-lawyer third parties such as accountants and auditors.  Defendant reserves all rights, but is not presently asserting an advice of counsel defense.

Very truly yours,

*/s/ Sarah Hemmendinger*

Sarah Hemmendinger