# Exhibit D
# 6/13/24 Gaines Letter

Direct dial 617-865-9960 | email: michael@blockleviton.com

June 13, 2024

**VIA Email**

Sarah A. Hemmendinger
Sidley Austin LLP
555 California Street
Suite 2000
San Francisco, CA 94104
+1 415 772 7413
shemmendinger@sidley.com

     Re:    *Pardi v. Tricida, Inc.*, No. 4:21-cv-76-HSG (N.D. Cal.)

Sarah,

I write regarding your June 7, 2024 letter concerning Plaintiff's discovery requests in this case. Four points, outlined below, require your prompt response.

*First*, in response to RFP Nos. 8, 9 and 10, you indicate that Dr. Klaerner will "not produce documents about prohibited periods for trading or preclearance, nor will Defendant produce transfer records or trading information regarding specific employees." Your justification is that Judge Gilliam's motion to dismiss decision found that Dr. Klaerner's stock sales were insufficiently alleged to be unusual or suspicious, and they therefore did not support a strong inference of scienter.

If, however, Dr. Klaerner intends to argue in this case that he had no motive to mislead investors, then his stock trades become directly relevant to his motive. If Dr. Klaerner agrees to enter into a stipulation that he will introduce no evidence or testimony regarding his motives or lack of motive to mislead investors, then Plaintiff will forgo seeking this discovery. Otherwise, his stock sales and information about prohibited trading periods are relevant and discoverable.

*Second*, in response to RFP No. 31, you assert that this request for documents regarding "selective disclosure" of information is "untethered from the issues remaining in issues of price impact and loss causation" because these issues "will turn on publicly available information, not any purported 'selective disclosure.'" As Plaintiff made clear during both the May 17 and May 29, 2024 meet and confers, this request seeks documents regarding any selective disclosure

**BLOCK & LEVITON LLP**   260 Franklin St., Suite 1860 • Boston, MA 02110
P 617 398 5600 • F 617 507 6020

Sarah A. Hemmendinger
June 13, 2024
Page 2

of information to persons outside of Tricida that Dr. Klaerner might assert to be corrective of his May 7, 2020 statements. Plaintiff interprets your response to be a concession that any selectively disclosed information is not "publicly available" and therefore irrelevant to the issues of market efficiency, price impact, and loss causation.

*Third*, your summation of the discussion surrounding the date range for the Relevant Period is materially incomplete. During both the May 17 and May 29, 2024 meet and confers, Plaintiff offered to compromise by cutting off the back end of the Relevant Period at June 1, 2021. This June 1 date accounts for the PSLRA's 90-day lookback period following the last alleged corrective disclosure on February 25, 2021 and internal discussion at Tricida of the Appeal Denial Letter, which, given its characterization of prior Company-Agency interactions over the veverimer NDA, is likely to be relevant to the elements of falsity, scienter, and loss causation.

Only after Plaintiff proposed a June 1, 2021 end to the Relevant Period did you come back with the May 1, 2021 counter-proposal. Your counter-proposal to instead cut off the Relevant Period merely *one month earlier* is wholly arbitrary; it appears to be nothing more than gamesmanship. Any additional burden imposed by an eighteen-month Relevant Period (as opposed to a seventeen-month Relevant Period) is negligible. And there is no basis for anchoring the end of the Relevant Period to the July 15, 2020 deficiency letter disclosure—the first of *five* alleged corrective disclosures.

*Fourth*, Dr. Klaerner's Ninth affirmative defense asserts a reliance on professional's defense. While I understand that Dr. Klaerner would like to "preserve [his] right to assert such defenses," it would be highly prejudicial to Plaintiff if Dr. Klaerner decides to assert these defenses after the close of discovery (or even after he is deposed). The purpose of discovery is to, among other things, allow Plaintiff the opportunity to investigate Defendant's purported defenses.

Either confirm that Dr. Klaerner will not be relying on professionals as a defense or identify who those professionals are so we can engage in the appropriate discovery. Otherwise, Plaintiff will move to strike and exclude any such reliance defense from summary judgment and trial in this case.

Sarah A. Hemmendinger
June 13, 2024
Page 3

Please let us know your position on these four points by Tuesday June 18, 2024.

Separately, I note that it has been over two weeks since you first proposed producing documents from nine custodians during the May 29, 2024 meet and confer, and during which Plaintiff insisted upon the addition of eight former high-ranking Tricida employees as custodians. We have yet to receive a substantive response on this issue.

We expect Defendants to be in the process of producing documents consistent with the representations made in your June 7, 2024 letter, notwithstanding our disagreement over the appropriate scope of discovery.

For the avoidance of doubt, this letter should not be understood to suggest or imply that Plaintiff agrees with or acquiesces to the other positions you assert in your June 7 letter.

Sincerely,

*/s/ Michael D. Gaines*

Michael D. Gaines