# Exhibit E
# 6/26/24 Hemmendinger Letter



SIDLEY AUSTIN LLP
555 CALIFORNIA STREET
SUITE 2000
SAN FRANCISCO, CA 94104
+1 415 772 1200
+1 415 772 7400 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 415 772 7413
SHEMMENDINGER@SIDLEY.COM

June 26, 2024

Michael Gaines
Block & Leviton LLP
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 865-9960
michael@blockleviton.com

Re:     *Pardi v. Tricida, Inc.*, *et al.*
No. 4:21-cv-00076-HSG (N.D. Cal.)

Michael:

We write to set forth our position on several discovery requests in response to Plaintiff's June 13, 2024 letter (the "Letter").

1.   <u>Trading records (RFPs 8, 9, 10).</u>

Defendant's position remains the same.  Defendant will not produce documents about prohibited periods for trading or preclearance, nor will Defendant produce transfer records or trading information regarding specific employees.  Each of these requests is irrelevant to the allegations that remain in the case following the Court's motion to dismiss rulings.

The Court's July 29, 2022 Order held that Plaintiff failed to adequately allege the timing of Dr. Klaerner's stock sales were unusual or suspicious, and the Court declined to revisit its ruling in its subsequent Order.  *See* July 29, 2022 Order at *14-*15; March 11, 2024 Order at 6.  The trading activity of Dr. Klaerner, and much less any other employee, is accordingly irrelevant to any issue remaining in the case.

Plaintiff suggests that despite the motion to dismiss rulings, information related to trading is discoverable.  But it is well-established that plaintiffs may only seek discovery as to allegations that remain in the case.  *In re Clorox Co. Sec. Litig.*, 238 F. Supp. 2d 1139, 1143 (N.D. Cal. Nov. 21, 2002), *aff'd* 353 F.3d 1125, 1127 (9th Cir. 2004) (holding that "Plaintiffs earned the right to proceed with discovery on [statements which survived a motion to dismiss], but did not earn the right to proceed on all the other twice-dismissed allegations contained in the [Third Amended Complaint]").

Defendant will not enter the stipulation proposed in your Letter.

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

Michael Gaines
June 26, 2024
Page 2

2.   <u>Purported "selective disclosure" (RFP 31).</u>

Defendant's position regarding Plaintiff's request for documents regarding any "selective disclosure of any information" related to veverimer or Tricida's interactions with the FDA also remains unchanged.  Plaintiff has not identified the "selective disclosures" about which he seeks information.  As a result, this request improperly requires Defendant to fish for irrelevant information.  Defendant reiterates that if, as Plaintiff has stated, he is seeking information relevant to issues of price impact on class certification or loss causation, this information is publicly available.

3.   <u>Date range.</u>

While Defendant does not agree with Plaintiff's reasoning for a June 1, 2021 cutoff date, Defendant agrees to produce documents within this timeframe to the extent Defendant has collected each custodian's data through June 1, 2021.  As you know, the only party we represent is Gerrit Klaerner, and in light of the Tricida's bankruptcy, Tricida's estate is controlled by the liquidating trustee.  Nevertheless, we will agree to produce documents from custodial sources collected prior to or in connection with the bankruptcy, which represents a substantial volume of data.

Defendant has the following custodians' data without date limitation:  Gerrit Klaerner, Sarah McNulty, Angela Lee, Geoffrey Parker, Jackie Cossmon, Dawn Parsell, and Yuri Stasiv.  Defendant will produce responsive, reasonably available, non-privileged documents in his possession, custody, or control from January 1, 2020 to June 1, 2021 for these custodians.

Defendant has also agreed to produce documents custodial to Tania Gonzalez and Tory Herbert.  For these individuals, we have Office365 data through May 1, 2021.  We will produce responsive, reasonably available, non-privileged documents for Gonzalez and Herbert, but the back-end date cutoff for their files will be May 1, 2021.

Plaintiff has also asked Defendant to produce documents from seven additional custodians.  None of these individuals are appropriate custodians, for the reasons set forth below:

<u>Klaus Veitinger</u>.  Veitinger was the Chairman of Tricida's Board.  To the best of our knowledge, Veitinger did not use a Tricida email account, and we do not have his custodial files in our possession, custody, or control.

<u>Claire Lockey</u>.  Lockey was a Tricida consultant.  To the best of our knowledge, she did not use a Tricida email account, and we do not have her custodial files in our possession, custody, or control.

# SIDLEY

Michael Gaines
June 26, 2024
Page 3

Susannah Cantrell.  Cantrell was Tricida's Chief Commercial Officer.  Her role was focused on commercialization, not the development of veverimer and our understanding is that she was not involved in discussions related to FDA review of the veverimer NDA.

Bob McKague.  McKague was Tricida's General Counsel.  As previously noted, McKague's files are highly likely to contain privileged communications, and the burden of reviewing and logging privileged communications substantially outweighs any possible relevance.

Andrew Lui.  Lui was a Manager, Regulatory Affairs for Tricida.  Lui was a relatively junior employee whose work was focused on Chemistry Manufacturing and Controls ("CMC"), not clinical development.  There are no allegations regarding CMC issues during the relevant period.

Wilhelm Stahl.  Stahl was Chief Technology Officer for Tricida.  Stahl's responsibilities related to CMC, not clinical development.  Our understanding is that Stahl was not involved in discussions related to FDA review of the veverimer NDA.

Troy Wagner.  Wagner was Senior Director, Quality Assurance for Tricida.  Wagner's work focused on regulatory issues also on the CMC side, not clinical development.

4.  Ninth affirmative defense.

To the extent Defendant relied on professionals and plans to invoke the related affirmative defense, Defendant will disclose this information at the relevant time.  At this point in the litigation, neither the close of fact discovery nor any deposition of Dr. Klaerner have been scheduled.  Plaintiff's arguments about this affirmative defense are premature.

*       *       *

In your letter and recent email, you have also indicated that you believe Defendant should be producing documents and discussing search terms, notwithstanding outstanding threshold disputes about the scope of discovery.  This would be costly and inefficient.  It does not make sense for Defendant to embark on full scale document review and production before the parties have agreed on scope.

We are of course interested in working with you to move discovery forward efficiently, and will begin document productions as soon as possible once threshold issues around date range, scope and search terms are resolved.

# SIDLEY

Michael Gaines
June 26, 2024
Page 4

Very truly yours,

*/s/ Sarah Hemmendinger*

Sarah Hemmendinger