Jeffrey C. Block, *pro hac vice*
Michael D. Gaines, *pro hac vice*
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
michael@blockleviton.com

Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

*Attorneys for Lead Plaintiff Jeffrey M. Fiore and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| MICHAEL PARDI, *Individually and on Behalf of All Others Similarly Situated,*<br><br>Plaintiff,<br><br>v.<br><br>TRICIDA, INC. and GERRITT KLAERNER,<br><br>Defendants. | Case No. 4:21-cv-00076-HSG<br><br>**OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SURREPLY RE CLASS CERTIFICATION**<br><br>**Class Action**<br><br>Hon. Haywood S. Gilliam, Jr.<br><br>Date: September 12, 2024<br>Time: 2:00 p.m.<br>Courtroom 2, 4th floor |

## I.   INTRODUCTION

Defendant's requested surreply is unnecessary, prejudicial to Lead Plaintiff, and unhelpful to the Court. Defendant concedes that Tricida's stock trades in an efficient market, so the only question before the Court is a simple one: "whether Defendant[] ha[s] proven a complete lack of price impact during the Class Period, not whether the stock price decline following individual corrective disclosures was caused by the alleged misrepresentations, which is a loss causation analysis not appropriate at this stage."[1] *Homyk v. ChemoCentryx, Inc.*, 2024 WL 1141699, at *4 (N.D. Cal. Mar. 6, 2024), *leave to appeal denied*, 2024 WL 2745788 (9th Cir. May 23, 2024); *Goldman Sachs Grp., Inc. v. Ark. Teachers. Ret. Sys.*, 594 U.S. 113, 125 (2021) ("[D]efendants may rebut the presumption of reliance if they '*show* that the misrepresentation *in fact* did not lead to a distortion of price.'") (emphasis in original). But Defendant's decision to concede market efficiency and jump right to arguing the absence of price impact does not afford him special briefing privileges. Defendant had every opportunity to come forward with sufficient proof that his misstatements did not impact Tricida's share price. Indeed, Defendant submitted 25 pages of briefing, a 51-page expert report, a 28-page appendix, and 17 additional exhibits totaling 162 pages. In reply, Plaintiff responded only to the price impact and typicality arguments raised for the first time in Defendant's opposition; Plaintiff raised no new issues. The Court will not be aided by even more paper from Defendant, especially where it is apparent that he simply wishes he had better briefed around the pitfalls of his approach in the first instance. *See* Dkt. 176, at 3 ("Plaintiff contends that Defendant has 'conceded' price impact and hence predominance for the class period as a whole. Defendant vigorously contests this, but has not yet had an opportunity to address Plaintiff's legal argument or authorities.").

## II.   THE REPLY PROPERLY RESPONDS TO DEFENDANTS' ARGUMENTS RAISED IN THE OPPOSITION, SO NO SUR-REPLY IS WARRANTED

"Generally, courts allow a party to file a surreply only when fairness dictates based on new arguments raised in the previous reply." *McClatchy Co. v. Town of Chapel Hill, N.C.*, 657 F. Supp.

---

[1] Defendant's challenge to Mr. Fiore's typicality is (misguided and) derivative of his so-called "price impact" arguments.

3d 769, 779 (M.D.N.C. 2023) (internal quotation marks omitted); *Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*, 2020 WL 1548513, at *4 n.9 (N.D. Cal. Mar. 5, 2020) ("Although the Court may in its discretion allow the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief."). Defendant asserts a sur-reply is necessary to respond to so-called "new" legal and factual arguments on price impact raised for the first time in the Reply, and because the Reply introduces "new" evidence: Chad Coffman's rebuttal report on price impact and two record exhibits from the FDA. This is meritless.

As Defendant readily admits, Dkt. 176, at 4, his Opposition raised the issue of price impact for the first time, and the Reply did exactly what reply briefs are supposed to do: it directly responded to and deconstructed Defendant's price impact arguments without deviating into any new areas outside of his Opposition that would warrant a response. The ***entire purpose*** of a reply is to respond to arguments first raised in the opposition. Plaintiff was ***not*** required to show price impact in his opening papers. This is the normal sequence of proof under *Halliburton II*[2] and *Goldman* .

Defendant argued he met his burden to prove his statements did not impact the price of Tricida stock[3] and submitted evidence to support his contentions. Plaintiff directly responded by deconstructing Defendant's legal reasoning and factual representations. Plaintiff's expert, Mr. Coffman, crafted a rebuttal report that directly responded to the opinions of Defendant's expert, Dr. Paul Zurek. And Tricida's Complete Response Letter and Appeal Denied Letter, though submitted for the first time on reply, are extensively quoted in the SAC; they were filed solely to preempt any contention that the allegations in the SAC are not "evidence" that the Court can weigh

---

[2] *Halliburton Co. v. Erica P. John Fund, Inc.* (*Halliburton II*), 573 U.S. 258 (2014).

[3] Or rather, that is the argument the Supreme Court affords him under *Erica P. John Fund, Inc. v. Halliburton Co.* (*Hallburton I*), 563 U.S. 804, 813 (2011), *Halliburton II*, 573 U.S. at 278, and *Goldman*, 594 U.S. at 125. As explained in Lead Plaintiff's Reply, Dkt. 175, Defendant has instead impermissibly put forward loss causation and materiality arguments under the guise of showing his statements "did not have price impact" as of a certain date—an argument that fundamentally misunderstands the concept of "price impact."

while considering price impact. There are no "new arguments" or "new evidence"[4] warranting a sur-reply from Defendant. *See Markson v. CRST Int'l, Inc.*, 2022 WL 790960, at *1 (C.D. Cal. Feb. 24, 2022) ("The arguments and evidence in Plaintiffs' reply to which Defendants object were directly responsive to Defendants' arguments, and therefore neither improper nor a basis for allowing leave to file a surreply."); *Overpeck v. FedEx Corp.*, 2021 WL 4846928, at *1 (N.D. Cal. Sept. 14, 2021) (denying defendants' administrative motion for leave to file sur-reply because "plaintiffs' reply argument was responsive to defendants' opposition argument that plaintiffs and their counsel do not meet the adequacy requirement of class certification"); *Celgard, LLC v. Shenzhen Senior Tech. Material Co. (US) Rsch. Inst.*, 2020 WL 1548513, at *4 n.9 (N.D. Cal. Mar. 5, 2020) (denying plaintiff's "requests to strike and file a sur-reply" because the supposedly "'new' arguments … are not new. They are a direct response to the arguments in [plaintiff's] opposition")

## III.   COURTS HAVE REPEATEDLY REJECTED SUR-REPLY REQUESTS UNDER THE SAME CIRCUMSTANCES

Although the Supreme Court's *Halliburton II* decision allows Defendant to challenge "price impact" in their opposition brief, it does not bestow on Defendant special briefing privileges. Nor did Plaintiff's motion somehow become Defendant's motion when Defendant decided to concede the sufficiency of Plaintiff's showing under *Basic* and solely argue the absence of price impact. *See* Dkt. 176, at 4 ("Because Defendant bears the burden on the issue of price impact, Defendant's opposition was the equivalent of a moving brief, and Plaintiff's reply was the equivalent of an opposition."). Accordingly, courts have repeatedly declined to allow defendants to usurp the last word on class certification with unjustified sur-replies. *See, e.g., Chemocentryx*, 2024 WL 1141699, at 7 n.2 (denying request for sur-reply on price impact arguments); *Symantec Corp.*, 335 F.R.D. 276, 287 (N.D. Cal. 2020) (same); *In re Teva Sec. Litig.*, No. 17-cv-00558, (D.

---

[4] To the extent Defendant takes issue with this purportedly "new" evidence, the Local Rules provide a specific vehicle for voicing his objection, but it is not a sur-reply. *See* Civil L.R. 7-3(d)(1) ("If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence, which may not exceed 5 pages of text, stating its objections to the new evidence, ***which may not include further argument on the motion***.") (emphasis added). Defendant's decision to instead seek leave to file a sur-reply suggests he actually has no objection to this "new" evidence, but instead just seeks to burden the Court with additional argument.

Conn. Nov. 23, 2020) (ECF No. 606) (same); *Willis v. Big Lots, Inc.*, 242 F. Supp. 3d 634, 643-44 (S.D. Ohio 2017) (same); *see also In re Anadarko Petrol. Corp. Sec. Litig.*, 2022 WL 950892, at *1 (S.D. Tex. Mar. 25, 2022) (denying defendants' request for sur-reply on price impact, even though plaintiff submitted an event study on reply, while defendants did not submit any event study on opposition). These decisions are consistent with the well-settled rule that "evidence is not 'new' . . . if it is submitted in direct response to proof adduced in opposition to a motion." *Ehrlich v. Hartford Life & Accident Ins. Co.*, 2021 WL 4472844, at *1 n.1 (N.D. Cal. July 19, 2021); *accord Applied Materials, Inc. v. Demaray LLC*, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020).

Judge Alsup's decision in *Symantec* is instructive. There, as here, defendants raised a "price impact" challenge for the first time in their opposition to class certification. 335 F.R.D. at 287. The *Symantec* defendants supported their "price impact" challenge with extensive legal arguments, evidence, and expert reports. *See* No. 3:18-cv-02902 (N.D. Cal. Feb. 14, 2020) (ECF Nos. 207-08). The plaintiff then responded in their reply brief with its own extensive argument, evidence, and expert analysis on "price impact." *See* No. 3:18-cv-02902 (N.D. Cal. Mar. 13, 2020) (ECF No. 219). As here, the defendants argued that the court should permit them to file a sur-reply to address "the issue of price impact." *See* No. 3:18-cv-02902 (N.D. Cal. Mar. 20, 2020) (ECF No. 221). The Court rejected defendants' sur-reply request, finding "no good cause shown" and explaining that "Defendants will have an opportunity to rehash their arguments in the proper frame—loss causation—on summary judgment or at trial." *Symantec*, 335 F.R.D. at 287.

The same is true here. Defendant failed to demonstrate his statements did not impact the price of Tricida common stock in his opposition brief. Instead, he argued that "the stock price decline following individual corrective disclosures was [not] caused by the alleged misrepresentations." Dkt. 175, at 3, 10. He will have the opportunity to rehash his arguments in the proper frame—loss causation—on summary judgment or at trial.

Opposition to Def.'s Admin. Motion for Leave
to File Surreply re Class Certification
Case No. 4:21-cv-00076-HSG

4

## IV. PLAINTIFF WILL BE UNFAIRLY PREJUDICED IF DEFENDANTS ARE PERMITTED THE LAST WORD ON PLAINTIFF'S MOTION

This is Plaintiff's motion. It is well-established that the moving party should have the last word on its own motion. "This is precisely why Courts so thoroughly disfavor requests to file sur-replies." *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2018 WL 3198800, at *1 (S.D. Cal. June 26, 2018). This particularly true here because (i) Plaintiff filed the Class Certification Motion nearly four months ago; (ii) Defendants had nearly two months in which to adduce evidence in support of their "price impact" argument and present it to the Court; and (iii) Defendant's purported need to respond to "new" arguments and evidence in Plaintiff's Reply is disingenuous because he intended to file a sur-reply before even seeing Plaintiff's Reply: when Plaintiff asked for Defendant's assent to a request for five additional pages in Plaintiff's Reply, Defendant conditioned his assent on being afforded a ten-page sur-reply.[5] Plaintiff rejected that proposal precisely because it would prejudice his motion. "Three rounds of briefs are enough. Replies to replies to replies are too much." *Id.* at *2. "[I]f Defendant believes that there are issues that are not fully addressed by the briefs, Defendant may raise those issues at the hearing." *Taction Tech., Inc. v. Apple Inc.*, 2022 WL 20286297, at *1 (S.D. Cal. Feb. 10, 2022).

## V. CONCLUSION

For these reasons, Defendants' request for a sur-reply should be denied.

Respectfully submitted,

August 21, 2024

/s/ Jeffrey C. Block
Jeffrey C. Block (*pro hac vice*)
Michael D. Gaines (*pro hac vice*)
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
michael@blockleviton.com

Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**

---

[5] *See* Declaration of Jeffrey C. Block, Exhibit A.

400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com