LATHAM & WATKINS LLP
  Colleen C. Smith (SBN 231216)
  12670 High Bluff Drive
  San Diego, California 92130
  T: (858) 523-5400
  colleen.smith@lw.com

  Morgan E. Whitworth (SBN 304907)
  505 Montgomery Street, Suite 2000
  San Francisco, CA 94111
  Telephone: (415) 391-0600
  morgan.whitworth@lw.com

*Attorneys for Non-Party Renibus
Therapeutics, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> TRICIDA, INC., and GERRIT KLAERNER, <br><br> Defendants. | CASE NO. 4:21-cv-00076-HSG <br><br> <u>CLASS ACTION</u> <br><br> **DECLARATION OF NORMA SCHAFER IN SUPPORT OF NON-PARTY RENIBUS THERAPEUTICS, INC.'S REQUEST TO MAINTAIN CONFIDENTIAL INFORMATION UNDER SEAL** <br><br> Judge: Hon. Haywood S. Gilliam, Jr. |

I, Norma Schafer, declare as follows:

1.    I am the Vice President of Regulatory Affairs at Renibus Therapeutics, Inc. ("Renibus"). I make this declaration in support of Renibus's request to maintain its confidential information under seal. I have personal, first-hand knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently as to those facts.

2.    I have worked in my current role at Renibus since 2020. Prior to joining Renibus, I worked in regulatory affairs positions at Urgo Medical, ZS Pharma, and Alcon Laboratories. Through my work at Renibus, I have obtained a personal understanding of the kinds of information that Renibus keeps confidential and the reasons for doing so, especially in the context of seeking regulatory approval for new drug candidates.

3.    I understand that certain information about Defendant Tricida, Inc.'s ("Tricida") confidential communications with the U.S. Food and Drug Administration ("FDA") regarding clinical testing of its kidney disease drug candidate, veverimer, is included in documents filed in connection with Lead Plaintiff Jeffrey M. Fiore's ("Lead Plaintiff") Reply in Support of Motion to Certify Class, Appoint Class Representative, and Appoint Class Counsel ("Reply in Support of Motion to Certify").

4.    In January 2023, Tricida filed for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532. In connection with Tricida's bankruptcy proceedings, Renibus purchased the intellectual property rights to veverimer. Accordingly, the trade secrets and confidential commercial information contained in the FDA communications are the intellectual property and an asset of Renibus. Maintaining their confidentiality is essential to protecting the value of the asset. Renibus is actively developing veverimer and continuing to seek FDA approval of the drug.

5.    I have reviewed the documents that Renibus seeks to maintain under seal. The documents consist of communications between the FDA and Tricida. It appears from the documents I have reviewed that when the FDA produced these communications in connection with this litigation, they were marked "CONFIDENTIAL."

6.    These communications with the FDA contain confidential and proprietary information regarding the research and development of veverimer.  In particular, the excerpts include specific, non-public clinical trial data regarding the structure, execution, results, and analysis of the trials, including but not limited to specific measurements of blood bicarbonate levels that relate to the efficacy of veverimer, and specific guidance from the FDA regarding strategies for obtaining approval of the drug.

7.    A company seeking to commercialize a pharmaceutical drug in the United States must receive FDA approval, which requires conducting clinical trials to assess the risks and benefits of the drug and providing the results of those trials to the FDA.  The FDA's procedures expressly state that clinical trial data submitted in connection with the FDA approval process is to be kept confidential.[1]  Renibus's clinical trial data, including data submitted to the FDA as part of the drug approval process, are extremely sensitive information that would not ordinarily be available to the public, let alone available to competitors in the highly competitive pharmaceutical industry.  Public disclosure of this information, which is now the intellectual property of Renibus, would put Renibus at an undue risk of serious harm and at a competitive disadvantage.  In particular, the information would provide a roadmap for how to develop a rival drug, which a competitor could use to save time and money in developing competing products, thereby damaging Renibus in the market once veverimer is approved.  Even worse, because veverimer is still pending FDA approval, a competitor could use this confidential and proprietary information to beat Renibus to the market, which would magnify the competitive harm to Renibus.

8.    The redactions Renibus has proposed are as narrowly tailored as possible while still protecting Renibus's confidential information.  The portions of the documents Renibus seeks to maintain under seal include only specific, non-public clinical trial data and specific guidance from

---

[1] *See* U.S. Food & Drug Administration, "Development & Approval Process | Drugs" (available at https://www.fda.gov/drugs/development-approval-process-drugs); *see also* 21 C.F.R. § 20.61(c) (providing that trade secret or confidential commercial information submitted or divulged to the FDA "are not available for public disclosure"); *id.* § 314.430(d)(1) ("If the existence of an application or abbreviated application has been publicly disclosed or acknowledged before the agency sends an approval letter to the applicant, no data or information contained in the application or abbreviated application is available for public disclosure before the agency sends an approval letter . . . .").

the FDA that, if disclosed, could be used by competitors to gain a competitive advantage at a critical time in veverimer's development. There is no less restrictive alternative to preventing this competitive harm.

9. In light of the foregoing, there is a compelling interest in maintaining under seal the following portions of relevant documents related to the Reply in Support of Motion to Certify:

| Dkt. No. Public / (Sealed) | Document | Portion(s) to Be Sealed | Basis for Sealing |
|---|---|---|---|
| 175-3 / (174-3) | Exhibit B to the Declaration of Jeffrey C. Block in Support of Lead Plaintiff's Reply in Support of Motion to Certify ("Block Declaration") (Complete Response Letter 8/21/2020) | Highlighted portions of FDACDER000015 | Confidential, proprietary, and competitively sensitive clinical trial data and specific guidance regarding strategies for obtaining FDA approval. *See* Schafer Decl. ¶¶ 4-8; *see also Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-cv-04405-HSG, 2020 WL 1233881, at *2 (N.D. Cal. Mar. 13, 2020); *Edwards Lifesciences Corp. v. Meril Life Sciences Pvt. Ltd.*, No. 19-cv-06593-HSG, 2023 WL 2743583, at *2 (N.D. Cal. Mar. 31, 2023). |
| 175-4 / (174-5) | Exhibit C to the Block Declaration (Appeal Denied Letter 2/17/2021) | Highlighted portions of FDACDER000833–43 | Confidential, proprietary, and competitively sensitive clinical trial data and specific guidance regarding strategies for obtaining FDA approval. *See* Schafer Decl. ¶¶ 4-8; *see also Plexxikon*, 2020 WL 1233881, at *2; *Edwards*, 2023 WL 2743583, at *2. |

I declare under penalty of perjury that the foregoing is true and correct, executed this 27th day of August 2024, in Ruidoso, New Mexico.

/s/ Norma Schafer
Norma Schafer

**SIGNATURE ATTESTATION**

I, Morgan E. Whitworth, am the ECF User whose identification and password are being used to file the foregoing Declaration of Norma Schafer in Support of Non-Party Renibus Therapeutics, Inc.'s Request to Maintain Confidential Information Under Seal.  Pursuant to L.R. 5-1(i)(3) regarding signatures, I, Morgan E Whitworth, attest that concurrence in the filing of this document has been obtained.

DATED:  August 29, 2024

_/s/ Morgan E. Whitworth_
Morgan E. Whitworth