ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
MICHAEL A. KEOUGH (NYRN 5199666)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7167
    Fax: (415) 436-6748
    michael.keough@usdoj.gov

*Attorneys for U.S. Food and Drug Administration*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MICHAEL PARDI, individually and on behalf of all others similarly situated, | Case No.    4:21-cv-00076-HSG |
| Plaintiff, | **U.S. FOOD AND DRUG ADMINISTRATION'S ADDITIONAL RESPONSE TO MOTION TO CONSIDER WHETHER NON-PARTY'S MATERIAL SHOULD BE SEALED** |
| v. | |
| TRICIDA, INC. and GERRITT KLAERNER, | |
| Defendants. | |

FDA'S ADDITIONAL RESPONSE TO MOTION REGARDING SEALING (DKT. 174)
4:21-cv-00076-HSG

The U.S. Food and Drug Administration ("FDA"), a non-party, submits this separate response to Plaintiff's Motion to Consider Whether Non-Party's Material Should Be Sealed (Dkt. 174), in addition to the response submitted by non-party Renibus Therapeutics, Inc ("Renibus").

In addition to reasoning set forth in Renibus's response (Dkt. 182), FDA separately submits that FDA's programmatic interests support the continued sealing of the material identified by Renibus in its response. As set forth in the accompanying declaration of Howard R. Philips, FDA follows disclosure rules set forth in statute and regulation that ensure that FDA will continue to be able to obtain necessary and reliable commercial and financial information from the parties they regulate. *See Food Mktg. Inst. v. Argus Leader Media*, 588 U.S. 427, 440 (2019). If this submitted information was not protected, many companies would resist submitting necessary information to the FDA. *See* Philips Decl., ¶ 8. Companies' plans regarding prospective products submitted to FDA are often closely guarded commercial secrets. *Id.* ¶ 10. Accordingly, FDA designated the two documents at issue as "CONFIDENTIAL" under the protective order in this case when responding to the third-party subpoena issued to FDA. *Id.* ¶¶ 13-14. FDA's interest in ensuring the submission of timely and accurate information from the entities it regulates, which in turn promotes FDA's ability to meet its regulatory and public safety missions, meets the "compelling reasons" standard for maintaining documents under seal in addition to the separate reasons set forth by Renibus. *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (setting forth compelling reasons standard).

Accordingly, for the additional foregoing reasons and those set forth in the accompany declaration of Howard R. Philips, the Court should retain the confidentiality designations for the portions of documents identified in Renibus's separate response.[1]

DATED: August 29, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Michael A. Keough*
MICHAEL A. KEOUGH
Assistant United States Attorney

*Attorneys for U.S. Food and Drug Administration*

---

[1] Undersigned counsel has inquired as to whether the parties and Renibus object to FDA's submission of a response to supplement the separate response of Renibus, and none have objected.