September 23, 2024

Re:      Discovery Dispute in *Pardi v. Tricida, Inc.*, No. 4:21-cv-76-HSG (N.D. Cal.)

Dear Judge Cisneros,

On July 17, 2024, Lead Plaintiff Jeffrey Fiore and Defendant Gerrit Klaerner filed a joint letter brief outlining their dispute over the appropriate scope of discovery as it relates to Plaintiff's Second Set of Requests for Production of Documents served on April 9, 2024.  Dkt. No. 166.  That dispute remains pending before the Court (the "pending dispute").  On May 29, 2024, Plaintiff issued a third-party subpoena to the liquidating trustee holding former Defendant Tricida, Inc.'s books and records.  Defendant seeks a protective order to prevent the third-party trustee from producing documents that are the subject to the pending dispute.

The parties formally met and conferred regarding all issues in the below letter on September 16, 2024.  The deadline for substantial completion of document production is November 15, 2024.  Fact discovery closes February 28, 2025. Plaintiff's class certification motion is pending before Judge Gilliam. Pretrial conference and trial dates are not yet scheduled.

**Defendant's Position:**  As the parties await this Court's ruling on the pending dispute, Plaintiff seeks to capitalize on Tricida's bankrupt status to extract the documents at issue in that dispute through other means.  That is improper.  Defendant's position is not that the trustee cannot produce documents at all.  If Plaintiff would prefer to proceed with rolling productions of documents within the undisputed scope of the case, Defendant will not object.  But producing documents subject to the parties' pending dispute is prejudicial to Defendant.

Plaintiff previously named Tricida and Dr. Klaerner as defendants.  In January 2023, Tricida filed a voluntary petition for Chapter 11 bankruptcy.  Following the bankruptcy filing, Tricida was dismissed as a defendant in this case.  Dkt. No. 132.  In the bankruptcy case, Tricida's books and records were transferred to the custody of a liquidating trustee.  Before the bankruptcy filing and while Tricida was a defendant in this lawsuit, defense counsel gathered a substantial set of Tricida documents.  The pending dispute concerns the scope of production from that set.  These are substantially the same documents held by the trustee.[1]

After Defendant objected to the scope of Plaintiff's requests for production, Plaintiff issued a subpoena to the liquidating trustee, seeking the same documents at issue in the pending dispute.  This maneuver would allow Plaintiff to avoid judicial review, and would seriously compromise the discovery process in other ways as well.  The liquidating trustee has severe resource constraints, and is unable to perform a responsiveness or even a privilege review.  The only way Defendant can protect privileged documents is to bear the costs of review himself.

Enforcement of the subpoena is improper while the parties' dispute over scope remains pending before the Court.  As Defendant stated in the July 17, 2024 letter, Plaintiff's case is limited to two statements from a May 7, 2020 earnings call discussing a May 1, 2020 meeting

---

[1] Contrary to Plaintiff's suggestion, Defendant told Plaintiff months ago that because of Tricida's bankruptcy, defense counsel collected company documents and intends to produce from that collection.

between Tricida and the FDA: (1) the reference to one review issue, concerning magnitude and durability of treatment effect, but not a second issue, concerning geographical applicability; and (2) the statement that "the FDA indicated it currently does not plan to hold an AdCom to discuss veverimer due in part to the logistical challenges posed by COVID-19." Dkt. 93 at 22, 30; Dkt. 145 at 17. Defendant has agreed to produce documents relevant to the case, including documents related to the FDA's statements to Tricida at the May 1, 2020 meeting regarding (1) the applicability of trial data to U.S. patients, and (2) the reasons it would not convene an AdCom.

Plaintiff wants more, which is why the parties are disputing scope. Meanwhile, Plaintiff is pursuing the trustee, and has provided the trustee with a set of search terms, hits for which would be produced without a responsiveness review. Plaintiff's search terms target issues that are no longer part of the case based on motions to dismiss decisions. For example, one of the terms Plaintiff has instructed the liquidating trustee to run across Dr. Klaerner's documents is "Blackout OR (trad* w/5 (prohibit* OR restrict* OR clear* OR permi* OR approv*)) OR 10b5-1." This search term targets documents related to Defendant's stock trades and trading plan. But the Court has ruled twice that Plaintiff did not adequately allege scienter on the basis of Dr. Klaerner's trading activity. Dkt. No. 93 at 25; Dkt. No. 145 at 19 n.6.

Another of Plaintiff's search terms reads "(NDA OR "new drug application") AND (veverimer OR TRC*)," where "veverimer" and "TRC" refer to Tricida's drug-candidate. This term would sweep in all documents related to the New Drug Application, whether or not related to the two challenged statements remaining. Plaintiff has also asked the trustee to search for "Magnitude /3 Durability." But as set forth in the parties' pending dispute, the surviving theory of fraud is that Tricida misleadingly failed to disclose the geographical issue, not that it insufficiently disclosed the magnitude and durability issue. Dkt. 166 at 4. Plaintiff's search terms would lead to the production of documents at issue in the pending dispute.

Plaintiff cannot seriously defend his resort to self-help; instead he claims that it is too late to do anything about it because the return date on the subpoena—July 12, 2024— has come and gone. Setting aside the fact that third parties routinely negotiate return dates, Defendant did not know about the broad scope of the search terms Plaintiff provided to the trustee until the trustee's counsel provided details on August 22, 2024.

Plaintiff disingenuously says that Defendant's objections come "on the eve of production." Plaintiff created that situation. Plaintiff pursued duplicative discovery (including Defendant's own emails) from the trustee, knowing that the parties have a pending dispute about scope, and without communicating his search terms to Defendant. When Defendant learned of the trustee's planned productions, he promptly raised concerns to both Plaintiff and the trustee. Defendant pointed out both the scope problem discussed in this letter brief and the fact that the planned production had no provisions for a privilege screen or review—which means Defendant's own emails about this litigation would likely be swept in.

Under these circumstances, Defendant is entitled to a protective order. Rule 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party of person from annoyance, embarrassment, oppression, or undue burden or expense" including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c). Protective orders apply to third-party discovery as well as to party

discovery:  A party whose interests are jeopardized has standing to seek a protective order directed at subpoenas issued to non-parties.  *In re REMEC, Inc. Sec. Litig.*, 2008 WL 2282647, at *1 (S.D. Cal. May 30, 2008); *see also Springbook Lenders v. Northwestern Nat'l Ins. Co.*, 121 F.R.D. 679, 680 (N.D. Cal. 1988) (defendant "does have standing to object to [Plaintiff's] subpoena of a third party"; "[a] party may request that the court make an order for its protection"); *Portland Gen. Elec. Co. v. U.S. Bank Trust Nat'l Assoc.*, 38 F. Supp. 2d 1202, 1206 n. 3 (D. Or. 1999)(party has standing to seek a protective order limiting third party discovery under Rule 26(c)), *rev'd on other grounds*, 218 F.3d 1085 (2000).

Plaintiff argues that Defendant lacks standing, but is wrong for two reasons.  First, Plaintiff cites decisions holding that a party lacks standing under Rule 45 to quash a subpoena issued to a non-party.  Defendant is not seeking to quash, and Rule 26(c) governs motions for protective orders.[2]  Second, Plaintiff says that the trustee's production does not burden Defendant.  That is wrong too.  As discussed, Defendant must bear the costs even of a privilege review.  In any event, Rule 26 is about prejudice, not burden.  Defendant would suffer severe prejudice if Plaintiff is allowed to resort to self-help to avoid judicial review of the pending scope issue.

Finally, Plaintiff complains about Defendant's pace of structuring his document review.  That is not what this motion is about.  In any event, Defendant has committed to produce documents and is working with Plaintiff on search terms and custodians.[3]

**Plaintiff's Position:**  Defendant's motion is untimely, meritless, and part of an ongoing pattern of obstructing relevant discovery in this case. In the almost six months since the parties attended a Case Management Conference before Judge Gilliam, Defendant has not produced a single piece of paper, despite repeatedly conceding that he has relevant and responsive documents.

Plaintiff provided Defendant with notice and a copy of the third-party subpoena to Tricida over four months ago. The subpoena mirrored the document requests sent to Klaerner. Klaerner did nothing for months in response. Plaintiff engaged in discussions with Tricida's liquidating trustee about the scope of production and associated costs. Tricida did not make the same relevance objections that Defendant makes, but instead agreed to use search terms and confirmed a rolling production would begin around August 26. Plaintiff appeared in Tricida's bankruptcy and negotiated for the trustee to maintain these documents for this purpose. Plaintiff has also paid the trustee's costs of producing the documents.

---

[2] Plaintiff argues that Defendant has no personal right or privilege to documents created in his capacity as an officer of Tricida.  *Infra* at 4.  But Plaintiff's date range extends beyond the start of this litigation, in which Dr. Klaerner is an individual defendant.  As noted, the scope of Plaintiff's requests to the liquidating trustee likely includes Defendant's emails with counsel *about this case*.  Defendant is well within his rights to seek a privilege screen and review.

[3] Here again, Plaintiff bears responsibility for the timing issues he complains about.  The satellite discovery issues Plaintiff has created with his duplicative requests to the liquidating trustee mean that Defendant necessarily has fewer resources to devote to Plaintiff's party requests.  And a potential production without responsiveness review from the liquidating trustee would significantly impact how Defendant proceeds with his review of the same documents.

Defendant seeks to impede this production. First, on the eve of production, Defendant claimed a right to review the documents for privilege. The parties spent weeks negotiating a stipulation governing that process, but Tricida conditioned any such privilege review on being reimbursed for any associated costs. Defendant has still not committed to pay these costs. Second, after weeks of delay, Plaintiff finally instructed Tricida to produce the documents under a negotiated clawback stipulation and privilege screen. Only then did Defendant come up with his new eleventh hour claim: relevance. Now, Klaerner disingenuously claims the Trustee can produce documents on a rolling basis and exclude those subject to the discovery dispute – even though Klaerner refuses to do this himself. Klaerner ignores the cost to the Trustee of doing so.

Klaerner sat on his hands for months and has waived whatever rights he may have had. He should not be permitted to impede a third party from producing an agreed scope of documents. The court in *Handloser* addressed a similar issue. Like here, the defendant "cite[d] no support for its position that it was not required to act to protect its rights by moving to quash or modify the subpoena or for a protective order before the date of compliance." *Handloser v. HCL Am., Inc.*, 2020 WL 4700989, at *5 (N.D. Cal. Aug. 13, 2020). Here, the date of compliance was July 15, 2024, and Klaerner waited months before acting. At this stage, to justify a protective order under Rule 26(c), Defendant must demonstrate "good cause," which requires a showing of "substantial and particularized harm." *Id.* (citing *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004)). In *Handloser*, the defendant belatedly made relevance objections to a subpoena, including its request to produce "all communications with HCL [the defendant]" regardless of whether those communications related to any matter at issue in the case. *Id.* at *4. The court found that there was no showing of good cause nor justification to override the default principle that "a party has no standing to move to quash or for a protective order on the grounds that a subpoena seeks irrelevant information or would impose an undue burden on the non-party." *Id.* Here, Plaintiff has not even made such broad requests—all communications requested from Tricida explicitly relate to the core subject matter of this case: the FDA approval process for Veverimer and Klaerner's scienter. Defendant has been aware of these requests for months—his contention that he had not been aware of the specific search terms ultimately agreed upon is no excuse for his delay. Plus, Klaerner will suffer no "substantial or particularized harm." At worst, Plaintiff will receive documents the Court may ultimately deem inadmissible at trial. This is hardly substantial "harm."

Even if Klaerner's motion were timely (it is not), the "weight of authority" holds that parties generally have no standing to make relevance or burden objections to third-party subpoenas, which has "particular force in this situation" because Tricida itself has not asserted any such objections and has "successfully negotiate[d] a resolution of such issues with Plaintiffs in their direct negotiations." *Doe v. Kaiser Found. Health Plan, Inc.*, 2023 WL 8714880, at *3 (N.D. Cal. Dec. 17, 2023) ("[T]o the extent that Kaiser objects to the subpoenas directed to third parties based on relevance or burden, the Court agrees that Kaiser lacks standing to do so."). "Quite plainly, a party may seek judicial adjudication on only those discovery disputes that implicate its own cognizable interest(s)." *PlayUp, Inc. v. Mintas*, 2024 WL 472639, at *3 (D. Nev. Feb. 6, 2024). To seek a protective order over a nonparty subpoena, Klaerner must show "that [he] possesses a 'personal right or privilege' in the information targeted by the subpoena." *Id.* at *3 & n.6. He has no personal right or privilege in documents in Tricida's possession that were created by him or other Tricida officers and employees in their capacity as officers and employees. *See U.S. v. Graf*, 610 F.3d 1148, 1159 (9th Cir. 2010) ("[A]ny privilege that exists as to a corporate officer's role and functions within a corporation belongs to the corporation, not the officer."); *see*

*also U.S. v. Gentile*, 2024 WL 3343983, at *3 (E.D.N.Y. July 8, 2024). Klaerner cannot justify stalling the production Tricida has already agreed to. Defendant's sole argument—that his own view of the scope of relevant discovery should override Tricida's agreed production—is meritless.[4] Plaintiff is not attempting some inappropriate discovery "maneuver" around the pending motion to compel by seeking similar documents from a different source. To the contrary, Defendant is obstructing Plaintiff's right to obtain relevant discovery on multiple fronts. *Cf. Roe v. City of San Diego*, 2013 WL 12415915, at *3-4 (S.D. Cal. Sept. 27, 2013) ("Not only were Defendants not authorized to interpose objections to the subpoenas on the third parties' behalf, Defendant's counsel's actions [contacting the third party] in this regard disrupted the court process of issuing subpoenas to third parties and the third parties' timely responses to them.").

Relevance in discovery is "broadly defined to encompass 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Valentine v. Crocs, Inc.*, 2024 WL 2193321, at *1 (N.D. Cal. May 15, 2024). Plaintiff's discovery requests to both Klaerner and Tricida are plainly relevant to the central facts of the case— Veverimer's FDA approval process and Klaerner's scienter. Plaintiff's requests seek to obtain information relevant to the misstatements upheld by the Court, specifically whether the FDA was "concern[ed] that there were too many problems with the NDA to even warrant convening" an AdCom meeting and the "significant issues" the FDA identified with Veverimer's NDA in January and May 2020 meeting minutes. *See* ECF No. 142 (Second Amended Complaint), ¶¶72-77. Defendant's stock sales are also relevant to the issue of scienter. ECF No. 166, at 3. Contrary to Defendant's assertions, declining to find stock sales supportive of scienter at the motion to dismiss stage does not mean they cannot later provide strong evidence of scienter at trial.

While Defendant continues to obstruct relevant discovery in this case, he has refused to produce a single document to date. Plaintiff's document requests to Defendant have been outstanding for five months, and the deadline for substantial completion of document production is now less than two months away. ECF No. 171. Although Defendant has agreed to produce a narrow set of documents regardless of the Court's decision on the outstanding scope dispute, and even proposed search terms to Plaintiff on July 24, 2024[5] (after the motion to compel was filed on July 17, 2024), he has repeatedly asserted, without support, that beginning production now would be unduly burdensome. Only in this letter brief has he committed to make any such production, or even to review documents for production. Defense counsel also purports to be in possession of documents held by the liquidating trustee, but Klaerner has yet to state whether *he* (rather than his law firm) is in possession, custody, or control of those documents, further fueling Defendant's discovery gamesmanship. Defendant's argument that Tricida's document production should be limited because it would be too burdensome for Defendant to review is also without merit. Defendant's continued interference based on unsupported burden claims is particularly egregious considering the increased costs Plaintiff has incurred as a result of his delay tactics and refusal to begin his own document production. Defendant's Rule 26(c) motion should be denied.

---

[4] There would be no dispute if, as Defendant suggests for the first time now, he merely seeks to weed out his communications with lawyers about this case; we could and would facilitate that. In any event, he seeks a protective order on the basis of relevance, not privilege.

[5] Plaintiff provided feedback and revisions to those search terms the same day; despite multiple requests, Defendant has yet to substantively respond in the nine weeks since.

Date:  September 23, 2024

**BLOCK & LEVITON LLP**


By:  */s/ Jacob A. Walker*
    Jeffrey C. Block (*pro hac vice*)
    Michael D. Gaines (*pro hac vice*)
    260 Franklin Street, Suite 1860
    Boston, MA 02110
    Telephone: (617) 398-5600
    jeff@blockleviton.com
    michael@blockleviton.com

    Jacob A. Walker (SBN 271217)
    400 Concar Drive
    San Mateo, CA 94402
    Telephone: (650) 781-0025
    jake@blockleviton.com

*Lead Counsel and Counsel for Plaintiff*

Respectfully submitted,

**SIDLEY AUSTIN LLP**


By:  */s/ Sara B. Brody*
    Sara B. Brody (SBN 130222)
    Sarah A. Hemmendinger (SBN 298659)
    Sarah E. Gallo (SBN 335544)
    555 California Street, Suite 2000
    San Francisco, CA 94104
    Telephone: (415) 772-1200
    sbrody@sidley.com
    shemmendinger@sidley.com
    sgallo@sidley.com

    Robin E. Wechkin (*pro hac vice*)
    8426 316th Place Southeast
    Issaquah, WA 98027
    Telephone: (415) 439-1799
    rwechkin@sidley.com

*Counsel for Defendant Gerrit Klaerner*

## SIGNATURE ATTESTATION

I am the ECF User whose identification and password are being used to file the foregoing Joint Letter regarding the parties' discovery dispute in compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatories have concurred in this filing.

DATED:  September 23, 2024

By:   */s/ Sarah A. Hemmendinger*
Sarah A. Hemmendinger (SBN 298659)

*Counsel for Defendant Gerrit Klaerner*