UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARDI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>TRICIDA, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-00076-HSG<br><br>**ORDER GRANTING MOTION TO SEAL**<br><br>Re: Dkt. No. 174 |

Pending before the Court is Lead Plaintiff Jeffrey M. Fiore's ("Plaintiff") Administrative Motion to Consider Whether A Non-Party's Material Should Be Sealed. *See* Dkt. No. 174. Plaintiff seeks sealing of exhibits attached to Plaintiff's reply in support of his motion to certify a class.[1] Interested non-party Renibus Therapeutics, Inc. ("Renibus") filed a statement in support of Plaintiff's motion to seal. *See* Dkt. No. 182. The Food and Drug Administration, an interested non-party that designated the documents as confidential in discovery, filed an additional response in support of the motion to seal. *See* Dkt. No. 183. For the reasons detailed below, the Court **GRANTS** the motion to seal.

## I.    LEGAL STANDARD

Courts apply the "compelling reasons" standard in "motions to seal documents relating to class certification." *Yan Mei Zheng v. Toyota Motor Corp.*, 2019 WL 6841324, at *1 (N.D. Cal. Dec. 16, 2019). This standard requires a party to "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies

---

[1] Defendant Tricida, Inc. filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and Plaintiff voluntarily dismissed Tricida from the case in March 2023. *See* Dkt. No. 132. Accordingly, the only remaining defendant in this case is Gerrit Klaerner.

favoring disclosure." *In re Koninklijke Philips Pat. Litig.*, 2020 WL 1865294, at *1 (N.D. Cal. Apr. 13, 2020) (quoting *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006)). As the "designating" party, the FDA "bear[s] the burden of demonstrating that compelling reasons exist to seal." *Toyota*, 2019 WL 6841324, at *2.

## II.    DISCUSSION

Plaintiff seeks to seal discrete portions of exhibits filed in support of Plaintiff's reply in opposition to Plaintiff's motion for class certification. Renibus argues that all of the information sought to be sealed consists of non-public clinical trial data—including detailed data regarding the structure, execution, results, and analysis of the clinical trials—and specific guidance from the FDA regarding strategies for obtaining approval of veverimer, and is contained in communications produced to Lead Plaintiff and designated "CONFIDENTIAL" by the FDA. Dkt. No. 182-2 (Declaration of Renibus' Vice President of Regulatory Affairs) ¶¶ 5–6. The FDA separately emphasizes that sealing this information furthers its "interest in ensuring the submission of timely and accurate information from the entities it regulates, which in turn promotes FDA's ability to meet its regulatory and public safety missions." Dkt. No. 183 at 2.

As the Court noted in its Order sealing similar content, the information sought to be sealed "contain[s] confidential clinical trial data that, if disclosed, would cause it competitive harm." *See* Dkt. No. 141. Based on the Court's review of the proposed redactions, the request is narrowly tailored. The Court thus finds that this targeted and limited confidential information is properly sealed even under the compelling reasons standard. *See Edwards Lifesciences Corp. v. Meril Life Sci. Pvt. Ltd.*, No. 19-CV-06593-HSG, 2023 WL 2743583, at *2 (N.D. Cal. Mar. 31, 2023) (finding the compelling reasons standard met where the documents incorporated data from clinical trials, among other things); *see also In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy").

/ / /

/ / /

### III. CONCLUSION

The Court **GRANTS** Plaintiff's motion to seal as to the information identified by Renibus. *See* Dkt. No. 174.

**IT IS SO ORDERED.**

Dated: 9/30/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge