Sara B. Brody (SBN 130222)
sbrody@sidley.com
Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  415 772 1279

Robin E. Wechkin (admitted *pro hac vice*)
rwechkin@sidley.com
SIDLEY AUSTIN LLP
8426 316th Place Southeast
Issaquah, WA 98027
Telephone: 415 439 1799

*Attorneys for Defendant Gerrit Klaerner*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRICIDA, INC., and GERRIT KLAERNER,<br><br>Defendants. | Case No.  4:21-cv-00076-HSG<br><br><u>CLASS ACTION</u><br><br>**CLAWBACK STIPULATION AND ORDER**<br><br>Assigned to: Hon. Haywood S. Gilliam, Jr. |

CLAWBACK STIPULATION AND ORDER – CASE NO. 4:21-CV-00076-HSG

WHEREAS, the Parties believe that it will promote the efficient, just, and economical resolution of this litigation to supplement the existing Stipulated Order re: Discovery of Electronically Stored Information ("ESI Order") [Dkt. 165] by entering into this stipulation and order (the "Clawback Order") regarding the exchange of discovery material that is the subject of Plaintiff's Second Set of Requests for Production to Defendant (the "Discovery Material");

WHEREAS, the volume of documents that are likely relevant and/or responsive to Plaintiff's Requests for Production is of a magnitude that a document-by-document review of documents before production would be unduly burdensome;

WHEREAS, the Parties believe that permitting the production of documents pursuant to this Clawback Order, subject to a pre-production privilege screen, but without the necessity of a document-by-document review by Defendant before production, will materially reduce the cost of discovery and the attendant burdens on Defendant to substantially complete document production by November 15, 2024;

WHEREAS, adopting this approach may result in the inadvertent disclosure of Discovery Material that is subject to a claim of attorney-client, work product and/or other applicable privilege or immunity (collectively, "Privileged Discovery Material");

WHEREAS, pursuant to Federal Rules of Evidence 502(d), the Parties understand and stipulate that disclosure of Privileged Discovery Material pursuant to this Clawback Order will not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client, work product, or other applicable privilege or immunity;

WHEREAS, the Parties agree and understand that by entering into this Stipulation Plaintiff does not waive, and expressly preserves, any argument(s) he may have to challenge any claim of attorney-client privilege, work product and/or any other applicable privilege and is entering into this agreement to effectuate the prompt and efficient production of the Discovery Material;

**IT IS HEREBY STIPULATED AND AGREED**, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, as follows:

1. Pursuant to Federal Rule of Evidence 502, disclosure of Privileged Discovery Material in this Litigation pursuant to this Clawback Order shall in no way prejudice or otherwise

constitute a waiver of, or estoppel as to, any attorney-client, work product or other applicable privilege or immunity. Any Privileged Discovery Material produced as Discovery Material shall be deemed to have been inadvertently produced. This Clawback Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2. To the extent that in the course of reviewing Discovery Material it becomes apparent to a reviewer (including a reviewer for any Party) that a document could be subject to a reasonable claim of privilege (which determination shall be made without reference to any Party's position regarding the validity of such claim), such reviewer and all others who are permitted by the ESI Order to review the document in question shall immediately cease review of the document and provide written notice to the other Party, which notice shall include the document's Bates number or other identifier unique to the document.

3. If Defendant has disclosed or made available information Defendant claims is Privileged Discovery material, the Defendant may notify the receiving Party of the claim and the basis for it. Upon receipt of such notification, the receiving Party must:

    a. Take reasonable efforts pursuant to Rule 26 of the Federal Rules of Civil Procedure to promptly return, sequester, or destroy the Privileged Discovery material, any copies it has, and any work product reflecting the contents of the Privileged Discovery material;

    b. Not use or disclose the information until the privilege claim is resolved (except that, pursuant to Rule 26, the Party may sequester the information and submit it to the court under seal for determination of the claim); and

    c. Take reasonable steps to retrieve the information if the receiving Party disclosed it to any other person or entity before receiving notice.

4. Upon request from the Defendant, the receiving Party will provide certification that they have undertaken the foregoing efforts, and that they will cease further review, dissemination, and use of the Privileged Discovery material.

5. Nothing in this Clawback Order shall:

    a. Require the Defendant to produce or disclose any Privileged Discovery

Material;

b. Waive the Defendant's right to conduct pre-production review of Discovery Material before production of such materials;

c. Prevent the Defendant from conducting a pre-production privilege screen before production of Discovery Material;

d. Except as expressly stated herein, modify the ESI Order or any other prior agreements among the Parties concerning the conduct of discovery in this Litigation;

e. Operate as an admission by any Party that particular Discovery Material is relevant or admissible;

f. Waive any right to challenge, or basis for challenging, any assertion of Privilege over any Discovery Material over which a claim of Privilege is being asserted.

6. Any Party asserting a claim of Privilege shall provide a privilege log within fourteen (14) days of the assertion to withhold any Discovery Material.

7. The Parties agree to be bound by the terms of this Clawback Order pending its entry by the Court.

Date: October 16, 2024

Respectfully submitted,

**SIDLEY AUSTIN LLP**

By: /s/ Sara B. Brody
    Sara B. Brody

*Attorneys for Defendant Gerrit Klaerner*

|     |                                          |
| --- | ---------------------------------------- |
| 1   | **BLOCK & LEVITON LLP**                  |
| 2   | By: */s/ Jacob A. Walker*                |
| 3   | Jacob A. Walker                          |
| 4   | Jeffrey C. Block, *pro hac vice*         |
| 5   | Jacob A. Walker (SBN 271217)             |
|     | Michael D. Gaines, pro hac vice          |
| 6   | 260 Franklin Street, Suite 1860          |
|     | Boston, MA 02110                         |
| 7   | (617) 398-5600 phone                     |
|     | (617) 507-6020 fax                       |
| 8   | jake@blockleviton.com                    |
| 9   | jeff@blockleviton.com                    |
|     | michael@blockleviton.com                 |
| 10  | *Attorneys for Lead Plaintiff*           |


**BLOCK & LEVITON LLP**

By: */s/ Jacob A. Walker*
    Jacob A. Walker

Jeffrey C. Block, *pro hac vice*
Jacob A. Walker (SBN 271217)
Michael D. Gaines, pro hac vice
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jake@blockleviton.com
jeff@blockleviton.com
michael@blockleviton.com

*Attorneys for Lead Plaintiff*

4

CLAWBACK STIPULATION AND ORDER – CASE NO. 4:21-CV-00076-HSG

**LOCAL RULE 5-1 ATTESTATION**

I, Sara B. Brody, am the ECF User whose ID and password are being used to file this Clawback Stipulation and [Proposed] Order.  In compliance with Local Rule 5-1(i)(3), I hereby attest that the other signatory to this document concurred in the filing of this document.

Date:  October 16, 2024

By: */s/ Sara B. Brody*
    Sara B. Brody

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated:  10/17/2024

Honorable Haywood S. Gilliam, Jr.
United States District Judge