Sara B. Brody (SBN 130222)
sbrody@sidley.com
Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
Sarah E. Gallo (SBN 335544)
sgallo@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone:  (415) 772-1279

Robin E. Wechkin (admitted *pro hac vice*)
rwechkin@sidley.com
SIDLEY AUSTIN LLP
8426 316th Place Southeast
Issaquah, WA 98027
Telephone: (415) 439-1799

*Attorneys for Defendant Gerrit Klaerner*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| MICHAEL PARDI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>TRICIDA, INC., and GERRIT KLAERNER,<br><br>Defendant. | Case No.  4:21-cv-00076-HSG<br><br>CLASS ACTION<br><br>**JOINT SUPPLEMENTAL SUBMISSION IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Assigned to: Hon. Haywood S. Gilliam, Jr. |

## I.    INTRODUCTION

Defendant Gerrit Klaerner ("Defendant") and Lead Plaintiff Jeffrey M. Fiore ("Lead Plaintiff," and together with Defendant, the "Parties") submit this joint response to the Court's May 2, 2025 order requesting that the Parties submit supplemental briefing "addressing what authority permits the settlement to include a release of a non-party." May 2, 2025 Min. Order (Dkt. 214). The Court raised this question during the hearing on Lead Plaintiff's Motion for Preliminary Approval of Settlement on May 1, 2025, in reference to the proposed release of claims against former defendant Tricida, Inc. ("Tricida") included in the Parties' Stipulation and Agreement of Class Action Settlement (the "Agreement"). Dkt. 211-4. As set forth herein, the Ninth Circuit has expressly held that class action settlement agreements may release claims against parties not named as defendants, particularly where, as here, the claims released against the non-party arise from the same facts as those against the party to the action. Accordingly, the Court should grant preliminary approval of the proposed settlement, inclusive of the provision in the Agreement releasing claims against former defendant Tricida.

## II.    BACKGROUND

On June 1, 2021, Lead Plaintiff filed his amended complaint against Tricida and then-Tricida Chief Executive Officer, Gerrit Klaerner, alleging violations of federal securities laws arising from purportedly misleading statements and omissions of material fact about Tricida's attempt to gain approval from the United States Food and Drug Administration for its lead investigational drug candidate, veverimer. Dkt. 72. On December 15, 2022, Plaintiff filed his Second Amended Complaint, which included Tricida as a defendant. Dkt. 115. On January 11, 2023, Tricida filed a voluntary petition for reorganization under Chapter 11 of the bankruptcy code in the United States Bankruptcy Court for the District of Delaware. Dkt. 120. On January 24, 2023, Plaintiff filed a motion under Federal Rule of Civil Procedure 41(a)(2) to dismiss Tricida from this case (Dkt. 125). The Court granted this motion on March 23, 2023 (Dkt. 132), and dismissed Tricida without prejudice.

Following a second round of mediation on November 4, 2024, the Parties reached an agreement-in-principle to settle this case, subject to the negotiation of the terms of a stipulation and

1

agreement of settlement and approval by this Court.  On March 3, 2025, Lead Plaintiff filed his

Motion for Preliminary Approval of Settlement.  Dkt. 211.  The Agreement would release claims

against the following Defendant parties:

> "Released Defendant Parties" means: (i) Defendant; (ii) **Former Defendant**; and (iii) each of their respective family members, and their respective general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, underwriters, representatives, insurers and their reinsurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof in their capacities as such."

Dkt. 211-2 at ¶ 1.25 (emphasis added).

## III.    ARGUMENT

It is well-established in the Ninth Circuit that "[a] class settlement may also release factually related claims against parties not named as defendants."  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006).  "The Ninth Circuit allows federal courts to release not only those claims alleged in the complaint, but also claims 'based on the identical factual predicate as that underlying the claims in the settled class action.'"  *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 327 (N.D. Cal. 2018), quoting *Hesse v. Sprint Corp.*, 598 F.3d 581, 590 (9th Cir. 2010); *Custom LED, LLC v. eBay, Inc.*, 2013 WL 6114379, at *4 (N.D. Cal. Nov. 20, 2013) (approving release of claims "arising out of or relating in any way to any of the legal, factual, or other allegations made in the Action, or any legal theories that could have been raised based on the allegations of the Action").  "Such non-party releases are customary in securities class action settlements" and have been approved by courts in the Ninth Circuit.  *In re Stable Road Acquisition Corp.*, 2024 WL 3643393, at *3 (C.D. Cal. Apr. 23, 2024); *see also* 6 Newberg and Rubenstein on Class Actions § 18:20 (6th ed.) ("courts approve the release of non-parties, even those beyond their jurisdiction, so long as there exists some factual relationship between the release and the class's claims").

### A.    The Settlement Agreement May Release Claims Against Tricida Because They Arise From an Identical Factual Predicate as those Released Against Klaerner.

The Ninth Circuit has specifically held that a "class settlement may also release factually related claims against parties not named as defendants."  *See Reyn's Pasta Bella, LLC v. Visa USA,*

2

*Inc.*, 442 F.3d 741, 748 (9th Cir. 2006); *see also Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287-89 (9th Cir. 1992) (holding the same). Claims are "factually related" where they "arise from an identical factual predicate" as the claims asserted in the class action. *Reyn's*, 442 F.3d at 748.

Here, the class claims that would be released as to former Defendant Tricida share an identical factual predicate with the claims against Klaerner. The Agreement would release any claims against Released Defendant Parties, including Tricida, that arise out of, are based upon, or relate in any way to both "(a) any of the allegations, acts, transactions, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in this action, or which could have been alleged in this action, and (b) the purchase, acquisition, holding, sale, or disposition of Tricida securities by any Class Member during the Class Period, including Unknown Claims as defined in ¶ 1.31 hereof . . ." Dkt. 211-2, ¶ 1.23. The proposed release as to Tricida is the same as the release against Klaerner, and concerns the same underlying facts. In these circumstances, courts in this circuit regularly approve class settlements including non-party releases. *See e.g.*, *Shay v. Apple, Inc.*, 2024 WL 1184693, at *8 (S.D. Cal. Mar. 19, 2024) (approving release against non-party "where the released claims against these non-parties concern an identical injury arising from common facts").

**B.      A Release of Claims against Defendant Klaerner Alone Does Not Achieve the Goals of the Settlement.**

Additionally, courts in this circuit have recognized that releases of non-parties may be particularly appropriate where a defendant could otherwise be subjected to continued litigation through its employees or affiliates. *See, e.g.*, *Eisen v. Porsche Cars N. Am., Inc.*, 2014 WL 439006 at *9 (C.D. Cal. Jan. 30, 2014). In *Eisen*, for example, an objector took issue with the scope of a settlement which proposed to release claims against non-party individuals and entities involved in designing, engineering, and manufacturing the allegedly defective vehicles targeted by plaintiffs' class action against Porsche. *Id.* The court overruled this objection, noting that the releases were "necessary to secure the consent of [the defendant] to the Settlement Agreement." *Id.* The court explained that "no defendant would agree to a release that permitted plaintiffs to continue to initiate litigation against individuals or entities related to the defendant," and that "[r]eleases of non-parties

3

in class action settlements are readily approved and enforced." *Id.*

The instant case is no different. Here, Klaerner was Tricida's founder and CEO, and made the two challenged statements that survived the pleading stage. While the Court dismissed Tricida from this case after it filed for bankruptcy, the dismissal was *without* prejudice. Without a release encompassing Tricida, Klaerner could, in theory, be drawn into potential litigation accusing Tricida of issuing misleading statements (even the very same statements upheld by the Court as adequately pled against Klaerner, individually) by virtue of his role at Tricida's CEO. Part of the bargain struck by the Parties in negotiating the Agreement was to achieve total peace for Klaerner and to allow him to put the distraction and expense of litigation behind him. To achieve this, the Agreement must also release any claims arising from the same events against individuals or entities affiliated with him.

For these reasons, parties in securities class actions commonly negotiate for releases of defendant parties that are broader than simply the named defendants. And this Court and others within this district regularly approve such class settlements with releases against dismissed parties or non-parties. *See e.g.*, *Roberts v. Bloom Energy Corp. et al*, No. 4:19-cv-02935-HSG, Dkt. 259 (N.D. Cal. May 6, 2024) (Gilliam, J.) (granting final approval of a settlement agreement releasing claims against a previously-dismissed defendant (Dkt. 237-3 at 12)); *In re Lyft, Inc. Sec. Litig.*, No. 4:19-cv-02690-HSG, 2023 WL 5068504 (N.D. Cal. Aug. 7, 2023) (granting final approval of a settlement agreement releasing claims against Defendants as well as non-party "employees, contractors…financial advisors, …representatives, insurers, trustees…" (Dkt. 293-1 at 11)); *In re Splunk, Inc Sec. Litig.*, No. 20-cv-08600-JST, 2024 WL 923777 (N.D. Cal. Mar. 4, 2024) (granting final approval of a settlement agreement releasing claims against Defendants as well as non-party "officers, directors…executors…Immediate Family Members…" (Dkt. 117-1 at 56)). The Court should follow the same practice here in approving the Agreement as negotiated by the Parties.

## IV.    CONCLUSION

The Parties respectfully request that the Court grant preliminary approval under the terms of the Agreement as drafted with respect to the Released Defendant Parties.

Dated:  May 8, 2025                              Respectfully submitted,


                                                 **SIDLEY AUSTIN LLP**

                                                 */s/ Sara B. Brody*
                                                 Sara B. Brody
                                                 Sarah A. Hemmendinger
                                                 Sarah E. Gallo
                                                 SIDLEY AUSTIN LLP
                                                 555 California Street, Suite 2000
                                                 San Francisco, CA 94104
                                                 Telephone:  (415) 772-1279
                                                 sbrody@sidley.com
                                                 shemmendinger@sidley.com
                                                 sgallo@sidley.com

                                                 Robin E. Wechkin (admitted *pro hac vice*)
                                                 rwechkin@sidley.com
                                                 8426 316th Place Southeast
                                                 Issaquah, WA 98027
                                                 Telephone: (415) 439-1799

                                                 *Counsel for Defendants*




                                                 **BLOCK & LEVITON LLP**

                                                 */s/ Jeffrey C.  Block*
                                                 Jeffrey C. Block (*pro hac vice)*
                                                 Michael D. Gaines (*pro hac vice*)
                                                 BLOCK & LEVITON LLP
                                                 260 Franklin Street, Suite 1860
                                                 Boston, MA 02110
                                                 (617) 398-5600 phone
                                                 jeff@blockleviton.com
                                                 jake@blockleviton.com

                                                 Jacob A. Walker (SBN 271217)
                                                 400 Concar Drive
                                                 San Mateo, CA 94402
                                                 (650) 781-0025 phone
                                                 jake@blockleviton.com

                                                 *Counsel for Lead Plaintiff and the Class*

**LOCAL RULE 5-1 FILER'S ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), regarding signatures, I, Sara B. Brody, attest that concurrence in the filing of this document has been obtained.


Dated: May 8, 2025                                        */s/ Sara B. Brody*
                                                          Sara B. Brody

6