Jeffrey C. Block, *pro hac vice*
Michael D. Gaines, *pro hac vice*
**BLOCK & LEVITON LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
(617) 507-6020 fax
jeff@blockleviton.com
michael@blockleviton.com

Jacob A. Walker (SBN 271217)
**BLOCK & LEVITON LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

*Attorneys for Lead Plaintiff*
*Jeffrey M. Fiore and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| MICHAEL PARDI, *Individually and on Behalf of All Others Similarly Situated,*<br><br>        Plaintiff,<br><br>v.<br><br>TRICIDA, INC. and GERRIT KLAERNER,<br><br>        Defendants. | Lead Case No.: 4:21-cv-00076-HSG<br><br>**Declaration of Jeffrey C. Block in Response to the Court's May 1, 2025 Order and in Further Support of Lead Plaintiff's Unopposed Motion for Preliminary Approval of Settlement**<br><br>**Date: May 1, 2025**<br>**Time: 2:00 p.m.**<br>**Courtroom 2, 4th floor**<br>**Hon. Haywood S. Gilliam, Jr.** |

DECLARATION OF JEFFREY C. BLOCK
CASE NO. 4:21-CV-00076-HSG

I, Jeffrey C. Block, declare as follows:

1. I am an attorney admitted to practice before this Court *pro hac vice*. I am managing partner of Block & Leviton LLP, lead counsel for Lead Plaintiff Jeffrey M. Fiore ("Lead Plaintiff") and the class in the above-captioned action. I make this declaration in response to the Court's May 1, 2025 order (Dkt. 214), and in further support of Lead Plaintiff's Unopposed Motion for Preliminary Approval of Settlement (Dkt. 211) (the "Motion"). I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. Attached hereto as Exhibit A is a true and correct copy of the Declaration of Robert Cormio of Kroll Settlement Administration LLC in Connection with Preliminary Approval, which explains how Kroll intends to notify the class and process claims in this action.

3. Attached hereto as Exhibit B is a true and correct copy of the Parties' proposed revised Notice, and as Exhibit C is a redline against the notice submitted on March 3, 2025 (Dkt. 211-4). These changes are intended to address the Court's concerns about identifying shares in the opt out process for Class Members. The proposed change requires Class Members who held more than 1,000 shares of Tricida common stock to state the number of shares purchased/acquired and/or sold during the Class Period when requesting exclusion from the Class.

4. In response to the Court's direction to revise the Notice or identify existing language notifying Class Members that no person shall have claims arising from distributions substantially in accordance with the Stipulation, as agreed by the Parties in paragraph 6.12 of the Stipulation (Dkt. 211-2 at 18), the relevant language is present in paragraph 15 of the Notice, Dkt. 211-4 at 12. The applicable text states:

> Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Class Representatives, Plaintiffs' Counsel, Class Representatives' damages expert, Defendants, Defendants' Counsel, any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Class

Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Class Representatives, Defendants and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith.

5.      The Court requested additional information about the Parties' proposed *cy pres* awardee, the Bluhm Legal Clinic Center for Litigation and Investor Protection at Northwestern University Pritzker School of Law (the "Center").[1] The Center serves the public interest by providing access to resources that are not readily available to clients with limited income. The investor protection center provides representation to investors with limited income in disputes against stockbrokers, investment advisers, or securities firms. It also acts as a screening mechanism for regulators, including FINRA, the SEC and state regulators, as well as brokerage houses trying to identify legitimate claims. The Center was chosen because its legal work is "guided by . . . the objectives of the underlying statute," here, the federal securities laws, and addresses the kinds of "alleged misrepresentations" that "provided the Plaintiffs with a cause of action," and the organization is "dedicated to protecting [investors] from, or redressing injuries caused by" such misrepresentations. *Dennis v. Kellog Co.*, 697 F.3d 858, 865, 867 (9th Cir. 2012).

6.      In contrast to the *cy pres* recipient rejected in *Kellog*, which was to receive over 90 percent of the settlement after class member recoveries were limited to $15 each, resulting a cash *cy pres* award of $2 million of the $2.75 million settlement fund in addition to $5.5 million reserved for unverifiable product donations, here the express terms of the stipulation call for the distribution of the entirety of the Net Settlement Fund to Authorized Claimants on a pro rata basis, and for repeated distributions until the balance is *de minimis*. Dkt. 211-2 at 6.8. As is common in securities class actions, Plaintiff's counsel anticipates that the vast majority of the Net Settlement Fund will be distributed to members of the

---

[1] Available at: https://www.law.northwestern.edu/legalclinic/investorprotection/.

DECLARATION OF JEFFREY C. BLOCK                                              2
CASE NO. 4:21-CV-00076-HSG

Class and any *cy pres* award will represent, at most, a miniscule fraction of the total settlement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 8, 2025.

/s/ *Jeffrey C. Block*

JEFFREY C. BLOCK