# EXHIBIT 5

Jeffrey C. Block, *pro hac vice*
Michael D. Gaines, *pro hac vice*
**Block & Leviton LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
michael@blockleviton.com

Jacob A. Walker (SBN 271217)
**Block & Leviton LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

*Attorneys for Lead Plaintiff*
*Jeffrey M. Fiore and the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

MICHAEL PARDI, *Individually and on Behalf of All Others Similarly Situated,*

Plaintiff,

v.

TRICIDA, INC. and GERRITT KLAERNER,

Defendants.

Case No.: 4:21-cv-00076-HSG

**Declaration of Michael S. Etkin on Behalf of Lowenstein Sandler LLP In Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses**

Date:          October 16, 2025
Time:          2:00 p.m.
Courtroom:  Courtroom 2, 4th Floor

Hon. Haywood S. Gilliam, Jr.

I, Michael S. Etkin, declare as follows:

1.      I am a partner of the law firm Lowenstein Sandler LLP ("LS"), which is the firm retained by Lead Counsel as bankruptcy counsel for Lead Plaintiff Jeffrey M. Fiore and the Class. I was the lead partner in connection with that engagement and have significant experience in connection with the intersection between bankruptcy and class action litigation . I am a member of the state bars of New York and New Jersey and am in good standing.

2.      I am submitting this declaration in support of Lead Counsel's motion for an award

43292/2
07/25/2025 **315455121.2**

of attorneys' fees and reimbursement of litigation expenses and costs in connection with services rendered in the above-captioned action (the "Action"). A copy of the résumé of LS's Bankruptcy and Restructuring Department, along with my firm biography, are attached hereto as **Exhibit A**. The factual matters set forth and the assertions made herein are true and correct to the best of my knowledge, information, and belief.

3. Attached as **Exhibit B** is a summary of the amount of time spent to date by each of LS's attorneys and support staff in the Action, and the lodestar calculation as described below. The lodestar schedule indicates the amount of time spent by each attorney and professional support staff member at LS who worked on this Action and the lodestar calculations based on their current billing rates. For personnel who are no longer employed by LS, the lodestar is based upon the billing rates for such personnel in their final year of employment. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court. The hourly rates for the attorneys and professional staff included in the schedule are commensurate with the hourly rates charged by lawyers and paraprofessionals of reasonably comparable skill, experience, and reputation in performing similar services.

4. The lodestar equates to the number of hours worked. In this case and for LS, it is 219.7 hours multiplied by the applicable current hourly rate, which here totals $277,275.00, as reflected in Exhibit B.

5. I supervised and directed the time spent by LS in connection with our engagement with respect to this Action and, more specifically in representing Lead Plaintiff and the Class in the Tricida Chapter 11 bankruptcy proceeding. Work assignments were allocated in a manner I determined was the most efficient and cost effective. Attorneys were utilized to accomplish

experience-appropriate projects, while more senior attorneys spent time supervising projects, reviewing or revising final work product before it was submitted to the Bankruptcy Court or served on Tricida and/or third parties, communicating on substantive matters with the senior attorneys representing the Debtor and others in the Chapter 11 bankruptcy proceeding and appearing in Bankruptcy Court in connection with matters relevant to the interests and rights of Lead Plaintiff and the Class.

6. The following is a summary of the work performed to date by LS's attorneys in this litigation, which, as indicated above, involved our material participation in the Tricida Chapter 11 bankruptcy proceedings and is reflected in contemporaneous, daily time records regularly prepared and maintained by my firm, which are available at the request of the Court:

Consultation with Lead Counsel regarding the potential impact of the Chapter 11 proceeding on Lead Plaintiff and the Class; internal meetings, emails and telephone conferences regarding developments, pleadings, actions to be taken and upcoming hearings in the Chapter 11 proceeding; review of class action complaint and securities litigation docket; review all pleadings in Chapter 11 proceeding regarding Tricida's liquidating plan; review precedent in other Chapter 11 cases handled by LS dealing with issues similar to those in Tricida; significant attention to Order to Show Cause filed by Tricida in Chapter 11 proceeding and impact on securities litigation; review proposed disclosure statement accompanying Plan of Liquidation; communications with counsel to the SEC regarding third-party release issues; review dismissal motion to be filed in Class Action regarding Tricida; review bid procedures and related sale motion regarding need for preservation of relevant documents for class action litigation; interaction with local Delaware counsel needed to appear in Chapter 11 proceeding; continued review of relevant pleadings and prepare Notice of Appearance and pro hac applications for LS attorneys; review hearing agendas filed throughout the Chapter 11 proceeding; consistent communications with Debtor's counsel and the Office of the United States Trustee; prepare and file objections to the asset sale motion and disclosure statement approval motion; review objections to same by other parties in interest; negotiate resolution of Lead Plaintiff objections to key motions; review revised rules entered with respect to key motions, including critical carve out language negotiated to preserve Class Claims against non-debtor third parties who were defendants in the Class Action; review and negotiate edits to the Plan of Liquidation re: same; travel to and from Wilmington, Delaware to attend disclosure statement hearing regarding remaining issues to resolve; prepare for disclosure statement hearing; prepare supplemental objection to disclosure statement; attend case status conference via Zoom; review bar date order and prepare class and individual proofs of claim; review motions relating to D&O insurance and prepare responses regarding same; review and revise D&O

Insurance Comfort Order; review further revisions to disclosure statement and voting and solicitation procedures; review and correspond relating to voting and release opt out related documents and communications; review and revise proposed order regarding D&O Insurance issues; review scheduling order regarding confirmation hearing and objection deadlines; attend Court scheduled status conferences regarding confirmation of liquidating plan and issues regarding same; prepare, review, revise and file limited objection to confirmation; review various revisions to plan documents; review confirmation related pleadings; review proposed confirmation order and various sets of revisions thereto; review and attend to resolution of claim objection; prepare for and appear at confirmation hearing in Wilmington, Delaware.

7.      LS has incurred a total of $8,573.69 in unreimbursed expenses in connection with the prosecution of the Action. A summary of these expenses is reflected in the chart below:

| EXPENSE | AMOUNT |
| --- | --- |
| Outside Legal Counsel / Local Counsel | $6,801.00 |
| Computerized legal research | $645.45 |
| Meals | $79.24 |
| Travel | $1,048.00 |
| **TOTAL BILLED DISBURSEMENTS** | **$8,573.69** |

8.      These expenses were reasonably and necessarily incurred in connection with this litigation and are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source material and accurately record the expenses incurred.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on this 25th day of July 2025.

_____
Michael S. Etkin

-4-



# BANKRUPTCY & RESTRUCTURING DEPARTMENT

Lowenstein's bankruptcy lawyers are in demand by business leaders, credit managers, financial advisors, institutional investors and restructuring professionals seeking a resourceful, aggressive, well-connected law firm. We understand how to reach a negotiated resolution yet have a strong track record at trial. We represent debtors, creditors' committees, individual and institutional stakeholders, and trustees in Chapter 11 proceedings throughout the United States.

A reorganization may be the most practical and promising strategy for a troubled company. We advise on prepackaged and prenegotiated plans, which implement quick restructurings that might otherwise take years to complete. We also counsel debtors, creditors, and financial institutions in nonjudicial debt restructurings or workouts involving public and privately held companies.

In some instances, a business is not in distress but wishes to retire debt at a discount, restructure operations, or recapitalize. As a bankruptcy law firm, our attorneys work with companies seeking creative techniques to achieve specific business goals to deal with these issues.

A company's fiscal difficulty affects various other parties, such as those who have provided loans, supplied goods and services, or invested capital. We represent official and unofficial creditors' committees and equity committees in diverse Chapter 11 and other insolvency matters. We collaborate with commercial and investment banks, savings institutions, mutual funds, pension funds, and other financial firms in their management of troubled credit, or claims against companies in distress. Our attorneys also advise clients who are interested in buying assets from Chapter 11 debtors. We structure and secure bankruptcy court approval of debtor-in-possession financing, represent lenders in exploring and establishing these and other financing opportunities and represent asset purchasers.

When appropriate, we consult with the firm's corporate and tax groups to structure transactions that minimize future complications and liability, and to avoid the domino effect that one bad deal can have on a company's overall well-being. We also advise on the significant bankruptcy aspects of various transactions, including commercial finance transactions, as well as on mergers, acquisitions, and divestitures of solvent, insolvent, and other highly leveraged companies. Our bankruptcy attorneys are involved in large and complex commercial, industrial, and residential real estate insolvencies, and they assist companies in emerging from bankruptcy with controlled environmental liabilities.

We also prosecute and defend all types of litigation related to bankruptcy proceedings. We are noted for representing the interests of shareholders, investors, and consumers in class action and other litigation against corporate defendants that are in bankruptcy.

Whether defrauded institutional investors, individual investors, state, local, and union employee pension and benefit funds, investment managers, or consumers in some of the largest and most significant Chapter 11 cases, we understand the nuances and pitfalls facing such claimants in a bankruptcy context. Such representation helps protect a class of creditors that generally receives little or no recovery in Chapter 11 reorganizations or liquidations throughout the country including the most active jurisdictions.

Exhibit A-1





**Michael S. Etkin**
Partner, Bankruptcy & Restructuring Department
**E-mail:** metkin@lowenstein.com
**T:** 973.597.2312

A senior bankruptcy practitioner and seasoned commercial litigator, Michael Etkin ("Mickey") has extensive experience in complex business reorganizations, investor litigation in a bankruptcy context, and high-stakes Chapter 11 issues. Clients value Mickey's keen understanding and insight into key issues impacting both debtors and creditors, as well as his commercial vison, creativity, and deep experience. Mickey has been recognized in *Chambers USA: America's Leading Lawyers for Business* in the area of Bankruptcy/Restructuring since 2013 and in *The Best Lawyers in America* since 2007 for his work in Bankruptcy and Creditor Debtor Rights / Insolvency and Reorganization Law and Litigation – Bankruptcy.

A key member of the firm's successful bankruptcy and complex business litigation practices, Mickey represents debtors, trustees, creditors, and investors in many noteworthy bankruptcies and bankruptcy-related litigation. He currently represents institutional investors in many significant complex Chapter 11 and Chapter 15 proceedings, such as SVB Financial Group, Genesis Global Holdco, FirstEnergy Corp., View, Inc., BlockFi, SmileDirectClub, Lordstown Motors, Celsius Network, Pacific Gas & Electric, Windstream, and McDermott International, among others. He represents important consumer interests in bankruptcy cases involving issues of privacy, product liability, and lending practices.

In addition, Mickey represents major energy companies in connection with bankruptcy proceedings involving their customers and counterparties. He frequently speaks before financial institutions, bar association groups, and credit associations on issues relating to the energy industry, including the rights of counterparties to derivatives and other energy-related contracts in a bankruptcy context. He chairs the Bankruptcy and Creditors' Rights Group of the International Energy Credit Association.

Mickey also routinely speaks at programs on the rights of securities fraud claimants and class action plaintiffs in a Chapter 11 context, and on the interplay between bankruptcy law and product liability litigation.

**Education**
- St. John's University School of Law (J.D. 1978), with honors
- Boston University (B.S. 1975), cum laude

Exhibit A-2

**Affiliations**
- International Energy Credit Association
- New Jersey Turnaround Management Association (TMA)
- Federal Bar Council

**Admissions**
- New York
- New Jersey

Exhibit A-3



**LOWENSTEIN SANDLER LLP**
**IN RE:  TRICIDA, INC./JEFFREY M. FIORE**

**Case No. 23-10024 (JTD)**

**STATEMENT OF TOTAL TIME**

**January 17, 2023 to May 28, 2025**

| NAME | LEGEND | TIME (HOURS) | BILLING RATE | TOTAL |
|---|---|---|---|---|
| Michael S. Etkin | P | 66.20 | $1,625.00 | $107,575.00 |
| Andrew D. Behlmann | P | 57.80 | $1,195.00 | $69,071.00 |
| Lindsay H. Sklar | C | 95.20 | $1,055.00 | $100,436.00 |
| Elizabeth B. Lawler | PL | 0.40 | $380.00 | $152.00 |
| Carrie T. Hayter | PL | 0.10 | $410.00 | $41.00 |
| **TOTAL** | | 219.70 | | **$277,275.00** |

**Legend**

| | | |
|---|---|---|
| **P** | **=** | **PARTNER** |
| **C** | **=** | **COUNSEL** |
| **OC** | **=** | **OF COUNSEL** |
| **A** | **=** | **ASSOCIATE** |
| **PL** | **=** | **PARALEGAL** |

Exhibit B-1