# EXHIBIT 6

Jeffrey C. Block, *pro hac vice*
Michael D. Gaines, *pro hac vice*
**Block & Leviton LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
michael@blockleviton.com

Jacob A. Walker (SBN 271217)
**Block & Leviton LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

*Attorneys for Lead Plaintiff*
*Jeffrey M. Fiore and the Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| MICHAEL PARDI, *Individually and on Behalf of All Others Similarly Situated,*<br><br>Plaintiff,<br><br>v.<br><br>TRICIDA, INC. and GERRITT KLAERNER,<br><br>Defendants. | Case No.: 4:21-cv-00076-HSG<br><br>**Declaration of Lead Plaintiff Jeffrey M. Fiore in Support of Motion for Final Approval**<br><br>Date:          October 16, 2025<br>Time:          2:00 p.m.<br>Courtroom:   Courtroom 2, 4th Floor<br><br>Hon. Haywood S. Gilliam, Jr. |

DECLARATION OF JEFFREY M. FIORE
CASE NO. 4:21-cv-00076-HSG

I, Jeffrey M. Fiore, declare as follows:

1.      I was appointed Lead Plaintiff by the Court in the above-captioned action (the "Action") on April 2, 2021 (Dkt. 65), and Class Representative on September 27, 2024 (Dkt. 188). I respectfully submit this declaration in support of Lead Plaintiff's motion for final approval of the Settlement and Plan of Allocation and Lead Counsel Block & Leviton LLP's application for an award of attorneys' fees and expenses.

2.      In seeking appointment as lead plaintiff and class representative, I understood my duty to serve the interests of Class Members by supervising the management and prosecution of the Action. Lead Counsel vigorously prosecuted this case on behalf of the Class for over four years. Ultimately, we agreed to settle the case only after balancing the significant risks against the immediate benefit of a $14,250,000 recovery.

3.      Following my appointment as lead plaintiff, I was kept fully informed regarding case developments and procedural matters over the course of the Action, including engagement with Lead Counsel concerning the litigation strategy in connection with discovery, class certification, and the potential resolution of the Action.

4.      I evaluated the significant risks and uncertainties of continuing litigation, including the possibility of a nominal recovery or even no recovery at all, and have authorized Block & Leviton to settle this Action for $14,250,000. I am conscious of the possibility of losing at summary judgment or trial and that, even if the Class prevailed, Defendant Klaerner likely would appeal, rendering any ultimate recovery for Class Members still years away. Given the circumstances, this Settlement is fair and reasonable, represents a very good recovery, and is in the best interests of Class Members.

5.      While I recognize that any determination of fees and expenses is left to the discretion of the Court, I believe that Lead Counsel's requested fees and expenses are reasonable, because this settlement would not have been possible without Lead Counsel's diligent and aggressive prosecutorial efforts.

6.      I respectfully request that the Court grant final approval of the Settlement and approve Lead Counsel's motion for an award of attorneys' fees and expenses.

7.      During the course of this litigation, I was employed by Toyota Motor North America as a Senior Product Engineer. My salary is approximately $160,000 per year, and I receive three weeks of paid vacation. Assuming 235 days of work per year, I believe a fair estimate of a paid day off is approximately $680, or $160,000 divided by 235.

8.      During the course of this litigation, I estimate having spent at least 20 hours of my time, including in the review of documents and discussions with my counsel. That time also includes preparation for my deposition on June 24, 2024. To prepare for and attend the deposition, I used paid time off from my employer.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct. Executed on _____.



Jeffrey M. Fiore