Jeffrey C. Block, *pro hac vice*
Michael D. Gaines, *pro hac vice*
**Block & Leviton LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
michael@blockleviton.com

Jacob A. Walker (SBN 271217)
**Block & Leviton LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

*Attorneys for Lead Plaintiff*
*Jeffrey M. Fiore and the Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| MICHAEL PARDI, *Individually and on Behalf of All Others Similarly Situated,*<br><br>Plaintiff,<br><br>v.<br><br>TRICIDA, INC. and GERRITT KLAERNER,<br><br>Defendants. | Lead Case No.: 4:21-cv-00076-HSG<br><br>**Lead Plaintiff's Notice of Motion and Motion for an Award of Reasonable Costs and Memorandum of Points and Authorities in Support Thereof**<br><br>**Date:** **October 16, 2025**<br>**Time:** **2:00 p.m.**<br>**Courtroom:** **2, 4th Floor**<br><br>**Hon. Haywood S. Gilliam, Jr.** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 16, 2025 at 2:00 pm, or the nearest available date on which Lead Plaintiff may be heard, before the Honorable Haywood S. Gilliam, Jr. in Courtroom 2, 4th Floor of the above-referenced Court, located at 1301 Clay Street, Oakland, CA 94612, Lead Plaintiff Jeffrey M. Fiore ("Lead Plaintiff") will, and hereby does move for an Order granting an award of his reasonable costs and expenses relating to his representation of the Class.[1]

Lead Plaintiff requests an award in the amount of $1,700, or alternatively $680. This motion is made pursuant to the Court's May 16, 2025 Order Granting Motion for Preliminary Approval (the "Preliminary Approval Order"). Dkt. 220. This motion is based upon: (i) this Notice of Motion; (ii) the Memorandum of Points and Authorities in support thereof; (iii) the Declaration of Jacob A. Walker In Support Of: (1) Lead Plaintiff's Motion for Final Approval of Class Action Settlement; (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; (3) Lead Plaintiff's Motion for an Award of Reasonable Costs ("Walker Declaration"); (iv) the Declaration of Jeffrey M. Fiore attached to the Walker Declaration as Exhibit 6 ("Fiore Declaration"); (v) the Stipulation; (vi) the record on file in this Action; and (vii) other such matters and argument as the Court may consider at the hearing of this motion.

Lead Plaintiff is not aware of any opposition to the motion at this time. Pursuant to this Court's Scheduling Order, Dkt. 222, any objections or requests for exclusion from the Class must be filed by September 11, 2025. Lead Counsel will address objections, if any, in the reply brief to be filed October 9, 2025.

---

[1] All capitalized terms that are not otherwise defined herein shall have the meanings set forth in the Stipulation. Dkt. 211-2.

LEAD PLAINTIFF'S MOTION FOR REASONABLE COSTS                                                    1
CASE NO. 4:21-CV-00076-HSG

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    STATEMENT OF ISSUE TO BE DECIDED

1)    Whether the Court should grant Lead Plaintiff's request for an award of reasonable costs and expenses relating to his representation of the Class in the amount of $1,700, or in the alternative, $680 for reimbursement of his time leading the case and sitting for his deposition.

### II.    PRELIMINARY STATEMENT

Lead Plaintiff seeks reimbursement for his reasonable costs and expenses incurred in service of the Class. Lead Plaintiff devoted at least 20 hours, the equivalent of 2.5 workdays, to overseeing this litigation, reviewing relevant documents and filings, responding to discovery requests, coordinating with Lead Counsel, and evaluating the Settlement. Lead Plaintiff also sat for a deposition at Defendant's request on June 24, 2024, prior to class certification. To prepare and sit for his deposition, Lead Plaintiff Fiore used his limited paid time off work, which is reasonably calculated to have a value of $680 per day.[2] He conservatively estimates that his additional time spent was at least one and a half workdays, which adds an additional value of $1,020 based on the same hourly rate. Lead Plaintiff should be awarded his total reasonable costs and expenses of $1,700 because they were incurred directly as a result of his participation in the litigation.

At his deposition, Lead Plaintiff provided thoughtful testimony that contributed to class certification and left no question as to his adequacy to represent the Class. Though they challenged his typicality, Defendant did not challenge his adequacy at class certification, *see* Dkt. 162, and this Court agreed, crediting Lead Plaintiff's declaration that he "worked diligently to protect the Class's interests." Dkt. 188 at 8. This Court also rejected Defendant's arguments about Lead Plaintiff's typicality, concluding instead that Lead Plaintiff's deposition testimony supported his typicality and showed he "believed the price at which he purchased Tricida common stock incorporated all publicly available news about Tricida." *Id.* at 5-6.

---

[2] Lead Plaintiff's salary is approximately $160,000 per year, and he receives three weeks of paid vacation. Assuming 235 days of work per year, Lead Plaintiff believes a fair estimate of a paid day off is approximately $680, or $160,000 divided by 235. *See* Walker Decl. Ex. 6 (Fiore Declaration), at ¶7.

Consistent with the Private Securities Litigation Reform Act ("PSLRA"), Lead Plaintiff requests an award in the amount of $1,700 to be deducted from the Settlement Fund, representing the 20 hours he devoted to the case. In the alternative, Lead Plaintiff requests $680, representing the day he spent preparing for and sitting for his deposition that required taking his paid time off work, which his employer limits to three weeks per year. Spending this time to benefit the Class represented an actual cost to Fiore, who would otherwise have used the time for work or other personal tasks. The Settlement would not have been possible without his dedication and service to the Class. This Court should grant Lead Plaintiff's request for reimbursement of his reasonable expenses.

## III.    LEAD PLAINTIFF'S REQUEST FOR REASONABLE COSTS AND EXPENSES SHOULD BE GRANTED

The PSLRA authorizes the Court to award class representatives reasonable costs and expenses (including lost wages) that were directly related to their role in representing the class. 15 U.S.C. § 78u-4(a)(4). Lead Plaintiff respectfully submits that his requested $1,700 amount represents his reasonable costs that were directly related to his role in this case.

As detailed in his declaration, Lead Plaintiff spent a significant amount of time on this case for the benefit of the Class. *See* Walker Decl. Ex. 6 (Fiore Declaration). Among other things, Lead Plaintiff reviewed relevant documents; stayed apprised of developments in the case; provided Lead Counsel with information and materials regarding his investments; responded to Defendant's requests for discovery; took paid time off to prepare and sit for a deposition; and conferred with Lead Counsel throughout the litigation, including regarding the settlement negotiations. *Id.* at ¶¶2-4, 7-8. These are considerable contributions to the Class's recovery. In all, Lead Plaintiff conservatively estimates that he spent at least 20 hours performing his duties in service of the Class and used one of limited paid days off work to sit for his deposition. *Id.* ¶8.

Lead Plaintiff and Lead Counsel understand the Court's recent Orders concerning the reimbursement of time and expenses under the PSLRA. *In re Lyft Inc. Sec. Litig.*, 2023 WL 5068504, at *13 (N.D. Cal. Aug. 7, 2023) ("The PSLRA prohibits incentive awards… [h]owever, courts may still award "reasonable costs and expenses (including lost wages) directly relating to

the representation of the class."); *In re Lyft, Inc. Sec. Litig.*, 2022 WL 17740302, at *5 (N.D. Cal. Dec. 16, 2022) (advising at preliminary approval that lead plaintiff "will need to provide 'meaningful evidence demonstrating that the requested amounts represent actual costs and expenses incurred directly as a result of the litigation.").[3] Here, Lead Plaintiff believes that he has provided sufficient evidence of his actual costs by attesting to his hourly rate, and the record in this case demonstrates that he traded the value of his paid day off work to instead prepare and sit for a deposition on behalf of the Class. Dkt. 163-16 (transcript excerpts of the deposition of Jeffrey M. Fiore). Lead Plaintiff's lost paid day off has the equivalent value of $680. Fiore Decl. at ¶¶7-8.

Lead Plaintiff submits that reimbursement for the at least 20 hours of time spent on the litigation is appropriate and consistent with recent decisions. *See In re Apple Inc. Sec. Litig.*, 2024 WL 4246282, at *7 (N.D. Cal. Sept. 18, 2024) (approving lead plaintiff's requested $29,946.40, "which represents an average rate of $72.16 per hour for the 415 hours expended on this matter."); *Purple Mountain Tr. v. Wells Fargo & Co.*, 2023 WL 11872699, at *5 (N.D. Cal. Sept. 26, 2023) ("Pursuant to 15 U.S.C. § 78u-4(a)(4), the Court awards Lead Plaintiff Construction Laborers Pension Trust for Southern California $9,794.98 for its time and expenses representing the Class."). Lead Plaintiff's requested reimbursement was calculated using his estimated time spent on the case and the value of his paid time off from his full-time job. Fiore Decl. at ¶¶7-8. Furthermore, Lead Plaintiff's requested amount of $1,700 also represents less than 0.012% of the total $14.25 million Settlement Fund. At a minimum, even if the Court is not inclined to reimburse Lead Plaintiff for his total time, the Court should approve a reimbursement for the day of paid time off Lead Plaintiff used to prepare for and attend his deposition, which is fairly valued at $680. Fiore Decl. at ¶¶7-8.

---

[3] *See also Hunt v. Bloom Energy Corp.*, 2023 WL 7167118, at *6 (N.D. Cal. Oct. 31, 2023) ("Plaintiffs are not precluded, however, from seeking an award of 'reasonable costs and expenses (including lost wages) directly relating to the representation of the class.' Plaintiffs will need to provide "meaningful evidence demonstrating that the requested amounts represent actual costs and expenses incurred directly as a result of the litigation.").

## IV.    CONCLUSION

For the reasons provided above, the Court should grant Lead Plaintiff's motion and award his reasonable costs and expenses in the amount of $1,700, or alternatively $680.

July 28, 2025                                                    Respectfully submitted,

**Block & Leviton LLP**

/s/ Jacob A. Walker
Jacob A. Walker (SBN 271217)
400 Concar Drive San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

Jeffrey C. Block, *pro hac vice*
Michael D. Gaines (*pro hac vice*)
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
michael@blockleviton.com


*Counsel for Lead Plaintiff and the Class*