Jeffrey C. Block, *pro hac vice*
Michael D. Gaines, *pro hac vice*
**Block & Leviton LLP**
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
michael@blockleviton.com

Jacob A. Walker (SBN 271217)
**Block & Leviton LLP**
400 Concar Drive
San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

*Attorneys for Lead Plaintiff
Jeffrey M. Fiore and the Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| MICHAEL PARDI, *Individually and on Behalf of All Others Similarly Situated,*<br><br>        Plaintiff,<br><br>v.<br><br>TRICIDA, INC. and GERRIT KLAERNER,<br><br>        Defendants. | Case No.: 4:21-cv-00076-HSG<br><br>**Reply Memorandum of Law In Further Support of (1) Lead Plaintiff's Motion for Final Approval of Class Action Settlement; (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (3) Lead Plaintiff's Motion for an Award of Reasonable Costs in Accordance with 15 U.S.C. §78u-4(a)(4)**<br><br>**Date:        October 16, 2025**<br>**Time:        2:00 p.m.**<br>**Courtroom:   2, 4th Floor**<br><br>**Hon. Haywood S. Gilliam, Jr.** |

REPLY IN SUPPORT OF FINAL APPROVAL
CASE NO. 4:21-CV-00076-HSG

Lead Plaintiff Jeffrey M. Fiore ("Lead Plaintiff"), on behalf of himself and the Class, and Lead Counsel, respectfully submit this reply memorandum in further support of Lead Plaintiff's motion for final approval of the Settlement and Plan of Allocation, Lead Counsel's motion for an award of attorneys' fees and expenses, and Lead Plaintiff's motion for reimbursement of costs.[1]

In accordance with the Northern District's Procedural Guidance for Class Action Settlements, Lead Counsel notes that there were 52 undeliverable notices and claim packets (one of which had an updated address to which Kroll forwarded the Notice), 11,859 valid claims to date, and no Class Members have opted out or objected to any part of the Settlement. *See* Supplemental Declaration of Robert Cormio Concerning: (A) Notice Dissemination; (B) Requests for Exclusion and Objections Received to Date; and (C) Claims Filed to Date ("Second Suppl. Cormio Decl."), ¶¶2-9. As instructed by the Court, Dkt. 220, the parties have also attached a joint proposed order and joint proposed judgment.

## I.    PRELIMINARY STATEMENT

The Settlement resolves this litigation in its entirety and establishes a common fund of $14,250,000, in cash, for the benefit of the Class. As detailed in Lead Plaintiff's opening papers (Dkt. 223), the Settlement is the product of hard-fought litigation and extensive arm's-length negotiations between experienced and knowledgeable counsel.  It represents a very favorable result for the Class considering the substantial risks and challenges that Lead Plaintiff and the Class faced in proving liability and defeating Defendant's many arguments in response, as well as the costs and delays of continued litigation and prospective collection difficulties from the sole remaining Defendant, Gerrit Klaerner.

In response to the Court-approved notice program, which involved mailing 6,669 copies of the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses; and (III) Settlement Hearing to potential Class Members and nominees, 5,950 email notifications containing links to the Notice sent by Broadridge Financial Services and transmitting the Summary Notice over *PR Newswire*,

---

[1] All capitalized terms that are not otherwise defined herein shall have the meanings set forth in the Stipulation. Dkt. 211-2.

not a single objection was filed, and no requests for exclusion from the Class have been received. Second Suppl. Cormio Decl., ¶¶2, 4-9. This reaction of the Class further demonstrates that the proposed Settlement, Plan of Allocation, and request for fees and expenses and an award to Lead Plaintiff are fair and reasonable and should be approved.

## II.    THE CLASS OVERWHELMINGLY SUPPORTS THE SETTLEMENT

Lead Plaintiff and Lead Counsel respectfully submit that their opening briefs and declarations demonstrate why approval of the motions is warranted. Now that the time for objecting or requesting exclusion from the Class has passed, the lack of objections and total absence of opt outs from the Class provides additional support for approval of the motions.

Pursuant to the Order Granting Preliminary Approval of Class Action Settlement issued May 16, 2025 (Dkt. 220, the "Preliminary Approval Order"), more than 6,669 copies of the Notice have been mailed to potential Class Members and their nominees, and 5,950 email notifications containing links to the Notice have been sent by Broadridge Financial Services. *See* Second Suppl. Cormio Decl., ¶2. The Notice informed Class Members of the terms of the proposed Settlement and Plan of Allocation, that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 27.5% of the Settlement Amount and payment of litigation expenses in an amount not to exceed $400,000, and that Lead Plaintiff may request an award related to his representation of the Class. *See* Notice (Dkt. 223-2, Ex. A), at 2. The Notice also apprised Class Members of their right to object to the proposed Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses, their right to exclude themselves from the Class, their right to appear at the final approval hearing, the September 11, 2025 deadline for filing objections and requests for exclusion, and the October 1, 2025 deadline for submitting a Claim Form. *See id.* at 3-4. The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice, and the deadlines for the submission of Claim Forms, objections, and requests for exclusion, was transmitted over *PR Newswire* on June 20, 2025. *See* Dkt. 223-2, Declaration of Robert Cormio Concerning: (A) Mailing and Emailing of the Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections, ¶11. In addition, the

REPLY IN SUPPORT OF FINAL APPROVAL                                                              2
CASE NO. 4:21-CV-00076-HSG

Claims Administrator established a case-specific website which provided information and links to relevant documents (*id.*, ¶13), and a case-specific toll-free telephone helpline. *Id.*, ¶12.

As noted above, following this notice program, not a single Class Member objected to any aspect of the Settlement, the Plan of Allocation, or the fee and expense application, and no Class Members have requested exclusion from the Class. The "absence of objections indicates strong support among the Class Members and weighs in favor of approval." *Fleming v. Impax Lab'ys Inc.*, No. 16-CV-06557-HSG, 2022 WL 2789496, at *7 (N.D. Cal. July 15, 2022) (citing *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004); *In re Linkedin User Privacy Litig.*, 309 F.R.D. 573, 589 (N.D. Cal. 2015) ("A low number of opt-outs and objections in comparison to class size is typically a factor that supports settlement approval.")); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (finding only three objections out of 57,630 potential class members weighing in favor of the settlement's adequacy).

The positive reaction of the Class should also be considered with respect to Lead Counsel's request for an award of attorneys' fees and expenses, and Lead Plaintiff's requested reimbursement of his costs and expenses. *See Hunt v. Bloom Energy Corp.,* No. 19-CV-02935-HSG, 2024 WL 1995840, at *8 (N.D. Cal. May 6, 2024) (lack of class member objections and only four opt outs supports requested fee of 30% of the common fund); *In re Aqua Metals, Inc. Sec. Litig.,* No. 17-CV-07142-HSG, 2022 WL 612804, at *8 (N.D. Cal. Mar. 2, 2022) (the absence of any objection to the fee request supported its approval). The lack of any objections by institutional investors further supports approval of the fee and expense request. *Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *15 (N.D. Cal. Dec. 18, 2018), *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020) ("As with the Settlement itself, the lack of objections from institutional investors 'who presumably had the means, the motive, and the sophistication to raise objections' weighs in favor of approval.")

## III.    CLAIMS INFORMATION TO DATE

As indicated herein, and in the accompanying Cormio Declaration, the Notice program set forth in the Preliminary Approval Order has been fully complied with. Second Suppl. Cormio

Decl., ¶¶2-9; Dkt. 223-1, ¶¶83-92. Pursuant to the Preliminary Approval Order, and as set forth in the Notice and on the Settlement website, the deadline to submit claims was October 1, 2025. As the Claims Administrator's review and claim processing is ongoing, some of the claims received may contain deficiencies, which will be addressed during the normal course of the administration. The Claims Administrator also continues to accept late-filed claims, and Lead Counsel anticipates seeking court approval to accept late-filed claims that would not otherwise interfere with the payment and distribution of the settlement to the class, once all processing has been completed.

## IV.    CONCLUSION

For the reasons set forth above, and the reasons set forth in Lead Plaintiff's and Lead Counsel's opening papers, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the Settlement and Plan of Allocation and award the requested attorneys' fees and expenses and reimbursement to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4).[2]

October 9, 2025

Respectfully submitted,

**Block & Leviton LLP**

/s/ Jacob A. Walker
Jacob A. Walker (SBN 271217)
400 Concar Drive San Mateo, CA 94402
(650) 781-0025 phone
jake@blockleviton.com

Jeffrey C. Block, *pro hac vice*
Michael D. Gaines (*pro hac vice*)
260 Franklin Street, Suite 1860
Boston, MA 02110
(617) 398-5600 phone
jeff@blockleviton.com
michael@blockleviton.com

*Counsel for Lead Plaintiff and the Class*

---

[2] The proposed: (i) Final Judgment; and (ii) Order Granting Final Approval, Approving Plan of Allocation, and Awarding Attorneys' Fees and Expenses and Reimbursement to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), are submitted herewith.

REPLY IN SUPPORT OF FINAL APPROVAL                                                  4
CASE NO. 4:21-CV-00076-HSG